## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

**MCKOOL SMITH P.C.; SAMUEL F. BAXTER**

**v.**

**CHELSEA L. DAVIS**

> **CASE NO. 3:14-cv-3975**
> **CONSOLIDATED INTO OR WITH**
> **CASE NOS. 3:13-CV-4973,**
> **3:13-CV-4926, 3:14-CV-0056,**
> **3:14-CV-3962 (each Original Proceedings,**
> **Federal Question)**

TO THE HONORABLE PRESIDING JUDGE:

**CHELSEA DAVIS'S ANSWER TO SAMUEL BAXTER'S COMPLAINT ENTITLED "DEFENDANT'S ORIGINAL ANSWER" FILED IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS, SHERMAN DIVISION, UNDER CASE NO. 4:13-CV-00514-RC (ALLEGEDLY CONSOLIDATED INTO UNKNOWN CASE NO. 14-7088); COUNTERCLAIM AGAINST SAMUEL F. BAXTER FOR FORCED LABOR FEDERAL HUMAN TRAFFICKING; COUNTERCLAIM AND THIRD PARTY COMPLAINT AGAINST MCKOOL SMITH P.C. FOR VIOLATION OF 42 U.S.C. §§1983 et seq. WRONGFUL INJUNCTION, UNLAWFUL ARREST; _COUNTERCLAIM AND THIRD PARTY CLAIM FOR DECLARATORY JUDGMENT OF NO LIABILITY TO MCKOOL SMITH P.C. AND SAMUEL F. BAXTER_**

***The Complaint***

Pursuant to Rule 8(c)(2) of the Federal Rules of Civil Procedure, this Court may treat the mistaken designation by Samuel F. Baxter of "Answer" as "Complaint." Because Chelsea Davis never filed any action in the 199th Judicial District Court, Collin County, Texas, the notice of removal lacked effect upon Samuel Baxter's filing of a notice of removal on Sept. 9, 2013 and an "answer" on Sept. 10, 2013. Samuel Baxter attempted to file a "complaint" for Chelsea Davis,

but such action could not have been completed due to the signature requirement for filings in federal court based on the Pacer Login id and password.  No summons was issued or served. No answer was required prior to some time after transfer is completed to this Court.  Chelsea Davis has never dismissed any claims or counterclaims she has against Samuel Baxter and McKool Smith P.C.

Samuel F. Baxter is the Attorney issued TX Bar No. 01938000 admitted to practice in this Court and in good standing. McKool Smith P.C. is a Texas professional corporation with a principal office at 300 Crescent Court, Ste. 1500, Dallas, TX 75201.  Chelsea Davis is the Attorney issued TX Bar No. 24059652 admitted to practice before this Court and in good standing.

### The Anti-Suit Injunction

Sometime prior to Nov. 6, 2013, Samuel Baxter must have presented a motion for anti-suit injunction by handing it to the magistrate or presiding judge in the United States District Court for the Eastern District of Texas. However, Samuel Baxter failed to serve his motion on Chelsea Davis. Because of the motion, he obtained an injunction against Chelsea Davis under the corollary to the prohibition of predecessor to 28 USCS § 2283 (i.e. the anti- anti-suit injunction rule allowing for anti-suit injunctions) to stay state court "proceedings," which includes all steps taken or which may be taken in state court or by its officers from institution of suit to close of final process.  The date on which injunctive relief is sought in federal court, rather than the date on which injunctive relief is granted, determines whether state actions are "pending" within the meaning of the Anti-Injunction Act.  *National City Lines, Inc. v LLC Corp* 687 F2d 1122 (1982,

CA8 Mo).  As a result, Chelsea Davis has not been able to make or proceed with any of her state law claims in state court.

Chelsea Davis attempted to file a complaint against McKool Smith P.C. in the 298th Judicial District Court, Dallas County, Texas on Oct. 28, 2013 against McKool Smith P.C. and Samuel Baxter.  After her attempted filing, on Nov. 6, 2013, an order to stay the "case" on the merits for all purposes appears to have been made.  The term "case" connotes the federal case, not the state case.

*The Transfer from the Eastern District of Texas to the Northern District of Texas*

On Nov. 26, 2013, Chelsea Davis received notice of an "Order Transferring Case" to Dallas.  The notice was wholly unclear, but Chelsea Davis now seeks an order from this Court directing the District Clerk to complete the transfer from Cause No. 4:13-cv-514 in the Eastern District of Texas, the Honorable Ron Clark presiding, plus whatever injunction case Samuel Baxter has presented to this Court. Such transfer is in the interests of justice because Samuel Baxter maintains an office in Dallas County, Texas, and it is more convenient for potential parties and witnesses to appear in Dallas.  Plus, the acts or omissions alleged in Samuel Baxter's complaint took place in Dallas, Texas.  Venue for declaratory judgment against McKool Smith P.C. may be mandatory in Dallas, Texas.

Subject to objections presented below, Chelsea Davis makes her motion for transfer under 28 USCS § 1404(a) in like "action" between same "parties."  Although determination under state law of whether to dismiss case on ground of forum non conveniens requires consideration of factors similar to those to be considered by federal court in passing on motion made under 28 USCS § 1404(a), state court's prior dismissal of suit on ground of forum non

conveniens does not, on theory of res judicata, divest Federal District Court in same district of discretionary power to rule on motion for transfer made under 28 USCS § 1404(a) in like action between same parties. *See Parsons v Chesapeake & O. R. Co.* (1963) 375 US 71, 11 L Ed 2d 137, 84 S Ct 185.

***Chelsea Davis's First Request for Disclosure***

Chelsea Davis requests Samuel Baxter to produce a copy to this Court and to Chelsea Davis, within five days of this attempted answer, his motion for anti-suit injunction, the date it was presented, the judge to whom he presented it, the case number under which it was presented, and the case number(s) to which it applies and in which it is filed. Chelsea Davis requests Samuel Baxter to disclose where the case number "14-7088" was created, opened and transferred and all documents and things which have been submitted, presented and filed under Case No. 14-7088.

1.     **OBJECTIONS**

1.1.      I OBJECT to plaintiff(s) being made a party.

1.2.      I OBJECT to defendant(s) being made a party.

1.3.      **I OBJECT TO REFERRAL TO A MAGISTRATE JUDGE.**

1.4.      I OBJECT TO NOTICE OF REMOVAL where there is no action pending in a state court in the district in which the notice of removal was filed.

1.5.      I OBJECT TO TRANSFER IN from state court in Dallas County to United States District Court in the Eastern District of Texas, where no civil action was pending.

1.6.      I OBJECT to "between the same parties" because there were no "parties."

1.7.      I OBJECT to referral to a magistrate judge where this is a transfer from the

United States District Court for the Eastern District of Texas, not State Court in Dallas County, Texas.

    1.8.        I OBJECT to venue.

    1.9.        I OBJECT to being named a Defendant.

    1.10.        I OBJECT to summonses and lack thereof.

    1.11.        I OBJECT to issuance because there is no authority to issue.

    1.12.        I OBJECT to personal jurisdiction.

    1.13.        I OBJECT to service.

    1.14.        I OBJECT to dismissal where there are no claims. I object to voluntarily dismissal because there are no volunteers.  I object to consent because Chelsea Davis has not consented to anything.

    1.15.        I OBJECT to"action" and "civil action" and "cause of action" and "claim" and "motion" in state court.

    1.16.        I OBJECT to proceeding where there is an injunction in place against any and all proceeding.

    1.17.        I OBJECT to Documents.

    1.18.        I OBJECT to case assignment.

    1.19.        I OBJECT to case reassignment.

    1.20.        I OBJECT to stay for all purposes.

    1.21.        I OBJECT to docket.

    1.22.        I OBJECT to record.

    1.23.        I OBJECT to exhibit.

1.24.        I OBJECT to filing and file and filed.

1.25.        I OBJECT to motion.

1.26.        I OBJECT to order.

1.27.        I OBJECT to capias.

1.28.        I OBJECT to consent to motion.

1.29.        I OBJECT to state court. I OBJECT to officers and personnel of state court.

1.30.        I OBJECT to certified copy.

1.31.        I OBJECT to incorporation by reference herein and attached.

1.32.        I OBJECT to an order of consolidation.

1.33.        I OBJECT to an order to stay for all purposes.

**2.    *COUNTERCLAIMS AND THIRD PARTY COMPLAINT AGAINST SAMUEL F. BAXTER AND MCKOOL SMITH P.C. for 42 U.S.C. §§ 1983 et seq. Wrongful Injunction and Unlawful Arrest***

2.1.    Each of the foregoing and following paragraphs (except defenses) is incorporated herein by reference.

2.2.    Jurisdiction of this court arises under 28 U.S.C. §§ 1331-1337, 1343(a), and 1367(a); 42 U.S.C. secs. §§ 1983, 1985, 1986, and 1988; and 18 U.S.C. §§1961-1968.

2.3.    Jurisdiction of this court for the pendent claims is authorized by Fed. R. Civ. P. 18(a), and arises under the doctrine of pendent jurisdiction as set forth in United Mine Workers v. Gibbs, 383 U.S. 715 (1966).  Supplemental and ancillary jurisdiction and transfer is authorized under the removal statutes 28 U.S.C. §1441, et seq., venue statutes 28 U.S.C. §1404, et seq, including transfer statutes at 28 U.S.C. §1406, 1407, etc., federal common law and necessary corollaries to  28 USCS § 2283, including or analogous to procedures for obtaining a writ of

habeas corpus.  *See* 17 C. Wright, A. Miller, & E. Cooper, *Federal Practice and Procedure* § 4222 (1988).  Jurisdiction also arises under the ''Federal Courts Jurisdiction and Venue Clarification Act of 2011'' at H.R. 394, Title I Jurisdictional Improvements and Title II Transfer and Venue Improvements.

2.4.    A Dallas County judge had Chelsea Davis maliciously arrested for failure to pay child support in October 2014 even though Chelsea Davis has never had a child, nor is she married to Samuel Baxter, nor does she reside in Dallas County, Texas.  She is not in a dating relationship and there has never been any application of the Texas Family Code because the Texas Family Code does not apply to Chelsea Davis's relationship with Samuel Baxter, who was her former boss. The Dallas County judge has threatened to put Chelsea Davis in jail for 180 days for contempt of court even though the state court lacks all authority to act.  Courts appear to be ignoring the Article III case or controversy requirement of the United States Constitution, Chelsea Davis's due process rights, and various notice requirements, including the notice required to issue injunctive relief. *See* Tex. R. Civ. P. 680 *et seq*.

2.5.    Samuel Baxter and McKool Smith P.C. had an ulterior motive, namely, personal financial benefit, for causing anti-suit injunction to issue against Chelsea Davis and charging her with crimes and allegations she has not committed.

2.6.    Samuel Baxter and McKool Smith P.C. had the improper purpose of trying to gain an advantage against Chelsea Davis in litigation by preventing her from instituting litigation, filing documents, and presenting claims and defenses to unlawfully deprive Chelsea Davis of her property and liberty, rights, privileges and immunities.

2.7.    Samuel Baxter and McKool Smith P.C.'s purpose was to aid and abet a human

trafficking enterprise involving forced labor and sex trafficking, to benefit himself and itself, by sexually gratifying its investors without getting caught, and to deprive Chelsea Davis of her property and liberty.

2.8.    There was no warrant for the arrest of Chelsea Davis by proper authorities. The arrest was without reasonable grounds for Samuel Baxter and McKool Smith P.C. to believe Chelsea Davis had committed an offense and Samuel Baxter and McKool Smith P.C. knew there was no probable cause to arrest Chelsea Davis in October and November 2014.

2.9.    No complaint, information, or indictment was ever sworn against Chelsea Davis alleging offenses occurring prior to the moment an Officer handcuffed Chelsea Davis and told her he was under arrest for failure to pay child support in the alleged marriage between Chelsea Davis and Samuel Baxter.  Chelsea Davis is not married and does not have children.

2.10.    As a result of the unlawful injunction and malicious prosecution and issuance of order of capias by Samuel Baxter's attorneys colluding with judges and unlawful arrest, Chelsea Davis was deprived of both her liberty without due process of law and her right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. §§ 1983 et seq. Chelsea Davis was deprived of both her liberty without due process of law and her right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. §§ 1983 et seq. and §§ 1985, et seq.

2.11.    WHEREFORE, Chelsea Davis demands judgment for the false injunction, two orders of capias, and arrests for failure to pay child support against McKool Smith P.C. and

Samuel F. Baxter, jointly and severally, for actual, general, special, compensatory damages in the maximum amount under the law and further demands judgment against each of said McKool Smith P.C. and Samuel F. Baxter, jointly and severally, for punitive damages in the amount of $100,000 or the maximum amount allowable under the law, whichever is greater, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

*3.*    ***COUNTERCLAIM AGAINST SAMUEL F. BAXTER for Human Trafficking Under Federal Law - Forced Labor***

3.1.    Each of the foregoing and following paragraphs (except defenses) is incorporated herein by reference. SAMUEL BAXTER was the perpetrator and/or participated in a venture which engaged in the forced labor of Chelsea Davis in violation of federal law. Chelsea Davis may bring this action against SAMUEL BAXTER under 18 U.S.C. § 1595, which states that "[a]n individual who is a victim of a violation of this chapter may bring a civil action against the perpetrator (or whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter) in an appropriate district court of the United States and may recover damages and reasonable attorneys fees." *Id.* Under 18 U.S.C. § 1593A, SAMUEL BAXTER is liable to Chelsea Davis because "[w]hoever knowingly benefits, financially or by receiving anything of value, from participation in a venture which has engaged in any act in violation of section 1581(a), 1592, or 1595(a), knowing or in reckless disregard of the fact that the venture has engaged in such violation" is liable. SAMUEL BAXTER knowingly benefited, financially or by receiving anything of value, from participation in a venture which has engaged in any act in violation of section 1581(a), 1592, or 1595(a), knowing or in reckless disregard of the fact that the venture has engaged in such violation. SAMUEL BAXTER participated in a venture which

engaged in an act in violation 18 U.S.C. § 1595(a), which states that "whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter." *Id.* SAMUEL BAXTER knew or should have known that the venture engaged in an act in violation of Chapter 77 of Title 18 of the United States Code. Chelsea Davis is a victim of one and/or more acts in violation of Chapter 77 of Title 18 of the United States Code, and the act and/or acts in violation directly and proximately caused harm to Chelsea Davis. Chelsea Davis is a victim of one and/or more acts of labor trafficking in violation of 18 U.S.C. § 1589, which states that "[w]hoever knowingly provides or obtains the labor or services of a person by any one of, or by any combination of, the following means—(1) by means of force, threats of force, physical restraint, or threats of physical restraint to that person or another person; (2) by means of serious harm or threats of serious harm to that person or another person; (3) by means of the abuse or threatened abuse of law or legal process; or (4) by means of any scheme, plan, or pattern intended to cause the person to believe that, if that person did not perform such labor or services, that person or another person would suffer serious harm or physical restraint, shall be punished as provided under subsection (d)." *Id.* Each act directly and proximately caused harm to Chelsea Davis. As a direct and proximate result of the acts, Chelsea Davis suffered damages. Chelsea Davis seeks damages in excess of $75,000. However, proof of injury is not required for this Court to punish Samuel Baxter for his wrongful conduct.

3.2.    Chelsea Davis seeks a judgment for monetary damages and an order of restitution for all of her losses as a proximate result of the trafficking and of the venture, plus the greater of the gross income or value to SAMUEL BAXTER of the victim's services or labor or the value of

the victim's labor as guaranteed under the minimum wage and overtime guarantees of the Fair

Labor Standards Act (29 U.S.C. 201 et seq.), exemplary damages and attorney fees.

### 4.     THIRD PARTY CLAIM AND COUNTERCLAIM for Declaratory Judgment of No Binding Contract and No Liability To McKool Smith P.C. or Samuel F. Baxter

4.1.     Chelsea Davis seeks a declaratory judgment of no liability to the Firm, McKool Smith

P.C. or Samuel F. Baxter.

4.2.     There exists a contract of adhesion of permanent employment with McKool Smith P.C.

and possible gag order.   Chelsea Davis seeks a declaratory judgment of no liability on the

contract(s) of adhesion, which are unconscionable, and no liability for attorney fees to Samuel

Baxter or to McKool Smith P.C., especially in regard to Cause Nos. DC-13-12834,

DC-13-14215, under which no action may have been pending other than McKool Smith P.C.'s

motion for a gag order, which is transferred to this Court from the 298th Judicial District Court

in Dallas County, Texas,

### 5.     Prayer

5.1.     Chelsea Davis prays that: McKool Smith P.C. and Samuel F. Baxter be summoned to

appear in person, to give testimony and to produce documents, and to specifically answer in this

civil action and to respond to discovery requests, judgment be entered for Chelsea Davis against

McKool Smith P.C., Samuel F. Baxter and GECESC Associates LLC, for an award of monetary

damages, in a monetary amount of damages sufficient to punish McKool Smith P.C. and Samuel

F. Baxter for their wrongful conduct up to $1,000,000 and over $1,000,000, Chelsea Davis be

awarded pre-judgment interest at the maximum rate allowable by law, Chelsea Davis be awarded

judgment for reasonable attorney fees, Chelsea Davis be awarded judgment for all costs of court

incurred by Chelsea Davis, including clerk fees and service fees, court reporter fees, and other

costs permitted by law, and Chelsea Davis be granted judgment for post-judgment interest until the total amount of judgment is paid.

5.2.    Chelsea Davis seeks an order from this Court vacating as void the order of capias allegedly issued on behalf of the 254th Judicial District Court.  Law enforcement does not understand the difference in color of state law, which is in violation of Chelsea Davis's rights, privileges and immunities, which she has not waived.  She also seeks an order to set aside any judgment to the extent any judgment has been entered for lack of subject matter jurisdiction and authority, to which collateral estoppel and res judicata do not apply, especially in light of another order of transfer on Jan. 9, 2013, the Article III case or controversy requirement, lack of plenary power more than thirty days after the order transferring case, or for other reasons, including basic fairness and due process, in light of the fact that no case has yet been litigated nor could have previously been litigated and Samuel Baxter's sanctionable misconduct in using every trick in the book in an attempt to avoid liability for his wrongful conduct

## 6.    **AFFIRMATIVE DEFENSES**

6.1.    Chelsea Davis pleads the following defenses which bar Samuel Baxter's allegations in whole or in part:

a.    Chelsea Davis pleads that the statute of frauds bars Samuel Baxter's allegations.

b.    Chelsea Davis pleads the affirmative defense of accord and satisfaction.

c.    Chelsea Davis pleads the affirmative defense of payment.

d.    Chelsea Davis pleads the affirmative defense of estoppel.

e.    Chelsea Davis pleads the affirmative defense of failure of consideration.

f.    Chelsea Davis pleads the affirmative defense of ambiguity.

g.   Chelsea Davis pleads the affirmative defense of ratification.

h.   Chelsea Davis pleads that Samuel Baxter failed to satisfy all conditions precedent to any alleged contract or agreement.

i.   Chelsea Davis pleads the affirmative defense of fraud and/or fraudulent inducement.

j.   Chelsea Davis pleads the affirmative defense of waiver.

k.   Chelsea Davis plead the affirmative defense of illegality and that any alleged contract between the parties cannot be enforced in part because it is contrary to public policy.

l.   Chelsea Davis pleads statute of limitations.

m.   Chelsea Davis pleads the discovery rule.

n.   Chelsea Davis pleads arbitration as a defense with respect to McKool Smith P.C. to a limited extent.

**7.   MOTION TO COMPEL ELECTRONIC FILING OF THE MOTION FOR ANTI-SUIT INJUNCTION IN THIS COURT UNDER THIS CAUSE NUMBER AND FOR LEAVE TO FILE RESPONSE TO THE MOTION TO DISSOLVE PRELIMINARY INJUNCTION**

7.1.   This Court may have inherent authority over Chelsea Davis and Samuel Baxter because they are admitted to practice as licensed attorneys before this Court.   As admitted attorneys, regardless of their status, they are required to e-file and not permitted to file or to present in paper.   Any motion that was not efiled and is not accessible by Chelsea Davis online which caused a preliminary antisuit injunction to be made must be dissolved.

7.2.   This Court lacks authority to remand.   If there is predominant mandatory venue in another federal district court, then this case must be transferred to that district, except that this

case may not be transferred to a court in which Chelsea Davis is not admitted to practice.

7.3.    In accordance with the rules, Chelsea Davis requests the clerk to transfer all documents and to include notices of electronic filing attached to each document.  Chelsea Davis requests the clerk to issue summonses for Chelsea Davis, Samuel Baxter and McKool Smith P.C.  because summonses were not issued by the transferor court.

7.4.    No antisuit injunction appears to have been issued by a Court, and thus Chelsea Davis requests leave to complete the electronic filing of Samuel Baxter's motion for injunction and leave to file a response.  Specifically, she requests this Court to compel the electronic filing of Samuel Baxter's motion for antisuit injunction in this Court under this Cause Number to which the original presentment has been transferred and to grant leave to Chelsea Davis to file a response. She requests this Court to issue an anti-anti-suit injunction to an unissued anti-suit injunction by entering an order denying Samuel Baxter's motion to free Chelsea Davis from the continued violation of her Constitutional rights under 42 U.S.C. §§ 1983, which protect her from state courts acting under color of state law when in fact they are acting without authority of law.

7.5.    Chelsea Davis moves to sever her claims/counterclaims under state and federal law from this action so that an action may be commenced and proceed that has not been enjoined and which is not subject to res judicata pursuant to this Court's ancillary, supplemental and pendant jurisdiction.  Whatever path leads to a jury trial of the above claims/counterclaims (which are not subject to an arbitration agreement) is the path for which Chelsea Davis now moves.

**8.1.    ANSWER AND RESPONSE IN STAYED/TRANSFERRED/ CONSOLIDATED/ REMOVED/REOPENED CASE NUMBER 4:13-CV-514-RC, ALLEGEDLY SOMEHOW IN DC-13-12834, DALLAS COUNTY, TEXAS TO WHICH MCKOOL SMITH P.C. JOINED**

8.2.    This is the Response to Discovery Requests, in response to and timely subsequent to

Document 4 of 3:14-cv-514 (E.D.Tex._147088_4, DOC. ID # cde4c941-d4f4-4aec-8ade-8352c4cfbcc1) presented on behalf of Samuel F. Baxter, who is the person issued TX Bar No. 01938000 (hereinafter referred to as "Samuel F. Baxter" , "Samuel Baxter", "Sam Baxter" "Baxter" or Attorney TX Bar No. 01938000), in 4:13-cv-00514-RC-ALM, opened Sept. 9, 2013 against a Defendant.

**8.3.**    The licensed Attorney issued TX Bar No. 24059652 (hereinafter "24059652") hereby provides notice of proper and timely filing of this answer in response to Document 4, E.D.Tex._147088_4, DOC. ID # cde4c941-d4f4-4aec-8ade-8352c4cfbcc1 and proper and timely filing of responses to discovery requests.  Said Document 4, entitled "Defendant's Original Answer", might be considered the Plaintiff's complaint or the Defendant's Answer.

**8.4.**    Samuel Baxter committed sanctionable misconduct by the filing of Document 3, entitled "Original Petition," under 3:14-cv-514, which appears to have been filed on behalf of Samuel Baxter against himself, transferred to this Court.    *See* E.D.Tex._147088_3, DOC. ID #66f30db6-d408-43ee-b9f4-961d493452f3.

**9.1.**    **RESPONSES TO ADMISSIONS/DENIALS**

**9.2.**    24059652 denies "Defendant is a shareholder with the law firm of McKool Smith PC ("MS").  Defendant has been an attorney for more than forty years and has an impeccable reputation. Plaintiff Davis is a former and disgruntled employee of MS who was hired in April 2010 and whose employment was terminated for cause, approximately 10 months later, in January 2011."

**9.3.**    24059652 denies "Since early 2013, over two years after her departure from MS, Plaintiff Davis has harassed and threatened Defendant and Defendant's family, including making death

threats to his family and children. Plaintiff Davis has similarly harassed and threatened others, including making death threats against another attorney's family. Plaintiff Davis's demands change regularly, and range from demanding Dallas Cowboy tickets to being paid tens of millions of dollars."

**9.4.**    24059652 denies "The public record contains other instances of Plaintiff Davis's unsettling behavior. In 2011, her natural father sued Plaintiff Davis seeking injunctive relief against her because of threats against him, including making death threats. The court granted a Temporary Restraining Order and then a Temporary Injunction against Plaintiff Davis. (See Paul Edward Davis and Laramar McAlister Davis v. Chelsea Lynn Davis and Terri Roberts, Cause No. DC-ll-10996, in the 191st Judicial District Court of Dallas County, Texas.)"

**9.5.**    24059652 denies "Dallas Police Reports reflect similarly unsettling behavior. For example, on February 5, 20l3, Plaintiff Davis told the Dallas Police that she was being watched by Navy Seals and her phone and computer had been tapped. She told the police that she was involved in a sex ring with approximately twenty males and females giving HIV to the individuals with whom they have sex. She told the police she feels unsafe and afraid that the snipers are going to kill her. The police also reported that she made multiple calls to 911 on that date and had "multiple episodes in previous days."

**9.6.**    24059652 denies "The Court should view Plaintiff Davis's allegations and claims with extreme skepticism."

**9.7.**     24059652 denies "Plaintiff Davis's claims are subject to a valid, enforceable arbitration agreement and Defendant intends to seek to compel arbitration of this matter."

**9.8.**    24059652 denies "Defendant denies the allegations in paragraph 1.1 since this case has

been removed to this Court."

**9.9.**    24059652 denies "Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 11.1."

**9.10.**    24059652 denies "Defendant admits the allegations in paragraph II.2."

**9.11.**    24059652 denies "Defendant denies the allegations in paragraph IIL 1 as stated but admits that this Court has jurisdiction."

**9.12.**    24059652 denies "Defendant denies the allegations in paragraph III.2 as stated but admits that venue is proper in this Court."

**9.13.**    24059652 denies "As to Plaintiff Davis's allegations in paragraph IV.1, Defendant admits that Plaintiff Davis earned an engineering degree from Duke University in 2004, Plaintiff Davis applied for a job at MS, Defendant interviewed Plaintiff Davis, and Plaintiff Davis accepted an offer from MS. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph IY.1."

**9.14.**    24059652 denies "As to Plaintiff Davis's allegations in paragraph IV.2, Defendant admits that Defendant is a former Texas State District Judge and District Attorney for Harrison County, Texas, which is located in the Eastern District of Texas, and Defendant was inducted into the American College of Trial Lawyers. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations as phrased in paragraph IV.2."

**9.15.**    24059652 denies "Defendant denies the allegations in paragraph IV.3."

**9.16.**    24059652 denies "Defendant denies the allegations in paragraph IV.4."

**9.17.**    24059652 denies "Defendant denies the allegations in paragraph IV.5."

**9.18.**    24059652 denies "Defendant denies the allegations in paragraph IV.6."

**9.19.**   24059652 denies "Defendant denies the allegations in paragraph IV.7."

**9.20.**   24059652 denies "Defendant denies the allegations in paragraph IV.8."

**9.21.**   24059652 denies "Defendant denies the allegations in paragraph IV.9."

**9.22.**   24059652 denies "Defendant denies the allegations in paragraph IV.l0."

**9.23.**   24059652 denies "Defendant denies the allegations in paragraph IV.ll."

**9.24.**   24059652 denies "Defendant denies the allegations in paragraph IV.12."

**9.25.**   24059652 denies "Defendant denies the allegations in paragraph IV.13."

**9.26.**   24059652 denies "Defendant denies the allegations in paragraph IV.14."

**9.27.**   24059652 denies "Defendant denies the allegations in paragraph IV.15."

**9.28.**   24059652 denies "Plaintiffs claims are barred, in whole or in part, by the applicable

statute of limitations."

### CHELSEA DAVIS'S ADMISSIONS AND DENIALS IN RESPONSE TO MCKOOL SMITH P.C.'S UNFILED PAPER ENTITLED "MOTION FOR TEMPORARY AND PERMANENT SEALING ORDER"

10.1.   I DENY "Defendants McKool Smith P.C. ("McKool Smith") and Samuel F. Baxter

("Baxter") file this Motion for Temporary and Permanent Sealing Order, requesting that this

Court enter an order sealing court records under TEX. R. Cw. P. 76a and based on a prior sealing

order in the 254th District Court."

10.2.   I DENY "This action is the latest in a series of increasingly outlandish allegations made

by Plaintiff Chelsea L. Davis as part of an effort to blackmail McKool Smith and Baxter, who is

a McKool Smith shareholder." I cannot be "Plaintiff" and there cannot be any "action" if I am

subject to an anti-suit injunction.

10.3.   I DENY "Plaintiff was previously employed at McKool Smith and was terminated for

cause."

10.4.    I DENY "She claims at some point that she began a relationship with Les Ware ("Ware"), a Dallas lawyer, which later terminated." I cannot "allege" anything and I cannot make a "petition" if I am subject to an anti-suit injunction.

10.5.    I DENY "Ware previously filed an action to prevent ongoing harassment from Davis and she filed counterclaims similar to the present matter, and such action was eventually nonsuited."

10.6.    I DENY "Thereafter Plaintiff embarked on a campaign to increasingly harass Ware, Baxter, and McKool Smith."

10.7.    I DENY "Plaintiff's conduct has grown increasingly erratic and dangerous as time goes by."

10.8.    I DENY "Indeed, based on a complaint by Ware and his wife, Plaintiff was arrested last week for felony stalking."

10.9.    I DENY "Undeterred, Plaintiff has now filed this action in the apparent hope that by making her false and scandalous allegations public she will force McKool Smith and Baxter to pay her money as she has repeatedly demanded."

10.10.  I ADMIT "The Court should not assist this effort."

10.11.  I LACK INFORMATION SUFFICIENT TO ADMIT OR DENY whether "but should seal the Original Petition ("Petition") in this action to prevent unjustified and irreparable harm to McKool Smith and Baxter."

10.12.  I LACK INFORMATION SUFFICIENT TO ADMIT OR DENY whether "Defendants have not yet been served in this action, and only learned the contents  of the Petition several hours ago."

10.13.  I DENY "Time constraints prevent, therefore, a detailed history of Plaintiff's harassment

and attempted extortion of McKool Smith and Baxter over the last ten months."

10.14.  I DENY "As the Petition itself reflects, however, Plaintiff has previously filed claims similar to those asserted in the Petition against Baxter, which she then voluntarily dismissed."

10.15.  I DENY "As Ms. Davis notes in the petition, there is presently a pending grievance against her before the State Bar."

10.16.  I DENY "In addition, Plaintiff recently filed an application for an ex parte protective order in the 254th Judicial District Court of Dallas County (the "Prior Court") based on similar allegations to those in the Petition."

10.17.  I DENY "The Prior Court, on motion by Ware and Baxter and supported by Affidavit of Brian Lidji, entered an order sealing all documents in that action.' True and correct copies of the motion to seal, the Affidavit of Brian Lidji, and the sealing order entered by the Prior Court are attached hereto as Exhibits A, B, and C, respectively."

10.18.  I DENY "Pursuant to Local Rule 1.08, Defendants are advising the Court of the pendency of the proceeding in the Prior Court."

10.19.  I DENY "Similarly, the Petition in this case should be sealed under Rule 76a. McKool Smith and Baxter have a compelling interest in their privacy and professional reputation, which clearly outweighs the presumption that court records should be open, and there is no potential adverse effect that sealing would have on general public health or safety."

10.20.  I DENY "Moreover, given that the Petition consists almost entirely of Plaintiff's salacious allegations, there is no less restrictive means than sealing the entire document that would adequately and effectively protect Defendants' interests. If the false allegations that are contained in the Petition are disclosed before the Court has an opportunity to conduct a full

hearing on the Motion for Permanent Sealing Order, McKool Smith, Baxter, and numerous third parties that Plaintiff gratuitously identifies in the Petition will suffer immediate and irreparable harm."

10.21.  I DENY "Moreover, by filing this action in a separate court, Plaintiff obviously seeks to subvert the sealing order that was entered by the Prior Court. The Prior Court had already determined that pleadings such as the Petition should be filed under seal."

10.22.  I DENY "Plaintiff should not be allowed to avoid the effect of this prior sealing order."

10.23.  I DENY "III. RELIEF REQUESTED"

10.24.  I DENY "Accordingly, Defendants respectfully requests that the Court enter (1) a temporary order sealing the Petition until such time as Defendants' request for permanent sealing order is decided; and (2) upon proper notice and hearing, a permanent sealing order."

10.25.  I OBJECT TO VERIFICATION BY SAMUEL F. BAXTER BECAUSE the notary is an interested person.

### CHELSEA DAVIS'S ADMISSIONS AND DENIALS IN RESPONSE TO LESLIE D. WARE AND SAMUEL F. BAXTER'S UNFILED PAPER ENTITLED "MOTION TO SEAL COURT RECORDS"

11.1.   I DENY "This Motion to Seal Court Records is brought by Respondents, Leslie D. Ware and Samuel F. Baxter."

11.2.   I DENY "In support they would show:  This is an action allegedly arising out of the Texas Family Code by virtue of having been filed in this Court."

11.3.   I DENY "therefore. the documents filed in this case are not subject to the standards for sealing court records set forth in Rule 76(a)2(3) of the Texas Rules of Civil Procedure."

11.4.   I DENY "Applicant has made a variety of allegations against Respondents in a number of

different lawsuits; in this proceeding, Applicant made new and revised allegations."

11.5.   I DENY "Each of those suits filed by Applicant were voluntarily dismissed by Applicant, in each case before any discovery was conducted."

11.6.   I DENY "See the affidavit of Brian M. Lidji attorney for the Respondents attached as Exhibit A."

11.7.   I DENY "Applicant, a lawyer herself, sought a Criminal Protective Order in a civil court.

11.8.   I DENY "Though she knew this Court was not the proper forum for her allegations, she sought a Protective Order to harass and publicly humiliate Respondents."

11.9.   I DENY "The Court should therefore dismiss Applicant's Petition."

11.10.  I DENY "Applicant's Petition is groundless and brought for the purpose of harassing and attempting to create publicity about Respondents concerning Applicants ever changing allegations."

11.11.  I DENY "Applicant allegations are libelous in nature; they have the potential of causing immediate and irreparable injury to Respondents, who are also attorneys."

11.12.  I DENY "Until this Court can determine if it has jurisdiction to hear Applicant's Petition,"

11.13.  I DENY "this court should grant this Motion to Seal Records to prevent any possible harm to Respondents' reputation, their businesses and their profession."

11.14.  I DENY "The scaling of the records in this action will not have an adverse effect on the public health or safety and do not involve matters that should be available to the general public."

11.15.  I DENY "WHEREFORE, Respondents requests that the Court seal the records of this cause and order that, they shall be open only to the parties to this suit. and any attorney of record

for each party."

## FIRST AMENDED RESPONSES TO MCKOOL SMITH P.C.'S PAPER ENTITLED "FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS"

**RESPONSE TO INTERROGATORY NO. 1.**     THE PERSON ISSUED TX. BAR NO. 24059652 LACKS INFORMATION SUFFICIENT TO RESPOND TO INTERROGATORY BUT RESERVES ALL OBJECTIONS, RESPONSES, IMMUNITIES, WAIVERS AND PRIVILEGES, ETC. ON BEHALF OF THE PERSON OR ENTITY, IF ANY, TO WHOM THIS INTERROGATORY IS DIRECTED.

**RESPONSE TO INTERROGATORY NO. 2.**     THE PERSON ISSUED TX. BAR NO. 24059652 LACKS INFORMATION SUFFICIENT TO RESPOND TO INTERROGATORY BUT RESERVES ALL OBJECTIONS, RESPONSES, IMMUNITIES, WAIVERS AND PRIVILEGES, ETC. ON BEHALF OF THE PERSON OR ENTITY, IF ANY, TO WHOM THIS INTERROGATORY IS DIRECTED.

**RESPONSE TO INTERROGATORY NO. 3.**     THE PERSON ISSUED TX. BAR NO. 24059652 LACKS INFORMATION SUFFICIENT TO RESPOND TO INTERROGATORY BUT RESERVES ALL OBJECTIONS, RESPONSES, IMMUNITIES, WAIVERS AND PRIVILEGES, ETC. ON BEHALF OF THE PERSON OR ENTITY, IF ANY, TO WHOM THIS INTERROGATORY IS DIRECTED.

**RESPONSE TO INTERROGATORY NO. 4.**     THE PERSON ISSUED TX. BAR NO. 24059652 LACKS INFORMATION SUFFICIENT TO RESPOND TO INTERROGATORY BUT RESERVES ALL OBJECTIONS, RESPONSES, IMMUNITIES, WAIVERS AND PRIVILEGES, ETC. ON BEHALF OF THE PERSON OR ENTITY, IF ANY, TO WHOM THIS INTERROGATORY IS DIRECTED.

**RESPONSE TO INTERROGATORY NO. 5.**     THE PERSON ISSUED TX. BAR NO. 24059652 LACKS INFORMATION SUFFICIENT TO RESPOND TO INTERROGATORY BUT RESERVES ALL OBJECTIONS, RESPONSES, IMMUNITIES, WAIVERS AND PRIVILEGES, ETC. ON BEHALF OF THE PERSON OR ENTITY, IF ANY, TO WHOM THIS INTERROGATORY IS DIRECTED.

**RESPONSE TO INTERROGATORY NO. 6.**     THE PERSON ISSUED TX. BAR NO. 24059652 LACKS INFORMATION SUFFICIENT TO RESPOND TO INTERROGATORY BUT RESERVES ALL OBJECTIONS, RESPONSES, IMMUNITIES, WAIVERS AND PRIVILEGES, ETC. ON BEHALF OF THE PERSON OR ENTITY, IF ANY, TO WHOM THIS INTERROGATORY IS DIRECTED.

**RESPONSE TO INTERROGATORY NO. 7.**     THE PERSON ISSUED TX. BAR NO. 24059652 LACKS INFORMATION SUFFICIENT TO RESPOND TO INTERROGATORY BUT RESERVES ALL OBJECTIONS, RESPONSES,

IMMUNITIES, WAIVERS AND PRIVILEGES, ETC. ON BEHALF OF THE PERSON
OR ENTITY, IF ANY, TO WHOM THIS INTERROGATORY IS DIRECTED.

**RESPONSE TO INTERROGATORY NO. 8.** THE PERSON ISSUED TX. BAR NO.
24059652 LACKS INFORMATION SUFFICIENT TO RESPOND TO
INTERROGATORY BUT RESERVES ALL OBJECTIONS, RESPONSES,
IMMUNITIES, WAIVERS AND PRIVILEGES, ETC. ON BEHALF OF THE PERSON
OR ENTITY, IF ANY, TO WHOM THIS INTERROGATORY IS DIRECTED.

**RESPONSE TO INTERROGATORY NO. 9.** THE PERSON ISSUED TX. BAR NO.
24059652 LACKS INFORMATION SUFFICIENT TO RESPOND TO
INTERROGATORY BUT RESERVES ALL OBJECTIONS, RESPONSES,
IMMUNITIES, WAIVERS AND PRIVILEGES, ETC. ON BEHALF OF THE PERSON
OR ENTITY, IF ANY, TO WHOM THIS INTERROGATORY IS DIRECTED.

**RESPONSE TO INTERROGATORY NO. 10.** THE PERSON ISSUED TX. BAR NO.
24059652 LACKS INFORMATION SUFFICIENT TO RESPOND TO
INTERROGATORY BUT RESERVES ALL OBJECTIONS, RESPONSES,
IMMUNITIES, WAIVERS AND PRIVILEGES, ETC. ON BEHALF OF THE PERSON
OR ENTITY, IF ANY, TO WHOM THIS INTERROGATORY IS DIRECTED.

**RESPONSE TO INTERROGATORY NO. 11.** THE PERSON ISSUED TX. BAR NO.
24059652 LACKS INFORMATION SUFFICIENT TO RESPOND TO
INTERROGATORY BUT RESERVES ALL OBJECTIONS, RESPONSES,
IMMUNITIES, WAIVERS AND PRIVILEGES, ETC. ON BEHALF OF THE PERSON
OR ENTITY, IF ANY, TO WHOM THIS INTERROGATORY IS DIRECTED.

**RESPONSE TO INTERROGATORY NO. 12.** THE PERSON ISSUED TX. BAR NO.
24059652 LACKS INFORMATION SUFFICIENT TO RESPOND TO
INTERROGATORY BUT RESERVES ALL OBJECTIONS, RESPONSES,
IMMUNITIES, WAIVERS AND PRIVILEGES, ETC. ON BEHALF OF THE PERSON
OR ENTITY, IF ANY, TO WHOM THIS INTERROGATORY IS DIRECTED.

**RESPONSE TO INTERROGATORY NO. 13.** THE PERSON ISSUED TX. BAR NO.
24059652 LACKS INFORMATION SUFFICIENT TO RESPOND TO
INTERROGATORY BUT RESERVES ALL OBJECTIONS, RESPONSES,
IMMUNITIES, WAIVERS AND PRIVILEGES, ETC. ON BEHALF OF THE PERSON
OR ENTITY, IF ANY, TO WHOM THIS INTERROGATORY IS DIRECTED.

**RESPONSE TO INTERROGATORY NO. 14.** THE PERSON ISSUED TX. BAR NO.
24059652 LACKS INFORMATION SUFFICIENT TO RESPOND TO
INTERROGATORY BUT RESERVES ALL OBJECTIONS, RESPONSES,
IMMUNITIES, WAIVERS AND PRIVILEGES, ETC. ON BEHALF OF THE PERSON
OR ENTITY, IF ANY, TO WHOM THIS INTERROGATORY IS DIRECTED.

**RESPONSE TO INTERROGATORY NO. 15.** THE PERSON ISSUED TX. BAR NO.
24059652 LACKS INFORMATION SUFFICIENT TO RESPOND TO

INTERROGATORY BUT RESERVES ALL OBJECTIONS, RESPONSES, IMMUNITIES, WAIVERS AND PRIVILEGES, ETC. ON BEHALF OF THE PERSON OR ENTITY, IF ANY, TO WHOM THIS INTERROGATORY IS DIRECTED.

**RESPONSE TO INTERROGATORY NO. 16.**    THE PERSON ISSUED TX. BAR NO. 24059652 LACKS INFORMATION SUFFICIENT TO RESPOND TO INTERROGATORY BUT RESERVES ALL OBJECTIONS, RESPONSES, IMMUNITIES, WAIVERS AND PRIVILEGES, ETC. ON BEHALF OF THE PERSON OR ENTITY, IF ANY, TO WHOM THIS INTERROGATORY IS DIRECTED.

**RESPONSE TO INTERROGATORY NO. 17.**    THE PERSON ISSUED TX. BAR NO. 24059652 LACKS INFORMATION SUFFICIENT TO RESPOND TO INTERROGATORY BUT RESERVES ALL OBJECTIONS, RESPONSES, IMMUNITIES, WAIVERS AND PRIVILEGES, ETC. ON BEHALF OF THE PERSON OR ENTITY, IF ANY, TO WHOM THIS INTERROGATORY IS DIRECTED.

**RESPONSE TO INTERROGATORY NO. 18.**    THE PERSON ISSUED TX. BAR NO. 24059652 LACKS INFORMATION SUFFICIENT TO RESPOND TO INTERROGATORY BUT RESERVES ALL OBJECTIONS, RESPONSES, IMMUNITIES, WAIVERS AND PRIVILEGES, ETC. ON BEHALF OF THE PERSON OR ENTITY, IF ANY, TO WHOM THIS INTERROGATORY IS DIRECTED.

**RESPONSE TO INTERROGATORY NO. 19.**    THE PERSON ISSUED TX. BAR NO. 24059652 LACKS INFORMATION SUFFICIENT TO RESPOND TO INTERROGATORY BUT RESERVES ALL OBJECTIONS, RESPONSES, IMMUNITIES, WAIVERS AND PRIVILEGES, ETC. ON BEHALF OF THE PERSON OR ENTITY, IF ANY, TO WHOM THIS INTERROGATORY IS DIRECTED.

**RESPONSE TO INTERROGATORY NO. 20.**    THE PERSON ISSUED TX. BAR NO. 24059652 LACKS INFORMATION SUFFICIENT TO RESPOND TO INTERROGATORY BUT RESERVES ALL OBJECTIONS, RESPONSES, IMMUNITIES, WAIVERS AND PRIVILEGES, ETC. ON BEHALF OF THE PERSON OR ENTITY, IF ANY, TO WHOM THIS INTERROGATORY IS DIRECTED.

**RESPONSE TO INTERROGATORY NO. 21.**    THE PERSON ISSUED TX. BAR NO. 24059652 LACKS INFORMATION SUFFICIENT TO RESPOND TO INTERROGATORY BUT RESERVES ALL OBJECTIONS, RESPONSES, IMMUNITIES, WAIVERS AND PRIVILEGES, ETC. ON BEHALF OF THE PERSON OR ENTITY, IF ANY, TO WHOM THIS INTERROGATORY IS DIRECTED.

**RESPONSE TO REQUEST FOR PRODUCTION 1.**    THE PERSON ISSUED TX. BAR NO. 24059652 RESERVES ALL OBJECTIONS, RESPONSES, IMMUNITIES, WAIVERS AND PRIVILEGES, ETC. ON BEHALF OF THE PERSON OR ENTITY, IF ANY, TO WHOM THIS REQUEST IS DIRECTED.

**RESPONSE TO REQUEST FOR PRODUCTION 2.**    THE PERSON ISSUED TX. BAR NO. 24059652 RESERVES ALL OBJECTIONS, RESPONSES, IMMUNITIES, WAIVERS AND PRIVILEGES, ETC. ON BEHALF OF THE PERSON OR ENTITY, IF ANY, TO WHOM THIS REQUEST IS DIRECTED.

**RESPONSE TO REQUEST FOR PRODUCTION 3.**    THE PERSON ISSUED TX. BAR NO. 24059652 RESERVES ALL OBJECTIONS, RESPONSES, IMMUNITIES, WAIVERS AND PRIVILEGES, ETC. ON BEHALF OF THE PERSON OR ENTITY, IF ANY, TO WHOM THIS REQUEST IS DIRECTED.

**RESPONSE TO REQUEST FOR PRODUCTION 4.**    THE PERSON ISSUED TX. BAR NO. 24059652 RESERVES ALL OBJECTIONS, RESPONSES, IMMUNITIES, WAIVERS AND PRIVILEGES, ETC. ON BEHALF OF THE PERSON OR ENTITY, IF ANY, TO WHOM THIS REQUEST IS DIRECTED.

**RESPONSE TO REQUEST FOR PRODUCTION 5.**    THE PERSON ISSUED TX. BAR NO. 24059652 RESERVES ALL OBJECTIONS, RESPONSES, IMMUNITIES,

WAIVERS AND PRIVILEGES, ETC. ON BEHALF OF THE PERSON OR ENTITY, IF ANY, TO WHOM THIS REQUEST IS DIRECTED.

**RESPONSE TO REQUEST FOR PRODUCTION 6.**     THE PERSON ISSUED TX. BAR NO. 24059652 RESERVES ALL OBJECTIONS, RESPONSES, IMMUNITIES, WAIVERS AND PRIVILEGES, ETC. ON BEHALF OF THE PERSON OR ENTITY, IF ANY, TO WHOM THIS REQUEST IS DIRECTED.

**RESPONSE TO REQUEST FOR PRODUCTION 7.**     THE PERSON ISSUED TX. BAR NO. 24059652 RESERVES ALL OBJECTIONS, RESPONSES, IMMUNITIES, WAIVERS AND PRIVILEGES, ETC. ON BEHALF OF THE PERSON OR ENTITY, IF ANY, TO WHOM THIS REQUEST IS DIRECTED.

**RESPONSE TO REQUEST FOR PRODUCTION 8.**     THE PERSON ISSUED TX. BAR NO. 24059652 RESERVES ALL OBJECTIONS, RESPONSES, IMMUNITIES, WAIVERS AND PRIVILEGES, ETC. ON BEHALF OF THE PERSON OR ENTITY, IF ANY, TO WHOM THIS REQUEST IS DIRECTED.

**RESPONSE TO REQUEST FOR PRODUCTION 9.**     THE PERSON ISSUED TX. BAR NO. 24059652 RESERVES ALL OBJECTIONS, RESPONSES, IMMUNITIES, WAIVERS AND PRIVILEGES, ETC. ON BEHALF OF THE PERSON OR ENTITY, IF ANY, TO WHOM THIS REQUEST IS DIRECTED.

**RESPONSE TO REQUEST FOR PRODUCTION 10.**   THE PERSON ISSUED TX. BAR NO. 24059652 RESERVES ALL OBJECTIONS, RESPONSES, IMMUNITIES, WAIVERS AND PRIVILEGES, ETC. ON BEHALF OF THE PERSON OR ENTITY, IF ANY, TO WHOM THIS REQUEST IS DIRECTED.

**RESPONSE TO REQUEST FOR PRODUCTION 11.**   THE PERSON ISSUED TX. BAR NO. 24059652 RESERVES ALL OBJECTIONS, RESPONSES, IMMUNITIES, WAIVERS AND PRIVILEGES, ETC. ON BEHALF OF THE PERSON OR ENTITY, IF ANY, TO WHOM THIS REQUEST IS DIRECTED.

**RESPONSE TO REQUEST FOR PRODUCTION 12.**   THE PERSON ISSUED TX. BAR NO. 24059652 RESERVES ALL OBJECTIONS, RESPONSES, IMMUNITIES, WAIVERS AND PRIVILEGES, ETC. ON BEHALF OF THE PERSON OR ENTITY, IF ANY, TO WHOM THIS REQUEST IS DIRECTED.

**RESPONSE TO REQUEST FOR PRODUCTION 13.**   THE PERSON ISSUED TX. BAR NO. 24059652 RESERVES ALL OBJECTIONS, RESPONSES, IMMUNITIES, WAIVERS AND PRIVILEGES, ETC. ON BEHALF OF THE PERSON OR ENTITY, IF ANY, TO WHOM THIS REQUEST IS DIRECTED.

**RESPONSE TO REQUEST FOR PRODUCTION 14.**   THE PERSON ISSUED TX. BAR NO. 24059652 RESERVES ALL OBJECTIONS, RESPONSES, IMMUNITIES, WAIVERS AND PRIVILEGES, ETC. ON BEHALF OF THE PERSON OR ENTITY, IF ANY, TO WHOM THIS REQUEST IS DIRECTED.

**RESPONSE TO REQUEST FOR PRODUCTION 15.** THE PERSON ISSUED TX. BAR NO. 24059652 RESERVES ALL OBJECTIONS, RESPONSES, IMMUNITIES, WAIVERS AND PRIVILEGES, ETC. ON BEHALF OF THE PERSON OR ENTITY, IF ANY, TO WHOM THIS REQUEST IS DIRECTED.

**RESPONSE TO REQUEST FOR PRODUCTION 16.** THE PERSON ISSUED TX. BAR NO. 24059652 RESERVES ALL OBJECTIONS, RESPONSES, IMMUNITIES, WAIVERS AND PRIVILEGES, ETC. ON BEHALF OF THE PERSON OR ENTITY, IF ANY, TO WHOM THIS REQUEST IS DIRECTED.

**RESPONSE TO REQUEST FOR PRODUCTION 17.** THE PERSON ISSUED TX. BAR NO. 24059652 RESERVES ALL OBJECTIONS, RESPONSES, IMMUNITIES, WAIVERS AND PRIVILEGES, ETC. ON BEHALF OF THE PERSON OR ENTITY, IF ANY, TO WHOM THIS REQUEST IS DIRECTED.

**RESPONSE TO REQUEST FOR PRODUCTION 18.** THE PERSON ISSUED TX. BAR NO. 24059652 RESERVES ALL OBJECTIONS, RESPONSES, IMMUNITIES, WAIVERS AND PRIVILEGES, ETC. ON BEHALF OF THE PERSON OR ENTITY, IF ANY, TO WHOM THIS REQUEST IS DIRECTED.

**RESPONSE TO REQUEST FOR PRODUCTION 19.** THE PERSON ISSUED TX. BAR NO. 24059652 RESERVES ALL OBJECTIONS, RESPONSES, IMMUNITIES, WAIVERS AND PRIVILEGES, ETC. ON BEHALF OF THE PERSON OR ENTITY, IF ANY, TO WHOM THIS REQUEST IS DIRECTED.

**RESPONSE TO REQUEST FOR PRODUCTION 20.** THE PERSON ISSUED TX. BAR NO. 24059652 RESERVES ALL OBJECTIONS, RESPONSES, IMMUNITIES, WAIVERS AND PRIVILEGES, ETC. ON BEHALF OF THE PERSON OR ENTITY, IF ANY, TO WHOM THIS REQUEST IS DIRECTED.

**RESPONSE TO REQUEST FOR PRODUCTION 21.** THE PERSON ISSUED TX. BAR NO. 24059652 RESERVES ALL OBJECTIONS, RESPONSES, IMMUNITIES, WAIVERS AND PRIVILEGES, ETC. ON BEHALF OF THE PERSON OR ENTITY, IF ANY, TO WHOM THIS REQUEST IS DIRECTED.

**RESPONSE TO REQUEST FOR PRODUCTION 22.** THE PERSON ISSUED TX. BAR NO. 24059652 RESERVES ALL OBJECTIONS, RESPONSES, IMMUNITIES, WAIVERS AND PRIVILEGES, ETC. ON BEHALF OF THE PERSON OR ENTITY, IF ANY, TO WHOM THIS REQUEST IS DIRECTED.

**RESPONSE TO REQUEST FOR PRODUCTION 23.** THE PERSON ISSUED TX. BAR NO. 24059652 RESERVES ALL OBJECTIONS, RESPONSES, IMMUNITIES, WAIVERS AND PRIVILEGES, ETC. ON BEHALF OF THE PERSON OR ENTITY, IF ANY, TO WHOM THIS REQUEST IS DIRECTED.

**RESPONSE TO REQUEST FOR PRODUCTION 24.** THE PERSON ISSUED TX. BAR NO. 24059652 RESERVES ALL OBJECTIONS, RESPONSES, IMMUNITIES,

WAIVERS AND PRIVILEGES, ETC. ON BEHALF OF THE PERSON OR ENTITY, IF ANY, TO WHOM THIS REQUEST IS DIRECTED.

**RESPONSE TO REQUEST FOR PRODUCTION 25.**   THE PERSON ISSUED TX. BAR NO. 24059652 RESERVES ALL OBJECTIONS, RESPONSES, IMMUNITIES, WAIVERS AND PRIVILEGES, ETC. ON BEHALF OF THE PERSON OR ENTITY, IF ANY, TO WHOM THIS REQUEST IS DIRECTED.

**RESPONSE TO REQUEST FOR PRODUCTION 26.**   THE PERSON ISSUED TX. BAR NO. 24059652 RESERVES ALL OBJECTIONS, RESPONSES, IMMUNITIES, WAIVERS AND PRIVILEGES, ETC. ON BEHALF OF THE PERSON OR ENTITY, IF ANY, TO WHOM THIS REQUEST IS DIRECTED.

**RESPONSE TO REQUEST FOR PRODUCTION 27.**   THE PERSON ISSUED TX. BAR NO. 24059652 RESERVES ALL OBJECTIONS, RESPONSES, IMMUNITIES, WAIVERS AND PRIVILEGES, ETC. ON BEHALF OF THE PERSON OR ENTITY, IF ANY, TO WHOM THIS REQUEST IS DIRECTED.

**RESPONSE TO REQUEST FOR PRODUCTION 28.**   THE PERSON ISSUED TX. BAR NO. 24059652 RESERVES ALL OBJECTIONS, RESPONSES, IMMUNITIES, WAIVERS AND PRIVILEGES, ETC. ON BEHALF OF THE PERSON OR ENTITY, IF ANY, TO WHOM THIS REQUEST IS DIRECTED.

**RESPONSE TO REQUEST FOR PRODUCTION 29.**   THE PERSON ISSUED TX. BAR NO. 24059652 RESERVES ALL OBJECTIONS, RESPONSES, IMMUNITIES, WAIVERS AND PRIVILEGES, ETC. ON BEHALF OF THE PERSON OR ENTITY, IF ANY, TO WHOM THIS REQUEST IS DIRECTED.

**RESPONSE TO REQUEST FOR PRODUCTION 30.**   THE PERSON ISSUED TX. BAR NO. 24059652 RESERVES ALL OBJECTIONS, RESPONSES, IMMUNITIES, WAIVERS AND PRIVILEGES, ETC. ON BEHALF OF THE PERSON OR ENTITY, IF ANY, TO WHOM THIS REQUEST IS DIRECTED.

**RESPONSE TO REQUEST FOR PRODUCTION 31.**   THE PERSON ISSUED TX. BAR NO. 24059652 RESERVES ALL OBJECTIONS, RESPONSES, IMMUNITIES, WAIVERS AND PRIVILEGES, ETC. ON BEHALF OF THE PERSON OR ENTITY, IF ANY, TO WHOM THIS REQUEST IS DIRECTED.

**RESPONSE TO REQUEST FOR PRODUCTION 32.**   THE PERSON ISSUED TX. BAR NO. 24059652 RESERVES ALL OBJECTIONS, RESPONSES, IMMUNITIES, WAIVERS AND PRIVILEGES, ETC. ON BEHALF OF THE PERSON OR ENTITY, IF ANY, TO WHOM THIS REQUEST IS DIRECTED.

**RESPONSE TO REQUEST FOR PRODUCTION 33.**

**RESPONSE TO REQUEST FOR PRODUCTION 34.** THE PERSON ISSUED TX. BAR NO. 24059652 RESERVES ALL OBJECTIONS, RESPONSES, IMMUNITIES, WAIVERS AND PRIVILEGES, ETC. ON BEHALF OF THE PERSON OR ENTITY, IF ANY, TO WHOM THIS REQUEST IS DIRECTED.

**RESPONSE TO REQUEST FOR PRODUCTION 35.** THE PERSON ISSUED TX. BAR NO. 24059652 RESERVES ALL OBJECTIONS, RESPONSES, IMMUNITIES, WAIVERS AND PRIVILEGES, ETC. ON BEHALF OF THE PERSON OR ENTITY, IF ANY, TO WHOM THIS REQUEST IS DIRECTED.

**RESPONSE TO REQUEST FOR PRODUCTION 36.** THE PERSON ISSUED TX. BAR NO. 24059652 RESERVES ALL OBJECTIONS, RESPONSES, IMMUNITIES, WAIVERS AND PRIVILEGES, ETC. ON BEHALF OF THE PERSON OR ENTITY, IF ANY, TO WHOM THIS REQUEST IS DIRECTED.

**RESPONSE TO REQUEST FOR PRODUCTION 37.** THE PERSON ISSUED TX. BAR NO. 24059652 RESERVES ALL OBJECTIONS, RESPONSES, IMMUNITIES, WAIVERS AND PRIVILEGES, ETC. ON BEHALF OF THE PERSON OR ENTITY, IF ANY, TO WHOM THIS REQUEST IS DIRECTED.

**RESPONSE TO REQUEST FOR PRODUCTION 38.** THE PERSON ISSUED TX. BAR NO. 24059652 RESERVES ALL OBJECTIONS, RESPONSES, IMMUNITIES, WAIVERS AND PRIVILEGES, ETC. ON BEHALF OF THE PERSON OR ENTITY, IF ANY, TO WHOM THIS REQUEST IS DIRECTED.

**RESPONSE TO REQUEST FOR PRODUCTION 39.** THE PERSON ISSUED TX. BAR NO. 24059652 RESERVES ALL OBJECTIONS, RESPONSES, IMMUNITIES, WAIVERS AND PRIVILEGES, ETC. ON BEHALF OF THE PERSON OR ENTITY, IF ANY, TO WHOM THIS REQUEST IS DIRECTED.

**RESPONSE TO REQUEST FOR PRODUCTION 40.** THE PERSON ISSUED TX. BAR NO. 24059652 RESERVES ALL OBJECTIONS, RESPONSES, IMMUNITIES, WAIVERS AND PRIVILEGES, ETC. ON BEHALF OF THE PERSON OR ENTITY, IF ANY, TO WHOM THIS REQUEST IS DIRECTED.

**RESPONSE TO REQUEST FOR PRODUCTION 41.** THE PERSON ISSUED TX. BAR NO. 24059652 RESERVES ALL OBJECTIONS, RESPONSES, IMMUNITIES, WAIVERS AND PRIVILEGES, ETC. ON BEHALF OF THE PERSON OR ENTITY, IF ANY, TO WHOM THIS REQUEST IS DIRECTED.

**RESPONSE TO REQUEST FOR PRODUCTION 42.** THE PERSON ISSUED TX. BAR NO. 24059652 RESERVES ALL OBJECTIONS, RESPONSES, IMMUNITIES, WAIVERS AND PRIVILEGES, ETC. ON BEHALF OF THE PERSON OR ENTITY, IF ANY, TO WHOM THIS REQUEST IS DIRECTED.

**RESPONSE TO REQUEST FOR PRODUCTION 43.** THE PERSON ISSUED TX. BAR NO. 24059652 RESERVES ALL OBJECTIONS, RESPONSES, IMMUNITIES,

WAIVERS AND PRIVILEGES, ETC. ON BEHALF OF THE PERSON OR ENTITY, IF ANY, TO WHOM THIS REQUEST IS DIRECTED.

**RESPONSE TO REQUEST FOR PRODUCTION 44.** THE PERSON ISSUED TX. BAR NO. 24059652 RESERVES ALL OBJECTIONS, RESPONSES, IMMUNITIES, WAIVERS AND PRIVILEGES, ETC. ON BEHALF OF THE PERSON OR ENTITY, IF ANY, TO WHOM THIS REQUEST IS DIRECTED.

**RESPONSE TO REQUEST FOR PRODUCTION 45.** THE PERSON ISSUED TX. BAR NO. 24059652 RESERVES ALL OBJECTIONS, RESPONSES, IMMUNITIES, WAIVERS AND PRIVILEGES, ETC. ON BEHALF OF THE PERSON OR ENTITY, IF ANY, TO WHOM THIS REQUEST IS DIRECTED.

**RESPONSE TO REQUEST FOR PRODUCTION 46.** THE PERSON ISSUED TX. BAR NO. 24059652 RESERVES ALL OBJECTIONS, RESPONSES, IMMUNITIES, WAIVERS AND PRIVILEGES, ETC. ON BEHALF OF THE PERSON OR ENTITY, IF ANY, TO WHOM THIS REQUEST IS DIRECTED.

**RESPONSE TO REQUEST FOR PRODUCTION 47.** THE PERSON ISSUED TX. BAR NO. 24059652 RESERVES ALL OBJECTIONS, RESPONSES, IMMUNITIES, WAIVERS AND PRIVILEGES, ETC. ON BEHALF OF THE PERSON OR ENTITY, IF ANY, TO WHOM THIS REQUEST IS DIRECTED.

**RESPONSE TO REQUEST FOR PRODUCTION 48.** THE PERSON ISSUED TX. BAR NO. 24059652 RESERVES ALL OBJECTIONS, RESPONSES, IMMUNITIES, WAIVERS AND PRIVILEGES, ETC. ON BEHALF OF THE PERSON OR ENTITY, IF ANY, TO WHOM THIS REQUEST IS DIRECTED.

**RESPONSE TO REQUEST FOR PRODUCTION 49.** THE PERSON ISSUED TX. BAR NO. 24059652 RESERVES ALL OBJECTIONS, RESPONSES, IMMUNITIES, WAIVERS AND PRIVILEGES, ETC. ON BEHALF OF THE PERSON OR ENTITY, IF ANY, TO WHOM THIS REQUEST IS DIRECTED.

**RESPONSE TO REQUEST FOR PRODUCTION 50.** THE PERSON ISSUED TX. BAR NO. 24059652 RESERVES ALL OBJECTIONS, RESPONSES, IMMUNITIES, WAIVERS AND PRIVILEGES, ETC. ON BEHALF OF THE PERSON OR ENTITY, IF ANY, TO WHOM THIS REQUEST IS DIRECTED.

**RESPONSE TO REQUEST FOR PRODUCTION 51.** THE PERSON ISSUED TX. BAR NO. 24059652 RESERVES ALL OBJECTIONS, RESPONSES, IMMUNITIES, WAIVERS AND PRIVILEGES, ETC. ON BEHALF OF THE PERSON OR ENTITY, IF ANY, TO WHOM THIS REQUEST IS DIRECTED.

**RESPONSE TO REQUEST FOR PRODUCTION 52.** THE PERSON ISSUED TX. BAR NO. 24059652 RESERVES ALL OBJECTIONS, RESPONSES, IMMUNITIES, WAIVERS AND PRIVILEGES, ETC. ON BEHALF OF THE PERSON OR ENTITY, IF ANY, TO WHOM THIS REQUEST IS DIRECTED.

**RESPONSE TO REQUEST FOR PRODUCTION 53.**   THE PERSON ISSUED TX. BAR NO. 24059652 RESERVES ALL OBJECTIONS, RESPONSES, IMMUNITIES, WAIVERS AND PRIVILEGES, ETC. ON BEHALF OF THE PERSON OR ENTITY, IF ANY, TO WHOM THIS REQUEST IS DIRECTED.

**RESPONSE TO REQUEST FOR PRODUCTION 54.**   THE PERSON ISSUED TX. BAR NO. 24059652 RESERVES ALL OBJECTIONS, RESPONSES, IMMUNITIES, WAIVERS AND PRIVILEGES, ETC. ON BEHALF OF THE PERSON OR ENTITY, IF ANY, TO WHOM THIS REQUEST IS DIRECTED.

**RESPONSE TO REQUEST FOR PRODUCTION 55.**   THE PERSON ISSUED TX. BAR NO. 24059652 RESERVES ALL OBJECTIONS, RESPONSES, IMMUNITIES, WAIVERS AND PRIVILEGES, ETC. ON BEHALF OF THE PERSON OR ENTITY, IF ANY, TO WHOM THIS REQUEST IS DIRECTED.

**RESPONSE TO REQUEST FOR PRODUCTION 56.**   THE PERSON ISSUED TX. BAR NO. 24059652 RESERVES ALL OBJECTIONS, RESPONSES, IMMUNITIES, WAIVERS AND PRIVILEGES, ETC. ON BEHALF OF THE PERSON OR ENTITY, IF ANY, TO WHOM THIS REQUEST IS DIRECTED.

**RESPONSE TO REQUEST FOR PRODUCTION 57.**   THE PERSON ISSUED TX. BAR NO. 24059652 RESERVES ALL OBJECTIONS, RESPONSES, IMMUNITIES, WAIVERS AND PRIVILEGES, ETC. ON BEHALF OF THE PERSON OR ENTITY, IF ANY, TO WHOM THIS REQUEST IS DIRECTED.

**RESPONSE TO REQUEST FOR PRODUCTION 58.**   THE PERSON ISSUED TX. BAR NO. 24059652 RESERVES ALL OBJECTIONS, RESPONSES, IMMUNITIES, WAIVERS AND PRIVILEGES, ETC. ON BEHALF OF THE PERSON OR ENTITY, IF ANY, TO WHOM THIS REQUEST IS DIRECTED.

**RESPONSE TO REQUEST FOR PRODUCTION 59.**   THE PERSON ISSUED TX. BAR NO. 24059652 RESERVES ALL OBJECTIONS, RESPONSES, IMMUNITIES, WAIVERS AND PRIVILEGES, ETC. ON BEHALF OF THE PERSON OR ENTITY, IF ANY, TO WHOM THIS REQUEST IS DIRECTED.

**RESPONSE TO REQUEST FOR PRODUCTION 60.**   THE PERSON ISSUED TX. BAR NO. 24059652 RESERVES ALL OBJECTIONS, RESPONSES, IMMUNITIES, WAIVERS AND PRIVILEGES, ETC. ON BEHALF OF THE PERSON OR ENTITY, IF ANY, TO WHOM THIS REQUEST IS DIRECTED.

**RESPONSE TO REQUEST FOR PRODUCTION 61.**   THE PERSON ISSUED TX. BAR NO. 24059652 RESERVES ALL OBJECTIONS, RESPONSES, IMMUNITIES, WAIVERS AND PRIVILEGES, ETC. ON BEHALF OF THE PERSON OR ENTITY, IF ANY, TO WHOM THIS REQUEST IS DIRECTED.

**RESPONSE TO REQUEST FOR PRODUCTION 62.**   THE PERSON ISSUED TX. BAR NO. 24059652 RESERVES ALL OBJECTIONS, RESPONSES, IMMUNITIES,

WAIVERS AND PRIVILEGES, ETC. ON BEHALF OF THE PERSON OR ENTITY, IF ANY, TO WHOM THIS REQUEST IS DIRECTED.

**RESPONSE TO REQUEST FOR PRODUCTION 63.**    THE PERSON ISSUED TX. BAR NO. 24059652 RESERVES ALL OBJECTIONS, RESPONSES, IMMUNITIES, WAIVERS AND PRIVILEGES, ETC. ON BEHALF OF THE PERSON OR ENTITY, IF ANY, TO WHOM THIS REQUEST IS DIRECTED.

**RESPONSE TO REQUEST FOR PRODUCTION 64.**    THE PERSON ISSUED TX. BAR NO. 24059652 RESERVES ALL OBJECTIONS, RESPONSES, IMMUNITIES, WAIVERS AND PRIVILEGES, ETC. ON BEHALF OF THE PERSON OR ENTITY, IF ANY, TO WHOM THIS REQUEST IS DIRECTED.

**RESPONSE TO REQUEST FOR PRODUCTION 65.**    THE PERSON ISSUED TX. BAR NO. 24059652 RESERVES ALL OBJECTIONS, RESPONSES, IMMUNITIES, WAIVERS AND PRIVILEGES, ETC. ON BEHALF OF THE PERSON OR ENTITY, IF ANY, TO WHOM THIS REQUEST IS DIRECTED.

**RESPONSE TO REQUEST FOR PRODUCTION 66.**    THE PERSON ISSUED TX. BAR NO. 24059652 RESERVES ALL OBJECTIONS, RESPONSES, IMMUNITIES, WAIVERS AND PRIVILEGES, ETC. ON BEHALF OF THE PERSON OR ENTITY, IF ANY, TO WHOM THIS REQUEST IS DIRECTED.

**RESPONSE TO REQUEST FOR PRODUCTION 67.**    THE PERSON ISSUED TX. BAR NO. 24059652 RESERVES ALL OBJECTIONS, RESPONSES, IMMUNITIES, WAIVERS AND PRIVILEGES, ETC. ON BEHALF OF THE PERSON OR ENTITY, IF ANY, TO WHOM THIS REQUEST IS DIRECTED.

**RESPONSE TO REQUEST FOR PRODUCTION 68.**    THE PERSON ISSUED TX. BAR NO. 24059652 RESERVES ALL OBJECTIONS, RESPONSES, IMMUNITIES, WAIVERS AND PRIVILEGES, ETC. ON BEHALF OF THE PERSON OR ENTITY, IF ANY, TO WHOM THIS REQUEST IS DIRECTED.

**RESPONSE TO REQUEST FOR PRODUCTION 69.**    THE PERSON ISSUED TX. BAR NO. 24059652 RESERVES ALL OBJECTIONS, RESPONSES, IMMUNITIES, WAIVERS AND PRIVILEGES, ETC. ON BEHALF OF THE PERSON OR ENTITY, IF ANY, TO WHOM THIS REQUEST IS DIRECTED.

**RESPONSE TO REQUEST FOR PRODUCTION 70.**    THE PERSON ISSUED TX. BAR NO. 24059652 RESERVES ALL OBJECTIONS, RESPONSES, IMMUNITIES, WAIVERS AND PRIVILEGES, ETC. ON BEHALF OF THE PERSON OR ENTITY, IF ANY, TO WHOM THIS REQUEST IS DIRECTED.

**RESPONSE TO REQUEST FOR PRODUCTION 71.**    THE PERSON ISSUED TX. BAR NO. 24059652 RESERVES ALL OBJECTIONS, RESPONSES, IMMUNITIES, WAIVERS AND PRIVILEGES, ETC. ON BEHALF OF THE PERSON OR ENTITY, IF ANY, TO WHOM THIS REQUEST IS DIRECTED.

Respectfully submitted,

/s/Chelsea L. Davis
Chelsea L. Davis
TX Bar No. 24059652
Mailing Address:
25 Highland Park Vlg., Ste. 100-830
Dallas, TX 75205
Physical Address:
2068 Meadow View Dr.
Princeton, TX 75407
Telephone:  (469) 426-5850
Facsimile: (469) 533-0466
cdavis@chelseadavispc.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically submitted the foregoing document with the clerk of court for the U.S. District Court using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/Chelsea L. Davis
Chelsea L. Davis