IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

**CHELSEA L. DAVIS,**

      **Plaintiff,**

v.                                                   **Case No. 3:14-CV-3975-N-BK**

**MCKOOL SMITH, P.C., et al,**

      **Defendants.**

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Pursuant to *Special Order 3*, this cause is before the Court for pretrial management. For the reasons that follow, it is recommended that the District Court *sua sponte* **DISMISS** this case **WITH PREJUDICE**.

In the matter at hand, Plaintiff has filed with the Court a number of documents, including (1) a *Public Notice of Preliminary Injunction*; (2) a document that purports to be an *Answer* to a complaint filed in the Eastern District of Texas, Case No. 13-cv-514-RC; and (3) an *Emergency Motion Requesting Permission to File Into Sealed Cases*. Doc. 1; Doc. 4; Doc. 7. The claims in this case and others that Plaintiff has filed arise from her former employment with the law firm of McKool Smith. *See Davis v. McKool Smith, et al.*, 14-cv-0056-N-BK, Doc. 14. Plaintiff also has filed various cases in state court stemming from her employment with McKool Smith, including *Davis v. Baxter*, which was removed to the Eastern District of Texas and assigned Case No. 13-cv-514-RC. Shortly after the removal of that case to federal court, Plaintiff moved for dismissal, which was granted. *Davis v. Baxter*, Case No. 13-cv-514-RC at Doc. 5 and Doc. 7. The district judge declined Plaintiff's numerous subsequent requests to reopen the case.

Upon review of the pleadings filed in the instant case, the *Public Notice of Preliminary Injunction* that Plaintiff filed as the initiating document does not appear to request injunctive

relief but instead appears to complain about an injunction that was issued against her.  Doc. 1 at 2.  She does not seek any affirmative relief nor does she raise any basis on which federal subject matter jurisdiction could exist.  In Plaintiff's *Answer*, however, she requests that this Court direct "the District Clerk to complete the transfer from Cause No. 4:13cv514 in the Eastern District of Texas" to this Court.  Doc. 4 at 3.  Plaintiff contends that a transfer of the Eastern District case to this district is appropriate because the Defendant maintains an office in Dallas, this district is more convenient for parties and witnesses, and the acts and omissions alleged in the complaint took place in Dallas.  Doc. 4 at 3.

Upon consideration of Plaintiff's arguments and the law, the Court concludes that *sua sponte* dismissal of this case is warranted.  As an initial matter, Plaintiff has not invoked any basis for federal subject matter jurisdiction.  Even if she had, the Eastern District case is closed, so the case cannot be transferred.  More importantly, a case transfer is effectuated by the presiding judge in the transferor court, not the transferee court.  *See* 28 U.S.C. § 1404(a) (providing that for "the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought").

Moreover, Plaintiff, as a licensed and practicing attorney, should have been aware of the facts and law noted above.  Indeed, the Court holds her to a higher standard than it does a typical *pro se* plaintiff.[1]  Plaintiff is forewarned that if she continues to file frivolous pleadings, she risks

---

[1] The Court also notes that Plaintiff has twice removed cases in which she was a defendant to this court, and the court dismissed the actions because it was apparent from the state court petition that no federal subject matter jurisdiction existed.  *See Harlan v. Crow*, Case No. 14-cv-1964-N-BF at Doc. 8; *Ware v. Davis*, Case No. 14-cv-1963-N-BH at Doc. 7.  On this date, the Court also has recommended that another of Plaintiff's recent complaints against McKool Smith be *sua sponte* dismissed with prejudice because it is duplicative of a prior case which itself had been dismissed as barred by *res judicata*.  *See Davis v. McKool Smith*, Case No. 14-cv-3962-N-BK.

harsh sanctions up to and including sanctions under Rule 11 of the Federal Rules of Civil Procedure and being barred from filing future cases and notices of removal in the Northern District of Texas.  FED. R. CIV. P. 11(b) (providing that the presentation to the court of a pleading, written motion, or other paper by a party constitutes a certification that, to the best of the person's knowledge, (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; and (3) the factual contentions have evidentiary support or will likely have such support upon further investigation).  For the foregoing reasons, it is recommended that the District Court *sua sponte* **DISMISS** this case **WITH PREJUDICE**.

> **SO RECOMMENDED** on November 17, 2014.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
<u>**NOTICE OF RIGHT TO APPEAL/OBJECT**</u>

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* [28 U.S.C. § 636(b)(1)](#); [F<small>ED</small>. R. C<small>IV</small>. P. 72(b)](#). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See [Douglass v. United Servs. Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996)](#)*.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE