IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

**CHELSEA L. DAVIS**
  *Plaintiff*

**V.**

**MCKOOL SMITH P.C. et al**
  *Defendants*

                              **CASE NO. 3:14-cv-3975-M**
                              **into which 3:13-cv-4926-N is consolidated.**

## OBJECTIONS TO MAGISTRATE ORDER

As a preliminary matter, Judge Toliver is not the magistrate judge for Judge Lynn, who is the presiding judge over *Chelsea L. Davis v. McKool Smith P.C. et al,* Case No. 3:14-cv-3975-M (N.D. Tex. opened Nov. 11, 2014). Judge Toliver states "The claims in this case ... arise from her former employment with the law firm of McKool Smith" and she cites to "another case." First, there does not appear to be any claims in Case No. 3:14-cv-3975-M unless a case with claims against McKool Smith P.C. is later consolidated into Case No. 3:14-cv-3975-M. I object because my employment with McKool Smith P.C. is not at issue in Case No. 3:14-cv-3975-M unless a case with claims against McKool Smith P.C. is later consolidated into Case No. 3:14-cv-3975-M. Case No. 3:14-cv-3975-M is neither relevant nor related to my employment with McKool Smith P.C. Every fact raised in Case No. 3:14-cv-3975-M took place after my employment with McKool Smith P.C.

McKool Smith P.C. filed a grievance complaint against my law license with the State Bar of Texas, which is being investigated. Case Nos. 201305119 and 201400133 and the documents

therein are incorporated by reference herein. The grievance investigation is not a "case," but McKool Smith P.C. and Samuel F. Baxter have sought consolidation of an alleged "case" into the grievance investigation to deny Chelsea Davis due process. The grievance does not include any facts from Chelsea Davis's employment. The grievance investigation has nothing to do with Chelsea Davis's employment. It is for allegedly stalking Leslie Ware in January 2013.

Judge Toliver states "Plaintiff also has filed various cases in state court stemming from her employment with McKool Smith." I object to the relevance and relatedness of any state court lawsuit against McKool Smith P.C. to Case No. 3:14-cv-3975-M. Also, this statement is not true. I only ever filed one state court lawsuit against McKool Smith P.C. and may not have been able to file that one lawsuit to the extent I was subject to an antisuit injunction.

Judge Toliver states, "The district judge declined Plaintiff's numerous subsequent requests to reopen the case." I object to "the district judge" as vague. What requests to which district judge is she referring to? In Texas, any "district judge" can sit in for any other district judge under the Texas Government Code. I did not make any requests to reopen any federal case that were declined from the time any case number closed, if at all, to the time of Judge Toliver's recommendations on Nov. 17, 2014.

Judge Toliver states "She does not seek any affirmative relief nor does she raise any basis on which federal subject matter jurisdiction could exist." I object because I raised counterclaims for affirmative relief in an answer for which federal subject matter jurisdiction attaches. Also, I brought claims for which federal subject matter jurisdiction attaches in a case that is to be consolidated into Case No. 3:14-cv-3975-M. A preliminary anti-suit injunction appears to have been issued in federal court such that it must be dissolved by a federal court. A motion to

2

dissolve antisuit injunction may include a claim which raises a federal question pursuant to federal laws. Jurisdiction of this Court arises under 28 U.S.C. §§ 1331-1337, 1343(a), and 1367(a); 42 U.S.C. secs. §§ 1983, 1985, 1986, and 1988; and 18 U.S.C. §§1961-1968. Jurisdiction of this court for pendent claims is authorized by Fed. R. Civ. P. 18(a), and arises under the doctrine of pendent jurisdiction as set forth in United Mine Workers v. Gibbs, 383 U.S. 715 (1966). Supplemental and ancillary jurisdiction and transfer is authorized under the removal statutes at 28 U.S.C. §§1441, et seq., venue statutes at 28 U.S.C. §§1404, et seq, including transfer statutes at 28 U.S.C. §§1406, 1407, etc., federal common law and necessary corollaries to 28 USCS § 2283, including or analogous to procedures for obtaining a writ of habeas corpus. *See* 17 C. Wright, A. Miller, & E. Cooper, *Federal Practice and Procedure* § 4222 (1988). Jurisdiction also arises under the ''Federal Courts Jurisdiction and Venue Clarification Act of 2011'' at H.R. 394, Title I Jurisdictional Improvements and Title II Transfer and Venue Improvements. I therefore invoked several bases for federal subject matter jurisdiction to attach.

I object to sua sponte dismissal prior to or after completion of transfer. Judge Toliver states "the Eastern District case is closed, so the case cannot be transferred." I object because that is not true. The Eastern District of Texas Case No. 4:14-cv-4190 is open, into which the former "case" is consolidated. Judge Toliver appears to have missed the order of transfer filed in the transferee court. She states "a case transfer is effectuated by the presiding judge in the transferor court, not the transferee court." See 28 U.S.C. § 1404(a). I object because transfer is complete upon filing order of transfer in transferee court. Transfer was ordered by either a magistrate judge or by the presiding judge of the transferor court. It appears the order was to transfer and

consolidate into the sealed State Bar of Texas grievance investigation, which is not a case due to the lack of due process. That does not mean transfer is not completed to this Court.

I object to Judge Toliver's warning. I have not filed any frivolous pleadings. Judge Toliver states "The Court also notes that Plaintiff has twice removed cases in which she was a defendant to this court, and the court dismissed the actions because it was apparent from the state court petition that no federal subject matter jurisdiction existed." Judge Toliver cites to two "cases" that do not exist, namely, "Harlan v. Crow, Case No. 14-cv-1964-NBF at Doc. 8" and "Ware v. Davis, Case No. 14-cv-1963-N-BH at Doc. 7." I object to the entire statement and the citations. The only "case" in which Chelsea Davis is a defendant is the *State Bar of Texas v. Chelsea Davis*, which is not a case. That is a State Bar of Texas grievance investigation in which Chelsea Davis is being denied due process.  Leslie Ware does not have any claim in any case against Chelsea Davis. McKool Smith P.C. and Harlan R. Crow do not have any claim in any case against Chelsea Davis. Samuel Baxter merely filed Chelsea Davis's petition in federal court, and then he filed an answer that included admissions and denials and perhaps a claim for declaratory judgment. To the extent she is obligated to respond to the admissions and denials, Chelsea Davis timely provided her denials.

I object to Judge Toliver's statement that "On this date, the Court also has recommended that another of Plaintiff's recent complaints against McKool Smith be sua sponte dismissed with prejudice because it is duplicative of a prior case which itself had been dismissed as barred by res judicata."  This statement is false. Chelsea Davis's answer in Case 3:14-cv-03975-M is not duplicative of any complaint.  No claim is against McKool Smith P.C. or at issue in Case 3:14-cv-03975-M. No claim has been dismissed with prejudice against McKool Smith.  Judge

4

Toliver does not allege that any claim has been dismissed with prejudice. Judge Toliver merely states that a case was dismissed with prejudice. There cannot be a case without any claims. There cannot be a case without due process, and Chelsea Davis is denied due process in the State Bar of Texas grievance investigation because she has the right to de novo review in a district court after the investigation concludes. No investigation has yet concluded. No claims have been litigated, and no claims are barred by res judicata.

Section 1407(a) of 28 U.S.C. § 1407 authorizes transfer only of "civil actions," not claims; however, section 1407(a) also authorizes "partial" transfer by (1) transferring an action in its entirety to the transferee district, and (2) simultaneously remanding to the transferor district any claims for which transfer was not deemed appropriate, such as cross-claims, counterclaims, or third-party claims. If the "new" action containing the remanded claim in the transferor district is also appropriate for inclusion in a second transferee docket, the process can proceed one step further with simultaneous retransfer to the second docket's transferee district. A transfer under section 1407 becomes effective when the order granting the transfer is filed in the office of the clerk of the transferee court. *See In re Plumbing Fixture Cases*, 298 F. Supp. 484 (J.P.M.L. 1968).  At that point, the jurisdiction of the transferor court ceases and the transferee court has exclusive jurisdiction.  The transferee judge may vacate or modify any order of a transferor court, including protective orders. *See, e.g., In re Upjohn Co. Antibiotic Cleocin Prods. Liab. Litig.*, 664 F.2d 114 (6th Cir. 1981). Chelsea Davis requests a hearing in this transferee Court to determine which, if any, claims are pending in this Court.  *See* attached orders of transfer.

Dated:  Dec. 1, 2014               Respectfully,

/s/Chelsea L. Davis
Chelsea L. Davis, *pro-se*
TX Bar No. 24059652

5

2068 Meadow View Dr.<br>
Princeton, TX 75407<br>
Telephone: (469) 426-5850<br>
Facsimile: (469) 533-0466<br>
cdavis@chelseadavispc.com

## **CERTIFICATE OF SERVICE**

    On this day, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically by email or, as a pro-se party, on the date it is electronically docketed in the court's CM/ECF system, as authorized by the Federal Rule of Civil Procedure 5(b)(2) and the Local Rules of this Court,

Dated:  Dec. 1, 2014                    /s/Chelsea L. Davis
                                                                Chelsea L. Davis, *pro-se*