CAUSE NO. 429-03449-2014

| | | |
|---|---|---|
| | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| | § | |
| v. | § | |
| | § | |
| | § | COLLIN COUNTY, TEXAS |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | 429TH JUDICIAL DISTRICT |

**EMERGENCY MOTION FOR TEMPORARY**
**AND PERMANENT SEALING ORDER**

Defendant Samuel F. Baxter ("Baxter") files this Emergency Motion for Temporary and Permanent Sealing Order, requesting that this Court enter an order sealing court records under TEX. R. CIV. P. 76a.

## I. INTRODUCTION

This action is the latest in a series of increasingly outlandish allegations made by Plaintiff Chelsea L. Davis as part of an effort to blackmail a group of parties including Baxter and the other Defendants. Plaintiff's conduct has grown increasingly erratic and dangerous as time goes by.

Significantly, Plaintiff has made the same allegations set forth in her Original Petition ("Petition") herein against Defendants and McKool Smith in

several different lawsuits she previously filed in different courts in Dallas and Collin Counties, including this very Court. Other courts have already ordered that Plaintiff's filings be sealed. Undeterred, Plaintiff has now filed this action in her continued quest to make her false and scandalous allegations public, in the apparent hope that she will force Defendants to pay her money as she has repeatedly demanded. The Court should not assist this effort, but should seal the records in this action to prevent unjustified and irreparable harm to Baxter.

## II. ARGUMENT

Baxter has not yet been served in this action, and only learned of Plaintiff's latest filing today. Time constraints prevent, therefore, a detailed history of Plaintiff's harassment and attempted extortion of Defendants and McKool Smith. Based on his assessment that Plaintiff's actions constituted professional misconduct, and may well be the product of a mental impairment, McKoool Smith filed a complaint with the State Bar to address Plaintiff's behavior. In response, Plaintiff recently filed with the Texas Supreme Court a request to resign in lieu of discipline, which request is still under review by the State Bar.

In the meantime, Plaintiff filed claims similar to those asserted in the Petition against Baxter in the 199th Judicial District Court of Collin County on August 27, 2013, which she then voluntarily dismissed. Plaintiff then filed an application for an ex parte protective order against Ware and Baxter in the 254th

Judicial District Court of Dallas County based on similar allegations. On motion by Ware and Baxter, the 254th District Court entered an order sealing all documents in that action. Plaintiff then filed a third lawsuit against McKool Smith and Baxter in the 298th Judicial District Court of Dallas County, again based on the same scurrilous allegations. The 298th District Court entered an order temporarily sealing Plaintiff's original petition in that case and, subsequently, a second and third order temporarily sealing any amended pleadings she filed. Plaintiff then filed a fourth lawsuit against McKool Smith P.C. in the 429th Judicial District Court of Collin County, Texas. The 429th Judicial District Court of Collin County entered an Order Granting Motion for Sealing Order on December 4, 2013. True and correct copies of the sealing orders entered by the 254th and 298th Judicial District Court of Dallas County and the 429th Judicial District Court of Collin County are attached hereto as **Exhibit A**.

The records in this case should likewise be sealed under Rule 76a. Baxter has a compelling interest in his privacy and professional reputation, which clearly outweighs the presumption that court records should be open, and there is no potential adverse effect that sealing would have on general public health or safety. Moreover, given that the Petition consists almost entirely of Plaintiff's salacious allegations, there is no less restrictive means than sealing the entire document that would adequately and effectively protect the interests of Baxter. If the false

allegations that are contained in the Petition are disclosed before the Court has an opportunity to conduct a full hearing on the Motion for Permanent Sealing Order, Baxter will suffer immediate and irreparable harm.

Moreover, by filing this duplicative action in a separate court, Plaintiff obviously seeks to subvert the sealing orders that were previously entered by the 254th and 298th of District Courts of Dallas County and the 429th District Court of Collin County. Those Courts had already determined that pleadings such as the records in this case should be sealed. Plaintiff should not be allowed to avoid the effect of these prior sealing orders.

## III. RELIEF REQUESTED

Accordingly, Baxter respectfully requests that the Court enter (1) a temporary order sealing the Petition, as well as any amendment or supplement thereto, until such time as Baxter's request for permanent sealing order is decided; and (2) upon proper notice and hearing, a permanent sealing order; and all other relief to which he may show himself justly entitled..

Respectfully submitted,

**ABERNATHY, ROEDER, BOYD & JOPLIN, P.C.**

By: ______________________

**Richard M. Abernathy**
State Bar No. 00809500
rabernathy@abernathy-law.com
**Ross Wells**
State Bar No. 24047087
rwells@abernathy-law.com

1700 Redbud Boulevard, Suite 300
McKinney, Texas 75069
Tel: 214/544-4000
Fax: 214/544-4040

# EXHIBIT "A"

CAUSE NO. DF-13-19281

| | | |
|---|---|---|
| | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| | § | |
| V. | § | |
| | § | 254TH JUDICIAL DISTRICT |
| | § | |
| | § | |
| | § | |
| | § | DALLAS COUNTY, TEXAS |

## ORDER TO SEAL COURT RECORDS

On this date the Court considered the agreement of the parties to seal the above styled file in this matter.

IT IS THEREFORE ORDERED that all documents bearing Cause No. DF13-19281 and styled "Chelsea L. Davis, Applicant v. Leslie D. Ware and Samuel F. Baxter, Respondents" are sealed, except those documents that are required by law to be recorded in the minutes of the Court. IT IS FURTHER ORDERED that the file shall not be opened by or released to anyone for any reason except by the attorney of record for each party or on appropriate court order for good cause shown.

SIGNED on 10/18/13.

Associate Judge
254th District Court

JUDGE PRESIDING

CAUSE NO. DC-13-12834-M

| | | |
|---|---|---|
| | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| | § | |
| v. | § | 298TH JUDICIAL DISTRICT OF |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | DALLAS COUNTY, TEXAS |

**ORDER GRANTING MOTION FOR**
**TEMPORARY SEALING ORDER**

The Court, having considered Defendants' Motion for Temporary Sealing Order, finds that the requirements of TEX. R. CIV. P. 76a(5) have been satisfied and that a temporary sealing order should be entered. It is therefore

The Court finds further that Plaintiff appeared, along with counsel for Defendants, and that there is good cause to waive 3 day notice of this hearing.

EGT

ORDERED that Plaintiff's Original Petition in the above-captioned action is hereby placed under seal. Defendants shall post notice as required by TEX. R. CIV. P. 76a, and a hearing on Defendants' Motion for Permanent Sealing Order shall be held on December 6, 2013 at 4 p.m. Defendants are directed to immediately give the public notice of the hearing in accordance with the provision of TEX. R. CIV. P. 76a(3).

SO ORDERED this 30 day of October, 2013.

Emily G. Tobolowsky

JUDGE PRESIDING

ORIGINAL SIGNED BY JUDGE

CAUSE NO. DC-13-12834-M

| | | |
|---|---|---|
| | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| | § | |
| v. | § | 298[TH] JUDICIAL DISTRICT OF |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | DALLAS COUNTY, TEXAS |

**ORDER GRANTING EMERGENCY SUPPLEMENTAL MOTION FOR TEMPORARY SEALING ORDER AND MOTION TO STAY**

The Court, having considered Defendants' Emergency Supplemental Motion for Temporary Sealing Order and Motion to Stay, finds that (1) the requirements of TEX. R. CIV. P. 76a(5) have been satisfied and that the temporary sealing order previously entered herein should be amended as follows, and (2) that there is good cause to waive the 3 day notice of hearing requirement of Tex. R. Civ. P. 21. It is therefore

ORDERED that Plaintiff's First Amended Petition ("Petition"), together with (1) any subsequent amendment or supplement to the Petition, and (2) any other filing containing similar allegations to the Petition that Plaintiff attempts to file in the above-captioned action, is hereby placed under seal until such time as the hearing on Defendants' Motion for Permanent Sealing Order shall is held on December 6, 2013 at 4:00 p.m. (the "Sealing Hearing"). It is further

ORDERED that, until the Sealing Hearing and the hearing on Defendants' motion to transfer this action to the 254th Judicial District Court, this action is hereby stayed for all purposes other than matters relating to the motion to seal.

SO ORDERED this 6 day of November, 2013.

JUDGE PRESIDING

CAUSE NO. DC-13-14215-M

| | | |
|---|---|---|
| | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| | § | |
| v. | § | 298TH JUDICIAL DISTRICT OF |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | DALLAS COUNTY, TEXAS |

**ORDER GRANTING MOTION FOR**
**TEMPORARY SEALING ORDER ~~AND TRANSFERRING CASE~~**

The Court, having considered Defendant's Motion for Temporary Sealing Order and to Transfer, finds that (1) the requirements of TEX. R. CIV. P. 76a(5) have been satisfied and that a temporary sealing order should be entered, and (2) there is good cause to waive the 3 day notice of hearing requirement of TEX. R. CIV. P. 21. The Court further finds that Defendant's request for a transfer is well-taken and should be GRANTED.

It is therefore

ORDERED that Plaintiff's Original Petition in the above-captioned action is hereby placed under seal. It is further

~~ORDERED that Cause No. DC-13-14215-M and styled Chelsea L. Davis v. McKool Smith P.C., filed in the 298th Judicial District Court of Dallas County, Texas, shall be transferred to the 254th Judicial District Court of Dallas County, Texas, for consolidation with Cause No. DF-13-19281, Chelsea L. Davis v. Leslie D. Ware and~~

Samuel F. Baxter, and the Clerk is ordered to take all actions required to effect such immediate transfer.

SO ORDERED this 4 day of December, 2013.

JUDGE PRESIDING

CAUSE NO. 429-04835-2013

| | | |
|---|---|---|
| | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| | § | |
| v. | § | 429TH JUDICIAL DISTRICT OF |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | COLLIN COUNTY, TEXAS |

**ORDER GRANTING MOTION FOR SEALING ORDER**

The Court, having considered Defendant's Motion for Temporary and Permanent Sealing Order, finds that (1) the requirements of TEX. R. CIV. P. 76a have been satisfied and that a sealing order should be entered, and (2) there is good cause to waive the 3 day notice of hearing requirement of TEX. R. CIV. P. 21.

It is therefore ORDERED that Plaintiff's Original Petition in the above-captioned action is hereby placed under seal.

SO ORDERED this 4th day of December, 2013.

JUDGE PRESIDING

FILED
2013 NOV -4 PM 3:12

CAUSE NO. DF13-19281

| | | |
|---|---|---|
| | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| | § | |
| v. | § | 254th JUDICIAL DISTRICT OF |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | DALLAS COUNTY, TEXAS |

**MOTION TO TRANSFER RELATED CASE**

Samuel F. Baxter ("Baxter") files this Motion to Transfer Related Case, and in support thereof, would show the Court the following:

**BACKGROUND**

1. Chelsea L. Davis ("Davis") initiated this action against Baxter and Leslie D. Ware ("Ware") with the filing of an Application for Ex Parte Protective Order Under TEX. CODE CRIM. PROC. ART. 7A on October 16, 2013. Based on Davis' false and outrageous allegations of misconduct on the part of Ware and Baxter, and without the opportunity to hear from Ware and Baxter, the Court granted an ex parte temporary protective order. Davis has since allowed the ex parte protective order to expire. However, Ware has now filed his own application for protective order against Davis.

2. Less than two weeks after filing this action, on October 28, 2013, Davis filed another action against Baxter and his law firm, McKool Smith, P.C. (the "Firm"), in the 298th Judicial District Court of Dallas County, Cause No. 13-12834 (the "Later

Action"). The Later Action is based on many of the same false allegations contained in Davis' pleading in this action.

**ARGUMENT**

3. Rule 1.06 of the Local Rules of the Civil Courts of Dallas County provides as follows:

> Whenever any pending case is so related to another case previously filed in or disposed of by another Court of Dallas County having subject matter jurisdiction that a transfer of the later case to such other Court would facilitate orderly and efficient disposition of the litigation, the Judge of the Court in which the earlier case is or was pending may, upon notice to all affected parties and Courts and hearing, transfer the later case to such Court.

Further, Local Rule 1.07(a) specifically identifies a case arising out of the same transaction or occurrence as an earlier case as being subject to transfer.

4. Although this Court has primary responsibility for family law matters, it "is clothed with the same jurisdiction as the other district courts" of Dallas County. *Powers v. Powers*, 714 S.W.2d 384, 387 (Tex. App. – Corpus Christi 1986, no writ). Accordingly, this Court acquired jurisdiction over Davis' claims first and has the authority to order the transfer the Later Action in the interest of judicial efficiency. *See* Local Rule 1.06.

5. Davis' multiple filings present a particularly compelling case for transfer in order to facilitate the orderly and efficient disposition of this litigation. Even before filing this action, Davis had sued Ware and Baxter earlier this year, in Dallas and Collin County respectively, before voluntarily dismissing her claims in both of those actions. Davis then filed this proceeding and, less than two weeks later, filed the Later Action

against Baxter and the Firm. In order to prevent Davis' continued forum shopping and harassment by multiple frivolous lawsuits, Baxter asks that the Later Action be transferred to this Court so that all pending (and future) cases may be consolidated in one forum. As evidenced by its joinder in this motion, the Firm agrees to the relief being sought by Baxter.

**CONCLUSION**

6. For the foregoing reasons, Baxter respectfully requests that, upon notice to all parties and Courts and hearing, the Later Action be transferred to this Court, together with such other and further relief to which he shows himself justly entitled.

Respectfully submitted,

By:____________________

A. Erin Dwyer
State Bar No. 06302700
Don Colleluori
State Bar No. 04581950

FIGARI & DAVENPORT, L.L.P.
3400 Bank of America Plaza
901 Main Street, LB 125
Dallas, Texas 75202-3796
Tel: 214/ 939-2000
Fax: 214/ 939-2090

ATTORNEYS FOR DEFENDANT
McKOOL SMITH, P.C. and
SAMUEL F. BAXTER

FILED
2013 DEC 17 PM

NO. DC-13-14479

| | | |
|---|---|---|
| | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | 254th JUDICIAL DISTRICT |
| | § | |
| | § | DALLAS COUNTY, TEXAS |

**MOTION TO QUASH AND MOTION FOR PROTECTIVE ORDER**

This Motion to Quash and Motion for Protective Order is brought by Leslie D. Ware, a non-party to this suit, who shows in support:

A. Introduction

1. Leslie D. Ware "Ware" is a non-party to this suit. He is, however, the defendant in a companion case pending in this court, *Chelsea L. Davis v. Leslie D. Ware and Samuel F. Baxter*, Cause No. DF-13-19281. Ware has been seeking to depose Chelsea Davis "Davis" in connection with suit DF-13-19281 for almost two months. On October 21, 2013 served Davis with a notice of deposition set for October 28, 2013. Davis filed, untimely, her Motion To Quash The Deposition Of Chelsea Davis and then failed to appear at the scheduled deposition. Ware set Davis' motion to quash and it was heard on November 20, 2013. Davis failed to appear at the hearing. On November 20, 2013, this Court signed an Order on Motion to Quash, ordering Davis to appear for deposition on December 9, 2013. See Exhibit "A". Davis failed to appear at the deposition on December 9, 2013. In fact, she advised counsel on December 8, 2013 that she would not appear stating "I'm requesting depositions for a real lawsuit, not your family court bullshit". See Exhibit "B"

2. By noticing Ware for deposition in this pending matter, Davis is attempting to depose him ***before*** she submits to the deposition Ware has been seeking to obtain in connection with DF-13-19281. This gamesmanship should not be tolerated. Ware asks the Court to enter an order quashing the deposition notice. Ware also asks the Court to enter an order protecting him from the deposition notice.

B. Argument & Authorities on Motion to Quash and Motion for Attorney's Fees

1. The court should quash the deposition notice because the time and the place designated for Ware's deposition is unreasonable. Tex. R. Civ. P. 199.4. A notice of deposition must be served a reasonable time before the deposition. Tex. R. Civ. P. 199.2(a),(b)(2). Specifically, the deposition notice would require Ware to appear for deposition prior to Davis being held accountable for violating this Court's order.

Additionally, Ware requests that the deposition be scheduled on an agreed upon date and time, specifically after Davis has been deposed in Cause No. 13-19281. While the Texas Rules of Civil Procedure does not set forth a definition of a "reasonable time," in this case allowing a deposition of Ware prior to Davis' being deposed is not reasonable. Additionally, Davis did not confer with counsel for Ware prior to noticing the deposition. Such behavior and the timing of the deposition are clearly for the purpose of harassment and circumvention of the discovery process in Cause No. 13-19281. Davis has abused the discovery process. Because of the actions of Davis, Ware has incurred expenses in having to prepare and file this motion to obtain relief. Under Tex. R. Civ. P. 215, Ware is entitled to reasonable expenses incurred in obtaining this order, including attorney's fees.

2. Because this motion is filed within three days of the date the amended notice was served, this motion objecting to the place for the deposition stays the deposition until the motion can be determined by the Court. Tex. R. Civ. P. 199.4.

C. Argument & Authorities on Motion for Protective Order

A trial court has discretion to protect a party with a protective order. Tex. R. Civ. P. 192.6; Ware asks the Court to exercise its discretion and grant a protective order for the following reasons:

1. The time and the place designated for Ware' deposition is unreasonable.

2. The deposition notice was filed for the purpose of harassment and circumvention of the discovery process in companion Cause No. 13-19281, annoyance and to drive up the costs of the litigation. Ware seeks a protective order to prevent undue burden, unnecessary expense, harassment or annoyance.

D. Attorney's Fees and Costs

It was necessary for Ware to secure the services of Angeline L. Bain of Goranson Bain PLLC, a licensed attorney, to prepare and appear on this motion. Ware requests attorney's fees and costs incurred in preparing and appearing on this motion.

E. Conclusion

1. For these reasons, Ware prays that the Court would set his motion to quash for hearing and, after the hearing, quash Davis' deposition notice.

2. For these reasons, Ware prays that the Court would set his motion for protective order for hearing and, after the hearing, issue an order protecting Ware by granting the relief requested in this motion.

3. Ware prays for attorney's fees, expenses, and costs as requested above.

4. Ware prays for general relief.

Respectfully submitted,

By: [signature]

Angeline L. Bain
State Bar No. 01546650
Goranson Bain, PLLC
Campbell Centre II, Suite 1850
8150 N. Central Expressway
Dallas, TX 75206-1815
Tel: (214) 373-7676
Fax: (214) 373-9959
Attorney for Leslie D. Ware

**CAUSE NO. DF-13-19281**

| | | |
|---|---|---|
| | § | **IN THE DISTRICT COURT** |
| | § | |
| | § | |
| | § | |
| v. | § | |
| | § | **254TH JUDICIAL DISTRICT** |
| | § | |
| | § | |
| | § | |
| | § | **DALLAS COUNTY, TEXAS** |

ORDER ON MOTION TO QUASH DEPOSITION

On this date came on to be heard Respondent's Notice of Hearing on Chelsea L. Davis' Motion to Quash Deposition.

Respondents appeared by attorney, Angeline L. Bain. Petitioner, Chelsea L. Davis although properly served with notice of hearing, failed to appear and wholly defaulted.

After due consideration by the Court, It is Ordered as follows:

Chelsea L. Davis is ORDERED to appear for deposition on the 9th day of December, 2013 at 9:00 o'clock a.m. in the offices of Goranson Bain, PLLC, Suite 1700, 8350 North Central Expressway, Dallas, Texas 75206.

SIGNED this 20 day of November, 2013.

[signature]
Assoc. JUDGE

CAUSE NO. DF13-19281

| | | |
|---|---|---|
| | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| | § | |
| v. | § | 254th JUDICIAL DISTRICT OF |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | DALLAS COUNTY, TEXAS |

**ORDER GRANTING MOTION TO TRANSFER RELATED CASE**

The Court, having considered Defendants' Motion To Transfer Related Case ("Motion"), is of the opinion that the Motion is well-taken and should be GRANTED. It is accordingly

ORDERED that Cause No. DC-13-12834 and styled Chelsea L. Davis v. McKool Smith P.C., and Samuel F. Baxter, pending in the 298th Judicial District Court of Dallas County, Texas shall be transferred to the 254th Judicial District Court of Dallas County, Texas, for consolidation with the above-referenced case.

SO ORDERED.

SIGNED on this 20 day of November, 2013.

[signature]

Assoc. JUDGE PRESIDING

CAUSE NO. DF13-19281

§ IN THE DISTRICT COURT
§
§
§
§ 254th JUDICIAL DISTRICT OF
§
§
§
§
§ DALLAS COUNTY, TEXAS

Cause No. DC-13-12834-M

§ IN THE DISTRICT COURT
§
§
§
§ 254TH JUDICIAL DISTRICT OF
§
§
§
§
§ DALLAS COUNTY, TEXAS

**MOTION TO CONSOLIDATE AND FOR ANTI-SUIT INJUNCTION**

Samuel F. Baxter ("Baxter") and McKool Smith, P.C. (the "Firm") file this Motion to Consolidate and for Anti-Suit Injunction, and in support thereof, would show the Court the following:

**BACKGROUND**

1. Chelsea L. Davis ("Davis") initiated an action in this Court (the "First Action") against Baxter and Leslie D. Ware ("Ware") with the filing of an Application for Ex Parte Protective Order Under TEX. CODE CRIM. PROC. ART. 7A on October 16, 2013. Based on Davis' false and outrageous allegations of misconduct on the part of

Ware and Baxter, and without the opportunity to hear from Ware and Baxter, the Court granted an ex parte temporary protective order. Subsequently, Ware filed his own application for protective order against Davis. Davis has since allowed her ex parte protective order to expire.

2. Less than two weeks after filing the First Action, on October 28, 2013, Davis filed another action against Baxter and the Firm in the 298th Judicial District Court of Dallas County, Cause No. 13-12834 (the "Second Action"). The Second Action was based on many of the same false allegations contained in Davis' pleading in the First Action, so Defendants requested its transfer to this Court in accordance with governing Texas common law as well as the local rules of both the Dallas Civil courts and the Dallas Family District court.

3. Seeking to avoid transfer of the Second Action to this Court, Davis filed a motion asking the 298th Court to prohibit transfer of the suit to this Court. At the hearing on her motion, Davis advised the 298th District Court that she would simply non-suit her claims against Baxter, and then re-file them again, if the Court permitted the transfer. Unmoved by this threat, the 298th Court denied Davis' motion to prohibit transfer. Thereafter, and immediately prior to entry of this Court's order transferring the Second Action to this Court, Davis non-suited her claims against Baxter in the Second Action, while continuing to maintain her claims against the Firm in that lawsuit.

4. Notwithstanding the transfer of the Second Action to this Court, Davis has continued her unrelenting campaign of harassment against the Firm by filing, then dismissing, identical lawsuits in multiple courts. On December 2, for example, Davis

filed another identical lawsuit against the Firm in Dallas County, which was again assigned to the 298th District Court (Cause No. DC-13-14215). Seven minutes later, she filed the exact same suit against the Firm in Collin County (Cause No. 429-04835-2013). Both of these lawsuits (the "Later-Filed Actions") essentially repeat the same baseless and scurrilous allegations Davis leveled in the Second Action.

5. Because Davis' subsequently-filed petitions add nothing to the claims already pending before this Court in the Second Action, they serve no legal purpose. Instead, they are nothing more than a transparent evasion of the sealing orders entered in the First and Second Actions and an attempt by Davis to improperly use the judicial system simply to generate publicity. Indeed, once she was notified that emergency hearings had been scheduled to seal both petitions, Davis immediately non-suited the Later-Filed Actions - only two days after they were filed.

6. Davis' abuse of the system and campaign of harassment is not limited to the Firm, but extends to the judiciary. In addition to repeatedly violating the Court's stay that was entered in the Second Action prior to transfer, Davis repeatedly sent unsolicited emails to Judge Tobolowsky despite being clearly instructed not to do so. *See* emails attached as Exhibit A. In addition, following entries of orders against her by this Court and the 298th Court, Davis posted public Facebook statements accusing the Dallas judges of corruption. *See* copy of Facebook posting attached as Exhibit B.

**ARGUMENT**

7. **Consolidation**. Local Rule 1.06 provides for the transfer and consolidation of related cases under TEX. R. CIV. P. 174. *See* Local Rules of the Family District Courts

of Dallas County 1.06 (requiring, among other things, that the motion shall have the cause number and style of each applicable case). The Second Action has already been transferred to this Court, and consolidation is appropriate to prevent a multiplicity of suits.

8. **Anti-Suit Injunction**. The above-described filings and actions by Davis continue a practice of harassment and forum shopping by her as she repeatedly files, then dismisses, suits against these Defendants only to reinstitute them shortly thereafter in a different forum. It is now well-established that Texas state courts have the power in these circumstances to restrain persons from proceeding with suits filed in other courts of this state. *Gannon v. Payne*, 706 S.W.2d 304, 305 (Tex. 1986). The general rule is that a court of competent jurisdiction is entitled to proceed to judgment and may protect its jurisdiction by enjoining subsequent suits in other Texas courts. *Id.* at 305-6, citing *Cleveland v. Ward*, 285 S.W. 1063, 1072 (1926). Indeed, when necessary to protect a party from vexatious or harassing litigation, as is the case here, anti-suit injunctions have even been used to restrain suits that were filed in ***foreign*** jurisdictions. *Id*. at 307.

9. Davis' multiple filings present a particularly compelling case for entry of an anti-suit injunction. Even before filing this action, Davis had sued Ware and Baxter earlier this year, in Dallas and Collin County respectively, before voluntarily dismissing her claims in both of those actions. Davis then filed this proceeding and, less than two weeks later, filed the Second Action against Baxter and the Firm. Since then, Davis has filed two additional, but identical, suits against the Firm in other courts. In order to prevent Davis' continued forum shopping, abuse of the judicial system, and harassment

by multiple frivolous lawsuits, Defendants ask that, in addition to consolidating these suits, the Court restrain Davis from filing further suits against these Defendants in other courts.

## CONCLUSION

10. For the foregoing reasons, Defendants respectfully request that, upon notice to all parties and hearing, the First and Second Actions be consolidated in this Court, an injunction be entered restraining Davis from filing additional suits against one or more of these Defendants outside this Court, and such other and further relief to which they show themselves justly entitled.

Respectfully submitted,

By: ______________________
A. Erin Dwyer
State Bar No. 06302700
Don Colleluori
State Bar No. 04581950

FIGARI & DAVENPORT, L.L.P.
3400 Bank of America Plaza
901 Main Street, LB 125
Dallas, Texas 75202-3796
Tel: 214/ 939-2000
Fax: 214/ 939-2090

ATTORNEYS FOR DEFENDANT
McKOOL SMITH, P.C. and
SAMUEL F. BAXTER

FILED 2013 DEC 10 PM 1:13 DEPUTY

CAUSE NO. DF13-19281

§ IN THE DISTRICT COURT
§
§
§
§ 254th JUDICIAL DISTRICT OF
§
§
§
§
§ DALLAS COUNTY, TEXAS

Cause No. DC-13-12834-M

§ IN THE DISTRICT COURT
§
§
§
§ 254TH JUDICIAL DISTRICT OF
§
§
§
§
§ DALLAS COUNTY, TEXAS

**MOTION TO CONSOLIDATE AND FOR ANTI-SUIT INJUNCTION**

Leslie Ware ("Ware") files this Motion to Consolidate and for Anti-Suit Injunction, and in support thereof, would show the Court the following:

**BACKGROUND**

1. Chelsea L. Davis ("Davis") initiated an action in this Court (the "First Action") against Sam Baxter and Leslie D. Ware with the filing of an Application for Ex Parte Protective Order Under TEX. CODE CRIM. PROC. ART. 7A on October 16, 2013. Based on Davis' false and outrageous allegations of misconduct on the part of Ware and Baxter, and without the opportunity to hear from Ware and Baxter, the Court granted an

ex parte temporary protective order. Subsequently, Ware filed his own application for protective order against Davis. Davis has since allowed her ex parte protective order to expire.

2. Less than two weeks after filing the First Action, on October 28, 2013, Davis filed another action against Baxter and the firm McKoolSmith P.C. ("Firm") in the 298th Judicial District Court of Dallas County, Cause No. 13-12834 (the "Second Action"). The Second Action was based on many of the same false allegations contained in Davis' pleading in the First Action, which included many false allegations against Ware, so Defendants requested its transfer to this Court in accordance with governing Texas common law as well as the local rules of both the Dallas Civil courts and the Dallas Family District court.

3. Seeking to avoid transfer of the Second Action to this Court, Davis filed a motion asking the 298th Court to prohibit transfer of the suit to this Court. At the hearing on her motion, Davis advised the 298th District Court that she would simply non-suit her claims against Baxter, and then re-file them again, if the Court permitted the transfer. Unmoved by this threat, the 298th Court denied Davis' motion to prohibit transfer. Thereafter, and immediately prior to entry of this Court's order transferring the Second Action to this Court, Davis non-suited her claims against Baxter in the Second Action, while continuing to maintain her claims against the Firm in that lawsuit.

4. Notwithstanding the transfer of the Second Action to this Court, Davis has continued her unrelenting campaign of harassment against the Firm, Baxter and Ware by filing, then dismissing, identical lawsuits in multiple courts. On December 2, for

example, Davis filed another identical lawsuit against the Firm in Dallas County, which was again assigned to the 298th District Court (Cause No. DC-13-14215). Seven minutes later, she filed the exact same suit against the Firm in Collin County (Cause No. 429-04835-2013). Both of these lawsuits (the "Later-Filed Actions") essentially repeat the same baseless and scurrilous allegations against Ware, Baxter and the Firm that Davis leveled in the Second Action.

5. Because Davis' subsequently-filed petitions add nothing to the claims already pending before this Court in the Second Action, they serve no legal purpose. Instead, they are nothing more than a transparent evasion of the sealing orders entered in the First and Second Actions and an attempt by Davis to improperly use the judicial system simply to generate publicity. Indeed, once she was notified that emergency hearings had been scheduled to seal both petitions, Davis immediately non-suited the Later-Filed Actions - only two days after they were filed.

6. Davis' abuse of the system and campaign of harassment is not limited to Ware, Baxter and the Firm, but extends to the judiciary. In addition to repeatedly violating the Court's stay that was entered in the Second Action prior to transfer, Davis repeatedly sent unsolicited emails to Judge Tobolowsky despite being clearly instructed not to do so. *See* emails attached as Exhibit A. In addition, following entries of orders against her by this Court and the 298th Court, Davis posted public Facebook statements accusing the Dallas judges of corruption. *See* copy of Facebook posting attached as Exhibit B.

## ARGUMENT

7. **Consolidation**. Local Rule 1.06 provides for the transfer and consolidation of related cases under TEX. R. CIV. P. 174. *See* Local Rules of the Family District Courts of Dallas County 1.06 (requiring, among other things, that the motion shall have the cause number and style of each applicable case). The Second Action has already been transferred to this Court, and consolidation is appropriate to prevent a multiplicity of suits.

8. **Anti-Suit Injunction**. The above-described filings and actions by Davis continue a practice of harassment and forum shopping by her as she repeatedly files, then dismisses, suits against these Defendants only to reinstitute them shortly thereafter in a different forum. It is now well-established that Texas state courts have the power in these circumstances to restrain persons from proceeding with suits filed in other courts of this state. *Gannon v. Payne*, 706 S.W.2d 304, 305 (Tex. 1986). The general rule is that a court of competent jurisdiction is entitled to proceed to judgment and may protect its jurisdiction by enjoining subsequent suits in other Texas courts. *Id.* at 305-6, citing *Cleveland v. Ward*, 285 S.W. 1063, 1072 (1926). Indeed, when necessary to protect a party from vexatious or harassing litigation, as is the case here, anti-suit injunctions have even been used to restrain suits that were filed in ***foreign*** jurisdictions. *Id.* at 307.

9. Davis' multiple filings present a particularly compelling case for entry of an anti-suit injunction. Even before filing this action, Davis had sued Ware and Baxter earlier this year, in Dallas and Collin County respectively, before voluntarily dismissing her claims in both of those actions. Davis then filed this proceeding and, less than two weeks later, filed the Second Action against Baxter and the Firm. Since then, Davis has

filed two additional, but identical, suits against the Firm in other courts. In order to prevent Davis' continued forum shopping, abuse of the judicial system, and harassment by multiple frivolous lawsuits, Ware ask that, in addition to consolidating these suits, the Court restrain Davis from filing further suits against these Ware and Defendants in other courts.

## CONCLUSION

10. For the foregoing reasons, Ware respectfully requests that, upon notice to all parties and hearing, the First and Second Actions be consolidated in this Court, an injunction be entered restraining Davis from filing additional suits against one or more of these Defendants outside this Court, and such other and further relief to which they show themselves justly entitled.

Respectfully submitted,

By: [signature]

Angeline L. Bain
State Bar No. 01546650

GoransonBain, PLLC
8250 N. Central Expr. Suite 1700
Dallas, Texas 75206
Tel: 214/ 373-7676
Fax: 214/ 373-9959

ATTORNEYS FOR LESLIE D. WARE

CAUSE NO. DF-13-23109-R

DC-13-14479

| | | |
|---|---|---|
| | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| | § | |
| | § | 254TH JUDICIAL DISTRICT COURT |
| | § | |
| | § | |
| | § | |
| | § | DALLAS COUNTY, TEXAS |

**PERMANENT ORDER GRANTING MOTION TO SEAL COURT RECORDS**

BE IT REMEMBERED that on December 11, 2013, Defendant **Harlan R. Crow** filed a Motion for Expedited Hearing for a Temporary Sealing Order and for a Permanent Sealing Order. On December 11, 2013, this Court granted a Temporary Sealing Order and set this matter for hearing on January 9, 2014 at 9:30 a.m. On January 9, 2014 a hearing in open court was held on the Motion for a Permanent Sealing Order.

**The Court finds** that based upon the evidence and argument of counsel that a specific, serious and substantial interest exists for the protection of Defendant's personal and business reputation and to prevent Plaintiff from utilizing the judicial process to publicly humiliate, embarrass and harass Defendant and others. The Court finds that such specific, serious and substantial interest clearly outweighs the presumption of openness in access to court records in this matter, and that there is no probable adverse effect that the permanent sealing of these records will have upon the general public health or safety and that there is no less restrictive means than sealing the records which would adequately and effectively protect the specific interests asserted.

**The Court further finds** that all of the notice requirements set forth in Rule 76a(3) of the Texas Rules of Civil Procedure have been met, in that, public notice of this hearing was posted more than fourteen (14) days in advance of the hearing and that a verified copy of the posted notice was filed with the clerk of the court and with the clerk of the Supreme Court of Texas.

**The Court further finds** that the standard for sealing court records set forth in 76a(1) of the Texas Rules of Civil Procedure has been met and the Court further finds that the time period for which this Order is to be sealed is for the entire time of the pendency of the lawsuit, including the time covered by the Temporary Sealing Order and permanently continues after this litigation has terminated.

**The Court further finds** that all court records as that term is defined in Rule 76a(2) of the Texas Rules of Civil Procedure are included in this Permanent Order Granting Motion to Seal Records.

**The Court further finds** that the Court personnel, the parties and their counsel of record are allowed access to the records in this case during the pendency of the lawsuit and for the time period for which this Order applies, and that no others have access without an appropriate order for good cause shown.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Defendant Harlan R. Crow's Motion for Permanent Sealing Order is GRANTED and all of the court records in this matter as that term is defined in Texas Rules of Civil Procedure 76(a) are hereby sealed commencing immediately and continuing permanently after the conclusion of this lawsuit.

IT IS FURTHER ORDERED that the file nor any of the court records shall be opened by or released to anyone for any reason, except by court personnel, the parties to this case or the attorney of record for each party, or an appropriate court order for good cause shown.

SIGNED ON the 9th day of January, 2014.

**~~JUDGE PRESIDING~~/**
**ASSOCIATE JUDGE PRESIDING**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

§
§
§
§
§
§
§
§
§
§

ORDER OF TRANSFER

SO ORDERED.

SIGNED: January 9, 2014.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

CAUSE NO. DF-13-23109-R

§ IN THE DISTRICT COURT OF
§
§
§
§ 254TH JUDICIAL DISTRICT COURT
§
§
§
§ DALLAS COUNTY, TEXAS

FILED
2014 FEB 28 PM 3:34
GARY FITZSIMMONS
DISTRICT CLERK
DALLAS CO., TEXAS
DEPUTY

**DEFENDANT'S ORIGINAL ANSWER**

COMES NOW, **Harlan R. Crow**, Defendant in the above entitled numbered action and files this his Original Answer.

**I.**

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant asserts a general denial of matters pleaded by Plaintiff which are not required to be denied under oath.

**II.**

Pursuant to Rule 194, you are required to disclose, within thirty (30) days of service of this request, the information and material described in Rule 194.2(a)-(l). ?

WHEREFORE, PREMISES CONSIDERED, Defendant prays that upon final trial and hearing hereof that Plaintiff take nothing into this Defendant and that Defendant recover his costs and for such other and further relief to which Defendant may be justly entitled.

Respectfully submitted,

**LOOPER REED & McGRAW, P.C.**

By: _/s/ Kenneth C. Stone_
**KENNETH C. STONE**
State Bar No. 19296300
**kstone@lrmlaw.com**
4600 Thanksgiving Tower
1601 Elm Street
Dallas, Texas 75201
469-320-6106 – Telephone Number
469-320-6878 – Facsimile Number

ATTORNEY FOR DEFENDANT
HARLAN R. CROW

CAUSE NO. DF-13-23109-R

| | | |
|---|---|---|
| | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| | § | |
| | § | 254TH JUDICIAL DISTRICT COURT |
| | § | |
| | § | |
| | § | |
| | § | DALLAS COUNTY, TEXAS |

**ORDER GRANTING DEFENDANT'S MOTION FOR SANCTIONS**

BE IT REMEMBERED that on the 30th day of January, 2014 came on to be heard Defendant's Motion for Sanctions.

The Court finds that notice of the hearing was given to both parties in open court on January 9, 2014. The Court has read the pleadings filed relating to Defendant's Motion for Sanctions.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Defendant's Motion for Sanctions is granted as to Defendant's request that the deposition of the Plaintiff shall be scheduled, taken and completed prior to any deposition that the Plaintiff may take in this lawsuit, including that of Defendant Crow, and in order that such process not be delayed, Plaintiff is ordered to provide deposition dates for the deposition of the Plaintiff to be taken within 30 days of ~~this Order;~~ Ms. Davis' release from incarceration

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Plaintiff is admonished to comply with the orders of this Court and the Texas Rules of Civil Procedure.

SIGNED this 30th day of January, 2014.

Don Thenerst

Associate Judge
254th District Court

ASSOCIATE JUDGE PRESIDING

CAUSE NO. DF-13-23109-R

FILED
14 JAN 21 PM 2:50
GARY FITZSIMMONS
DISTRICT CLERK
DALLAS CO., TEXAS
DEPUTY

| | | |
|---|---|---|
| | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| | § | 254TH JUDICIAL DISTRICT COURT |
| | § | |
| | § | |
| | § | DALLAS COUNTY, TEXAS |

**DEFENDANT HARLAN R. CROW'S MOTION FOR PROTECTION AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **Harlan R. Crow**, Defendant and files this Motion for Protection and Objections to Plaintiff's First Set of Discovery Requests. For such, the Defendant would show unto the Court the following:

1. Defendant has not been served with citation in this matter and has not filed an Answer as of this date.

2. Plaintiff forwarded via email a document entitled "First Set of Discovery Requests" on December 13, 2013 to Jamie Ribman, counsel for Defendant. However, such were not served pursuant to the Texas Rules of Civil Procedure. Further, pursuant to Rule 198.2 of the Texas Rules of Civil Procedure, Defendant need not respond sooner than 50 days after request, if such request is before the answer is due. However, out of an abundance of caution, Defendant wanted to file the Motion for Protection raising the inadequate service of process and asserting objections to such discovery requests.

3. Defendant further requests that the Court enter an order that any discovery in this matter not be published nor revealed outside the context of this litigation because it deals with issues of a sensitive nature.

4. Even though Defendant does not believe Defendant has been served with such discovery or that it is proper, in that, Plaintiff has pled for a Level 3 Discovery Control Order and has attempted to serve discovery prior to the order being entered and prior to the discovery period commencing, out of an abundance of caution Defendant files the following objections:

a. Request for Admission No. 1, Defendant objects on the basis that until such time that there is an appropriate protective order in place that Defendant objects to providing a response. Defendant further objects as to such as vague and ambiguous as worded.

b. Request for Admission No. 2, Defendant objects on the basis that until such time that there is an appropriate protective order in place that Defendant objects to providing a response. Defendant further objects to such as vague, ambiguous and as irrelevant.

c. Request for Admission No. 3, Defendant objects on the basis that until such time that there is an appropriate protective order in place that Defendant objects to providing a response. Defendant further objects to such as vague, ambiguous, calls for a legal conclusion and is multifarious.

d. Request for Admission No. 4, Defendant objects on the basis that until such time that there is an appropriate protective order in place that Defendant objects to providing a response. Defendant further objects to such as vague, ambiguous and as irrelevant.

WHEREFORE, PREMISES CONSIDERED, Defendant requests that such Motion be in all things granted and for such other and further relief to which Defendant is justly entitled.

Respectfully submitted,

**GRAY REED & McGRAW, P.C.**

By: _/s/ Kenneth C. Stone_

JAMES W. RIBMAN
State Bar No. 0797762
jribman@grayreed.com
KENNETH C. STONE
State Bar No. 19296300
kstone@grayreed.com
4600 Thanksgiving Tower
1601 Elm Street
Dallas, Texas 75201
(214) 954-4135 – Telephone Number
(214) 953-1332 – Facsimile Number

ATTORNEYS FOR DEFENDANT
HARLAN R. CROW

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing has been forwarded to the following counsel of record this 21[st] day of January, 2014, in accordance with the TEXAS RULES OF CIVIL PROCEDURE:

Chelsea L. Davis
Chelsea L. Davis, P.C.
25 Highland Park Village, Suite 100830
Dallas, Texas 75205.

_/s/ Kenneth C. Stone_
KENNETH C. STONE

CAUSE NO. DF-13-19281

| | | |
|---|---|---|
| | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| | § | |
| | § | 254TH JUDICIAL DISTRICT OF |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | DALLAS COUNTY, TEXAS |

CAUSE NO. DF-13-23109-R

| | | |
|---|---|---|
| | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| | § | |
| | § | 254TH JUDICIAL DISTRICT COURT |
| | § | |
| | § | |
| | § | |
| | § | DALLAS COUNTY, TEXAS |

## MOTION TO CONSOLIDATE

**Harlan R. Crow** ("Crow") files this Motion to Consolidate, and in support thereof, would show the Court the following:

### BACKGROUND

1. Chelsea L. Davis ("Davis") initiated an action in this Court (the "First Action") against Baxter and Leslie D. Ware ("Ware") with the filing of an Application for Ex Parte Protective Order Under TEX. CODE CRIM. PROC. ART. 7A on October 16, 2013 in Cause No. DF-13-19281, which the Court granted on an ex parte basis. Ware then filed his own application for protective order against Davis. Davis has since allowed her ex parte protective order to expire.

2. On December 10, 2013, Davis filed an Original Petition against Crow in the 68[th] Judicial District in Cause No. DC-13-14479 styled *Chelsea L. Davis vs. Harlan R. Crow*, now under Cause No. DF-13-23109-R (the "Second Action"). The lawsuit contained allegations similar to those made in numerous other lawsuits filed against other defendants. The lawsuit was transferred pursuant to this Court pursuant to Local Rule 1.06, on December 11, 2013.

The Second Action was based on many of the same false allegations contained in Davis' pleading in the First Action, so Defendant requested its transfer to this Court in accordance with governing Texas common law as well as the local rules of both the Dallas Civil courts and the Dallas Family District court.

3. Pursuant to Texas Rules of Civil Procedure 174(a). Defendant requests that this matter be consolidated with DF-13-19281 as it involves common questions of law and fact. Defendant Crow reserves the right pursuant to Texas Rules of Civil Procedure 174(b) to request a separate trial.

## ARGUMENT

4. **Consolidation.** Local Rule 1.06 provides for the transfer and consolidation of related cases under Texas Rules of Civil Procedure 174. *See* Local Rules of the Family District Courts of Dallas County 1.06 (requiring, among other things, that the motion shall have the cause number and style of each applicable case). The Second Action has already been transferred to this Court, and consolidation is appropriate to prevent a multiplicity of suits.

## CONCLUSION

5. For the foregoing reasons, Defendant respectfully request that, upon notice to all parties and hearing, the First and Second Actions be consolidated in this Court, and such

other and further relief to which they show themselves justly entitled.

Respectfully submitted,

**LOOPER REED & McGRAW, P.C.**

By: */s/ Kenneth C. Stone*
**JAMES W. RIBMAN**
State Bar No. 0797762
jribman@lrmlaw.com
**KENNETH C. STONE**
State Bar No. 19296300
**kstone@lrmlaw.com**
4600 Thanksgiving Tower
1601 Elm Street
Dallas, Texas 75201
(214) 954-4135 – Telephone Number
(214) 953-1332 – Facsimile Number

FILED
DALLAS COUNTY
1/3/2014 8:17:47 AM
GARY FITZSIMMONS
DISTRICT CLERK

CAUSE NO. DF-13-23109-R

| | | |
|---|---|---|
| | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| | § | |
| | § | 254TH JUDICIAL DISTRICT COURT |
| | § | |
| | § | |
| | § | |
| | § | DALLAS COUNTY, TEXAS |

**DEFENDANT'S MOTION FOR SANCTIONS**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **Harlan Crow** ("Defendant" or " Crow"), Defendant and files this his first Motion for Sanctions and would show unto the Court the following:

**I.**

For at least the last three (3) months, the Plaintiff has improperly utilized the judicial process to taint individuals and entities through the litigation process by alleging frivolous and scandalous claims.

**II.**

As this Court is well aware, the Plaintiff has filed multiple lawsuits and multiple claims in multiple jurisdictions in Texas. Some of these cases, including the instant case, have been transferred from other District Courts into the 254th District Court.

**III.**

On October 28, 2013, Plaintiff filed a lawsuit against McKool Smith and Sam Baxter in the 298th District Court. In that Original Petition, Plaintiff only sued two (2) defendants, but made numerous statements about other prominent individuals in Dallas. The Court granted a Motion to Seal such petition and Plaintiff subsequently filed an Amended Petition in that case

removing references to many of those individuals. Subsequent to that lawsuit, the Plaintiff then filed this action against Defendant on December 10, 2013 in the 68th District Court. Defendant was aware the previous suit relating to this claim had been filed in the 298th District Court. Thus, Defendant filed a Motion to Transfer the matter to the 298th District Court. However, since the matter from the 298th District Court had been transferred to the 254th District Court, this case was transferred to the 254th District Court on December 11, 2013. Contemporaneously with the filing of the Motion to Transfer, Defendant moved for a Temporary Sealing Order and such Temporary Sealing Order was also granted on December 11, 2013 by this Court.

IV.

Plaintiff was immediately notified of the sealing order as evidenced by the attached Exhibit "A." See December 12, 2013 letter sent by telecopy to Plaintiff attaching the conformed copies of the Orders.

V.

The Temporary Sealing Order specifically sealed the Plaintiff's Original Petition along with any subsequent amendment or supplement to the Petition and any other filing containing similar allegations to the Petition that Plaintiff would attempt to file in the lawsuit. In spite of this Order, Plaintiff filed a First Amended Petition in the 68th District Court against Defendant Crow alleging essentially the same allegations without filing it under seal. Plaintiff then attempted to remove some of the state court cases which she had filed to federal court and attached such Plaintiff's First Amended Petition without having it sealed, even though it was in violation of this Court's sealing Order. The Plaintiff attached sealed documents from the state court actions into the federal court system without obtaining sealing protections before filing such. As a result, the sealed documents were made available on the Pacer website, which if not in direct violation of this Court's ruling, clearly was an attempt by the Plaintiff to try and get

around the clear and specific orders of this Court in sealing such documents.

VI.

As such, the Plaintiff has violated the Court's Temporary Sealing Order in an effort to harass Defendant and to continue her attempts to make wild and outlandish accusations public in an effort to try and force Defendant and others to pay her money.

VII.

As further evidence to show that the Plaintiff is attempting to misuse the judicial process, on December 12, 2013, counsel for Defendant offered to agree that Defendant Crow was served as of December 11, 2013 and to file an answer that would be due by Monday, January 6, 2014. See Exhibit "B." However, Plaintiff refused stating, "I will decide when Harlan Crow is served, not you." See Exhibit "C."

VIII.

As shown in Exhibits "B" and "C", it is clear that the Plaintiff wants to use the litigation as a weapon and that she views service of process against Mr. Crow as a means of harassment and embarrassment as opposed to merely putting someone on notice of a claim. As of the filing date of this Motion, Mr. Crow has not been served and Plaintiff has not had citation or summons issued.

IX.

Further, as identified in Exhibit "B", on December 12, 2013, counsel for Defendant also offered to discuss a discovery control plan since the Plaintiff has sought discovery under a Level 3 Discovery Order. Thus, under a Level 3 Discovery Order, the discovery period does not commence at the filing of a lawsuit as it would under discovery Levels 1 and 2. However, in spite of this offer to discuss a discovery control plan, Plaintiff unilaterally noticed the deposition of Mr. Crow for 9:00 a.m. on December 27, 2013 at the Collin County Courthouse. Such

deposition notice, attached hereto as Exhibit "D", was received on December 13, 2013 at approximately 4:15 p.m. At 4:30 p.m. on that same day, December 13, 2013, counsel for Defendant received a second deposition notice for Mr. Crow to be taken on the exact same day, December 27, 2013 at 5:00 p.m. at the Dallas County Courthouse. See Exhibit "E". The Defendant had to move to quash such deposition notices and incurred attorneys' fees as a result of such unilateral deposition notices.

X.

Further, although Plaintiff is clearly aware that Defendant's counsel is representing the Defendant in this matter, Plaintiff has failed to copy Defendant on filings with the Court on all matters. Counsel for Defendant did not receive the First Amended Petition which was filed by Plaintiff in the 68th District Court after these deposition notices were forwarded to counsel for Defendant. Thus, Plaintiff is not complying with the Texas Rules of Civil Procedure regarding service of documents.

XI.

Based upon the above outlined failures and actions of the Plaintiff, as well as the actions that have been taken by Plaintiff with regard to other parties in related litigation in this Court and other Courts, it is clear that Plaintiff is misusing and abusing the judicial process in an effort to humiliate and embarrass not only this Defendant but other prominent individuals and law firms across the city and the country. It is not known whether the Court is aware that the 298th District Court issued an Amended Order Dismissing All Claims with Prejudice and imposing sanctions upon the Plaintiff in Cause No. DC-13-14215-M on December 27, 2013. Specifically, the Court has modified the non-suit of the Defendants in such litigation (Mr. Crow was not a party) and changed it from a non-suit without prejudice to a dismissal with prejudice, and imposed a monetary sanction of $10,000 and awarded defendants the sum of $65,000 as reasonable and

necessary attorneys' fees and expenses incurred by the defendants as the result of Ms. Davis' sanctionable misconduct. See Exhibit "F".

**XII.**

For these reasons, the Defendant requests that the Court enter sanctions as follows against the Plaintiff for the acts set forth above:

a. That the Plaintiff not be allowed to take the deposition of Defendant or any other parties until after the deposition of the Plaintiff has been scheduled, taken and completed;

b. That Defendant be awarded sanctions of $2,000 to deter the above-referenced conduct from occurring again in the future (and to reimburse Defendant for costs associated with having to: (i) file a Motion to Seal in Federal Court since the Plaintiff filed State Court pleadings without having them under seal [or not disclosed] on the Federal Court's filing system; (ii) contact the 68th Court to enforce the State Court sealing Order; (iii) file the Motion to Quash the Deposition Notices; and (iv) prepare, file and argue this first Motion for Sanctions); and

c. An order admonishing Plaintiff to comply with this Court's order and the Texas Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that this Motion be in all things granted and that Defendant obtain the relief set forth above as well as any and all further relief to which Defendant may be justly entitled.

Respectfully submitted,

**LOOPER REED & McGRAW, P.C.**

By: _/s/ Kenneth C. Stone_
JAMES W. RIBMAN
State Bar No. 0797762
jribman@lrmlaw.com
KENNETH C. STONE
State Bar No. 19296300
**kstone@lrmlaw.com**
4600 Thanksgiving Tower
1601 Elm Street
Dallas, Texas 75201
(214) 954-4135 – Telephone Number
(214) 953-1332 – Facsimile Number

CAUSE NO. DF-13-19281

| | | |
|---|---|---|
| | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| | § | |
| | § | 254TH JUDICIAL DISTRICT OF |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | DALLAS COUNTY, TEXAS |

CAUSE NO. DF-13-23109-R

| | | |
|---|---|---|
| | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| | § | |
| | § | 254TH JUDICIAL DISTRICT COURT |
| | § | |
| | § | |
| | § | |
| | § | DALLAS COUNTY, TEXAS |

**ORDER GRANTING DEFENDANT HARLAN R. CROW'S**
**MOTION TO CONSOLIDATE**

BE IT REMEMBERED that on the 17th day of June, 2014 came on to be heard Defendant Harlan R. Crow's Motion to Consolidate Cause No. DF-13-23109-R into Cause No. DF-13-19281. The Court finds the following: (1) proper notice of such hearing was given; (2) a hearing in open Court occurred; (3) pursuant to Rule 174(a) of the Texas Rules of Civil Procedure that the actions involve common questions of law or fact; (4) this matter should be consolidated into the first filed suit in order to prevent a multiplicity of suits; (5) the Court does not preclude the filing of a request for separate trial by any party by this ruling; and (6) that all protective orders, sealing orders (temporary or permanent) shall apply to all issues in the newly consolidated matter.