IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the case styled Chelsea L. Davis vs. Harlan R. Crow, Cause No. DF-13-23109-R pending in the 254th Judicial District Court of Dallas County, Texas is hereby consolidated into Cause No. DF-13-19281 styled Chelsea L. Davis vs. Leslie D. Ware and Samuel F. Baxter in the 254th Judicial District Court of Dallas County, Texas.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all current or pending Sealing Orders, whether permanent or temporary, and any and all Motions for Protection which have been entered or granted in Cause No. DF-13-23109-R or Cause No. DF-13-19281 shall apply to all parties and claims, including those claims from Cause No. DF-13-23109-R or Cause No. DF-13-23109-R and that the Permanent Order Granting Motion to Seal Court Records previously entered in Cause No. DF-13-23109-R applies to all matters from Cause No. DF-13-23109-R that have been filed or that are part of the newly consolidated case under Cause No. DF-13-19281.

SIGNED this 17th day of June, 2014.

Don Turner

**Associate Judge**
**254th District Court**

ASSOCIATE JUDGE DON TURNER

STATE OF TEXAS
COUNTY OF DALLAS

I, GARY FITZSIMMONS, Clerk of the District Courts of Dallas County, Texas do hereby certify that I have compared this instrument to be a true and correct copy of the original as appears of record in my office.

GIVEN UNDER MY HAND AND SEAL of said Court, at office in Dallas, Texas, this_________day of JUN 1 7 2014, A.D., ________.

GARY FITZSIMMONS, DISTRICT CLERK
DALLAS COUNTY, TEXAS

By __________ Deputy

CAUSE NO. DF-13-23109-R CONSOLIDATED INTO
CAUSE NO. DF-13-19281

| | | |
|---|---|---|
| | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| | § | |
| | § | 254TH JUDICIAL DISTRICT COURT |
| | § | |
| | § | |
| | § | |
| | § | DALLAS COUNTY, TEXAS |

**ORDER GRANTING DEFENDANT'S SECOND MOTION**
**FOR SANCTIONS AND MOTION FOR CONTEMPT**

On June 17, 2014, came on to be considered Defendant's Second Motion for Sanctions and Motion for Contempt against Plaintiff, including Defendant's Supplement to Defendant's Second Motion for Sanctions and Motion for Contempt (together the "Motion"). Plaintiff Chelsea Davis ("Davis") was served with a copy of the Motion and given timely and proper notice of the hearing, and Davis and opposing counsel participated in a hearing thereon.

Based on the conduct detailed in the Motion, Defendant seeks the imposition of sanctions on Davis in the form of an order dismissing Plaintiff's case against Defendant Harlan Crow with prejudice and awarding Defendant's attorneys' fees as sanctions.

Defendant's Motion was heard after the Court had granted Defendant's Motion to Consolidate this matter into Cause DF-13-19281.

The Court finds that Davis has violated two Court orders relating to her failure to appear for her deposition. The Court further finds that: (a) Davis' conduct in violating the Court orders; (b) Davis' conduct in sending abusive and offensive emails, in reference to this matter, to counsel, the Court and others, including family members of parties; (c) Davis' conduct in filing

pleadings, motions and other papers (including the Notice of Notice of Removal and attachments) which were in bad faith, groundless and only for the purpose of delay in violation of Chapter 10 of the Texas Civil Practices & Remedies Code and Rule 13 of the Texas Rules of Civil Procedure; (d) Davis' conduct in manipulating the email access and telecommunication transmissions by disconnecting and reconnecting or re-establishing in order to file or send material but disabling so that the parties and the Court could not contact her; and (e) Davis' conduct in threatening other actions and process to gain an advantage or to cause a cancellation of a hearing; are all in bad faith and such constitute an abuse of the judicial system and that no lesser sanction or penalty could be imposed to secure compliance with the Court order or to dissuade the Plaintiff from the abuse of the judicial system and process. The Court finds: (1) that there is a direct relationship between the misconduct of Davis and the sanction; (2) that the severity of the sanction is necessitated by the severe misconduct; (3) that the conduct of Davis is egregious and no lesser sanction can cure the conduct or the communications by Davis; and (4) the sanctions are appropriate in that the Court must presume that the Plaintiff's claims against Defendant Crow are without merit since she has now violated two Court orders to appear for her deposition.

Davis' abuse of the judicial system threatens the integrity of the judicial system and demonstrates her flagrant bad faith and callous disregard for court orders.

IT IS THEREFORE ORDERED that Defendant's Second Motion for Sanctions and Motion for Contempt (including Defendant's Supplement to Defendant's Second Motion for Sanctions and Motion for Contempt) are granted in part

IT IS FURTHER ORDERED that Defendant have and recover from Davis the sum of

STATE OF TEXAS }
COUNTY OF DALLAS }

I, GARY FITZSIMMONS, Clerk of the District Courts of Dallas County, Texas, do hereby certify that I have compared this instrument to be a true and correct copy of the original as appears of record in my office.

GIVEN UNDER MY HAND AND SEAL of said Court, at office in Dallas, Texas this ________ day of JUN 17 2014 A.D., ________.

GARY FITZSIMMONS, DISTRICT CLERK
DALLAS COUNTY, TEXAS

By [signature] Deputy

**CAUSE NO. DF-13-19281**

| | | |
|---|---|---|
| | § | **IN THE DISTRICT COURT** |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | **254TH JUDICIAL DISTRICT** |
| | § | |
| | § | |
| | § | |
| | § | **DALLAS COUNTY, TEXAS** |

**ORDER GRANTING RESPONDENTS' MOTION FOR EXTENSION OF DEADLINES UNDER RULE 306a(5) AND MOTION FOR NEW TRIAL**

On this date, came on for hearing Respondents' Motion for Extension of Deadlines Under Rule 306a(5) and Motion for New Trial.

After due consideration by the Court, testimony and argument of counsel, the Court finds that the Motions should be granted.

IT IS THEREFORE ORDERED that the Motion is hereby granted in its entirety.

IT IS FURTHER ORDERED that the deadline for filing a Motion for New Trial and the Court's plenary power be extended pursuant to Tex. R. Civ. P 306a(4) and (5).

IT IS FURTHER ORDERED that the Order of Dismissal Without Prejudice rendered on June 24, 2014 is hereby set aside and a new trial is hereby granted.

SIGNED this 30 day of Oct, 2014.

James B. Martin

JUDGE PRESIDING

CAUSE NO. 429-03449-2014

| | | |
|---|---|---|
| | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | COLLIN COUNTY, TEXAS |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | 429TH JUDICIAL DISTRICT |

**ORDER DISMISSING CLAIMS WITH PREJUDICE AGAINST HARLAN R. CROW**

On November 7, 2014, came on for hearing the Harlan R. Crow's Motion for Sanctions and Dismissal With Prejudice of Claims. Plaintiff Chelsea Davis ("Davis") was served with a copy of the motion and notice, and the Court finds that such notice was proper, but at the time of the hearing on November 7, 2014 Davis failed to appear. The Court called the hall three times with no response. JW

The Court finds that Davis has acted in bad faith and abused the judicial system by filing groundless pleadings, motions, and other documents, including filing lawsuits in multiple courts alleging the same claims as were already pending

before this Court and other courts, and filing additional lawsuits naming different defendants on the same claims so as to avoid sealing and/or transfer orders.

The Court finds that Davis's abuse of the judicial system through the filing of groundless pleadings and motions for an improper purpose, and her bad faith and harassing actions and misconduct detailed by the evidence, threaten the integrity of the judicial system, and demonstrate her flagrant bad faith and callous disregard for court orders.

Specifically, the Court finds, among other things, that Davis engaged in the following conduct: (1) Davis filed a lawsuit in the 68th Judicial District Court based on the same or similar allegations on December 10, 2013 under Cause No. DC-13-14479, which was subsequently transferred to the 254th District Court of Dallas County, Texas and consolidated into Cause No. DF-13-19281 and nonsuited the case on June 17, 2014; (2) Davis filed this lawsuit on September 5, 2014, filed numerous motions in this case and set them for hearing, at the hearing on the date Davis noticed for the hearings Davis requested the hearings be rescheduled, which was opposed by some of the Defendants in this matter but Davis's request for a resetting of the hearings was granted, and after the new date for the hearings on Davis's motions Davis filed an amended petition nonsuiting most of the Defendants (including Defendant Crow) on the morning of the agreed upon date

for the hearings; and (3) Davis has stated to counsel for some of the Defendants that she intends to keep filing lawsuits for the rest of her life unless they pay her money, get her a job, or give her a job recommendation. The Court finds that these actions show that Davis's filings are being presented for an improper purpose, including to harass and to cause unnecessary delay and needlessly increase the costs of litigation. Davis's conduct is sanctionable as it violates Texas Civil Practice and Remedies Code Section 10.001 and Texas Rules of Civil Procedure 1 and 13, and pursuant to the Court's inherent power.

The Court finds that Davis's actions are in bad faith and constitute an abuse of the judicial system and that no lesser sanction or penalty could be imposed to secure compliance with the Court order or to dissuade the Plaintiff from the abuse of the judicial system and process.

The Court finds that monetary sanctions are insufficient to stop Davis's abuse of the judicial system.

The Court finds: (1) that there is a direct relationship between the misconduct of Davis and the sanctions; (2) that the severity of the sanction is necessitated by the severe and repeated misconduct; (3) that the conduct of Davis is egregious and no lesser sanction can cure the conduct by Davis; and (4) the

sanctions are appropriate in that the Court must presume that Davis's claims against Defendant Crow are without merit.

IT IS THEREFORE ORDERED that all claims asserted by Davis herein against Defendant Harlan R. Crow, be and the same are hereby DISMISSED WITH PREJUDICE.

SIGNED this 7th day of November 2014.

JUDGE PRESIDING

CAUSE NO. 429-03449-2014

| | | |
|---|---|---|
| | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | COLLIN COUNTY, TEXAS |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | 429TH JUDICIAL DISTRICT |

**ORDER GRANTING EMERGENCY MOTION FOR**
**<u>TEMPORARY SEALING ORDER</u>**

The Court, having considered Defendant Samuel F. Baxter's Emergency Motion for Temporary Sealing Order finds that (1) the requirements of TEX. R. CIV. P. 76a(5) have been satisfied and that a temporary sealing order should be entered and (2) there is good cause to waive the three (3) day notice of hearing requirement of TEX. R. CIV. P. 21.

IT IS THEREFORE ORDERED that the above-captioned action is hereby placed under seal.

IT IS FURTHER ORDERED a hearing on Defendant's Motion for Permanent Sealing Order is set for the 3 day of October, 2014 at 9:00 A.m. in the 429th Judicial District Court, Collin County, Texas.

SO ORDERED this __8__ day of September 2014.

[signature]

JUDGE PRESIDING

Cause No. DF-13-19281-R

| | | |
|---|---|---|
| | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| | § | 254TH JUDICIAL DISTRICT |
| | § | |
| | § | |
| | § | DALLAS COUNTY, TEXAS |

**ORDER VACATING DISMISSAL**

It has been brought to the attention of the Court that an Order of Dismissal was erroneously entered on June 24. 2014 as to the respondents.

IT IS THEREFORE ORDERED that the Order of Dismissal signed June 24. 2014 is vacated as to the respondents.

IT IS HEREBY ORDERED the claims by the Petitioner are hereby Dismissed without prejudice to refilling.

Signed on November 18. 2014

JUDGE JAMES B. MARTIN
PRESIDING JUDGE

**CAUSE NO. DF 13-19281**

| | | |
|---|---|---|
| | § | **IN THE DISTRICT COURT** |
| | § | |
| | § | |
| | § | **254th JUDICIAL DISTRICT** |
| | § | |
| | § | |
| | § | |
| | § | **DALLAS COUNTY, TEXAS** |

**ORDER ON RESPONDENT LESLIE D. WARE'S**
**MOTION TO TRANSFER RELATED CASE**

CAME ON FOR CONSIDERATION Respondent Leslie D. Ware's Motion to Transfer Related Case in the above-styled and numbered cause. The Court, after considering the Motion, the pleadings on file, and the arguments of counsel, has determined that same is well taken and the Motion should be GRANTED.

IT IS, THEREFORE, ORDERED, ADJUDGED, and DECREED that this Court request transfer of Cause No. DC-14-11682 in the 134th Judicial District of Dallas County to this Court in order to facilitate the orderly and efficient disposition of the litigation.

SIGNED this the 30 day of Oct, 2014.

James B. Martin

**JUDGE PRESIDING**

CAUSE NO. 429-03449-2014

| | | |
|---|---|---|
| | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | COLLIN COUNTY, TEXAS |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | 429TH JUDICIAL DISTRICT |

**ORDER DISMISSING CLAIMS WITH PREJUDICE**

On October 31, 2014, came on for hearing the Court's sua sponte Motion for Sanctions and Dismissal With Prejudice of Claims. Plaintiff Chelsea Davis ("Davis") was served with a copy of the Order to Show Cause and given notice of the Court's basis for the Order in open court and on the record in this matter on October 28, 2014 and Davis and counsel for Leslie D. Ware, Harlan R. Crow, and Samuel F. Baxter ("Defendants") participated in a hearing thereon on October 31, 2014.

The Court finds that Davis has acted in bad faith and abused the judicial system by filing groundless pleadings, motions, and other documents, including filing lawsuits in multiple courts alleging the same claims as were already pending

before this Court and other courts, and filing additional lawsuits naming different defendants on the same claims so as to avoid sealing and/or transfer orders.

The Court finds that Davis's abuse of the judicial system through the filing of groundless pleadings and motions for an improper purpose, and her bad faith and harassing actions and misconduct detailed by the evidence, threaten the integrity of the judicial system, and demonstrate her flagrant bad faith and callous disregard for court orders.

Specifically, the Court finds, among other things, that Davis engaged in the following conduct: (1) Davis filed a lawsuit in this Court based on the same allegations on December 2, 2013 under Cause No. 429-04835-2013 and nonsuited the case on December 4, 2013; (2) Davis filed this lawsuit on September 5, 2014, filed numerous motions in this case and set them for hearing, at the hearing on the date Davis noticed for the hearings Davis requested the hearings be rescheduled, which was opposed by some of Defendants' counsel but Davis's request for a resetting of the hearings was granted, and after the parties agreed to a new date for the hearings on Davis's motions Davis filed an amended petition nonsuiting Defendants on the morning of the agreed upon date for the hearings; and (3) Davis has stated to counsel for some of the Defendants that she intends to keep filing lawsuits for the rest of her life unless they pay her money, get her a job, or give her a job recommendation. The Court finds that these actions show that Davis's filings

are being presented for an improper purpose, including to harass and to cause unnecessary delay and needlessly increase the costs of litigation. Davis's conduct is sanctionable as it violates Texas Civil Practice and Remedies Code Section 10.001 and Texas Rules of Civil Procedure 1 and 13, and pursuant to the Court's inherent power.

The Court finds that Davis's actions are in bad faith and constitute an abuse of the judicial system and that no lesser sanction or penalty could be imposed to secure compliance with the Court order or to dissuade the Plaintiff from the abuse of the judicial system and process.

The Court finds that monetary sanctions are insufficient to stop Davis's abuse of the judicial system. The evidence presented shows that Davis has no means to pay any monetary sanctions.

The Court finds: (1) that there is a direct relationship between the misconduct of Davis and the sanctions; (2) that the severity of the sanction is necessitated by the severe and repeated misconduct; (3) that the conduct of Davis is egregious and no lesser sanction can cure the conduct by Davis; and (4) the sanctions are appropriate in that the Court must presume that Davis's claims against Defendants are without merit.

IT IS THEREFORE ORDERED that all claims asserted by Davis herein against Defendants, Leslie D. Ware, and Samuel F. Baxter, be and the same are hereby DISMISSED WITH PREJUDICE.

SIGNED this 31st day of October 2014.

JUDGE PRESIDING

CAUSE NO. 429-03552-2014

| | | |
|---|---|---|
| | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | COLLIN COUNTY, TEXAS |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | 429TH JUDICIAL DISTRICT |

**ORDER GRANTING EMERGENCY MOTION FOR**
**<u>TEMPORARY SEALING ORDER</u>**

The Court, having considered Defendant Samuel F. Baxter's Emergency Motion for Temporary Sealing Order finds that (1) the requirements of TEX. R. CIV. P. 76a(5) have been satisfied and that a temporary sealing order should be entered and (2) there is good cause to waive the three (3) day notice of hearing requirement of TEX. R. CIV. P. 21.

IT IS THEREFORE ORDERED that the above-captioned action is hereby placed under seal.

IT IS FURTHER ORDERED a hearing on Defendant's Motion for Permanent Sealing Order is set for the 15th day of January, 2015 at 9:00 a.m. in the 429th Judicial District Court, Collin County, Texas.

SO ORDERED this 31st day of October 2014.

JUDGE PRESIDING

GoransonBain

October 24, 2013

Via email

Chelsea Davis
Attorney at Law
25 Highland Park Village,
Suite 100-830
Dallas, Texas 75205-2789

RE: Davis v. Ware-Baxter; No. DF13-19281

Dear Ms. Davis:

Please find enclosed Respondents First Amended Answer and Response to Application for Protective Order that has been filed with the Court.

Sincerely,

Angeline L. Bain

ALB:lm
Encl.
cc: Clients

Filed
13 October 24 A10:51
Gary Fitzsimmons
District Clerk
Dallas District

CAUSE NO. DF-13-19281

| | | |
|---|---|---|
| | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | 254TH JUDICIAL DISTRICT |
| | § | |
| | § | |
| | § | |
| | § | DALLAS COUNTY, TEXAS |

# FIRST AMENDED ANSWER AND RESPONSE TO APPLICATION FOR PROTECTIVE ORDER

Leslie D. Ware and Samuel F. Baxter file this First Amended Answer and Response to Application for Protective Order.

1. *Denial of Allegations*

Respondents enter a general denial.

2. *Response to Application for Protective Order*

Applicant's Application for Protective Order shall be dismissed for the following reasons:

1. Applicant has made a variety of allegations against Respondents in a number of different lawsuits; in this proceeding, Applicant has made new and revised allegations. Each of those suits filed by Applicant were voluntarily dismissed by Applicant, in each case before any discovery was conducted.

2. Applicant, a lawyer herself, sought a Criminal Protective Order in a civil court. Though she knew this Court was not the proper forum for her allegations, she sought a Protective Order to harass and publicly humiliate Respondents.

3. Applicant's Petition is groundless and brought for the purpose of harassing and attempting to create publicity about Respondents concerning Applicants ever changing

allegations. Applicant allegations are libelous in nature; they have the potential of causing immediate and irreparable injury to Respondents, who are also attorneys.

3. *Attorney's Fees, Expenses, Costs, and Interest*

It was necessary for Respondents to secure the services of Angeline L. Bain, of Goranson Bain, PLLC, licensed attorneys, to prepare and defend this frivolous cause of action. Applicant, Chelsea L. Davis should be ordered to pay reasonable attorney's fees, expenses, and costs through trial and appeal, and a judgment should be rendered in favor of this attorney and against Applicant and be ordered paid directly to Respondents' attorney, who may enforce the judgment in the attorney's own name. Respondent requests postjudgment interest as allowed by law.

4. *Prayer*

Respondents pray that all relief prayed for by Applicant be denied and that Respondents be granted all relief requested in this answer.

Respondents pray for attorney's fees, expenses, and costs as requested above.

Respondent prays for general relief.

Respectfully submitted.

Goranson Bain, PLLC
8350 N. Central Expressway, Suite 1700
Dallas, TX 75206-1815
Tel: (214) 373-7676
Fax: (214) 373-9959

By: Angeline L. Bain

Angeline L. Bain
State Bar No. 01546650
Attorney for Respondents

CAUSE NO. 429-03449-2014

| | | |
|---|---|---|
| | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | COLLIN COUNTY, TEXAS |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | 429TH JUDICIAL DISTRICT |

FILED
14 NOV 10 PM 1:48
ANDREA STROH THOMPSON
DISTRICT CLERK
COLLIN COUNTY, TEXAS
BY ______ DEPUTY

**DEFENDANTS WARE, BAXTER AND CROW'S MOTION TO SEVER**

LESLIE D. WARE ("WARE"), SAMUEL F. BAXTER ("BAXTER") AND HARLAN R. CROW ("CROW"), some of the Defendants in the above referenced matter, pursuant to Texas Rule of Civil Procedure 41 file this Motion to Sever, and would show unto this Honorable Court the following:

**I.**

**ORDERS OF DISMISSAL WITH PREJUDICE AS TO WARE, BAXTER AND CROW GRANTED ON ALL OF PLAINTIFF'S CLAIMS**

On October 31, 2014, this court signed an order dismissing with prejudice Chelsea L. Davis' claims against Ware and Baxter, and this court signed a similar order on November 7, 2014 dismissing with prejudice Chelsea L. Davis' claims against Crow. Because there are multiple parties, these dismissal orders are

interlocutory. However, there are no cross-claims filed between any of the defendants.

Texas Rule of Civil Procedure 41 provides that "[a]ny claim against a party may be severed and proceeded with separately." Tex. R. Civ. P. 41. A trial court may sever from the rest of the lawsuit a summary judgment granted to one of the multiple defendants. *Cherokee Water Co. v, Forderhause*, 641 S.W.2d 522, 525 (Tex. 1982), *Pilgrim Enterprises v. Maryland Casualty Co.* 24 S.W.3d 488, 491-92 (Tex. App.—Houston [1st Dist.] 2000, no pet.), *Guidry v, National Freight, Inc.*, 944 S.W.2d 807, 812 (Tex. App.—Austin 1997, no writ). A trial court has broad discretion to grant a severance. *Id.* These Defendants request severance of all of Plaintiff's claims against each of them so their dismissals with prejudice may become final.

Severing the claims against Ware, Baxter and Crow will avoid prejudice, do justice, and increase convenience to the Court and the parties. *F.F.P. Operating Partners, L.P. v. Duenez, 237 S.W.3d 680, 693 (Tex. 2007)*. A severance will not prejudice Plaintiff or the remaining Defendants. It will merely convert these Defendants interlocutory dismissals with prejudice into a final judgment.

Because this cause number has been sealed pursuant to Rule 76a of the Texas Rules of Civil Procedure, these Defendants request that the severed matter remain sealed pursuant to the Order of this Court.

## II.
## CONCLUSION AND PRAYER

Severance of Plaintiff's claims against Ware, Baxter and Crow from the rest of the lawsuit is proper, will do justice and increase convenience to the Court so that these Defendants' dismissals become final.

WHEREFORE, PREMISES CONSIDERED, Ware, Baxter and Crow request the Court to sever Plaintiff's claims against Ware, Baxter and Crow from the rest of the lawsuit so that their dismissals with prejudice become final, and grant such other and further relief, both general and special, at law and in equity, to which these Defendants may be justly entitled.

Respectfully submitted,

**GRAY REED & McGRAW, P.C.**

By: */s/ Kenneth C. Stone*

**KENNETH C. STONE**
State Bar No. 19296300
kstone@grayreed.com
4600 Thanksgiving Tower
1601 Elm Street
Dallas, Texas 75201
469-320-6106 – Telephone Number
469-320-6878 – Facsimile Number

ATTORNEY FOR DEFENDANT
HARLAN R. CROW

**ABERNATHY, ROEDER, BOYD & JOPLIN, P.C.**

By: */s/ Richard Abernathy*

**RICHARD ABERNATHY**
State Bar No. 00809500
rabernathy@abernathy-law.com
1700 Redbud Boulevard, Suite 300
McKinney, Texas 75069
214-544-4000– Telephone Number
214/544-4040– Facsimile Number

ATTORNEY FOR DEFENDANT
SAMUEL F. BAXTER

**MILLER & BROWN, L.L.P.**

By: */s/ J. Robert Miller, Jr.*

**J. ROBERT MILLER, JR.**
State Bar No. 14092500
RMiller@miller-brown.com
400 South Ervay Street
Dallas , TX 75201-5513
214-748-7600 – Telephone Number
214-204-9134– Facsimile Number

ATTORNEY FOR DEFENDANT
LESLIE D. WARE

GRAY REED

GRAY REED & McGRAW, P.C.

KENNETH C. STONE
LICENSED IN TEXAS AND OKLAHOMA

DIRECT DIAL: 469.320.6106
DIRECT FACSIMILE: 469.320.6878
E-MAIL: KSTONE@LRMLAW.COM

November 10, 2014

***Via Email - cdavis@chelseadavispc.com and Facsimile – 469-533-0466***
Chelsea Davis, Esq.
Chelsea Davis, P.C.
2068 Meadow View Drive
Princeton, TX 75407

***Via Email - rwells@abernathy-law.com***
Ross Wells
Abernathy, Roeder, Boyd & Joplin, P.C.
1700 Redbud Boulevard, Suite 300
McKinney, TX 75069

***Via Email - rmiller@miller-brown.com***
J. Robert Miller, Jr.
Miller & Brown LLP
Attorneys at Law
400 South Ervay Street
Dallas , TX 75201-5513

***Via Email - demetri.anastasiadis@texasattorneygeneral.gov***
Demetri Anastasiadis, Esq.
P.O. Box 12548
Capital Station
Austin, TX 78711

RE: Cause No.429-03449-2014; 429th District Court, Collin County, Texas; *Chelsea Davis vs. Harlan Crow, et al.*

Dear Counsel:

Attached please find *Defendants Ware, Baxter and Crow's Motion to Sever* that was filed today, November 10, 2014. Also, attached is a *Notice of Submission* setting Defendants Ware, Baxter and Crow's Motion to Sever on **Friday, November 14, 2014 at 9:00 a.m.** in the 429th District Court of Collin County, Texas.

Thank you.

Sincerely,

[signature]

Ken C. Stone

*Via Email*

CAUSE NO. 429-03449-2014

| | | |
|---|---|---|
| CHELSEA L. DAVIS, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| LESLIE D. WARE, HARLAN R. CROW, SAMUEL F. BAXTER, EMILY TOBOLOWSKY, DONALD TURNER, JAMES MARTIN, LAWRENCE J. FRIEDMAN, JOHN DOES 1-20, AND JANE DOES 1-20, | § § § § § § § | COLLIN COUNTY, TEXAS |
| | § | |
| Defendants. | § | 429TH JUDICIAL DISTRICT |

## <u>NOTICE OF SUBMISSION</u>

PLEASE TAKE NOTICE that *Defendants Ware, Baxter and Crow's Motion to Sever* has been set for submission on **<u>Friday, November 14, 2014 at 9:00 a.m.</u>** before the Honorable Jill Willis, 429th Judicial District Court, Collin County, Collin County Courthouse, 2100 Bloomdale Road, Suite 10014, McKinney, Texas 75071.

Respectfully submitted,

**GRAY REED & McGRAW, P.C.**

By: _/s/ Kenneth C. Stone_
**KENNETH C. STONE**
State Bar No. 19296300
kstone@grayreed.com
4600 Thanksgiving Tower
1601 Elm Street
Dallas, Texas 75201
469-320-6106 – Telephone Number
469-320-6878 – Facsimile Number

ATTORNEY FOR DEFENDANT
HARLAN R. CROW

CAUSE NO. DF-13-23109-R

FILED
2014 NOV 17 AM 9:09
GARY FITZSIMMONS
DISTRICT CLERK
DALLAS CO., TEXAS
DEPUTY

| | | |
|---|---|---|
| CHELSEA L. DAVIS, | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| vs. | § | 254TH JUDICIAL DISTRICT COURT |
| | § | |
| HARLAN R. CROW, | § | |
| | § | |
| Defendant. | § | DALLAS COUNTY, TEXAS |

CAUSE NO. DC-13-14479

| | | |
|---|---|---|
| CHELSEA L. DAVIS, | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| vs. | § | 68TH JUDICIAL DISTRICT COURT |
| | § | |
| HARLAN R. CROW, | § | |
| | § | |
| Defendant. | § | DALLAS COUNTY, TEXAS |

## DEFENDANT'S 1st AMENDED ANSWER

COMES NOW, **Harlan R. Crow**, Defendant in the above entitled numbered action and files this his 1st Amended Answer.

### I.

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant asserts a general denial of matters pleaded by Plaintiff which are not required to be denied under oath.

## II.

Defendant files this in both Cause numbers because of the unusual filing of the Second Amended Petition in a closed case that was transferred to the 254th District Court before being consolidated into the above referenced Cause Number in the 254th District Court.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that upon final trial and hearing hereof that Plaintiff take nothing into this Defendant and that Defendant recover his costs and for such other and further relief to which Defendant may be justly entitled.

Respectfully submitted,

**GRAY REED & McGRAW, P.C.**

By: *_/s/ Kenneth C. Stone_*

**KENNETH C. STONE**
State Bar No. 19296300
**kstone@grayreed.com**
4600 Thanksgiving Tower
1601 Elm Street
Dallas, Texas 75201
469-320-6106 – Telephone Number
469-320-6878 – Facsimile Number

ATTORNEY FOR DEFENDANT
HARLAN R. CROW

FILED
2014 NOV 17 AM 9:33
[illegible] SIMMONS
DISTRICT CLERK
DALLAS CO., TEXAS
DEPUTY

CAUSE NO. DF-13-23109-R

| | | |
|---|---|---|
| CHELSEA L. DAVIS, | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| | § | |
| vs. | § | 254TH JUDICIAL DISTRICT COURT |
| | § | |
| HARLAN R. CROW, | § | |
| | § | |
| Defendant. | § | DALLAS COUNTY, TEXAS |

CAUSE NO. DC-13-14479

| | | |
|---|---|---|
| CHELSEA L. DAVIS, | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| | § | |
| vs. | § | 68TH JUDICIAL DISTRICT COURT |
| | § | |
| HARLAN R. CROW, | § | |
| | § | |
| Defendant. | § | DALLAS COUNTY, TEXAS |

**DEFENDANT'S 1st AMENDED ANSWER**

COMES NOW, **Harlan R. Crow**, Defendant in the above entitled numbered action and files this his 1st Amended Answer.

**I.**

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant asserts a general denial of matters pleaded by Plaintiff which are not required to be denied under oath.

II.

Defendant files this in both Cause numbers because of the unusual filing of the Second Amended Petition in a closed case that was transferred to the 254th District Court before being consolidated into the above referenced Cause Number in the 254th District Court.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that upon final trial and hearing hereof that Plaintiff take nothing into this Defendant and that Defendant recover his costs and for such other and further relief to which Defendant may be justly entitled.

Respectfully submitted,

**GRAY REED & McGRAW, P.C.**

By: *__/s/ Kenneth C. Stone__*
**KENNETH C. STONE**
State Bar No. 19296300
**kstone@grayreed.com**
4600 Thanksgiving Tower
1601 Elm Street
Dallas, Texas 75201
469-320-6106 – Telephone Number
469-320-6878 – Facsimile Number

ATTORNEY FOR DEFENDANT
HARLAN R. CROW

GRAY REED

GRAY REED & MCGRAW, P.C.

KENNETH C. STONE
LICENSED IN TEXAS AND OKLAHOMA

DIRECT DIAL: 469.320.6106
DIRECT FACSIMILE: 469.320.6878
E-MAIL: KSTONE@GRAYREED.COM

November 17, 2014

***Via Email - cdavis@chelseadavispc.com***
Chelsea Davis, Esq.
Chelsea Davis, P.C.
2068 Meadow View Drive
Dallas, TX 75205

***Via Email - don.colleluori@figdav.com***
Don Colleluori
FIGARI & DAVENPORT
901 Main Street, Suite 3400
Dallas, Texas 75202-3796

***Via Email -*** abain@gbfamilylaw.com
Angeline L. Bain
GORANSON BAIN, PLLC
8350 N. Central Expy, Ste.1700
Dallas, TX 75206

RE: Cause No. DF-13-23109-R / DF-13-19281-R and DC-13-14479
*Chelsea Davis vs. Harlan Crow*

Dear Ladies and Gentleman:

Attached please find Defendant's 1st Amended Answer which has been filed in both the 254th District Court and the 68th District Court, Dallas County, Texas.

Thank you.

Sincerely,

[signature]

Ken C. Stone

GRAY REED

GRAY REED & McGRAW, P.C.

KENNETH C. STONE
LICENSED IN TEXAS AND OKLAHOMA

DIRECT DIAL: 469.320.6106
DIRECT FACSIMILE: 469.320.6878
E-MAIL: KSTONE@GRAYREED.COM

November 18, 2014

***Via Hand Delivery***
Collin County District Clerk
Attn: Amy
Collin County Courthouse
2100 Bloomdale Road
McKinney, TX 75071

RE: Cause No. 429-03449-2014; In the 429th District Court, Collin County, Texas
*Chelsea L. Davis vs. Harlan R. Crow, et al.*

Dear Amy:

Per our conversation of this morning, enclosed please find our firm's check in the amount of $283.00 which represents the filing fee to complete the severance of the above-referenced matter.

It is also my understanding that you will give the courier a conformed copy of the Order Granting Defendants Ware, Baxter and Crow's Motion to Sever.

Thank you for your assistance in this matter. Should you have any questions, please feel free to contact me.

Sincerely,

Ken Stone

Ken C. Stone

| | | |
|---|---|---|
| cc: | Chelsea Davis, Esq. | *Via Email - cdavis@chelseadavispc.com* |
| | Ross Wells | *Via Email - rwells@abernathy-law.com* |
| | J. Robert Miller, Jr. | *Via Email - rmiller@miller-brown.com* |
| | Demetri Anastasiadis, Esq. | *Via Email - demetri.anastasiadis@texasattorneygeneral.gov* |

GRAY REED

GRAY REED & MCGRAW, P.C.

KENNETH C. STONE
LICENSED IN TEXAS AND OKLAHOMA

DIRECT DIAL: 469.320.6106
DIRECT FACSIMILE: 469.320.6878
E-MAIL: KSTONE@LRMLAW.COM

November 18, 2014

***Via Email - cdavis@chelseadavispc.com and Facsimile – 469-533-0466***
Chelsea Davis, Esq.
Chelsea Davis, P.C.
2068 Meadow View Drive
Princeton, TX 75407

***Via Email - rwells@abernathy-law.com***
Ross Wells
Abernathy, Roeder, Boyd & Joplin, P.C.
1700 Redbud Boulevard, Suite 300
McKinney, TX 75069

***Via Email - rmiller@miller-brown.com***
J. Robert Miller, Jr.
Miller & Brown LLP
Attorneys at Law
400 South Ervay Street
Dallas, TX 75201-5513

***Via Email - demetri.anastasiadis@texasattorneygeneral.gov***
Demetri Anastasiadis, Esq.
P.O. Box 12548
Capital Station
Austin, TX 78711

RE: Cause No.429-04623-2014; 429th District Court, Collin County, Texas; *Chelsea Davis vs. Harlan Crow, et al.*

Dear Counsel:

Attached please find a conformed copy of the *Order Granting Defendants Ware, Baxter and Crow's Motion to Sever*. Please note the new cause number is now 429-04623-2014.

Thank you.

Sincerely,

[signature]

Ken C. Stone

KCS/sh
attachment

2400111.1

CAUSE NO. 429-03449-2014

| | | |
|---|---|---|
| | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | COLLIN COUNTY, TEXAS |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | 429TH JUDICIAL DISTRICT |

**ORDER GRANTING DEFENDANTS WARE, BAXTER AND CROW'S MOTION TO SEVER**

On the below stated date, the Court considered Defendants' Ware, Baxter and Crow's Motion to Sever. The Court, after consideration of the motion is of the opinion and finds that the motion should be GRANTED. It is, therefore,

ORDERED that the causes of action asserted by Plaintiff Chelsea L. Davis against Leslie D. Ware, Harlan R. Crow and Samuel F. Baxter are severed from this action and made a separate action to be styled, Chelsea L. Davis, Plaintiff v. Leslie D. Ware, Harlan R. Crow and Samuel F. Baxter, Defendants, and shall be assigned a new docket number ________________ of the 429th Judicial District Court of Collin County, Texas.

IT IS FURTHER ORDERED that the severance of all of Plaintiff's claims against Leslie D. Ware, Harlan R. Crow and Samuel F. Baxter is effective immediately upon the signing of this Order.

IT IS FURTHER ORDERED that the Order Granting Permanent Sealing Order dated October 27, 2014 from the original case will continue as to the severed action and such severed action shall be subject to and covered by such permanent sealing order.

IT IS FURTHER ORDERED that the following pleadings, motions, and other filings should be included in the separate cause:

| | | |
|---|---|---|
| 1. | Plaintiff's Original Petition | Filed: 9-05-2014 |
| 2. | Emergency Motion for Temporary and Permanent Sealing Order | Filed: 9-08-2014 |
| 3. | Order Granting Emergency Motion for Temporary Sealing Order | Signed: 9-08-2014 |
| 4. | Defendant Ware's Original Answer | Filed: 10-27-2014 |
| 5. | Defendant Ware's Original Counterclaim | Filed: 10-27-2014 |
| 6. | Order Granting Permanent Sealing Order | Signed: 10-27-2014 |
| 7. | Order to Show Cause As To Motion for Sanctions and Dismissal with Prejudice of Claims | Signed: 10-28-2014 |
| 7. | Defendant Crow's Original Answer | Filed: 10-29-2014 |

| | | |
|---|---|---|
| 8. | Order Dismissing Claims With Prejudice | Signed: 10-31-2014 |
| 9. | Defendant Harlan R. Crow's Motion for Sanctions And Dismissal with Prejudice of Claims | Filed: 11-04-2014 |
| 10. | Notice of Hearing | Served: 11-04-2014 |
| 11. | Order Dismissing Claims with Prejudice Against Harlan R. Crow | Signed: 11-07-2014 |
| 12. | Defendants Ware, Baxter and Crow's Motion To Sever | Filed: 11-10-2014 |
| 13. | Notice of Submission | Served: 11-10-2014 |
| 14. | Order Granting Defendants Ware, Baxter and Crow's Motion to Sever (this order signed) | |

SIGNED this 14th day of November, 2014.

[signature]

JUDGE PRESIDING