NO. _____

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

**CHELSEA L. DAVIS**

**V.**

**EMILY TOBOLOWSKY AND DONALD TURNER**

Transferred/Removed from the 199TH/429TH Judicial District Court, Collin County, Texas
Cause Nos. 199-03395-2013/429-03449-2014
(Judges Angela Tucker and Jill Willis)
REMOVED/TRANSFERRED TO:
***DAVIS V. BAXTER***
U.S. DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION
CASE NOS. 4:13-CV-514-RC/4:14-CV-00754-RC;
AND/OR REMOVED/TRANSFERRED TO:
***DAVIS V. MCKOOL SMITH P.C. ET AL***
U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION
CASE NOS. 3:13-CV-4926-N/3:14-CV-3975-N

**FIFTH NOTICE OF REMOVAL**

Chelsea L. Davis hereby timely files her Notice of Removal to the U.S. District Court for the Northern District of Texas. Under Cause No. 429-03449-2014, in a sealed investigation in which Chelsea Davis has not been permitted to produce any evidence or testify on the merits, Samuel Baxter appears to have obtained the signature of State Court District Judge Jill Willis on several orders as follows, which are incorporated by reference herein. Chelsea Davis is being denied due process and access to the sealed investigation. She obtained the attached listings of documents from the court coordinator who works for Judge James Martin even though she is not

1

technically permitted access at this time and is not permitted to access the file:

1. Alleged Proposed "Order Granting Emergency Motion for Temporary Sealing Order" dated Sept. 8, 2014?;

2. Alleged Proposed "Order Granting Permanent Sealing Order" dated October 27, 2014?;

3. Alleged Proposed "Order to Show Cause As To Motion for Sanctions and Dismissal with Prejudice of Claims" dated Oct. 28, 2014?;

4. Alleged Proposed "Order Dismissing Claims With Prejudice" dated Oct. 31, 2014?;

5. Alleged Proposed "Order Dismissing Claims with Prejudice Against Harlan R. Crow" dated Nov. 7, 2014?; and

6. Alleged Proposed "Order Granting Defendants Ware, Baxter, and Crow's Motion To Sever" dated Nov. 14, 2014?

Multiple additional appeals may be pending in the Fifth District Court of Appeals, Dallas, Texas, which have been assigned Docket Nos. 05-13-01744-CV, 05-13-01747-CV, 05-13-01748-CV, 05-14-00090-CV. 05-14-00095-CV, 05-14-01105-CV, 05-14-01036-CV, 05-14-01034-CV, 05-14-00841-CV and 05-14-00846-CV, which are removed to this Court. Certain "proceedings" and/or "appeals" have been consolidated into Docket No. 05-13-01747-CV by the Fifth District Court of Appeals, Dallas, Texas.

There is much confusion as to how any cause number could have been opened and any proceeding could have proceeded due to the preliminary anti-suit injunction. There is much confusion as to how the state court sealed cause numbers from the public record and consolidated anything into a grievance investigation(s) and/or an alleged proceeding before the Board of Disciplinary Appeals, especially when there may not have been any finding or showing of just cause or disability. Pursuant to Tex. Gov. Code. Sec. 81.072(i), Chelsea Davis has requested a panel of a district grievance committee of the state bar that votes on a grievance

matter to disclose to her "the number of members of the panel: (1) voting for a finding of just cause; (2) voting against a finding of just cause; and (3) abstaining from voting on the matter," but she has not received the required disclosures. *Id.* No hearing has yet been held before an evidentiary panel or in district court.

A notice of removal was filed in state court in the 199th Judicial District Court of Collin County, Texas on Sept. 9, 2013 and in the 254th Judicial District Court of Dallas County, Texas on Oct. 28, 2013, Dec. 18, 2013, Jan. 9, 2014 and/or May 30, 2014. Orders of remand were entered on Feb. 11, 2014 and June 2, 2014. Attached is the docket summary of the thing assigned Case No. DF-13-19281 before Judge James Martin of the 254th Judicial District Court, Dallas County, Texas and the many random documents and things that Harlan Crow, Samuel Baxter, and McKool Smith P.C. continue to have state court judges sign that are groundless, unsworn, unsupported by any evidence, and absolutely ridiculous and untrue.

Under 28 U.S.C. Sec. 1442(a), "[a] civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending." *Id.* Without waiving her right to contest the commencement and pendency of a proceeding in state court due to the preliminary anti-suit injunction and the fact that a grievance investigation by the State Bar of Texas cannot be a case, Chelsea Davis may remove the thing to the extent it is alleged by a civil action or criminal prosecution because she is an "officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office." 28 U.S.C. Sec. 1442(a)(1). She may also be "property holder whose title is derived from any such officer, where such action or prosecution affects the validity of any law of the United States"; or "[a]ny officer of the courts of the United States, for or relating to any act under color of office or in the performance of his duties." Chelsea Davis may remove allegations against her law license made in motions for sanctions presented in state court to federal court because she is an officer of the United States Patent and Trademark Office, Reg. No. 63,791. Chelsea Davis is a person acting under the United States, its agencies or its officers that has been sued for or relating to any act under color of such office and has a colorable federal defense to the counter/intervenor

plaintiff's claim. Because she asserts a colorable government contractor defense, this Court may obtain federal subject matter jurisdiction. *See State of La. v. Sparks*, 978 F.2d 226, 232 (5th Cir. 1992) ("[T]he Supreme Court has for over two decades required a liberal interpretation of § 1442(a) in view of its chief purpose—to prevent federal officers who simply comply with a federal duty from being punished by a state court for doing so.").

|  |  |
|---|---|
| Dated: Dec. 2, 2014 | Respectfully submitted, |

/s/Chelsea L. Davis
Chelsea L. Davis, *Pro-Se*
2068 Meadow View Rd.
Princeton, TX 75407
Telephone: (469) 426-5850
Facsimile: (972) 803-3576
cdavis@chelseadavispc.com

**CERTIFICATE OF SERVICE**

Pursuant to Tex. R. Civ. P. 21, this is to certify that a true and correct copy of this instrument is being filed electronically and sent concurrently to counsel of "record" by electronic filing service provider as permitted by Tex. R. Civ. P. 21a or in accordance with court ordered substitution of service; or, on this day, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court or U.S. Court of Appeals for the Fifth Circuit using the electronic case filing system of the Court. I hereby certify that I have served all counsel and/or pro se parties of record electronically by email or, as a pro-se party, on the date it is electronically docketed in the Court's CM/ECF system, as authorized by the Federal Rule of Civil Procedure 5(b)(2) and the Local Rules for the United States District Court for the Eastern District of Texas.

Dated: Dec. 2, 2014                    Respectfully submitted,

/s/Chelsea L. Davis
Chelsea Davis, *Pro-Se*