**NO. ____________________**

---

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

---

**CHELSEA L. DAVIS**

**V.**

**MCKOOL SMITH P.C., SAMUEL F. BAXTER AND HARLAN R. CROW**

---

***Chelsea L. Davis v. McKool Smith P.C. and Samuel F. Baxter***
TRANSFERRED/REMOVED from the 298TH/160TH Judicial District Courts, Dallas County, Texas, Cause Nos. DC-13-12834/ DC-13-14215
(Judges Emily Tobolowsky and Jim Jordan)
CONSOLIDATED WITH ***Chelsea L. Davis v. Harlan R. Crow***, Cause No. DC-13-14479, in the 68th/298th Judicial District Court, Dallas County, Texas
REMOVED/TRANSFERRED TO/FROM:
***DAVIS V. BAXTER***
U.S. DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION
CASE NOS. 4:13-CV-514-RC/4:14-CV-00754-RC;
AND/OR REMOVED/TRANSFERRED TO/FROM:
***MCKOOL SMITH P.C. V. DAVIS***
U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION
CASE NOS. 3:13-CV-4926-N/3:14-CV-3975-N
(severed from the sealed State Bar of Texas grievance investigation, which appears to have been removed from and remanded to the 298TH/254TH/68TH Judicial District Courts, Dallas County, Texas, Cause Nos. DC-13-12834/ DC-13-14215/ DF-13-19281/ DF-14-11110/ DC-13-14479/ DF-13-23109)
(Judges Emily Tobolowsky, James Martin, Martin Hoffman and Associate Judge Donald Turner)
(including *Davis v. Baxter,* 199TH/429TH Judicial District Courts, Collin County, Texas Cause Nos. 199-03395-2013/429-03449-2014 (Judges Angela Tucker and Jill Willis))

---

## SIXTH NOTICE OF REMOVAL

I, Chelsea L. Davis, hereby timely file my Notice of Removal of *Chelsea L. Davis v. McKool Smith P.C., Samuel F. Baxter and Harlan R. Crow* to the U.S. District Court for the

Northern District of Texas. Under Cause No. DC-13-14215, and in a sealed investigation in which I have not been permitted to produce any evidence or testify on the merits, Samuel Baxter appears to have obtained the signature of State Court District Judges and Associate Judges on several orders as follows, which are incorporated by reference herein:

1. ORDER DISMISSAL WITHOUT PREJUDICE Oct. 7, 2013
2. Order to Stay on the merits for all purposes Nov. 6, 2013
3. Order Nonsuit Nov. 19, 2013
4. ORDER - TRANSFER (NOT CHANGE OF VENUE) Nov. 21, 2013
5. Order Transfer/Consolidate Nov. 26, 2013
6. ORDER - CHANGE VENUE TRANSFER Dec. 11, 2013
7. Order re: motion for sanctions Dec. 16, 2013
8. ORDER - SANCTIONS Dec. 27, 2013
9. ORDER - SANCTIONS Jan. 30, 2014
10. Order re: reinstatement Feb. 3, 2014
11. ORDER TRANSFER June 10, 2014
12. ORDER - SANCTIONS June 17, 2014
13. ORDER - CONSOLIDATE June 17, 2014
14. ORDER - SANCTIONS June 17, 2014
15. STATE COURT OF APPEALS 5TH COA ORDERS, 05-13-01747-CV
16. ORDER REGARDING NONSUIT July 28, 2014
17. ORDER GRANTING MOTION FOR EXTENSION OF DEADLINES AND ORDER EXTENDING DEADLINE FOR FILING MOTION FOR NEW TRIAL Oct. 30, 2014

18. ORDER - TRANSFER (NOT CHANGE OF VENUE) Oct. 30, 2014

19. Order Recusal Nov. 13, 2014

20. Order Transfer Nov. 17, 2014

21. ORDER VACATING DISMISSAL Nov. 18, 2014

22. Case assignment pursuant to standing order Nov. 19, 2014

Certain orders may be void due to notice(s) of removal and/or order of transfer and motions regarding transfer. I never intended to dismiss any claim or cause of action. I merely refused to introduce my evidence to a court that lacked jurisdiction and authority to hear my claim(s) and/or cause(s) of action due to stay, transfer, consolidation, removal, severance, etc. I am being denied due process in the sealed grievance investigation and object to starting/stopping/proceeding of case/controversy during period in which I am denied due process.

I obtained the listings of documents from the court coordinator who works for Judge James Martin even though I am not technically permitted to access the file at this time, which may be included in this "case" and relevant in light of a proposed alleged order of severance, refiling/reopening and/or other proposed and/or alleged orders and Samuel Baxter and McKool Smith P.C.'s motions for sanctions and enforcement, which may or may not have been served on me as a party and to which I object for lack of service, notice, process, case or controversy prior to severance, etc. However, I timely present my notice of removal of allegations against me allegedly made in motions for sanctions. Also, I object to the numerous errors on the case summary/docket sheets listing documents and events because the listings contain numerous errors, including party designations where there are no parties.

Multiple additional appeals may be opened or pending in the Fifth District Court of Appeals, Dallas, Texas, which have (likely erroneously and without authority) been assigned Docket Nos. 05-13-01744-CV, 05-13-01747-CV, 05-13-01748-CV, 05-14-00090-CV. 05-14-00095-CV, 05-14-01105-CV, 05-14-01036-CV, 05-14-01034-CV, 05-14-00841-CV and 05-14-00846-CV, which are removed to this Court. Certain "proceedings" and/or "appeals" have been consolidated into Docket No. 05-13-01747-CV by the Fifth District Court of Appeals, Dallas, Texas.

There is much confusion as to how any cause number could have been opened and any proceeding could have proceeded due to the preliminary anti-suit injunction. There is much confusion as to how the state court sealed cause numbers from the public record and consolidated anything into a grievance investigation(s) and/or an alleged proceeding before the Board of Disciplinary Appeals, especially when there may not have been any finding or showing of just cause or disability. Pursuant to Tex. Gov. Code. Sec. 81.072(i), Chelsea Davis has requested a panel of a district grievance committee of the state bar that votes on a grievance matter to disclose to her "the number of members of the panel: (1) voting for a finding of just cause; (2) voting against a finding of just cause; and (3) abstaining from voting on the matter," but she has not received the required disclosures. *Id.* No hearing has yet been held before an evidentiary panel or in district court.

A notice of removal was "filed" in state court in the 199th Judicial District Court of Collin County, Texas on Sept. 9, 2013 and in the 254th Judicial District Court of Dallas County, Texas on Oct. 28, 2013, Dec. 18, 2013, Jan. 9, 2014 and/or May 30, 2014. Orders of remand were "entered" on Feb. 11, 2014 and June 2, 2014. Attached is the "docket" summary of the thing assigned Case No. DF-13-19281 before Judge James Martin of the 254th Judicial District Court, Dallas County, Texas and the many random documents and things that Harlan Crow, Samuel Baxter, and McKool Smith P.C. continue to have state court judges sign that are groundless, unsworn, unsupported by any evidence, and absolutely ridiculous and untrue.

Under 28 U.S.C. Sec. 1442(a), "[a] civil action or criminal prosecution that is

commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending." *Id.* Without waiving her right to contest the commencement and pendency of a proceeding in state court due to the preliminary anti-suit injunction and the fact that a grievance investigation by the State Bar of Texas cannot be a case, Chelsea Davis may remove the thing to the extent it is alleged by a civil action or criminal prosecution because she is an "officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office." 28 U.S.C. Sec. 1442(a)(1). She may also be "property holder whose title is derived from any such officer, where such action or prosecution affects the validity of any law of the United States"; or "[a]ny officer of the courts of the United States, for or relating to any act under color of office or in the performance of his duties." Chelsea Davis may remove allegations against her law license made in motions for sanctions presented in state court to federal court because she is an officer of the United States Patent and Trademark Office, Reg. No. 63,791. Chelsea Davis is a person acting under the United States, its agencies or its officers that has been sued for or relating to any act under color of such office and has a colorable federal defense to the counter/intervenor plaintiff's claim. Because she asserts a colorable government contractor defense, this Court may obtain federal subject matter jurisdiction. *See State of La. v. Sparks*, 978 F.2d 226, 232 (5th Cir. 1992) ("[T]he Supreme Court has for over two decades required a liberal interpretation of § 1442(a) in view of its chief purpose—to prevent federal officers who simply comply with a federal duty from being punished by a state court for doing so.").

Dated: Dec. 2, 2014

Respectfully submitted,

/s/Chelsea L. Davis

Chelsea L. Davis*, Pro-Se*
2068 Meadow View Rd.
Princeton, TX 75407
Telephone: (469) 426-5850
Facsimile: (972) 803-3576
cdavis@chelseadavispc.com

**CERTIFICATE OF SERVICE**

Pursuant to Tex. R. Civ. P. 21, this is to certify that a true and correct copy of this instrument is being filed electronically and sent concurrently to counsel of "record" by electronic filing service provider as permitted by Tex. R. Civ. P. 21a or in accordance with court ordered substitution of service; or, on this day, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court or U.S. Court of Appeals for the Fifth Circuit using the electronic case filing system of the Court. I hereby certify that I have served all counsel and/or pro se parties of record electronically by email or, as a pro-se party, on the date it is electronically docketed in the Court's CM/ECF system, as authorized by the Federal Rule of Civil Procedure 5(b)(2) and the Local Rules for the United States District Court for the Eastern District of Texas.

Dated: Dec. 2, 2014

Respectfully submitted,

/s/Chelsea L. Davis
Chelsea Davis, *Pro-Se*