DOCKET NO. _____

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

**CHELSEA L. DAVIS**

**V.**

**MCKOOL SMITH P.C., SAMUEL F. BAXTER AND HARLAN R. CROW**

ON APPEAL FROM
*Chelsea L. Davis v. McKool Smith P.C. and Samuel F. Baxter*,
TRANSFERRED/REMOVED from the 298TH/160TH Judicial District Courts, Dallas County, Texas, Cause Nos. DC-13-12834/ DC-13-14215
(Judges Emily Tobolowsky and Jim Jordan)
CONSOLIDATED WITH *Chelsea L. Davis v. Harlan R. Crow,* Cause No. DC-13-14479, in the 68th/298th Judicial District Court, Dallas County, Texas
REMOVED/TRANSFERRED TO/FROM:
*DAVIS V. BAXTER*
U.S. DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION
CASE NOS. 4:13-CV-514-RC/4:14-CV-00754-RC;
AND/OR REMOVED/TRANSFERRED TO/FROM:
*MCKOOL SMITH P.C. V. DAVIS*
U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION
CASE NOS. 3:13-CV-4926-N/3:14-CV-3975-N
(severed from the sealed State Bar of Texas grievance investigation, which appears to have been removed from and remanded to the 298TH/254TH/68TH Judicial District Courts, Dallas County, Texas, Cause Nos. DC-13-12834/ DC-13-14215/ DF-13-19281/ DF-14-11110/ DC-13-14479/ DF-13-23109)
(Judges Emily Tobolowsky, James Martin, Martin Hoffman and Associate Judge Donald Turner)
(including *Davis v. Baxter,* 199TH/429TH Judicial District Courts, Collin County, Texas Cause Nos. 199-03395-2013/429-03449-2014 (Judges Angela Tucker and Jill Willis))

**FIRST SUPPLEMENTAL NOTICE OF APPEAL**

Chelsea L. Davis hereby timely files her Notice of Appeal to the U.S. Court of Appeals for the Fifth Circuit.  Chelsea L. Davis appeals one or more of alleged and/or proposed orders as

1

follows:

1. ADMINISTRATIVE ORDER CLOSING CASE in Collin County State Court Sept. 10, 2013

2. ORDER DISMISSAL WITHOUT PREJUDICE Oct. 7, 2013

3. Order to Stay on the merits for all purposes Nov. 6, 2013

4. Order Nonsuit Nov. 19, 2013

5. ORDER - TRANSFER (NOT CHANGE OF VENUE) Nov. 21, 2013

6. Order Transfer/Consolidate Nov. 26, 2013

7. ORDER - CHANGE VENUE TRANSFER Dec. 11, 2013

8. Order re: motion for sanctions Dec. 16, 2013

9. ORDER - SANCTIONS Dec. 27, 2013

10. ORDER - SANCTIONS Jan. 30, 2014

11. Order re: reinstatement Feb. 3, 2014

12. ORDER TRANSFER June 10, 2014

13. ORDER - SANCTIONS June 17, 2014

14. ORDER - CONSOLIDATE June 17, 2014

15. ORDER - SANCTIONS June 17, 2014

16. STATE COURT OF APPEALS 5TH COA ORDERS, 05-13-01747-CV

17. ORDER REGARDING NONSUIT July 28, 2014

18. ORDER GRANTING MOTION FOR EXTENSION OF DEADLINES AND ORDER EXTENDING DEADLINE FOR FILING MOTION FOR NEW TRIAL Oct. 30, 2014

19. ORDER - TRANSFER (NOT CHANGE OF VENUE) Oct. 30, 2014

20. Order Recusal Nov. 13, 2014

21. Order Transfer Nov. 17, 2014

22. ORDER VACATING DISMISSAL Nov. 18, 2014

23. Case assignment pursuant to standing order Nov. 19, 2014

Multiple additional appeals may be opened in the Fifth District Court of Appeals, Dallas, Texas, which have been assigned Docket Nos. 05-13-01744-CV, 05-13-01747-CV, 05-13-01748-CV, 05-14-00090-CV. 05-14-00095-CV, 05-14-01105-CV, 05-14-01036-CV, 05-14-01034-CV, 05-14-00841-CV and 05-14-00846-CV, and which are removed to this Court. Certain "proceedings" and/or "appeals" were allegedly ordered consolidated into Docket No. 05-13-01747-CV by the Fifth District Court of Appeals, Dallas, Texas.

Certain orders may be void due to notice(s) of removal and/or order of transfer and motions regarding transfer. I never intended to dismiss any claim or cause of action. I merely refused to introduce my evidence to a court that lacked jurisdiction and authority to hear my claim(s) and/or cause(s) of action due to stay, transfer, consolidation, removal, severance, grievance investigation in which I am denied due process, etc. I am being denied due process in the sealed grievance investigation and object to starting/stopping/proceeding of any case/controversy during period in which I am denied due process.

There is much confusion as to how any state court cause number could have been opened and any proceeding could have proceeded due to the preliminary anti-suit injunction in federal court and the nature of state bar grievance investigations, which cannot be cases due to the lack of due process. There is also much confusion as to how any state court "proceeding" could have been consolidated into a grievance investigation(s) and/or an alleged proceeding

before the Board of Disciplinary Appeals, especially where there does not appear to be any finding or showing of just cause or disability. Pursuant to Tex. Gov. Code. Sec. 81.072(i), Chelsea Davis has requested a panel of a district grievance committee of the state bar that votes on a grievance matter to disclose to her "the number of members of the panel: (1) voting for a finding of just cause; (2) voting against a finding of just cause; and (3) abstaining from voting on the matter," but she has not received the required disclosure. *Id.* No hearing has yet been held before an evidentiary panel or in district court.

Notices of removal were allegedly "filed" in state court in the 199th Judicial District Court of Collin County, Texas on Sept. 9, 2013 and in the 254th Judicial District Court of Dallas County, Texas on Oct. 28, 2013, Dec. 18, 2013, Jan. 9, 2014 and/or May 30, 2014 and in the 429th Judicial District Court of Collin County, Texas on Nov. 3, 2014, when Harlan Crow filed his Motion for Sanctions against Chelsea Davis alleging sanctionable misconduct along with Chelsea Davis's prior notice of removal. Orders of remand were "entered" on Feb. 11, 2014 and June 2, 2014 with respect to the State Bar of Texas grievance investigation.

Under 28 U.S.C. Sec. 1442(a), "[a] civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending." *Id.* Without waiving her right to contest the commencement and pendency of a proceeding in state court due to the preliminary anti-suit injunction and the fact that a grievance investigation by the State Bar of Texas cannot be a case, Chelsea Davis may be able to remove the thing to the extent it is trying to be a civil action or criminal prosecution because she is an "officer (or any person acting under that officer) of the United States or of any

4

agency thereof, in an official or individual capacity, for or relating to any act under color of such office." 28 U.S.C. Sec. 1442(a)(1). She may also be "property holder whose title is derived from any such officer, where such action or prosecution affects the validity of any law of the United States"; or "[a]ny officer of the courts of the United States, for or relating to any act under color of office or in the performance of his duties." *Id.* at 28 U.S.C. Sec. 1442(a)(2-3). Chelsea Davis may remove complaints against her to the State Bar of Texas made in motions for sanctions to federal court because she is an officer of the United States Patent and Trademark Office, Reg. No. 63,791. Chelsea Davis is a person acting under the United States, its agencies or its officers who appears to have been sued for or relating to any act under color of such office and has a colorable federal defense to the intervenor/counter plaintiff's "claim." Because she asserts a colorable government contractor defense, the U.S. District Court may obtain federal subject matter jurisdiction, to the extent, if any, a state court case is commenced, removed to federal court, and severed from the State Bar of Texas grievance investigation such that an order of remand applies only to the State Bar of Texas grievance investigation. *See State of La. v. Sparks*, 978 F.2d 226, 232 (5th Cir. 1992) ("[T]he Supreme Court has for over two decades required a liberal interpretation of § 1442(a) in view of its chief purpose—to prevent federal officers who simply comply with a federal duty from being punished by a state court for doing so.").

Dated: Dec. 2, 2014                                            Respectfully submitted,

                                                               /s/Chelsea L. Davis
                                                               Chelsea L. Davis, *Pro-Se*
                                                               2068 Meadow View Rd.
                                                               Princeton, TX 75407
                                                               Telephone: (469) 426-5850
                                                               Facsimile: (972) 803-3576
                                                               cdavis@chelseadavispc.com

**CERTIFICATE OF SERVICE**

  Pursuant to Tex. R. Civ. P. 21, this is to certify that a true and correct copy of this instrument is being filed electronically and sent concurrently to counsel of "record" by electronic filing service provider as permitted by Tex. R. Civ. P. 21a or in accordance with court ordered substitution of service; or, on this day, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court or U.S. Court of Appeals for the Fifth Circuit using the electronic case filing system of the Court. I hereby certify that I have served all counsel and/or pro se parties of record electronically by email or, as a pro-se party, on the date it is electronically docketed in the Court's CM/ECF system, as authorized by the Federal Rule of Civil Procedure 5(b)(2) and the Local Rules for the United States District Court for the Eastern District of Texas.

  Dated: Dec. 2, 2014        Respectfully submitted,

                 /s/Chelsea L. Davis
                 Chelsea Davis, *Pro-Se*