IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHELSEA L. DAVIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:14-cv-03975-N-BK |
| | § | |
| MCKOOL SMITH, P.C., et al., | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT MCKOOL SMITH, P.C.'S**
**MOTION TO REMAND AND BRIEF IN SUPPORT THEREOF**

Defendant McKool Smith, P.C. ("McKool Smith") files this motion for remand and would show the Court the following:

**PROCEDURAL BACKGROUND**

1. On December 2, 2013, Chelsea L. Davis ("Davis") filed *Davis v. McKool Smith P.C.*, Cause No. DC-13-14215 ("State Court Action"), which was assigned to the 298th Judicial District Court, Dallas County, Texas. [Doc. 21-4.] On December 27, 2013, the 298th District Court entered a final judgment ("State Court Judgment") dismissing Davis's claims with prejudice. [Doc. 21-4; App. 3-5.] Davis appealed the State Court Judgment, and on October 29, 2014, the Fifth District Court of Appeals dismissed Davis's appeal for want of prosecution. [App. 34-36.]

2. On September 22, 2014, Davis filed an arbitration demand (the "Arbitration") against McKool Smith and GECESP Associates, LLC ("GECESP"), asserting employment discrimination claims. [App. 6.] On October 23, 2014, McKool

Smith and GECESP filed a motion to stay the Arbitration in the State Court Action. [App. 7-17.] The Motion to Stay was set for hearing on December 5, 2014. [App. 32.] Shortly before the scheduled hearing on the motion to stay, the presiding judge of the 298th District Court, the Honorable Emily Tobolowsky, voluntarily recused herself, and the State Court Action was therefore reassigned to the 160th Judicial District Court of Dallas County. [App. 37, 38.] McKool Smith and GECESP re-set their motion to stay the Arbitration for December 12, 2014. [App. 39.]

3. On December 2, 2014, Davis filed what was styled a Fifth Notice of Removal (the "Notice of Removal") in this "case."[1] [Doc. 23.] By her Notice of Removal, Davis purported to remove several cases, including the State Court Action, to this Court.[2] On December 5, 2014, Davis filed a notice of her filing of the Notice of Removal in the State Court Action, thereby avoiding the scheduled hearing on the motion to stay the Arbitration. [App. 41-42.]

**ARGUMENTS & AUTHORITIES**

4. There are multiple defects with Davis's purported removal of State Court Action. First, Davis was the plaintiff in the State Court Action. She cannot therefore

[1] Using the Court's Electronic Case Filing system, Davis opened this Civil Action Number on November 10, 2014, without filing a complaint, notice of removal, or any other recognized form of initiating document. Although the style reflects McKool Smith is the defendant, none of Davis's initial filings attempt to state a claim against McKool Smith. [Docs. 1, 2.] Instead, Davis purported to file an answer to a non-existent complaint of Samuel F. Baxter, together with counterclaims and third-party claims. [Doc. 4.] On November 17, 2014, Magistrate Judge Toliver, *sua sponte*, entered Findings, Conclusions and Recommendations ("Recommendation") that this case be dismissed with prejudice. [Doc. 11.] Davis filed no objection to the Recommendation, although she has filed two notices of interlocutory appeal to the Fifth Circuit. [Docs. 22 and 24.] The Court has not yet acted on Magistrate Judge Toliver's Recommendation.

[2] Compounding the confusion she has created under this case number, Davis did not initiate a new proceeding when she filed the Notice of Removal, but instead purported to remove the various state court cases directly into this pre-existing case number. As the Court is aware, this is not an appropriate procedure.

remove the case. *See* 28 U.S.C. § 1442(a) (authorizing removal by federal officials and agencies "against" whom a civil action or criminal prosecution is commenced); 28 U.S.C. § 1446(a) (describing procedure for "defendant" or "defendants" to remove an action). For this reason alone, State Court Action must be remanded.

5. Second, the Notice of Removal fails to provide a valid basis for this Court's subject matter jurisdiction. Davis purported to remove based on 42 U.S.C. § 1442(a), which permits removal by the United States and various agencies and officers acting on its behalf. [Doc. 23.] Davis apparently believes that she qualifies as an officer of the United States because she is admitted to practice law before the United States Patent and Trademark Office, and that she can remove the State Court Action because an unrelated grievance proceeding is pending against her in Texas state court. [*Id.* at 2-3.] The removal is improper, however, because Davis is not an official of the United States. An attorney does not become an officer of the United States for purposes of § 1442 simply because she is admitted to practice in one or more federal courts. *Florida v. Shimek*, 356 F. Supp. 687, 688 (N.D. Fla. 1973) ("Clearly the Congress did not intend that a lawyer admitted to practice before this court might use [§ 1442(a)] as a vehicle to remove to this court disciplinary proceedings pending against him in state court."). *See also Herron v. Continental Airlines, Inc.*, 73 F.3d 57, 58-59 (5th Cir. 1996) (unlike marshals, court clerks, and judges, a private process server is not an officer of the court of the United States for purposes of § 1442); *Cammer v. United States*, 350 U.S. 399, 404 (1956) (holding that an attorney admitted to practice was not an "officer" of the court, as that

phrase is used in federal statutes). Davis has failed to articulate a valid basis for federal court jurisdiction, and the State Court Action must therefore be remanded.

6. Finally, Davis's removal is grossly out of time. A defendant is generally required to remove a state court proceeding within 30 days of its receipt of a copy of the initial pleading. *See* 28 U.S.C. § 1446(b) and (g). Here, the State Court Action was filed on December 2, 2013, and the State Court Judgment was entered on December 27, 2013. The Dallas Court of Appeals dismissed Davis's appeal from the State Court Judgment on October 24, 2014. Davis's attempt to remove the State Court Action almost a year after final judgment was entered comes too late.

## CONCLUSION

7. This removal is simply the latest chapter in Davis's Alice-in-Wonderland litigation tactics. The State Court Action should be immediately remanded.

Respectfully submitted,

By: */s/ Don Colleluori*

Erin Dwyer
State Bar No. 06302700
Erin.dwyer@figdav.com
Don Colleluori
State Bar No. 04581950
Don.colleluori@figdav.com
Lance V. Clack
State Bar No. 24040694
Lance.clack@figdav.com

FIGARI & DAVENPORT, LLP
901 Main Street, Suite 3400
Dallas, TX 75202-3796
(214) 939-2000
(214) 939-2090 (Fax)

ATTORNEYS FOR
McKOOL SMITH, P.C.

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1(a), the undersigned counsel conferred with Plaintiff regarding the foregoing Motion. Plaintiff is opposed to the relief requested, and the Motion is, accordingly, presented to the Court for determination.

*/s/ Don Colleluori*
Don Colleluori

## CERTIFICATE OF SERVICE

I hereby certify that all attorneys deemed to accept service of the above-referenced document electronically will be notified via the Court's CM/ECF system, and all others will be notified via certified mail, return receipt requested, on the 24th day of December, 2014.

*/s/ Don Colleluori*
Don Colleluori