IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHELSEA L. DAVIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | C.A. No. 3:14-cv-03975-N-BK |
| MCKOOL SMITH, P.C., et al., | § | |
| | § | |
| Defendants. | § | |

**APPENDIX IN SUPPORT OF DEFENDANT
MCKOOL SMITH, P.C.'S MOTION TO REMAND**

| App. Pages | Description |
|---|---|
| 0003-0005 | Amended Order Dismissing All Claims With Prejudice, Imposing Sanctions, And Enjoining Further Filings; Cause No. DC-13-14215 (December 27, 2013) |
| 0006 | Chelsea Davis's Demand for Arbitration filed with the American Arbitration Association (September 22, 2014) |
| 0007-0031 | Defendant's (1) Motion To Enforce Judgment And Stay Arbitration, And (2) Motion To Declare Plaintiff A Vexatious Litigant, Cause No. DC-13-14215-M (October 23, 2014) |
| 0032-0033 | Notice Of Hearing On Defendant's (1) Motion To Enforce Judgment And Stay Arbitration, And (2) Motion To Declare Plaintiff A Vexatious Litigant, Cause No. DC-13-14215-M (October 28, 2014) |
| 0034-0036 | Memorandum Opinion and Judgment; Fifth Court of Appeals No. 05-13-01747-CV (October 29, 2014) |
| 0037 | Order Of Referral On Recusal Sua Sponte in Cause No. DC-13-14215 (November 13, 2014) |
| 0038 | Order of Transfer to the 160th Judicial District Court, Dallas County, Texas, Cause No. DC-13-14215 (November 17, 2014) |
| 0039-0040 | Amended Notice Of Hearing On Defendant's (1) Motion To Enforce Judgment And Stay Arbitration, And (2) Motion To Declare Plaintiff A |

Vexatious Litigant, Cause No. DC-13-14215-M (November 26, 2014)

0041-0084    Notice of Removal, Cause No. DC-13-14215-M (December 5, 2014)

Respectfully submitted,

By: _/s/ Don Colleluori_
    Erin Dwyer
    State Bar No. 06302700
    Erin.dwyer@figdav.com
    Don Colleluori
    State Bar No. 04581950
    Don.colleluori@figdav.com
    Lance V. Clack
    State Bar No. 24040694
    Lance.clack@figdav.com

Figari & Davenport, LLP
901 Main Street, Suite 3400
Dallas, TX 75202-3796
(214) 939-2000
(214) 939-2090 (Fax)

ATTORNEYS FOR DEFENDANT
McKOOL SMITH, P.C.

## CERTIFICATE OF SERVICE

I hereby certify that all attorneys deemed to accept service of the above-referenced document electronically will be notified via the Court's CM/ECF system, and all others will be notified via certified mail, return receipt requested, on the 24th day of December, 2014.

_/s/ Don Colleluori_
Lance V. Clack

345m. 000388

## Cause No. DC-13-14215-M

| | | |
|---|---|---|
| CHELSEA L. DAVIS, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 298TH JUDICIAL DISTRICT |
| | § | |
| MCKOOL SMITH, P.C., | § | |
| | § | |
| Defendant. | § | DALLAS COUNTY, TEXAS |

### AMENDED ORDER DISMISSING ALL CLAIMS WITH PREJUDICE, IMPOSING SANCTIONS, AND ENJOINING FURTHER FILINGS

On December 26, 2013, came on for hearing Defendants' Second Motion for Sanctions (the "Motion"). Although duly served with a copy of the Motion and an Order to Appear and Show Cause why the Court should not grant the Motion, and impose sanctions, based on the conduct detailed in the Motion, Plaintiff Chelsea Davis ("Davis") failed to respond to the Motion or appear at the hearing thereon.

Based on the conduct detailed in the Motion, Defendants seek the imposition of sanctions on Davis in the form of an Order (1) modifying the prior orders of dismissal so as to dismiss Davis's claims against Defendants with prejudice; (2) enjoining Davis from filing further lawsuits against Defendants; (3) imposing a monetary sanction of $10,000.00, and (4) awarding Defendants all of their costs and attorneys' fees incurred in connection with these cases, together with reasonable fees in the event of any appeal.

Based on the evidence and argument introduced at the hearing, the Court finds and concludes that Plaintiff has repeatedly filed, and dismissed, numerous lawsuits against Defendants in multiple courts asserting the same or related claims, with no intention of

---

AMENDED ORDER DISMISSING CLAIMS, ETC.

PAGE 1

prosecuting these various suits but instead for the purpose of harassing Defendants, and that such filings were an effort by Davis to forum shop and evade sealing and stay orders of this and other courts solely to generate publicity.

The Court further finds that Davis has acted in bad faith, and abused the judicial system, by repeatedly violating sealing and stay orders entered by this Court; improperly communicating with the Court on an ex parte basis, and by uninvited emails despite being instructed not to do so; filing groundless pleadings, motions, and other documents, including filing lawsuits in multiple courts on the same day alleging the exact same claims as were already pending before other courts, filing additional lawsuits naming different defendants on the same claims so as to avoid sealing and/or transfer orders, and filing discovery or groundless motions in cases already dismissed; making groundless accusations of misconduct against counsel and the judiciary, including forgery and corruption; and delivering numerous vile, obscene and offensive email communications to opposing counsel and Defendants.

Davis' abuse of the judicial system through the filing of groundless pleadings and motions for an improper purpose, and her bad faith and harassing actions and misconduct detailed by the evidence, threaten the integrity of the judicial system, and demonstrate her flagrant bad faith and callous disregard for court orders. These actions are sanctionable as violations of Tex. Civ. Prac. And Rem. Code §§10.001(1) and (3), and pursuant to the Court's inherent power. It is, therefore, accordingly

ORDERED that the Motion is hereby granted in its entirety *Part* and *end* the Court's prior Order of Nonsuit without Prejudice is hereby vacated and replaced by this Order; it is further

ORDERED that all claims asserted by Davis herein against these Defendants be and the same are hereby DISMISSED WITH PREJUDICE; it is further

ORDERED that Davis pay to Defendants the sum of $10,000.00 as a sanction; it is further

ORDERED that Defendants have and recover from Davis the sum of $65,000.00 as reasonable and necessary attorney's fees and expenses incurred by them as a result of Davis' sanctionable misconduct; it is further *EGT*

ORDERED that Davis be, and she hereby is, enjoined from any further filing against Defendants of the claims dismissed herein.

SIGNED this _27_ day of December, 2013.

Emily A. Tobolek
JUDGE PRESIDING

**American Arbitration Association**
*Dispute Resolution Services Worldwide*

Please visit our website at www.adr.org if you
would like to file this case online. AAA Case Filing
Services can be reached at 877-495-4185.

**COMMERCIAL ARBITRATION RULES**
**DEMAND FOR ARBITRATION**

RECEIVED
Voorhees, NJ

SEP 2 2 2014

AMERICAN ARBITRATION

| MEDIATION: If you would like the AAA to contact the other parties and attempt to arrange a mediation, please check this box. ☑ There is no additional administrative fee for this service. | | | | | | |
|---|---|---|---|---|---|---|
| Name of Respondent McKool Smith P.C.  + GECESP Associates LLC | | | Name of Representative (if known) Don Colleluori and Erin Dwyer | | | |
| Address 300 Crescent Court, Ste. 1500 | | | Name of Firm (if applicable) Figari & Davenport | | | |
| | | | Representative's Address 901 Main St. Ste. 3400 | | | |
| City Dallas | State TX | Zip Code 75201 | City Dallas | State TX | Zip Code 75202 | |
| Phone No. 214-978-4000 | | Fax No. 214-978-4044 | Phone No. 214-939-2005 | | Fax No. 214-939-2090 | |
| Email Address: gweden@mckoolsmith.com | | | Email Address: don.colleluori@figdav.com | | | |

The named claimant, a party to an arbitration agreement dated 4/8/2010 , which provides for arbitration under the Commercial Arbitration Rules of the American Arbitration Association, hereby demands arbitration.

THE NATURE OF THE DISPUTE
Sexual harassment, wage discrimination, and denied wages in employment through termination on July 11, 2014 using multiple entities.

| Dollar Amount of Claim $100,000,000.00 | Other Relief Sought:  ☒ Attorneys Fees    ☒ Interest |
|---|---|
| | ☒ Arbitration Costs ☒ Punitive/ Exemplary ☐ Other _____ |

Amount Enclosed $_____   In accordance with Fee Schedule:  ☐Flexible Fee Schedule   ☐Standard Fee Schedule

PLEASE DESCRIBE APPROPRIATE QUALIFICATIONS FOR ARBITRATOR(S) TO BE APPOINTED TO HEAR THIS DISPUTE:


Hearing locale Wilmington, Delaware       (check one) ☒ Requested by Claimant   ☐ Locale provision included in the contract

| Estimated time needed for hearings overall: _____ hours or  10.00  days | Type of Business:  Claimant ___Attorney___ Respondent Law Firm/Patent Troll |
|---|---|

Is this a dispute between a business and a consumer? ☐Yes ☐ No  Does this dispute arise out of an employment relationship? ☒ Yes ☐ No

If this dispute arises out of an employment relationship, what was/is the employee's annual wage range?  Note: This question is required by California law.  ☐Less than $100,000  ☐ $100,000 - $250,000  ☒ Over $250,000

> You are hereby notified that a copy of our arbitration agreement and this demand are being filed with the American Arbitration Association with a request that it commence administration of the arbitration. The AAA will provide notice of your opportunity to file an answering statement.

| Signature (may be signed by a representative)   Date: 8/3/2014 | Name of Representative |
|---|---|
| Name of Claimant Chelsea L. Davis | Name of Firm (if applicable) |
| Address (to be used in connection with this case) 2068 Meadow View Dr. | Representative's Address |
| City Princeton | State TX | Zip Code 75205 | City | State | Zip Code |
| Phone No. 469-426-5850 | | Fax No. 469-533-0466 | Phone No. | | Fax No. |
| Email Address: cdavis@chelseadavispc.com | | | Email Address: | | |

To begin proceedings, please send a copy of this Demand and the Arbitration Agreement, along with the filing fee as provided for in the Rules, to: American Arbitration Association, Case Filing Services, 1101 Laurel Oak Road, Suite 100 Voorhees, NJ 08043. Send the original Demand to the Respondent.

FILED
DALLAS COUNTY
10/23/2014 1:25:21 PM

DISTRICT CLERK

Tonya Pointer

CAUSE NO. DC-13-14215-M

| | | |
|---|---|---|
| CHELSEA L. DAVIS, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | GARY FITZSIMMONS |
| Vs. | § | 298TH JUDICIAL DISTRICT OF |
| | § | |
| McKOOL SMITH, P.C., | § | |
| Defendant. | § | |
| | § | |
| | § | DALLAS COUNTY, TEXAS |

## DEFENDANT'S (1) MOTION TO ENFORCE JUDGMENT AND STAY ARBITRATION, AND (2) MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT

Defendant McKool Smith, P.C. ("McKool Smith), joined by GECESP Associates, LLC ("GECESP" and, together with McKool Smith, "Movants"), file this motion to enforce the Court's prior judgment and stay an arbitration filed by Plaintiff Chelsea Davis ("Davis") against McKool Smith and GECESP, and to have Davis declared a vexatious litigant pursuant to Chapter 11 of the Civil Practice and Remedies Code, and in support thereof, would show the Court the following:

### I.   INTRODUCTION

For more than a year, McKool Smith and others have been inundated by frivolous and duplicative lawsuits filed by Davis. Davis is a licensed Texas attorney who briefly worked as an associate at McKool Smith from March 2010 through January 2011. Beginning in August 2013, Davis began filing a series of lawsuits against McKool Smith and Samuel Baxter ("Baxter"), a McKool Smith shareholder. All told, Davis has filed at least 8 different suits against McKool Smith, Baxter, or both in the state and federal

courts in Dallas and Collin counties. In a number of these cases Davis voluntarily dismissed her claims, only to turn around and re-file them in another action.

Importantly, Davis's claims against McKool Smith have already been adjudicated by this Court. On December 27, 2013, the Court entered an order in this action (the "Sanctions Order") sanctioning Davis for her abuse of the judicial system by, among other things, violating court orders, filing lawsuits in multiple courts, and filing discovery and groundless motions in cases that had already been dismissed. [*See* Exhibit A.] Based on this conduct, the Court imposed monetary sanctions on Davis and dismissed all of her claims against McKool Smith with prejudice.

Unfortunately, the Court's Sanctions Order did not deter Davis, and she continues to deluge McKool Smith and others with voluminous, frivolous, and usually nonsensical pleadings and other filings in this Court and elsewhere. Since the Sanctions Order was entered, for example, Davis has filed new lawsuits against Baxter and McKool Smith, as well as additional pleadings in this and other cases that have long been dismissed. She has also sent unsolicited emails and letters to the clerks, court coordinators, presiding judges, and administrative judges of Dallas and Collin County alleging judicial and other misconduct.

The United States District Court for the Northern District of Texas (the "Federal Court") has already dismissed a suit Davis filed against McKool Smith on *res judicata* grounds based on the Sanctions Order. [*See* Exhibit B.] In her latest gambit, Davis recently filed a demand for arbitration (the "Arbitration") against McKool Smith and

GECESP, an investment entity owned by several shareholders and employees of McKool Smith, raising the same claims again. [*See* Exhibit C.]

The time has come to put an end to Davis's abuse of the judicial process. The Court should stay the Arbitration, which is barred by *res judicata* based on the Sanctions Order. In addition, the Court should declare Davis a vexatious litigant under TEX. CIV. PRAC. & REM. CODE §11.101 and enter an order prohibiting her from filing any new lawsuits *pro se,* and barring her from further abusive use of the Court's electronic filing system, without first obtaining permission to do so from the local administrative judge, the Honorable Robert Burns.

## II.  STATEMENT OF FACTS

As noted above, the Court has already dismissed this case with prejudice as a sanction for Davis's litigation misconduct through the date of the Sanctions Order. That conduct was detailed in the Defendant's Second Motion for Sanctions ("Sanctions Motion") filed herein on December 16, 2013, and, in the interest of brevity, Movants adopt and incorporate the Sanctions Motion. As set forth below, Davis's conduct has continued unabated since the Sanctions Motion was filed.

### A.  Davis Removes Her Own Lawsuit.

Just days after the Sanctions Motion was filed, Davis attempted to remove a case she had previously filed against Baxter and Leslie Ware ("Ware") in the 254th District Court. Contemporaneously with her notice of removal, Davis attempted to file a Complaint in the removed action, naming McKool Smith, Baxter, Ware, and others as defendants. The Federal Court quickly remanded the removed action to the 254th District

Court *sua sponte,* and Davis voluntarily withdrew her purported Complaint in that proceeding.

**B.**   **Davis Files Another Federal Court Action.**

Less than two weeks after the Court dismissed this action, Davis filed another lawsuit against McKool Smith, Civil Action No. 3:14-CV-00056, in the Federal Court, asserting a wide assortment of statutory and common law claims arising out of her employment at McKool Smith and her alleged mistreatment by McKool Smith and Baxter. McKool Smith promptly moved to dismiss on the ground that, among other things, Davis's claims were barred under principles of *res judicata* based on this Court's Sanctions Order. On September 30, 2014, the Federal Court granted McKool Smith's motion and ordered Davis's clams against McKool Smith dismissed with prejudice. [*See* Exhibit B.]

**C.**   **Davis Files Multiple Pleadings In Dismissed Cases.**

Prior to this action, Davis had filed another action in this Court, Cause No. DC-13-12834, against McKool Smith and Baxter. The Court transferred that case to the 254th District Court (where Davis had previously sued Ware and Baxter), and Davis nonsuited all of her claims therein. In September 2014, however, Davis began filing multiple documents, including amended pleadings in the transferred action as if it were still ongoing. Davis also continues to file documents in this case, despite the fact it has been dismissed with prejudice, including various amended petitions. Davis's most recent pleading herein, filed on October 7, 2014, and denominated as Plaintiff's Fifth Amended Petition, specifically challenges the validity and preclusive effect of the Sanctions Order.

APP. 0010

**D.    Davis Files Another Case Against Baxter, Ware And Others.**

On September 5, 2014, Davis filed yet another action against Baxter and Ware in Collin County, Texas (the "Collin County Action"), once again complaining of their supposed mistreatment in connection with her employment at McKool Smith. Davis also named her former attorney, the judge and associate judge for the 254th District Court, and the presiding judge of this Court as defendants in the Collin County Action.

**E.    Davis Files The Arbitration.**

On September 22, 2014, Davis filed the Arbitration against McKool Smith and GECESP, again asserting employment discrimination claims and seeking damages of more than $100 million. [*See* Exhibit C.] Significantly, Davis was never employed by GECESP, which is not an operating entity and has never had any employees.

## III.  ARGUMENT

As the Federal Court has already found, the Sanctions Order entered in this case bars Davis from relitigating her employment discrimination and other claims against McKool Smith. Moreover, Davis never had an employment agreement or any other relationship with GECESP, nor does she have any agreement to arbitrate with that entity. Accordingly, the Court should, under its inherent authority to enforce its judgments and TEX. CIV. PRAC. & REM. CODE §171.023, stay the Arbitration in its entirety. In addition, based on her continuing abuse of the judicial process, even after the Sanctions Order was entered, Davis should be declared a vexatious litigant and prohibited from filing additional lawsuits without first obtaining permission from the local administrative judge.

### A.     The Arbitration Should Be Stayed.

The Court has both statutory and inherent power to enforce its judgments, even after its plenary power has expired. *See Hines v. Villalba,* 231 S.W.3d 550, 553 (Tex. App. – Dallas 2007, no pet.). As part of the authority to enforce its judgment, the Court can determine whether an arbitration proceeding is precluded by such prior judgment. *See W. Dow Hamm III Corp. v. Millennium Income Fund,* 237 S.W.3d 745, 755 (Tex. App. – Houston [1st Dist.] 2007, no pet.); *see also Rapid Settlements, Ltd. v. Symetra Life Ins. Co.,* 234 S.W.3d 788, 795-96 (Tex. App. – Tyler 2007, no pet.) (court is empowered to enjoin other court proceedings to confirm, enforce or compel arbitration in order to enforce its own prior judgment or to protect a party from vexatious or harassing litigation).

In addition to the inherent power to enforce its judgment, a court "may stay an arbitration commenced or threatened on application and a showing that there is not an agreement to arbitrate." TEX. CIV. PRAC. & REM. CODE §171.023(a). If there is not a pending proceeding involving an issue referable to arbitration, the application to stay the arbitration may be made to any court. TEX. CIV. PRAC. & REM. CODE §171.024.

### 1.     The Arbitration is Barred By *Res Judicata.*

Under Texas law, *res judicata* (or claim preclusion) prevents a party from relitigating claims where there has been a prior adjudication on the merits of the same claims between the same parties. *Igal v. Brightstar Info. Tech. Grp., Inc.,* 250 S.W.3d 78, 86 (Tex. 2008). For *res judicata* purposes, the Court's dismissal of Davis's claims with prejudice in the Sanctions Order is a final judgment on the merits. *Mossler v. Shields,*

APP. 0012

818 S.W.2d 752, 754 (Tex. 1991). And Davis's Arbitration demand involves the same

cause of action that was at issue in this case and her Federal Court action against McKool

Smith. As Judge Godbey held in dismissing Davis's claims against McKool Smith in the

latter suit:

> [B]oth actions arise from the employment relationship
> between Davis and McKool Smith as well as allegations of
> Leslie Ware's and Samuel Baxter's misconduct. ... Davis
> alleges facts regarding her employment in both her State
> Court Petition, ... and in her [Federal Court] Complaint. ...
> Davis also alleges facts regarding the misconduct of Ware
> and Baxter in both her State Court Petition, ..., and in her
> Complaint. ... In examining "the factual matters that make
> up the gist of the" State Court Petition, the scope of the
> transaction in the state court action was Davis's employment
> with McKool, and the alleged actions of Ware and Baxter.

[Exhibit B at 6-7 (citations omitted).]

Based on this analysis, Judge Godbey held that the Sanctions Order precluded

Davis from reasserting her claims against McKool Smith on the basis of *res judicata*.

[Exhibit B at 7.] This same analysis also forecloses Davis's effort to relitigate those

claims in the Arbitration. As the Court can see from the attached Exhibit C, Davis's

Arbitration demand once again asserts claims for various forms of employment

discrimination against McKool Smith. These claims are barred by *res judicata*. In order

to enforce and protect the integrity of its judgment in this case, therefore, the Court

should stay the Arbitration.

### 2.    There Is No Arbitration Agreement With GECESP.

The Court should also stay the Arbitration as to GECESP since there is no

arbitration agreement between that entity and Davis. TEX. CIV. PRAC. & REM. CODE

§171.023(a) (authorizing court to stay an arbitration where there is no agreement to arbitrate); *see also In re Kellogg Brown v. Root, Inc,* 166 S.W.3d 732, 737 (Tex. 2005) (party seeking to compel arbitration must establish that a valid arbitration agreement exists and that the asserted claims fall within the scope of that agreement).  Indeed, Davis has absolutely no relationship with GECESP, which doesn't even have any employees, so her claims against it are frivolous and represent nothing more than a further effort to use the judicial process for harassment.

### B.   The Court Should Declare Davis A Vexatious Litigant And Prohibit Her From Filing Additional Lawsuits Without The Permission Of The Local Administrative Judge.

The Court should also determine that Davis is a vexatious litigant under Chapter 11 of the CIVIL PRACTICE AND REMEDIES CODE.  Under the criteria set forth in §11.054, Davis is a vexatious litigant because:  (1) there is no reasonable probability that she will prevail against McKool Smith, and (2) she has repeatedly attempted to relitigate her claims against McKool Smith and the validity of the Court's decision in this case. Indeed, Davis is a textbook example of why the vexatious litigant statute was passed. Rather than simply appeal the Sanctions Order if she was dissatisfied with the Court's conclusion, she has repeatedly attempted to evade that order by numerous half-baked filings in this and other cases.[1]  Moreover, she filed first a lawsuit in the Federal Court and now the Arbitration, asserting the same causes of action this Court has dismissed

---

[1] Davis has in fact appealed the Sanctions Order, but has failed to file an appellant's brief in conformity with the rules of appellate procedure.

DEFENDANT'S (1) MOTION TO ENFORCE JUDGMENT AND STAY ARBITRATION, AND (2) MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT – Page 8

with prejudice. As the Federal Court has already concluded, there is no reasonable probability Davis can prevail on these claims because they are barred by *res judicata*.

In light of Davis's blatant abuse of the judicial process, the Court should find that Davis is a vexatious litigant and enter a pre-filing order under TEX. CIV. PRAC. & REM. CODE §11.101. *See Pandozy v. Beaty,* 254 S.W.3d 613, 619 (Tex. App. – Texarkana 2008, no pet.) (upholding finding that party was vexatious litigant where there was evidence of at least 7 separate actions he had instituted and lost or dismissed, as well as his attempts to continue proceedings in a case that had been dismissed). Pursuant to such an order, Davis would be prohibited from filing any new litigation without first obtaining the permission of the local administrative judge, the Honorable Robert Burns. Davis's history of vexatious ligation, as partially set forth in this motion and the Sanctions Motion,[2] demonstrates that nothing else will relieve the courts and the parties of the significant time and expense associated with having to deal with her countless frivolous filings. Moreover, given her perversion of the electronic filing system to abuse and harass McKool Smith, Baxter, and others with a torrent of filings in this and other suits that have already been dismissed or administratively closed, the Court should revoke her permission or privileges to use that system to make any filings in the future.

## IV.  CONCLUSION

For all of the foregoing reasons, McKool Smith and GECESP request that, upon notice to Davis and hearing, the Court enter an order that:  (1) the Arbitration is

---

[2] Movants have only included in the facts recited above the cases filed by Davis against McKool Smith or Baxter. Davis has also continued to use various lawsuits to harass, among others, Ware and Harlan Crow.

**DEFENDANT'S (1) MOTION TO ENFORCE JUDGMENT AND STAY ARBITRATION, AND (2) MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT** – Page 9

permanently stayed in its entirety; (2) Davis is a vexatious litigant as defined in TEX. CIV. PRAC. & REM. CODE §11.054; and (3) Davis is prohibited from filing any new litigation in the courts of this state without obtaining the permission of the local administrative judge as set forth in TEX. CIV. PRAC. & REM. CODE §11.101(a).

Respectfully submitted,

By:  *Don Colleluori*
    A. Erin Dwyer
    State Bar No. 06302700
    Erin.Dwyer@figdav.com
    Don Colleluori
    State Bar No. 04581950
    Don.Colleluori@figdav.com

FIGARI & DAVENPORT, L.L.P.
3400 Bank of America Plaza
901 Main Street, LB 125
Dallas, Texas 75202-3796
(214) 939-2000 - Telephone
(214) 939-2090 - Facsimile

ATTORNEYS FOR
McKOOL SMITH, P.C. and
GECESP ASSOCIATES, LLC

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that counsel for Defendant has conferred with Plaintiff, who advised that she opposes the relief sought in this Motion.

*Don Colleluori*
Don Colleluori

**DEFENDANT'S (1) MOTION TO ENFORCE JUDGMENT AND STAY ARBITRATION, AND (2) MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT** – Page 10

APP. 0016

## CERTIFICATE OF SERVICE

I certify that this instrument was served on Plaintiff on the 23rd day of October,

2014, in the manner noted below:

> *Via Email and Facsimile*
> Chelsea L. Davis
> 2068 Meadow View Road
> Princeton, Texas 75407
> cdavis@chelseadavispc.com
> (469) 533-0466 – Facsimile

> *Don Colleluori*
> Don Colleluori

DEFENDANT'S (1) MOTION TO ENFORCE JUDGMENT AND STAY ARBITRATION,
AND (2) MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT – Page 11

APP. 0017

345m 000388

Cause No. DC-13-14215-M

| CHELSEA L. DAVIS, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| v. | § | 298TH JUDICIAL DISTRICT |
| | § | |
| MCKOOL SMITH, P.C., | § | |
| | § | |
| Defendant. | § | DALLAS COUNTY, TEXAS |

### AMENDED ORDER DISMISSING ALL CLAIMS WITH PREJUDICE, IMPOSING SANCTIONS, AND ENJOINING FURTHER FILINGS

On December 26, 2013, came on for hearing Defendants' Second Motion for Sanctions (the "Motion"). Although duly served with a copy of the Motion and an Order to Appear and Show Cause why the Court should not grant the Motion, and impose sanctions, based on the conduct detailed in the Motion, Plaintiff Chelsea Davis ("Davis") failed to respond to the Motion or appear at the hearing thereon.

Based on the conduct detailed in the Motion, Defendants seek the imposition of sanctions on Davis in the form of an Order (1) modifying the prior orders of dismissal so as to dismiss Davis's claims against Defendants with prejudice; (2) enjoining Davis from filing further lawsuits against Defendants; (3) imposing a monetary sanction of $10,000.00, and (4) awarding Defendants all of their costs and attorneys' fees incurred in connection with these cases, together with reasonable fees in the event of any appeal.

Based on the evidence and argument introduced at the hearing, the Court finds and concludes that Plaintiff has repeatedly filed, and dismissed, numerous lawsuits against Defendants in multiple courts asserting the same or related claims, with no intention of

---

AMENDED ORDER DISMISSING CLAIMS, ETC.

EXHIBIT

A

PAGE 1

prosecuting these various suits but instead for the purpose of harassing Defendants; and that such filings were an effort by Davis to forum shop and evade sealing and stay orders of this and other courts solely to generate publicity.

The Court further finds that Davis has acted in bad faith, and abused the judicial system, by repeatedly violating sealing and stay orders entered by this Court; improperly communicating with the Court on an ex parte basis, and by uninvited emails despite being instructed not to do so; filing groundless pleadings, motions, and other documents, including filing lawsuits in multiple courts on the same day alleging the exact same claims as were already pending before other courts, filing additional lawsuits naming different defendants on the same claims so as to avoid sealing and/or transfer orders, and filing discovery or groundless motions in cases already dismissed; making groundless accusations of misconduct against counsel and the judiciary, including forgery and corruption; and delivering numerous vile, obscene and offensive email communications to opposing counsel and Defendants.

Davis' abuse of the judicial system through the filing of groundless pleadings and motions for an improper purpose, and her bad faith and harassing actions and misconduct detailed by the evidence, threaten the integrity of the judicial system, and demonstrate her flagrant bad faith and callous disregard for court orders. These actions are sanctionable as violations of Tex. Civ. Prac. And Rem. Code §§10.001(1) and (3), and pursuant to the Court's inherent power. It is, therefore, accordingly

ORDERED that the Motion is hereby granted in ~~its entirety and~~ *Part* *and* the Court's prior

Order of Nonsuit without Prejudice is hereby vacated and replaced by this Order; it is

further

ORDERED that all claims asserted by Davis herein against these Defendants be

and the same are hereby DISMISSED WITH PREJUDICE; it is further

ORDERED that Davis pay to Defendants the sum of $10,000.00 as a sanction; it is

further

ORDERED that Defendants have and recover from Davis the sum of

$65,000.00 as reasonable and necessary attorney's fees and expenses incurred by

them as a result of Davis' sanctionable misconduct; it is further          *EGT*

~~ORDERED that Davis be, and she hereby is, enjoined from any further filing~~

~~against Defendants of the claims dismissed herein.~~

SIGNED this __27__ day of December, 2013.


_Emily A. Tobolek_
JUDGE PRESIDING

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHELSEA L. DAVIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:14-CV-0056-N |
| | § | |
| MCKOOL SMITH, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

This Order addresses Defendant McKool Smith's motion to dismiss ("Def.'s Mot. Dismiss") [Doc. 8]. For the following reasons, the Court grants the motion.

### I. THE EMPLOYMENT DISPUTE

As both parties acknowledge, the claims in this action arise from Plaintiff Chelsea Davis's former employment with McKool Smith. *See* Def.'s Mot. Dismiss 3; Pl.'s Opp'n 13 [9]. Davis states claims for sex discrimination; disability discrimination; racial discrimination; medical leave; wages and overtime; wage discrimination; conspiracy; false imprisonment; quantum meruit and unjust enrichment; assault and battery and conspiracy to commit assault and battery; wrongful termination; breach of contract; intentional infliction of emotional distress; fraud and promissory estoppel; negligent hiring, supervision, and retention; gross negligence; personal injury under 18 U.S.C. § 2255; conspiracy to violate various constitutional and statutory rights; sexual assault, aggravated sexual assault, federal assault, and sexual abuse; violation of 18 U.S.C. § 247; and violation of 18 U.S.C. § 1592.

ORDER – PAGE 1



APP. 0021

On December 2, 2013, in an earlier lawsuit, Davis sued McKool Smith in the 298th Judicial District Court of Dallas County.[1] The state court ultimately dismissed the case with prejudice. McKool Smith now moves this Court to dismiss the complaint in this action.

## II. The Standard For Dismissal

When faced with a Rule 12(b)(6) motion to dismiss, a court must determine whether the plaintiff has asserted a legally sufficient claim for relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court generally accepts well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012). But a court does not "accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (citation omitted). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Factual allegations

---

[1]When considering a motion to dismiss for failure to state a claim, the Court may consider, in addition to the facts contained in the complaint, "matters of which they may take judicial notice." *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1018 (5th Cir. 1996). "Courts may take notice of the judicial record in prior related proceedings." *Reneker v. Offill*, 2010 WL 1541350, at *5 (N.D. Tex. 2010).

ORDER – PAGE 2

must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

A court should grant dismissal under Rule 12(b)(6) "if a successful affirmative defense appears clearly on the face of the pleadings." *Clark v. Amoco Prod. Inc.*, 794 F.2d 967, 970 (5th Cir. 1986) (citing *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982)). "With respect to a specific affirmative defense such as res judicata, the rule seems to be that if the facts are admitted or are not controverted or are conclusively established so that nothing further can be developed by a trial of the issue, the matter may be disposed of upon a motion to dismiss . . . ." *Larter & Sons v. Dinkler Hotels Co.*, 199 F.2d 854, 855 (5th Cir. 1952).

### III. THE COURT GRANTS MCKOOL SMITH'S MOTION TO DISMISS

#### A. Res Judicata Standard

McKool Smith first argues that Davis's claims are barred by res judicata. Under the principles of res judicata, a plaintiff cannot relitigate claims "that either have been litigated or should have been raised in an earlier suit." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). Federal courts apply state res judicata law when determining the effect of a prior state court judgment. *Ellis v. Amex Life Ins. Co.*, 211 F.3d 935, 937 (5th Cir. 2000). In Texas, res judicata applies where the following elements are met: "(1) a prior final judgment on the merits by a court of competent jurisdiction; (2) the same parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action." *Igal v. Brightstar Info. Tech. Grp., Inc.*, 250

ORDER – PAGE 3

S.W.3d 78, 86 (Tex. 2008) (citation omitted); *see also Weaver v. Texas Capital Bank N.A.*, 660 F.3d 900, 906 (5th Cir. 2011).

## B. Res Judicata Bars Davis's Claims

*1. There Was a Final Judgment on the Merits.* – On December 27, 2013, in response to a motion for sanctions, the judge in the state court action entered an order dismissing all of Davis's claims in that action with prejudice. *See* Def.'s Mot. Dismiss App. 004–006. That dismissal was a final judgment on the merits. *Mossler v. Shields*, 818 S.W.2d 752, 754 (Tex. 1991) ("[I]t is well established that a dismissal with prejudice functions as a final determination on the merits."). That the court issued the order as a sanction does not change the fact that it is a final judgment. *See id.* (dismissal with prejudice as a discovery sanction was a final judgment with preclusive effect); *Logan v. First Bank of Hous., Tex.*, 736 S.W.2d 927, 930–31 (Tex. App. – Beaumont 1987, writ ref'd n.r.e.) (same).

Davis contends that the state court lacked jurisdiction to enter the order. Davis argues that, because she took a nonsuit of her claims on December 4, 2013 and the court dismissed her claims without prejudice the same day, the court was without jurisdiction over the merits of her claims as of that date. This argument is contrary to the law. A state trial court has plenary power to act for thirty days following its dismissal of a case. *See* TEX. R. CIV. P. 329b(d) ("The trial court, regardless of whether an appeal has been perfected, has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment within thirty days after the judgment is signed."); *Scott & White Mem'l Hosp. v. Schexnider*, 940 S.W.2d

ORDER – PAGE 4

594, 595–56 (Tex. 1996) (trial court had authority during its plenary jurisdiction to grant motion for sanctions that was filed following a dismissal in accordance with nonsuit). "A trial court's power to modify its judgment is virtually absolute during the period of its plenary power." *In re Provine*, 312 S.W.3d 824, 829 (Tex. App. – Houston [1st Dist.] 2009, no pet.). Davis took nonsuit of her claims and the case was dismissed without prejudice on December 4, 2013. Less than 30 days later, on December 27, 2013, the state court entered an amended order dismissing all claims with prejudice and imposing sanctions. *See* Def.'s Mot. Dismiss App. 004–006 (ordering that "the Court's prior Order of Nonsuit without Prejudice is hereby vacated and replaced by this Order"). Because this action occurred within 30 days of the initial order, it fell within the court's plenary power. Accordingly, the state court judgment was a final judgment on the merits by a court of competent jurisdiction for the purposes of res judicata.

    *2. The Parties in Both Lawsuits Are Identical.* – In both the state court action and this action, Chelsea Davis sued McKool Smith. Davis does not dispute that this element of res judicata has been established. *See* Pl.'s Opp'n 12. The second element of res judicata is accordingly satisfied.

    *3. This Action Is Based on the Same Claims That Davis Raised or Could Have Raised in the State Court Action.* – Courts applying Texas law use the transactional test to determine whether two suits involve the same cause of action. *Citizens Ins. Co. of Am. v. Daccach*, 217 S.W.3d 430, 449 (Tex. 2007). In applying this test, "a final judgment on an

ORDER – PAGE 5

action extinguishes the right to bring suit on the transaction, or series of connected transactions, out of which the action arose." *Barr v. Resolution Trust Corp. ex rel. Sunbelt Fed. Sav.*, 837 S.W.2d 627, 631 (Tex. 1992) (citation omitted). Determining the scope of the transaction of the prior suit "requires 'an analysis of the factual matters that make up the gist of the complaint, without regard to the form of the action.'" *Daccach*, 217 S.W.3d at 449 (quoting *Barr*, 837 S.W.2d at 631). The Court should "giv[e] weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a trial unit conforms to the parties' expectations or business understanding or usage." *Barr*, 837 S.W.2d at 631 (citation omitted) (internal quotation marks omitted). "Any cause of action which arises out of those same facts should, if practicable, be litigated in the same lawsuit." *Id.* at 630.

Here, both actions arise from the employment relationship between Davis and McKool Smith as well as allegations of Leslie Ware's and Samuel Baxter's misconduct. *Compare* Pl.'s Compl., *with* Pl.'s Opp'n App. 005–014 ("Pl.'s State Ct. Pet."). Davis alleges facts regarding her employment with McKool Smith in both her State Court Petition, *see* Pl.'s State Ct. Pet. ¶¶ 10–13, and in her Complaint, *see* Pl.'s Compl. 2–3, 9–10. Davis also alleges facts regarding the misconduct of Ware and Baxter in both her State Court Petition, *see* Pl.'s State Ct. Pet. ¶¶ 11, 13, 14, and in her Complaint, *see* Pl.'s Compl. 3–4, 5–6, 7. In examining "the factual matters that make up the gist of the" State Court Petition, the scope

ORDER – PAGE 6

of the transaction in the state court action was Davis's employment with McKool and the alleged actions of Ware and Baxter.

Although Davis asserts additional claims in this action that she did not assert in the state court action, she *could have* asserted the claims in the state court action. As Texas law makes clear, "[t]he scope of res judicata is not limited to matters actually litigated; the judgment in the first suit precludes a second action by the parties and their privies not only on matters actually litigated, but also on causes of action or defenses which *arise out of the same subject matter* and which *might have been litigated in the first suit*." *Texas Water Rights Comm'n v. Crow Iron Works*, 582 S.W.2d 768, 771–72 (Tex. 1979) (emphasis added) (citations omitted). The fact that Davis chose not to assert these additional claims is irrelevant for the purposes of claim preclusion because the relevant inquiry is whether the claims asserted by plaintiff *could have been litigated* in the state lawsuit. All of the claims asserted in this action could have been asserted in the state action because they all arise from the transactions at issue in the state court action – specifically, her employment with McKool Smith and the alleged misconduct of Ware and Baxter. Accordingly, res judicata precludes Davis from asserting these claims in this case.

CONCLUSION

For the foregoing reasons, the Court grants McKool Smith's motion to dismiss.

ORDER – PAGE 7

Signed September 30, 2014.

David C. Godbey

United States District Judge

ORDER – PAGE 8

 **American Arbitration Association**
*Dispute Resolution Services Worldwide*

Please visit our website at www.adr.org if you
would like to file this case online. AAA Case Filing
Services can be reached at 877-495-4185.

**COMMERCIAL ARBITRATION RULES**
**DEMAND FOR ARBITRATION**

**MEDIATION:** *If you would like the AAA to contact the other parties and attempt to arrange a mediation, please check this box.* ☑
*There is no additional administrative fee for this service.*

| Name of Respondent | | | Name of Representative (if known) | | |
|---|---|---|---|---|---|
| McKool Smith P.C.   + GECESP Associates  LLC | | | Don Colleluori and Erin Dwyer | | |
| Address | | | Name of Firm (if applicable) | | |
| 300 Crescent Court, Ste. 1500 | | | Figari & Davenport | | |
| | | | Representative's Address | | |
| | | | 901 Main St. Ste. 3400 | | |
| City | State | Zip Code | City | State | Zip Code |
| Dallas | TX | 75201 | Dallas | TX | 75202 |
| Phone No. | | Fax No. | Phone No. | | Fax No. |
| 214-978-4000 | | 214-978-4044 | 214-939-2005 | | 214-939-2090 |
| Email Address: | | | Email Address: | | |
| gweden@mckoolsmith.com | | | don.colleluori@figdav.com | | |

The named claimant, a party to an arbitration agreement dated 4/8/2010 _____, which provides for arbitration under the
Commercial Arbitration Rules of the American Arbitration Association, hereby demands arbitration.

**THE NATURE OF THE DISPUTE**
Sexual harassment, wage discrimination, and denied wages in employment through termination on July 11, 2014 using multiple
entities.

| Dollar Amount of Claim $100,000,000.00 | Other Relief Sought: ☒ Attorneys Fees      ☒ Interest |
|---|---|
| | ☒ Arbitration Costs ☒ Punitive/ Exemplary ☐ Other _____ |

Amount Enclosed $_____   In accordance with Fee Schedule: ☐Flexible Fee Schedule   ☐Standard Fee Schedule

PLEASE DESCRIBE APPROPRIATE QUALIFICATIONS FOR ARBITRATOR(S) TO BE APPOINTED TO HEAR THIS DISPUTE:



Hearing locale Wilmington, Delaware ___ (check one) ☒ Requested by Claimant   ☐ Locale provision included in the contract

| Estimated time needed for hearings overall: | Type of Business: Claimant ___Attorney___ |
|---|---|
| ___ hours or ___10.00___ days | Respondent Law Firm/Patent Troll |

Is this a dispute between a business and a consumer? ☐Yes ☐ No Does this dispute arise out of an employment relationship? ☒ Yes ☐ No

If this dispute arises out of an employment relationship, what was/is the employee's annual wage range? Note: This question is required
by California law. ☐Less than $100,000  ☐ $100,000 - $250,000  ☒ Over $250,000

You are hereby notified that a copy of our arbitration agreement and this demand are being filed with the American Arbitration
Association with a request that it commence administration of the arbitration. The AAA will provide notice of your opportunity
to file an answering statement.

| Signature (may be signed by a representative)   Date: | Name of Representative |
|---|---|
| 8/3/2014 | |
| Name of Claimant | Name of Firm (if applicable) |
| Chelsea L. Davis | |
| Address (to be used in connection with this case) | Representative's Address |
| 2068 Meadow View Dr. | |
| City              State    Zip Code | City              State    Zip Code |
| Princeton        TX        75205 | |
| Phone No.              Fax No. | Phone No.              Fax No. |
| 469-426-5850          469-533-0466 | |
| Email Address: | Email Address: |
| cdavis@chelseadavispc.com | |

To begin proceedings, please send a copy of this Demand and the Arbitration Agreement, along with the filing fee as
provided for in the Rules, to: American Arbitration Association, Case Filing Services, 1101 Laurel Oak E___
Voorhees, NJ 08043. Send the original Demand to the Respondent.

**EXHIBIT**

C

MUST BE FILLED OUT
SIGNED, DATED AND
RETURNED

## ARBITRATION AGREEMENT

**READ THIS AGREEMENT CAREFULLY BEFORE YOU SIGN. THEN RETURN FOR RETENTION IN YOUR PERSONNEL FILE.**

To resolve disputes which might become civil court cases, you and McKool Smith agree that the following disputes will be submitted to final and binding arbitration before a neutral arbitrator and not to any court.

- Claims of unlawful harassment or discrimination which cannot be resolved by the parties or during an investigation by an administrative agency (such as the Department of Fair Employment and Housing or the Equal Employment Opportunity Commission).
- Claims of unfair demotion or reduction in pay.
- Claims of wrongful discharge or termination.
- Claims of post-termination defamation.

You begin the arbitration process by delivering a written request for arbitration to McKool Smith within the time limits which would apply to the filing of a civil complaint in court. A late request will be void.

If we are unable to agree upon a neutral arbitrator, we will obtain a list of arbitrators from the American Arbitration Association. The arbitrator shall be bound by the provisions and procedures set forth in the 1989 Model Employment Arbitration Procedures of the American Arbitration Association. The arbitrator shall determine the prevailing party in the arbitration and the costs of the arbitration shall be paid by the non-prevailing party. The arbitrator shall have the authority to order any legal and equitable remedy which would be available in a civil or administrative action on the claim.

This arbitration shall be exclusive means of resolving any disputes(s) listed in this agreement and no other action will be brought in any court or administrative forum.

If any court of competent jurisdiction declares that any part of this Arbitration Agreement is illegal, invalid or unenforceable, such a declaration will not affect the legality, validity or enforceability of the remaining parts of the Agreement, and the illegal, invalid or unenforceable part will no longer be part of this Agreement.

**THIS AGREEMENT IS A WAIVER OF ALL RIGHTS TO A CIVIL JURY TRIAL FOR A DISPUTED TERMINATION, DEMOTION, AND/OR A CLAIM FOR UNLAWFUL HARASSMENT OR EMPLOYMENT DISCRIMINATION.**

_____          4/8/10
Employee Signature                                Date

COPY

HR 2264-1

FILED
DALLAS COUNTY
10/28/2014 11:59:08 AM
GARY FITZSIMMONS
DISTRICT CLERK

CAUSE NO. DC-13-14215-M

| | | |
|---|---|---|
| CHELSEA L. DAVIS, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| vs. | § | 298TH JUDICIAL DISTRICT OF |
| | § | |
| McKOOL SMITH, P.C., | § | |
| Defendant. | § | DALLAS COUNTY, TEXAS |

**NOTICE OF HEARING ON DEFENDANT'S (1) MOTION TO
ENFORCE JUDGMENT AND STAY ARBITRATION, AND
(2) MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT**

Please take notice that Defendant McKool Smith, P.C.'s (1) Motion to Enforce

Judgment and Stay Arbitration, and (2) Motion to Declare Plaintiff a Vexatious Litigant

will be heard at 2:30 p.m. on December 5, 2014.

Respectfully submitted,

By: _Don Colleluori_____
    A. Erin Dwyer
    State Bar No. 06302700
    Erin.Dwyer@figdav.com
    Don Colleluori
    State Bar No. 04581950
    Don.Colleluori@figdav.com

FIGARI & DAVENPORT, L.L.P.
3400 Bank of America Plaza
901 Main Street, LB 125
Dallas, Texas 75202-3796
(214) 939-2000 - Telephone
(214) 939-2090 - Facsimile

ATTORNEYS FOR
McKOOL SMITH, P.C. and
GECESP ASSOCIATES, LLC

**NOTICE OF HEARING ON DEFENDANT'S (1) MOTION TO ENFORCE JUDGMENT AND STAY
ARBITRATION, AND (2) MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT – Page 1**

APP. 0032

## CERTIFICATE OF SERVICE

I certify that this instrument was served on Plaintiff on the 28th day of October, 2014, through the Efile Texas system, as well as in the manner noted below:

*Via Email and Facsimile*
Chelsea L. Davis
2068 Meadow View Road
Princeton, Texas 75407
cdavis@chelseadavispc.com
(469) 533-0466 – Facsimile

*Don Colleluori*_____
Don Colleluori

**NOTICE OF HEARING ON DEFENDANT'S (1) MOTION TO ENFORCE JUDGMENT AND STAY ARBITRATION, AND (2) MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT – Page 2**

Dismissed and Opinion Filed October 29, 2014



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-13-01747-CV

**CHELSEA L. DAVIS, Appellant**

V.

**MCKOOL SMITH P.C., Appellee**

On Appeal from the 298th Judicial District Court
Dallas County, Texas
Trial Court Cause No. DC-13-14215

## MEMORANDUM OPINION

Before Chief Justice Wright and Justices Lang-Miers and Myers
Opinion by Chief Justice Wright

Appellee has filed a motion to strike appellant's corrected brief and to dismiss the appeal.
Our records reflect appellant's brief was originally due May 7, 2014. On appellant's motion, that
deadline was extended to July 7, 2014. We subsequently stayed that deadline to allow appellant,
again on her motion, to file, no later than July 11, 2014, an affidavit of indigence with the trial
court in compliance with Texas Rule of Appellate Procedure 20.1. *See* TEX. R. APP. P. 20.1.
Appellant asserted the affidavit was necessary because she could not afford the fee for a
supplemental clerk's record needed for the appeal to proceed. Instead of filing the affidavit,
however, appellant tendered her brief. Accordingly, we reinstated the briefing deadlines and
ordered the brief filed.

On August 7, 2014, we notified appellant her brief was deficient. We directed her to file an amended brief that complied with Texas Rule of Appellate Procedure 38.1 no later than August 18th and cautioned her that failure to comply could result in dismissal of the appeal without further notice. *See id.* 38.1, 38.8(a)(1), 42.3(b),(c). That deadline was subsequently extended twice, making her brief due September 12, 2014. When appellant had not filed the brief by September 23, 2014, we directed her to file the brief, along with an extension motion, no later than October 3, 2014 and cautioned her again that her appeal could be dismissed if she failed to comply. Appellant tendered her amended brief, but no extension motion, October 6, 2014.

Appellee asserts in support of its motion to strike brief and dismiss appeal that the brief is still deficient and appellant has no regard for the Court's rules and deadlines. Appellee filed its motion October 9, 2014. More than ten days have passed, and appellant has not responded. Because appellant has been given more than five months to file a proper brief but has failed to do so, we grant the motion and dismiss the appeal. *See id.* 38.8(a)(1), 42.3(b),(c).

131747F.P05

/Carolyn Wright/
CAROLYN WRIGHT
CHIEF JUSTICE

–2–



## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

CHELSEA L. DAVIS, Appellant

No. 05-13-01747-CV        V.

MCKOOL SMITH, P.C., Appellee

On Appeal from the 298th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-13-14215.
Opinion delivered by Chief Justice Wright.
Justices Lang-Miers and Myers
participating.

In accordance with this Court's opinion of this date, we **DISMISS** the appeal.

We **ORDER** that appellee McKool Smith, P.C. recover its costs, if any, of this appeal from appellant Chelsea L. Davis.

Judgment entered October 29, 2014.

–3–

APP. 0036

349m – 000411

DC-13-14215

**CHELSEA DAVIS, et al**
**vs.**
**MCKOOL SMITH P.C., et al**

In the District Court
of Dallas County, Texas
298th District Court

## ORDER OF REFERRAL ON RECUSAL SUA SPONTE

I hereby recuse myself, SUA SPONTE, and request that the Local

Administrative District Judge assign a judge to hear the above cause.

Signed this __13__, day of __November__, 20 __14__.

EMILY TOBOLOWSKY, Judge

**ORIGINAL SIGNED BY JUDGE**

APP. 0037

349 M   000446

NO. DC-13-14215

| | | |
|---|---|---|
| CHELSEA DAVIS, ET AL. | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| V | § | DALLAS COUNTY, TEXAS |
| | § | |
| MCKOOL SMITH P.C., ET AL. | § | |
| | § | 298TH JUDICIAL DISTRICT |

ORDER TRANSFERRING

Based on a recusal, this case is transferred to the 160st District Court of Dallas County,

Texas.

IT IS SO ORDERED.

Signed this _17_ day of ___November___, 2014.

MARY MURPHY, Presiding Judge
First Administrative Judicial Region

ORDER TRANSFERRING – Page 1 of 1

ORIGINAL SIGNED BY JUDGE

FILED
DALLAS COUNTY
11/26/2014 11:49:10 AM
GARY FITZSIMMONS
DISTRICT CLERK

CAUSE NO. DC-13-14215-M

| | | |
|---|---|---|
| CHELSEA L. DAVIS, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| vs. | § | 298TH JUDICIAL DISTRICT OF |
| | § | |
| McKOOL SMITH, P.C., | § | |
| Defendant. | § | DALLAS COUNTY, TEXAS |

**AMENDED NOTICE OF HEARING ON DEFENDANT'S (1)
MOTION TO ENFORCE JUDGMENT AND STAY
ARBITRATION, AND (2) MOTION TO DECLARE
PLAINTIFF A VEXATIOUS LITIGANT**

Please take notice that Defendant McKool Smith, P.C.'s (1) Motion to Enforce

Judgment and Stay Arbitration, and (2) Motion to Declare Plaintiff a Vexatious Litigant

will be heard at 9:30 p.m. on December 12, 2014. The Motion will be heard by Associate

Judge Sheryl McFarlin in Auxiliary Courtroom 6-C.

AMENDED NOTICE OF HEARING ON DEFENDANT'S (1) MOTION TO ENFORCE
JUDGMENT AND STAY ARBITRATION, AND (2) MOTION TO DECLARE PLAINTIFF
A VEXATIOUS LITIGANT – Page 1

Respectfully submitted,

By: *Lance V. Clack*
    A. Erin Dwyer
    State Bar No. 06302700
    Erin.Dwyer@figdav.com
    Don Colleluori
    State Bar No. 04581950
    Don.Colleluori@figdav.com
    Lance V. Clack
    State Bar No. 24040694
    Lance.Clack@figdav.com

FIGARI & DAVENPORT, L.L.P.
3400 Bank of America Plaza
901 Main Street, LB 125
Dallas, Texas 75202-3796
(214) 939-2000 - Telephone
(214) 939-2090 - Facsimile

ATTORNEYS FOR
McKOOL SMITH, P.C.

## CERTIFICATE OF SERVICE

I certify that this instrument was served on Plaintiff on the 26th day of November,

2014, through the Efile Texas system, as well as in the manner noted below:

*Via Email and Facsimile*
Chelsea L. Davis
2068 Meadow View Road
Princeton, Texas 75407
cdavis@chelseadavispc.com
(469) 533-0466 – Facsimile

*Lance V. Clack*
Lance Clack

AMENDED NOTICE OF HEARING ON DEFENDANT'S (1) MOTION TO ENFORCE
JUDGMENT AND STAY ARBITRATION, AND (2) MOTION TO DECLARE PLAINTIFF
A VEXATIOUS LITIGANT – Page 2

APP. 0040

FILED
DALLAS COUNTY
12/5/2014 2:24:34 PM
GARY FITZSIMMONS
DISTRICT CLERK

CAUSE NO. DC-13-14215

| | |
|---|---|
| CHELSEA L. DAVIS | IN THE DISTRICT COURT FOR THE |
| v. | 298TH JUDICIAL DISTRICT |
| MCKOOL SMITH P.C. | JURY TRIAL DEMANDED |
| | DALLAS COUNTY, TEXAS |

## NOTICE OF NOTICE OF REMOVAL

I, Chelsea L. Davis, hereby provide notice of filing of the attached notice of removal in the U.S. District Court for the Northern District of Texas. The new cause number is 3:14-cv-3975. This 160th Judicial District Court is notified that this Court lacks all authority and jurisdiction to act due to the filing of the attached notice of removal.

Dated: Dec. 5, 2014

Respectfully submitted,

/s/Chelsea L. Davis
Chelsea L. Davis, *Pro-Se*
2068 Meadow View Rd.
Princeton, TX 75407
Telephone: (469) 426-5850
Facsimile: (972) 803-3576
cdavis@chelseadavispc.com

## CERTIFICATE OF SERVICE

Pursuant to Tex. R. Civ. P. 21, this is to certify that a true and correct copy of this instrument is being filed electronically and sent concurrently to counsel of "record" by electronic filing service provider as permitted by Tex. R. Civ. P. 21a or in accordance with court ordered substitution of service; or, on this day, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court or U.S. Court of Appeals for the Fifth Circuit using

1

APP. 0041

the electronic case filing system of the Court. I hereby certify that I have served all counsel

and/or pro se parties of record electronically by email or, as a pro-se party, on the date it is

electronically docketed in the Court's CM/ECF system, as authorized by the Federal Rule of

Civil Procedure 5(b)(2) and the Local Rules for the United States District Court for the Eastern

District of Texas.

      Dated: Dec. 5, 2014                 Respectfully submitted,

                                        /s/Chelsea L. Davis
                                        Chelsea Davis, *Pro-Se*

NO. _____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

**CHELSEA L. DAVIS**

**V.**

**MCKOOL SMITH P.C., SAMUEL F. BAXTER AND HARLAN R. CROW**

*Chelsea L. Davis v. McKool Smith P.C. and Samuel F. Baxter*
TRANSFERRED/REMOVED from the 298TH/160TH Judicial District Courts, Dallas County,
Texas, Cause Nos. DC-13-12834/ DC-13-14215
(Judges Emily Tobolowsky and Jim Jordan)
CONSOLIDATED WITH *Chelsea L. Davis v. Harlan R. Crow*, Cause No. DC-13-14479, in the
68th/298th Judicial District Court, Dallas County, Texas
REMOVED/TRANSFERRED TO/FROM:
*DAVIS V. BAXTER*
U.S. DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION
CASE NOS. 4:13-CV-514-RC/4:14-CV-00754-RC;
AND/OR REMOVED/TRANSFERRED TO/FROM:
*MCKOOL SMITH P.C. V. DAVIS*
U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION
CASE NOS. 3:13-CV-4926-N/3:14-CV-3975-N
(severed from the sealed State Bar of Texas grievance investigation, which appears to have been
removed from and remanded to the 298TH/254TH/68TH Judicial District Courts, Dallas County,
Texas, Cause Nos. DC-13-12834/ DC-13-14215/ DF-13-19281/ DF-14-11110/ DC-13-14479/
DF-13-23109)
(Judges Emily Tobolowsky, James Martin, Martin Hoffman and Associate Judge Donald Turner)
(including *Davis v. Baxter,* 199TH/429TH Judicial District Courts, Collin County, Texas
Cause Nos. 199-03395-2013/429-03449-2014 (Judges Angela Tucker and Jill Willis))

## SIXTH NOTICE OF REMOVAL

I, Chelsea L. Davis, hereby timely file my Notice of Removal of *Chelsea L. Davis v.*

*McKool Smith P.C., Samuel F. Baxter and Harlan R. Crow* to the U.S. District Court for the

1

Northern District of Texas. Under Cause No. DC-13-14215, and in a sealed investigation in which I have not been permitted to produce any evidence or testify on the merits, Samuel Baxter appears to have obtained the signature of State Court District Judges and Associate Judges on several orders as follows, which are incorporated by reference herein:

1. ORDER DISMISSAL WITHOUT PREJUDICE Oct. 7, 2013

2. Order to Stay on the merits for all purposes Nov. 6, 2013

3. Order Nonsuit Nov. 19, 2013

4. ORDER - TRANSFER (NOT CHANGE OF VENUE) Nov. 21, 2013

5. Order Transfer/Consolidate Nov. 26, 2013

6. ORDER - CHANGE VENUE TRANSFER Dec. 11, 2013

7. Order re: motion for sanctions Dec. 16, 2013

8. ORDER - SANCTIONS Dec. 27, 2013

9. ORDER - SANCTIONS Jan. 30, 2014

10. Order re: reinstatement Feb. 3, 2014

11. ORDER TRANSFER June 10, 2014

12. ORDER - SANCTIONS June 17, 2014

13. ORDER - CONSOLIDATE June 17, 2014

14. ORDER - SANCTIONS June 17, 2014

15. STATE COURT OF APPEALS 5TH COA ORDERS, 05-13-01747-CV

16. ORDER REGARDING NONSUIT July 28, 2014

17. ORDER GRANTING MOTION FOR EXTENSION OF DEADLINES AND ORDER EXTENDING DEADLINE FOR FILING MOTION FOR NEW TRIAL Oct. 30, 2014

APP. 0044

18. ORDER - TRANSFER (NOT CHANGE OF VENUE) Oct. 30, 2014

19. Order Recusal Nov. 13, 2014

20. Order Transfer Nov. 17, 2014

21. ORDER VACATING DISMISSAL Nov. 18, 2014

22. Case assignment pursuant to standing order Nov. 19, 2014

Certain orders may be void due to notice(s) of removal and/or order of transfer and motions regarding transfer. I never intended to dismiss any claim or cause of action. I merely refused to introduce my evidence to a court that lacked jurisdiction and authority to hear my claim(s) and/or cause(s) of action due to stay, transfer, consolidation, removal, severance, etc. I am being denied due process in the sealed grievance investigation and object to starting/stopping/proceeding of case/controversy during period in which I am denied due process.

I obtained the listings of documents from the court coordinator who works for Judge James Martin even though I am not technically permitted to access the file at this time, which may be included in this "case" and relevant in light of a proposed alleged order of severance, refiling/reopening and/or other proposed and/or alleged orders and Samuel Baxter and McKool Smith P.C.'s motions for sanctions and enforcement, which may or may not have been served on me as a party and to which I object for lack of service, notice, process, case or controversy prior to severance, etc. However, I timely present my notice of removal of allegations against me allegedly made in motions for sanctions. Also, I object to the numerous errors on the case summary/docket sheets listing documents and events because the listings contain numerous errors, including party designations where there are no parties.

3

Multiple additional appeals may be opened or pending in the Fifth District Court of Appeals, Dallas, Texas, which have (likely erroneously and without authority) been assigned Docket Nos. 05-13-01744-CV, 05-13-01747-CV, 05-13-01748-CV, 05-14-00090-CV. 05-14-00095-CV, 05-14-01105-CV, 05-14-01036-CV, 05-14-01034-CV, 05-14-00841-CV and 05-14-00846-CV, which are removed to this Court. Certain "proceedings" and/or "appeals" have been consolidated into Docket No. 05-13-01747-CV by the Fifth District Court of Appeals, Dallas, Texas.

There is much confusion as to how any cause number could have been opened and any proceeding could have proceeded due to the preliminary anti-suit injunction. There is much confusion as to how the state court sealed cause numbers from the public record and consolidated anything into a grievance investigation(s) and/or an alleged proceeding before the Board of Disciplinary Appeals, especially when there may not have been any finding or showing of just cause or disability. Pursuant to Tex. Gov. Code. Sec. 81.072(i), Chelsea Davis has requested a panel of a district grievance committee of the state bar that votes on a grievance matter to disclose to her "the number of members of the panel: (1) voting for a finding of just cause; (2) voting against a finding of just cause; and (3) abstaining from voting on the matter," but she has not received the required disclosures. *Id.* No hearing has yet been held before an evidentiary panel or in district court.

A notice of removal was "filed" in state court in the 199th Judicial District Court of Collin County, Texas on Sept. 9, 2013 and in the 254th Judicial District Court of Dallas County, Texas on Oct. 28, 2013, Dec. 18, 2013, Jan. 9, 2014 and/or May 30, 2014. Orders of remand were "entered" on Feb. 11, 2014 and June 2, 2014. Attached is the "docket" summary of the thing assigned Case No. DF-13-19281 before Judge James Martin of the 254th Judicial District Court, Dallas County, Texas and the many random documents and things that Harlan Crow, Samuel Baxter, and McKool Smith P.C. continue to have state court judges sign that are groundless, unsworn, unsupported by any evidence, and absolutely ridiculous and untrue.

Under 28 U.S.C. Sec. 1442(a), "[a] civil action or criminal prosecution that is

4

commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending." *Id.* Without waiving her right to contest the commencement and pendency of a proceeding in state court due to the preliminary anti-suit injunction and the fact that a grievance investigation by the State Bar of Texas cannot be a case, Chelsea Davis may remove the thing to the extent it is alleged by a civil action or criminal prosecution because she is an "officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office." 28 U.S.C. Sec. 1442(a)(1). She may also be "property holder whose title is derived from any such officer, where such action or prosecution affects the validity of any law of the United States"; or "[a]ny officer of the courts of the United States, for or relating to any act under color of office or in the performance of his duties." Chelsea Davis may remove allegations against her law license made in motions for sanctions presented in state court to federal court because she is an officer of the United States Patent and Trademark Office, Reg. No. 63,791. Chelsea Davis is a person acting under the United States, its agencies or its officers that has been sued for or relating to any act under color of such office and has a colorable federal defense to the counter/intervenor plaintiff's claim. Because she asserts a colorable government contractor defense, this Court may obtain federal subject matter jurisdiction. *See State of La. v. Sparks*, 978 F.2d 226, 232 (5th Cir. 1992) ("[T]he Supreme Court has for over two decades required a liberal interpretation of § 1442(a) in view of its chief purpose—to prevent federal officers who simply comply with a federal duty from being punished by a state court for doing so.").

Dated: Dec. 2, 2014

Respectfully submitted,

/s/Chelsea L. Davis
Chelsea L. Davis, *Pro-Se*
2068 Meadow View Rd.
Princeton, TX 75407
Telephone: (469) 426-5850
Facsimile: (972) 803-3576
cdavis@chelseadavispc.com

5

## CERTIFICATE OF SERVICE

Pursuant to Tex. R. Civ. P. 21, this is to certify that a true and correct copy of this instrument is being filed electronically and sent concurrently to counsel of "record" by electronic filing service provider as permitted by Tex. R. Civ. P. 21a or in accordance with court ordered substitution of service; or, on this day, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court or U.S. Court of Appeals for the Fifth Circuit using the electronic case filing system of the Court. I hereby certify that I have served all counsel and/or pro se parties of record electronically by email or, as a pro-se party, on the date it is electronically docketed in the Court's CM/ECF system, as authorized by the Federal Rule of Civil Procedure 5(b)(2) and the Local Rules for the United States District Court for the Eastern District of Texas.

Dated: Dec. 2, 2014                    Respectfully submitted,

                                       /s/Chelsea L. Davis
                                       Chelsea Davis, *Pro-Se*

6

APP. 0048

# SUMMARY SHEET
## CASE NO. DC-13-14479

| | | |
|---|---|---|
| **CHELSEA DAVIS** | § | Location: **68th District Court** |
| vs. | § | Judicial Officer: **HOFFMAN, MARTIN** |
| **HARLAN CROW** | § | Filed on: **12/10/2013** |
| | § | |
| | § | |

---

### CASE INFORMATION

**Statistical Closures**                                   Case Type: **OTHER (CIVIL)**
12/11/2013    CHANGE OF VENUE TRANSFERS

---

### PARTY INFORMATION

*Lead Attorneys*

**PLAINTIFF**      DAVIS, CHELSEA L

**Pro Se**

**DEFENDANT**      CROW, HARLAN R

---

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| 12/10/2013 | NEW CASE FILED (OCA) - CIVIL | |
| 12/10/2013 | ORIGINAL PETITION<br>*Original Petition* | |
| 12/10/2013 | CASE FILING COVER SHEET<br>*Case Filing Cover Sheet* | |
| 12/11/2013 | MOTION - TRANSFER - NO CHANGE OF VENUE<br>Party: DEFENDANT CROW, HARLAN R | |
| 12/11/2013 | NON-SIGNED PROPOSED ORDER/JUDGMENT<br>*ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER* | |
| 12/11/2013 | MOTION - SEAL<br>Party: DEFENDANT CROW, HARLAN R<br>*EXPEDITED HEARING - TEMPORARY AND FOR A PERMANENT SEALING ORDER* | |
| 12/11/2013 | NON-SIGNED PROPOSED ORDER/JUDGMENT<br>*ORDER GRANTING DEFENDANT'S MOTION FOR EXPEDITED HEARING AND FOR A TEMPORARY SEALING ORDER* | |
| 12/11/2013 | ORDER - SEAL | *Vol./Book 478C,<br>Page 780, 1 pages* |
| 12/11/2013 | **ORDER - CHANGE VENUE TRANSFER** (Judicial Officer: HOFFMAN, MARTIN) | *Vol./Book 478C ,<br>Page 781, 1 pages* |
| 12/18/2013 | MOTION - QUASH<br>Party: DEFENDANT CROW, HARLAN R | |
| 12/20/2013 | AMENDED PETITION<br>*Amended Petition* | |
| 12/20/2013 | CC TRANSFER | |

*Printed on 09/26/2014 at 4:14 PM*

**APP. 0049**

Case 3:14-cv-03975-N-BK   Document 21-1   Filed 12/02/14   Page 2 of 3   PageID 257

Gary Fitzsimmons, District Clerk

# SUMMARY SHEET
### CASE NO. DC-13-14479

|  |  |
|---|---|
|  | *TRANSFERED TO 254TH (NEW CAUSE NO.)* |
| 01/09/2014 | **MOTION HEARING** (9:30 AM)  (Judicial Officer: TURNER, DON)<br>*M/SEAL* |
| 01/24/2014 | NOTICE OF APPEAL - CT. OF APPEALS<br>Party:  PLAINTIFF DAVIS, CHELSEA L<br>*COA case no 05-14-00090-CV Notice Of Appeal - CT. Of Appeals - DESIGNATION REQUESTED AT TIME OF FILING W/IN 3 DAYS* |
| 03/17/2014 | COA - POST CARD<br>*05-14-00090-CV* |
| 03/25/2014 | COA - CORRESPONDENCE LETTER<br>*COA 05-14-00090-CV SENT NO DESIGNATION LTR TO 5TH COA* |
| 04/07/2014 | NOTE - CLERKS<br>*COA case no 05-14-00090-CV, prepared clerk's record no designation basic record* |
| 04/07/2014 | CLERK'S RECORD PAYMENT INVOICE<br>Party:  PLAINTIFF DAVIS, CHELSEA L<br>*COA case no 05-14-00090-CV, prepared clerk's record, basic record, no designation submitted, sent plaintiff invoice via email, pending payment, Pages: 55 Clerk's Record-$55.00 Transcript Fee- $25.00 Attorney Copy Fee- N/A Total Fee- $80.00 Charged Plaintiff-Chelsea Davis* |
| 04/07/2014 | APPELLATE RECORD<br>Party:  PLAINTIFF DAVIS, CHELSEA L<br>*COA case no 05-14-00090-CV Received paid invoice of $80.00 from plaintiff attny for preparation of requested Clerk's Record, submitted electronic version to the 5th Court of Appeals 4/7/2014 .with confirmation trace pg no 5890* |
| 04/18/2014 | SUPPLEMENTAL CLERK'S RECORD REQUEST<br>Party:  PLAINTIFF DAVIS, CHELSEA L<br>*COA case no 05-14-00090-CV* |
| 04/18/2014 | NOTE - CLERKS<br>*COA case no 05-14-00090-CV, preparing requested SUPP #1* |
| 04/18/2014 | CLERK'S RECORD PAYMENT INVOICE<br>Party:  PLAINTIFF DAVIS, CHELSEA L<br>*COA case no 05-14-00090-CV, prepared requested supplemental clerk's record, sent plaintiff attny invoice via email, pending payment, SUPP #1 Pages: 10 Clerk's Record- $10.00 Transcript Fee- $25.00 Attorney Copy Fee- N/A Total Fee- $35.00 Charged Plaintiff-Chelsea Davis* |
| 04/21/2014 | APPELLATE RECORD<br>Party:  PLAINTIFF DAVIS, CHELSEA L<br>*SUPPLEMENTAL #1 COA case no 05-14-00090-CV Received paid invoice of $35.00 from plaintiff attny for preparation of requested SUPP #1 Clerk's Record, submitted electronic version to the 5th Court of Appeals 4/21/2014 .with confirmation trace pg no 6077* |
| 06/10/2014 | NOTE - CLERKS<br>*RESENT, CLERK SAID DID NOT RECEIVE (REMOVED NOTATION ON NEW CASE # DF-13-23109)* |
| 09/08/2014 | AMENDED PETITION |

*Printed on 09/26/2014 at 4:14 PM*

**APP. 0050**

# SUMMARY SHEET
## CASE NO. DC-13-14479

| | | |
|---|---|---|
| 09/09/2014 | NON-SIGNED PROPOSED ORDER/JUDGMENT<br>*AMENDED* | |
| 09/09/2014 | CASE FILING COVER SHEET | |
| 09/09/2014 | NOTE - CLERKS<br>*O/AMENDED TO C/ADMIN QUEUE FOR REVIEW* | |
| 09/09/2014 | CORRESPONDENCE - LETTER TO FILE | |
| 09/11/2014 | CORRESPONDENCE - LETTER TO FILE<br>*JUDGE RECEIVED COPY .* | |
| 09/26/2014 | MOTION - MISCELLANOUS<br>Party: PLAINTIFF DAVIS, CHELSEA L<br>*TO UNSEAL* | |

| DATE | FINANCIAL INFORMATION | |
|---|---|---|

**PLAINTIFF** DAVIS, CHELSEA L

| | | |
|---|---|---|
| Total Charges | | 387.00 |
| Total Payments and Credits | | 387.00 |
| **Balance Due as of 9/26/2014** | | **0.00** |

| Charge | | PLAINTIFF DAVIS, CHELSEA L | 272.00 |
|---|---|---|---|
| CREDIT CARD -  Receipt # 68535-2013-DCLK<br>TEXFILE (DC) | | PLAINTIFF DAVIS, CHELSEA L | (272.00) |
| Charge | | PLAINTIFF DAVIS, CHELSEA L | 80.00 |
| PAYMENT   Receipt # 19934-2014-DCLK<br>(CASE FEES) | | PLAINTIFF DAVIS, CHELSEA L | (80.00) |
| Charge | | PLAINTIFF DAVIS, CHELSEA L | 35.00 |
| PAYMENT   Receipt # 22545-2014-DCLK<br>(CASE FEES) | | PLAINTIFF DAVIS, CHELSEA L | (35.00) |

*Printed on 09/26/2014 at 4:14 PM*

APP. 0051

GARY FITZSIMMONS, DISTRICT CLERK

# CASE SUMMARY
## CASE NO. DF-13-23109

| | | | |
|---|---|---|---|
| **CHELSEA DAVIS** | | § | Location: **254th District Court** |
| vs. | | § | Filed on: **12/20/2013** |
| **HARLAN CROW** | | § | |
| | | § | |

---

### CASE INFORMATION

**Related Cases**                                            Case Type: **OTHER (FAMILY)**
    DF-13-19281  (CONSOLIDATION)

---

### PARTY INFORMATION

| | | *Lead Attorneys* |
|---|---|---|
| **PETITIONER** | **DAVIS, CHELSEA L** | **Pro Se** |
| | | |
| **RESPONDENT** | **CROW, HARLAN R** | **STONE, KENNETH C** |
| | | *Retained* |
| | | 214-954-4135(W) |

---

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| 12/10/2013 | INSTRUMENTS<br>*CASE FILE COVER SHEET* | |
| 12/10/2013 | INSTRUMENTS<br>*PETITION* | |
| 12/11/2013 | INSTRUMENTS<br>*DEFENDANTS MOTION TO TRANSFER* | |
| 12/11/2013 | INSTRUMENTS<br>*MOTION FOR EXPEDITED HEARING FOR A TEMPORARY SEALING ORDER AND FOR A PERMANENT SEALING ORDER* | |
| 12/11/2013 | INSTRUMENTS<br>*ORDER GRANTING DEFENDANTS MOTION TO TRANSFER* | |
| 12/11/2013 | INSTRUMENTS<br>*ORDER GRANTING MOTION FOR EXPEDITED HEARING FOR A TEMPORARY SEALING ORDER AND FOR A PERMANENT SEALING ORDER (NONSIGNED)* | |
| 12/11/2013 | INSTRUMENTS<br>*ORDER GRANTING DEFENDANTS MOTION TO TRANSFER* | |
| 12/11/2013 | INSTRUMENTS<br>*ORDER GRANTING MOTION FOR EXPEDITED HEARING FOR A TEMPORARY SEALING ORDER AND FOR A PERMANENT SEALING ORDER* | |
| 12/13/2013 | MISCELLANOUS EVENT<br>Party:  RESPONDENT  CROW, HARLAN R<br>*NOTICE OF POSTING PUBLIC NOTICE-MOTION TO SEAL COURT RECORDS* | |
| 12/18/2013 | INSTRUMENTS<br>*DEFENDANT MOTION TO QUASH* | |

GARY FITZSIMMONS, District Clerk

# CASE SUMMARY
### CASE NO. DF-13-23109

| | | |
|---|---|---|
| 12/20/2013 | NEW CASE FILED (OCA) - FAMILY | |
| 12/20/2013 | ORDER - AFTER JUDGMENT MOTION DISPOSED | *Vol./Book 478C, Page 00781* |
| 12/20/2013 | INSTRUMENTS<br>*FIRST AMENDED PETITION* | |
| 12/30/2013 | MOTION - CONSOLIDATE<br>*Motion to Consolidate* | |
| 01/03/2014 | MOTION - SANCTIONS<br>*DEFENDANT MOTION FOR SANCTIONS* | |
| 01/09/2014 | ASSOCIATE JUDGE'S REPORT | *Vol./Book 7839, Page 416, 1 pages* |
| 01/09/2014 | ORDER - SEAL | *Vol./Book 7839, Page 427, 1 pages* |
| 01/09/2014 | **MOTION HEARING** (9:30 AM)  (Judicial Officer: TURNER, DON)<br>*seal* | |
| 01/21/2014 | MOTION - PROTECT<br>Party:  RESPONDENT  CROW, HARLAN R | |
| 01/30/2014 | ORDER - SANCTIONS | *Vol./Book 7840, Page 191, 1 pages* |
| 01/30/2014 | **MOTION HEARING** (1:30 PM)  (Judicial Officer: TURNER, DON) | |
| 02/28/2014 | ORIGINAL ANSWER - GENERAL DENIAL<br>Party:  RESPONDENT  CROW, HARLAN R | |
| 04/23/2014 | MOTION - QUASH<br>Party:  RESPONDENT  CROW, HARLAN R<br>*& PROTECTIVE ORDER* | |
| 04/23/2014 | MOTION - QUASH<br>Party:  PETITIONER DAVIS, CHELSEA L<br>*DEPOSITION OF CHELSEA DAVIS* | |
| 05/14/2014 | MOTION - SANCTIONS<br>Party:  PETITIONER DAVIS, CHELSEA L<br>*SECOND & MOTION FOR CONTEMPT* | |
| 05/15/2014 | NOTICE OF APPEARANCE<br>Party:  PETITIONER DAVIS, CHELSEA L<br>*DAWN M. SMITH* | |
| 05/28/2014 | NOTICE OF HEARING / FIAT | *Vol./Book 7844, Page 387, 1 pages* |
| 05/28/2014 | MOTION - WITHDRAW ATTORNEY<br>Party:  PETITIONER DAVIS, CHELSEA L<br>*W/D OF DAWN SMITH* | |

*Printed on 09/26/2014 at 4:11 PM*

APP. 0053

# CASE SUMMARY
## CASE NO. DF-13-23109

| | | |
|---|---|---|
| 05/30/2014 | MISCELLANOUS EVENT<br>Party:  PETITIONER  DAVIS, CHELSEA L<br>*NOTICE OF NOTICE OF REMOVAL* | |
| 06/02/2014 | ORDER - MISC.<br>*REMAND FROM US DIST COURT, N DIST TX* | *Vol./Book 7845,*<br>*Page 103, 1 pages* |
| 06/04/2014 | MOTION - SANCTIONS<br>Party:  RESPONDENT CROW, HARLAN R<br>*SUPPLEMENT TO SECOND MOTION FOR SANCTIONS AND MOTION FOR CONTEMPT* | |
| 06/11/2014 | VACATION LETTER<br>*KEN STONE, ATTY FOR H. CROW* | |
| 06/12/2014 | JURY DEMAND<br>Party:  PETITIONER  DAVIS, CHELSEA L<br>*REQUEST FOR PRE-TRIAL HEARING & JURY DEMAND* | |
| 06/12/2014 | NOTICE OF HEARING / FIAT | |
| 06/12/2014 | NOTICE OF HEARING / FIAT | |
| 06/13/2014 | ORDER - WITHDRAW ATTORNEY<br>Party:  PETITIONER  DAVIS, CHELSEA L<br>*W/D DAWN SMITH* | *Vol./Book 7845,*<br>*Page 198, 1 pages* |
| 06/16/2014 | MISCELLANOUS EVENT<br>Party:  PETITIONER  DAVIS, CHELSEA L | |
| 06/16/2014 | MISCELLANOUS EVENT<br>Party:  PETITIONER  DAVIS, CHELSEA L | |
| 06/16/2014 | NON-SIGNED PROPOSED ORDER/JUDGMENT | |
| 06/17/2014 | RESPONSE<br>*C. DAVIS RESPONSE TO ANTI-DISCOVERY MOTIONS* | |
| 06/17/2014 | NON-SIGNED PROPOSED ORDER/JUDGMENT<br>*C.DAVIS PROPOSED ORDER OF DISMISSAL* | |
| 06/17/2014 | MOTION - VACATE<br>Party:  PETITIONER  DAVIS, CHELSEA L<br>*C.DAVIS MOTION TO VACATE ORDERS* | |
| 06/24/2014 | ORDER - DISMISSAL<br>*WITHOUT PREJUDICE* | *Vol./Book 7845,*<br>*Page 599, 1 pages* |
| 07/28/2014 | DOCKET SHEET | |
| 07/28/2014 | **PRETRIAL** (1:30 PM)  (Judicial Officer: MARTIN, JAMES) | |

APP. 0054

# CASE SUMMARY
### CASE NO. DF-13-23109

| | |
|---|---|
| 08/04/2014 | MOTION - NEW TRIAL<br>Party: PETITIONER DAVIS, CHELSEA L |
| 08/04/2014 | MOTION - VACATE<br>Party: PETITIONER DAVIS, CHELSEA L |
| 08/06/2014 | CANCELED *DISMISSAL FOR WANT OF PROSECUTION (2:00 PM) (Judicial Officer: MARTIN, JAMES)<br>REQUESTED BY ATTORNEY/PRO SE |
| 08/11/2014 | MISCELLANOUS EVENT<br>Party: PETITIONER DAVIS, CHELSEA L<br>CORRESPONDANCE WITH STATE BAR |
| 08/25/2014 | MOTION - APPOINT MISC<br>COURT APPOINTED ATTY |
| 08/29/2014 | NOTICE OF APPEAL OF AJ<br>Party: PETITIONER DAVIS, CHELSEA L |
| 08/29/2014 | NOTICE OF NONSUIT<br>Party: PETITIONER DAVIS, CHELSEA L |
| 08/29/2014 | NON-SIGNED PROPOSED ORDER/JUDGMENT<br>ORDER TO VACATE |
| 08/29/2014 | NON-SIGNED PROPOSED ORDER/JUDGMENT<br>ORDER OF DISMISSAL |
| 09/11/2014 | CORRESPONDENCE - LETTER TO FILE<br>OBJECTION TO ENTRY OF NEW ORDERS |
| 09/12/2014 | MOTION - REINSTATE<br>Party: PETITIONER DAVIS, CHELSEA L |
| 09/12/2014 | AMENDED PETITION<br>Party: PETITIONER DAVIS, CHELSEA L<br>2ND |
| 09/12/2014 | MOTION - LEAVE<br>Party: PETITIONER DAVIS, CHELSEA L<br>TO REDESIGNATE DOCKET ENTRIES |
| 09/12/2014 | MISCELLANOUS EVENT<br>Party: PETITIONER DAVIS, CHELSEA L<br>AMD COMPLAINT |
| 09/12/2014 | MISCELLANOUS EVENT<br>Party: PETITIONER DAVIS, CHELSEA L<br>AMD COMPLAINT |
| 09/12/2014 | MOTION - LEAVE |

APP. 0055

# CASE SUMMARY
## CASE NO. DF-13-23109

|  |  |  |
|---|---|---|
|  | Party: PETITIONER DAVIS, CHELSEA L *TO REDESIGNATE DOCKET ENTRIES* |  |
| 09/12/2014 | 🖼 MOTION - MISCELLANOUS Party: PETITIONER DAVIS, CHELSEA L *DENY APPLICATIONS FOR A P/O* |  |
| 09/25/2014 | 🖼 MOTION - MISCELLANOUS Party: PETITIONER DAVIS, CHELSEA L *UNSEAL* |  |

| DATE | FINANCIAL INFORMATION |  |
|---|---|---|

**PETITIONER DAVIS, CHELSEA L**

| | | |
|---|---|---|
| Total Charges | | 332.00 |
| Total Payments and Credits | | 70.00 |
| **Balance Due as of 9/26/2014** | | **262.00** |
| | | |
| Charge | PETITIONER DAVIS, CHELSEA L | 262.00 |
| Charge | PETITIONER DAVIS, CHELSEA L | 45.00 |
| PAYMENT (CASE FEES) Receipt # 33668-2014-DCLK | PETITIONER DAVIS, CHELSEA L | (45.00) |
| Charge | PETITIONER DAVIS, CHELSEA L | 25.00 |
| PAYMENT (CASE FEES) Receipt # 53515-2014-DCLK | PETITIONER DAVIS, CHELSEA L | (25.00) |

APP. 0056

# CASE SUMMARY
## CASE NO. DF-13-19281

|   |   |
|---|---|
| § | Location: **254th District Court** |
| § | Judicial Officer: **MARTIN, JAMES** |
| § | Filed on: **10/16/2013** |
| § |   |

---

### CASE INFORMATION

**Related Cases**                                             Case Type: **PROTECTIVE ORDER**
DC-13-12834  (LOCAL RULE 1.06/1.07)
DF-13-23109  (CONSOLIDATION)

---

### PARTY INFORMATION

**PETITIONER**      **DAVIS, CHELSEA L**


**RESPONDENT**      **BAXTER, SAMUEL F**


                    **MCKOOL SMITH P.C.**


                    **WARE, LESLIE D**                          **BAIN, ANGELINE LINDLE**
                                                                *Retained*
                                                                214-373-7676(W)

---

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| 01/01/1960 | NON-SIGNED PROPOSED ORDER/JUDGMENT<br>*DCI312834-TRANSFERRING TO 254* | |
| 10/16/2013 | ORIGINAL PETITION (OCA) | |
| 10/16/2013 | APPLICATION - PROTECTIVE ORDER | |
| 10/16/2013 | CASE FILING COVER SHEET | |
| 10/16/2013 | ORDER - EXPARTE (TEMP) PROTECTIVE ORDER | *Vol./Book 7836,<br>Page 492, 1 pages* |
| 10/17/2013 | ISSUE TEMPORARY PROTECTIVE ORDER | |
| 10/17/2013 | **TEMPORARY PROTECTIVE ORDER**<br>WARE, LESLIE D<br>Served: 10/17/2013<br>BAXTER, SAMUEL F<br>Served: 10/18/2013<br>*2-TPO/NOT ATTY RR* | |
| 10/18/2013 | MOTION - SEAL<br>Party: RESPONDENT  WARE, LESLIE D;  RESPONDENT  BAXTER, SAMUEL F<br>*OPPOSED BY CHELSEA DAVIS* | |
| 10/18/2013 | | *Vol./Book 7836,* |

APP. 0057

GRIMES CASE, TILLING - OIDER

# CASE SUMMARY
## CASE NO. DF-13-19281

|  |  |  |
|---|---|---|
|  | ORDER - SEAL | *Page 533, 1 pages* |
| 10/21/2013 | ORIGINAL ANSWER - GENERAL DENIAL<br>Party:  RESPONDENT  WARE, LESLIE D;  RESPONDENT  BAXTER, SAMUEL F |  |
| 10/24/2013 | AMENDED ANSWER - AMENDED GENERAL DENIAL<br>Party:  RESPONDENT  WARE, LESLIE D;  RESPONDENT  BAXTER, SAMUEL F<br>*1ST, AND RESPONSE TO APP FOR PROTECTIVE ORDER* |  |
| 10/25/2013 | RETURN OF SERVICE<br>*1 ATTY (CHELSEA DAVIS) ISSUED SUBP TO (LESLIE D. WARE) EXEC 10-24-13 PPS* |  |
| 10/27/2013 | MOTION - QUASH<br>Party:  PETITIONER  DAVIS, CHELSEA L<br>*NOTICE OF DEPOSITION TO CHELSEA DAVIS (BY ELITE REPRESENTATIVE)* |  |
| 10/28/2013 | NOTE - CLERKS<br>*E-FILED DOCUMENTS PRESENTED TO AJ (FIRST MODIFIED APP TEMP EX PARTE<br>PROTECTIVE ORDER & FIRST MOD TEMP EX PARTE PROTECTIVE ORDER)* |  |
| 10/28/2013 | CASE FILING COVER SHEET<br>*DC1312834-CHELSEA DAVIS (PERSONAL INJURY) V. MCKOOL SMITH & SAMUEL<br>BAXTER* |  |
| 10/28/2013 | ORIGINAL PETITION<br>*DC1312834-CHELSEA DAVIS (PERSONAL INJURY) V. MCKOOL SMITH & SAMUEL<br>BAXTER* |  |
| 10/29/2013 | NON-SIGNED PROPOSED ORDER/JUDGMENT<br>*FIRST MODIFIED TEMP EX PARTE PROTECTIVE ORDER* |  |
| 10/29/2013 | NOTICE OF HEARING / FIAT<br>*ON CHELSEA DAVIS' MOTION TO QUASH DEPOSITION (SET BY A. BAIN) (unserved)<br>CERT OF SERVICE BY A BAIN BY FORWARDING TO COUNSEL OR PARTIES* |  |
| 10/29/2013 | ISSUE CITATION<br>*DC1312834-BAXTER* |  |
| 10/29/2013 | ISSUE CITATION<br>*DC1312834-MCKOOL SMITH PC* |  |
| 10/29/2013 | MOTION - SEAL<br>Party:  RESPONDENT  BAXTER, SAMUEL F<br>*DC1312834-BY BAXTER AND MCKOOL-SMITH-OPPOSED BY C.DAVIS* |  |
| 10/30/2013 | ORDER - MISC.<br>*AGREED ORD EXPIRATION EX PARTE PROT ORDER (C. DAVIS STATED SHE DID<br>NOT AGREE)* | *Vol./Book 7837,<br>Page 292, 1 pages* |
| 10/30/2013 | NOTE - CLERKS<br>*6/16/2014-MS. DAVIS ATTEMPTED TO CANCEL HEARING-DID NOT APPEAR AT<br>HEARING.* |  |
| 10/30/2013 | **PROTECTIVE ORDER - FAM VIOLENCE** (1:30 PM)  (Judicial Officer: TURNER, DON) |  |

GRAYSON SIMMONS, DISTRICT CLERK

# CASE SUMMARY
## CASE NO. DF-13-19281

|  |  |  |
|---|---|---|
| | *AND MOTION TO QUASH* | |
| 11/01/2013 | 🗎 APPLICATION - PROTECTIVE ORDER<br>Party: RESPONDENT WARE, LESLIE D<br>*L. WARE APPLICATION FOR PROT ORDER AGAINST C.DAVIS (TX FAM CODE 71.002<br>ONLY)* | |
| 11/01/2013 | 🗎 NOTICE OF HEARING / FIAT<br>*C. DAVIS MOTION TO QUASH DEPOSITION OF C. DAVIS(SET BY A. BAIN) SET FOR<br>11/20/2013. CERT OF SERVICE BY A BAIN BY FORWARDING TO COUNSEL OR<br>PARTIES* | |
| 11/01/2013 | 🗎 MOTION - COMPEL<br>Party: RESPONDENT WARE, LESLIE D; RESPONDENT BAXTER, SAMUEL F<br>*RESP MOTION FOR RELEASE OF MEDICAL RECORDS OF C. DAVIS* | |
| 11/01/2013 | 🗎 MISCELLANOUS EVENT<br>Party: RESPONDENT BAXTER, SAMUEL F<br>*DC1312834-NOTICE OF POSTING PUBLIC NOTICE TO SEAL DC1312834 BY S.<br>BAXTER AND MCKOOL SMITH* | |
| 11/04/2013 | 🗎 MOTION - TRANSFER - NO CHANGE OF VENUE<br>Party: RESPONDENT BAXTER, SAMUEL F<br>*TRANSFER DC1312834 FROM 298TH (TOBOLOWSKY) TO 254TH DF1319281 BY S.<br>BAXTER & MCKOOL SMITH* | |
| 11/04/2013 | 🗎 AMENDED PETITION<br>Party: PETITIONER DAVIS, CHELSEA L<br>*FIRST-DC1312834 (COMPLAINT C. DAVIS V MCKOOL SMITH (HUMAN<br>TRAFFICKING/PERSONAL INJURY/OVER $1MILLION))* | |
| 11/05/2013 | 🗎 MOTION - SEAL<br>Party: RESPONDENT BAXTER, SAMUEL F<br>*& STAY-DC1312834 (MCKOOL SMITH * S. BAXTER EMERGENCY SUPPLEMENTAL<br>MOTION FOR TEMP AND PERM SEALING ORDER & MOTION TO STAY)* | |
| 11/06/2013 | 🗎 ORDER - STAY<br>*DC1312834 (TOBOLOWSKY) & TEMPORARY SEALING ORDER* | *Vol./Book 345M,<br>Page 1050, 1 pages* |
| 11/11/2013 | 🗎 RETURN OF SERVICE<br>*DC1312834-AFFIDAVIT OF SVC-CIT-MCKOOL SMITH-EXEC 10/31/2013-12:01PM-PPS* | |
| 11/13/2013 | 🗎 MOTION - MISCELLANOUS<br>Party: PETITIONER DAVIS, CHELSEA L<br>*DC1312834-DENY TRANSFER OF ENTIRE CASE TO 254 & TO SEVER CIVIL ACTION<br>FOR MONETARY DAMAGES & OPPOSITION TO JUDGE TURNER & REQUEST TO<br>LIFT STAY* | |
| 11/14/2013 | 🗎 NOTICE OF HEARING / FIAT<br>*DC1312834 HEARING ON MOT TO DENY TRANSF TO 254 ON 11/18 BY C. DAVIS.* | |
| 11/15/2013 | 🗎 RESPONSE<br>*DC1312834-TO REQUEST TO LIFT STAY & CROSS-MOTION FOR SANCTIONS<br>(RESPONSE TO C DAVIS 11/13 MOTION)* | |

APP. 0059

# CASE SUMMARY
### CASE NO. DF-13-19281

| | | |
|---|---|---|
| 11/18/2013 | CORRESPONDENCE - LETTER TO FILE<br>*DC1312834-D COLLELUORI LETTER TO C.DAVIS* | |
| 11/18/2013 | NOTICE OF NONSUIT<br>Party: PETITIONER DAVIS, CHELSEA L<br>*DC1312834-OF SAMUEL F. BAXTER* | |
| 11/19/2013 | MOTION - MISCELLANOUS<br>Party: PETITIONER DAVIS, CHELSEA L<br>*DISCOVERY MOTION TO COMPEL DEPOSITIONS AND NOTICE OF UNSIGNED*<br>*DISCOVERY REQUEST* | |
| 11/19/2013 | MISCELLANOUS EVENT<br>*E-MAIL REQUESTING COURT APPOINTED ATTY-DC1312834-TO JUDGE*<br>*TOBOLOWSKY* | |
| 11/19/2013 | ORDER - NONSUIT<br>*DC1312834-SAMUEL BAXTER-DISMISS WITHOUT PREJUDICE* | *Vol./Book 345M,*<br>*Page 78, 1 pages* |
| 11/20/2013 | ORDER - QUASH<br>*PET ORD TO APPEAR FOR DEPO (ORDER ON MOTION TO QUASH DEPOSITION OF*<br>*CHELSEA DAVIS. CHELSEA DAVIS ORDERED TO APPEAR FOR DEPOSITION AT*<br>*OFFICES OF ANGIE BAIN ON 12/9 FOR C. DAVIS DEPOSITION ON EXPIRED APP*<br>*FOR TEMP EX PARTE PROTECTIVE ORDER AGAINST L. WARE & S BAXTER) SIGNED*<br>*BY AJ DON TURNER AT MOTION HEARING FOR EX PARTE ORDER* | *Vol./Book 7838,*<br>*Page 86, 1 pages* |
| 11/20/2013 | **MOTION HEARING** (9:30 AM) (Judicial Officer: TURNER, DON)<br>*QUASH DEPOSITION* | |
| 11/21/2013 | ORDER - TRANSFER (NOT CHANGE OF VENUE)<br>*DC-13-12834 INTO DF-13-19281-R-254* | *Vol./Book 7838,*<br>*Page 85, 1 pages* |
| 11/22/2013 | ORIGINAL ANSWER - GENERAL DENIAL<br>Party: RESPONDENT  MCKOOL SMITH P.C.<br>*DC1312834-* | |
| 11/26/2013 | AMENDED PETITION<br>Party: PETITIONER DAVIS, CHELSEA L<br>*DC1312834-SECOND AMENDED ORIGINAL PETITION AGAINST DEFENDANT*<br>*MCKOOL SMITH* | |
| 11/26/2013 | CORRESPONDENCE - LETTER TO FILE<br>*DC 1312834 PARTY: MKOOL SMITH P.C. LETTER TO JUDGE TOBOLOWSKY TO*<br>*TRANSFER DC1312834 TO 254TH ENCLOSING 11/21/13 ORDER IN DF 1319281 TO*<br>*TRANSFER SIGNED BY AJ DON TURNER & ENCLOSING NONSIGNED PROPOSED*<br>*ORDER TRANSFERRING CASE* | |
| 11/26/2013 | ORDER - TRANSFER (NOT CHANGE OF VENUE)<br>*TRANSFER DC1312834 (FROM 298) TO DF-13-19281 (254) AND CONSOLIDATE WITH*<br>*DF1319281. SIGNED BY JUDGE TOBOLOWSKY* | *Vol./Book 354M,*<br>*Page 151, 1 pages* |
| 11/27/2013 | MOTION - COMPEL<br>*AND MOTION FOR DISCOVERY-OPPOSED BY C. DAVIS TO COMPEL DISCOVERY*<br>*RESPONSES TO L. WARE'S DISCOVERY REQUEST TO C. DAVIS AND DISCOVERY* | |

*Printed on 11/20/2014 at 10:23 AM*

APP. 0060

ORDER OF DISPOSITIONS, FILED AND ORDERS

# CASE SUMMARY
## CASE NO. DF-13-19281

|  |  |
|---|---|
| | *SANCTIONS AGAINST C. DAVIS* |
| 11/27/2013 | NOTICE OF HEARING / FIAT<br>*FOR 11/27 MOTION TO COMPEL & MOTION FOR DISCOVERY SANCTIONS* |
| 11/27/2013 | MOTION - COMPEL<br>*RELEASE OF MEDICAL RECORDS* |
| 11/27/2013 | NOTICE OF HEARING / FIAT<br>*FOR 11/27 MOTION FOR RELEASE FOR MEDICAL RECORDS* |
| 11/27/2013 | MOTION - VACATE<br>Party: PETITIONER DAVIS, CHELSEA L<br>*DC 1312834-ORDER TRANSFERRING & CONSOLIDATING WITH DF1319281* |
| 12/04/2013 | MOTION - VACATE<br>Party: PETITIONER DAVIS, CHELSEA L |
| 12/04/2013 | NOTICE OF NONSUIT<br>Party: PETITIONER DAVIS, CHELSEA L<br>*MS. DAVIS-CAUSE NUMBER [NEW] & DC 1312834. NONSUIT FOR MCKOOL SMITH P.C. (AND ALL PARTIES) WITHOUT PREJUDICE* |
| 12/04/2013 | NOTICE OF NONSUIT<br>Party: PETITIONER DAVIS, CHELSEA L<br>*DC 1312834-MCKOOL SMITH PC* |
| 12/05/2013 | MOTION - MISCELLANOUS<br>Party: RESPONDENT BAXTER, SAMUEL F; RESPONDENT MCKOOL SMITH P.C.<br>*CONSOLIDATE W/ DC-13-12834-M & FOR ANTI-SUIT INJUNCTION* |
| 12/10/2013 | NOTICE OF HEARING / FIAT<br>*MOTION TO CONSOLIDATE AND FOR ANTI-SUIT INJUNCTION/CLERK SIGNATURE/NO CERT OF SERVICE* |
| 12/10/2013 | MOTION - MISCELLANOUS<br>Party: RESPONDENT WARE, LESLIE D<br>*CONSOLIDATE W/ DC-13-12834-M & FOR ANTI-SUIT INJUNCTION* |
| 12/13/2013 | MOTION - SANCTIONS<br>Party: RESPONDENT BAXTER, SAMUEL F; RESPONDENT MCKOOL SMITH P.C.<br>*SECOND MOTION FOR SANCTIONS AGAINST CHELSEA DAVIS* |
| 12/13/2013 | CORRESPONDENCE - LETTER TO FILE<br>*LETTER DATED 12/10/2013 FROM A. BAIN TO C. DAVIS SETTING HEARING FOR MOT TO CONS AND ANTI SUIT INJUNCTION ON 1/8/14 BEFORE AJ D. TURNER* |
| 12/16/2013 | CORRESPONDENCE - LETTER TO FILE<br>*DON COLLELOURI LETTER (12/13/13) TO C. DAVIS, HEARING ON MOTION TO CONSOLIDATE & FOR ANTI- SUIT INJUNCTION 01/08/2014* |
| 12/17/2013 | MOTION - QUASH<br>Party: RESPONDENT WARE, LESLIE D<br>*& MOTION FOR PROTECTIVE ORDER* |

# CASE SUMMARY
## CASE NO. DF-13-19281

| | |
|---|---|
| 12/17/2013 | MOTION - MISCELLANOUS<br>Party: PETITIONER DAVIS, CHELSEA L<br>*SECOND DISCOVERY MOTION TO COMPEL DEPOSITION AND NOTICE OF*<br>*UNSIGNED DISCOVERY REQUEST* |
| 12/17/2013 | MOTION - REINSTATE<br>Party: PETITIONER DAVIS, CHELSEA L<br>*DC1312834-REINSTATE ACTION AGAINST MCKOOL SMITH & REQUEST FOR*<br>*HEARING* |
| 12/18/2013 | ISSUE NOTICE<br>*FOR 1/8/14 HEARING ON MOTION FOR SANCTIONS AND CONTEMPT* |
| 12/18/2013 | ISSUE NOTICE<br>*FOR 1/8/14 HEARING ON MOTION FOR SANCTIONS AND CONTEMPT* |
| 12/18/2013 | MOTION - MISCELLANOUS<br>Party: RESPONDENT WARE, LESLIE D; RESPONDENT BAXTER, SAMUEL F<br>*CONTEMPT-FAILURE TO APPEAR AT DEPOSITION AT ANGIE BAIN'S OFFICES FOR*<br>*CHELSEA DAVIS APPLICATION FOR PROTECTIVE ORDER AGAINST L. WARE* |
| 12/18/2013 | **NOTICE**<br>DAVIS, CHELSEA L<br>Served: 12/20/2013<br>*ATTY/CM FOR 1/8/14 HEARING ON MOTION FOR SANCTIONS AND CONTEMPT* |
| 12/18/2013 | **NOTICE**<br>DAVIS, CHELSEA L<br>Served: 12/20/2013<br>*ATTY/CM FOR 1/8/14 HEARING ON MOTION FOR SANCTIONS AND CONTEMPT* |
| 12/18/2013 | MOTION - SANCTIONS<br>Party: RESPONDENT WARE, LESLIE D; RESPONDENT BAXTER, SAMUEL F |
| 12/18/2013 | NOTICE OF HEARING / FIAT |
| 12/20/2013 | MOTION - QUASH<br>Party: RESPONDENT BAXTER, SAMUEL F |
| 01/07/2014 | MISCELLANOUS EVENT<br>Party: PETITIONER DAVIS, CHELSEA L<br>*NOTICE OF REMOVAL TO FEDERAL COURT 3:13-CV-04926 JUDGE GODBEY*<br>*PRESIDING* |
| 01/08/2014 | **MOTION HEARING** (9:30 AM) (Judicial Officer: TURNER, DON)<br>*COMPEL DISCOVERY/ RELEASE OF MEDICAL RECORDS/CONSOLIDATE/ MOT*<br>*SANCTIONS/CONTEMPT ALSO MOT/CONSOLIDATE FROM MCKOOL SMITH-*<br>*RELATED CASE DF-13-23109* |
| 01/09/2014 | CORRESPONDENCE - LETTER TO FILE<br>*CC OF A LETTER TO JUDGE TOBOLOWSKY REFERENCING DC1314215* |
| 02/13/2014 | MISCELLANOUS EVENT<br>*COPY OF JUDGMENT REMANDING BACK TO 254TH DISTRICT COURT* |
| 02/14/2014 | |

APP. 0062

GRANT VARIATIONS, FILED FILE, ORDER

# CASE SUMMARY
## CASE NO. DF-13-19281

|  |  |  |
|---|---|---|
|  | ⊞ MISCELLANOUS EVENT<br>*CHELSEA DAVIS DID NOT GO TO ANGIE BAINE'S OFFICE* |  |
| 05/28/2014 | 🖹 NOTICE OF HEARING / FIAT<br>*FOR 6/2 HEARING. MOTIONS TO COMPEL RELEASE OF MED RECORDS, DISCOVERY AND DISCOVERY SANCTIONS, CONSOLIDATE AND ANTI SUIT INJUNCTION, SANCTIONS AND CONTEMPT.* | *Vol./Book 7844, Page 385, 1 pages* |
| 05/30/2014 | 🖹 MISCELLANOUS EVENT<br>Party: PETITIONER DAVIS, CHELSEA L<br>*NOTICE OF NOTICE OF REMOVAL* |  |
| 06/02/2014 | ⊞ ORDER - MISC.<br>*REMAND US DIST COURT, N DIST TX* | *Vol./Book 7845, Page 104, 1 pages* |
| 06/02/2014 | **SPECIAL SET** (9:30 AM) (Judicial Officer: TURNER, DON) |  |
| 06/04/2014 | ISSUE NOTICE<br>*MOTIONS TO COMPEL RELEASE OF MED RECORDS, DISCOVERY AND DISCOVERY SANCTIONS, CONSOLIDATE AND ANTI SUIT INJUNCTION, SANCTIONS AND CONTEMPT.* |  |
| 06/04/2014 | **NOTICE**<br>DAVIS, CHELSEA L<br>Unserved<br>*MOTIONS TO COMPEL RELEASE OF MED RECORDS, DISCOVERY AND DISCOVERY SANCTIONS, CONSOLIDATE AND ANTI SUIT INJUNCTION, SANCTIONS AND CONTEMPT.* |  |
| 06/04/2014 | 🖹 NOTICE OF HEARING / FIAT<br>*MOTIONS TO COMPEL RELEASE OF MED RECORDS, DISCOVERY AND DISCOVERY SANCTIONS, CONSOLIDATE AND ANTI SUIT INJUNCTION, SANCTIONS AND CONTEMPT.* |  |
| 06/09/2014 | 🖹 MOTION - SANCTIONS<br>Party: RESPONDENT WARE, LESLIE D; RESPONDENT BAXTER, SAMUEL F<br>*AMENDED AND CUMULATIVE& BRIEF IN SUPPORT* |  |
| 06/13/2014 | 🖹 MOTION - VACATE<br>Party: PETITIONER DAVIS, CHELSEA L |  |
| 06/13/2014 | 🖹 NOTICE OF HEARING / FIAT |  |
| 06/16/2014 | 🖹 MISCELLANOUS EVENT<br>Party: PETITIONER DAVIS, CHELSEA L |  |
| 06/16/2014 | 🖹 MISCELLANOUS EVENT<br>Party: PETITIONER DAVIS, CHELSEA L |  |
| 06/16/2014 | 🖹 MISCELLANOUS EVENT<br>Party: PETITIONER DAVIS, CHELSEA L |  |
| 06/16/2014 | 🖹 MISCELLANOUS EVENT<br>Party: PETITIONER DAVIS, CHELSEA L |  |

APP. 0063

GRANT & ZEKO ASSOCIATES, Plaintiff's Counsel

# CASE SUMMARY
## CASE NO. DF-13-19281

*NOTICE OF MISSING DOCUMENTS, EVENTS AND ORDERS*

| | | |
|---|---|---|
| 06/16/2014 | REQUEST CLERK PREPARE RECORD<br>Party: PETITIONER DAVIS, CHELSEA L<br>*& REQUEST TO INDEX ALL DOCUMENTS AND EVENTS* | |
| 06/17/2014 | ORDER - SANCTIONS | *Vol./Book 7845,*<br>*Page 402, 1 pages* |
| 06/17/2014 | ORDER - CONSOLIDATE<br>*DF13-23109 INTO DF 13-19281* | *Vol./Book 7845,*<br>*Page 403, 1 pages* |
| 06/17/2014 | ORDER - SANCTIONS<br>*AND MOT/ CONTEMPT* | *Vol./Book 7845,*<br>*Page 404, 1 pages* |
| 06/17/2014 | RESPONSE<br>*C. DAVIS RESPONSE AND OBJECTIONS TO ANTI-DISCOVERY MOTIONS* | |
| 06/17/2014 | RESPONSE<br>*C. DAVIS RESPONSE AND OBJECTIONS TO DISCOVERY REQUESTS* | |
| 06/17/2014 | NON-SIGNED PROPOSED ORDER/JUDGMENT<br>*C. DAVIS PROPOSED ORDER OF DISMISSAL W/O PREJUDICE DF*<br>*1319281,DC1314479,DF1323109* | |
| 06/17/2014 | NON-SIGNED PROPOSED ORDER/JUDGMENT<br>*C.DAVIS PROPOSED ORDER OF DISMISSAL W/O PREJUDICE*<br>*DF1319281,DC1312384,DF1411110* | |
| 06/17/2014 | NON-SIGNED PROPOSED ORDER/JUDGMENT<br>*C.DAVIS PROPSED ORDER OF DISMISSAL W/O PREJUDICE DF1319381* | |
| 06/17/2014 | EXHIBITS<br>*C. DAVIS APP FOR EX PARTE PROTECTIVE ORDER AGAINST L. WARE AND S.*<br>*BAXTER* | |
| 06/17/2014 | MOTION - NONSUIT<br>Party: PETITIONER DAVIS, CHELSEA L | |
| 06/17/2014 | ASSOCIATE JUDGE'S REPORT | *Vol./Book 7845,*<br>*Page 370, 1 pages* |
| 06/17/2014 | SPECIAL SET (9:30 AM) (Judicial Officer: TURNER, DON)<br>*M/PROTECT* | |
| 06/24/2014 | NOTE - CLERKS<br>*called and spoke to attny davis, got clarificaton as to what her request was*<br>*about...transcripts/appeal will do nothing with this request as attny davis is asking for the*<br>*documents within her case in oddyssey need to be re-indexed, informed her we do not*<br>*maintain the court case in odyssey we only prepare requested documents into the clerk's*<br>*record* | |
| 06/24/2014 | ORDER - DISMISSAL<br>*WITHOUT PREJUDICE* | *Vol./Book 7845,*<br>*Page 599, 1 pages* |

*Printed on 11/20/2014 at 10:23 AM*

APP. 0064

# CASE SUMMARY
## CASE NO. DF-13-19281

| | | |
|---|---|---|
| 07/03/2014 | 5TH COA ORDER<br>*7846/251//DISMISSAL* | |
| 07/03/2014 | 5TH COA ORDER<br>*MEMORANDUM OPINION 7846/321* | |
| 07/08/2014 | ISSUE CITATION<br>*MOTION FOR CONTEMPT, ETC* | |
| 07/08/2014 | ISSUE NOTICE | |
| 07/08/2014 | MOTION - CONTEMPT OR ENFORCE TEMP ORDER<br>Party: RESPONDENT WARE, LESLIE D; RESPONDENT BAXTER, SAMUEL F | |
| 07/08/2014 | ORDER - APPEAR | *Vol./Book 7846,<br>Page 323, 1 pages* |
| 07/09/2014 | **CITATION**<br>DAVIS, CHELSEA L<br>Served: 07/12/2014<br>*SB/ATTY* | |
| 07/09/2014 | **NOTICE**<br>DAVIS, CHELSEA L<br>Served: 07/12/2014<br>*SB/ATTY* | |
| 07/15/2014 | ORDER - COMPEL<br>*DISCOVERY/SANCTIONS* | *Vol./Book 7846,<br>Page 445, 1 pages* |
| 07/15/2014 | ORDER - COMPEL<br>*RELEASE OF MED RECS* | *Vol./Book 7846,<br>Page 446, 1 pages* |
| 07/28/2014 | RESPONSE<br>*VERIFIED ANSWER, RESPONSE AND SPECIAL APPEARANCE* | |
| 07/28/2014 | DOCKET SHEET | |
| 07/28/2014 | ORDER - APPEAR<br>*REAPPEAR* | *Vol./Book 7846,<br>Page 90, 1 pages* |
| 07/28/2014 | ORDER - MISC.<br>*REGARDING NON-SUIT* | *Vol./Book 7847,<br>Page 354, 1 pages* |
| 07/28/2014 | **PRETRIAL** (1:30 PM) (Judicial Officer: MARTIN, JAMES)<br>*contempt* | |
| 08/04/2014 | MOTION - NEW TRIAL<br>Party: PETITIONER DAVIS, CHELSEA L | |
| 08/04/2014 | MOTION - VACATE | |

APP. 0065

# CASE SUMMARY
## CASE NO. DF-13-19281

Party: PETITIONER DAVIS, CHELSEA L

| | |
|---|---|
| 08/04/2014 | MOTION - CONTEMPT OR ENFORCE TEMP ORDER<br>Party: PETITIONER DAVIS, CHELSEA L | |
| 08/05/2014 | APPLICATION - PROTECTIVE ORDER<br>Party: RESPONDENT WARE, LESLIE D<br>*FIRST AMENDED APPLICATION FOR A PROTECTIVE ORDER* | |
| 08/05/2014 | NOTICE OF APPEAL - CT. OF APPEALS<br>Party: PETITIONER DAVIS, CHELSEA L<br>*DESIGNATION REQUESTED AT TIME OF FILING W/IN 3 DAYS.* | |
| 08/07/2014 | NOTE - CLERKS<br>*SUBMITTED NOA TO THE 5TH COA CONF, NO. 7804* | |
| 08/11/2014 | MISCELLANOUS EVENT<br>Party: PETITIONER DAVIS, CHELSEA L<br>*CORRESPONDANCE WITH STATE BAR* | |
| 08/11/2014 | NOTICE OF HEARING / FIAT | *Vol./Book 7847,<br>Page 459, 1 pages* |
| 08/11/2014 | ORDER - SET HEARING | *Vol./Book 7847,<br>Page 517, 1 pages* |
| 08/21/2014 | ISSUE CITATION | |
| 08/21/2014 | ISSUE NOTICE | |
| 08/22/2014 | **CITATION**<br>DAVIS, CHELSEA L<br>Served: 08/28/2014<br>*ATTY / AM* | |
| 08/22/2014 | CITATION ISSUED | |
| 08/22/2014 | **NOTICE**<br>DAVIS, CHELSEA L<br>Served: 08/28/2014<br>*ATTY / AM* | |
| 08/22/2014 | NOTICE ISSUED | |
| 08/22/2014 | NOTICE OF HEARING / FIAT | |
| 08/22/2014 | MOTION - MISCELLANOUS<br>Party: RESPONDENT WARE, LESLIE D<br>*EXTENSION OF DEADLINES AND NEW TRIAL* | |
| 08/25/2014 | MOTION - APPOINT MISC<br>*COURT APPOINTED ATTY* | |
| 08/26/2014 | NOTICE OF HEARING / FIAT | |

*Printed on 11/20/2014 at 10:23 AM*

APP. 0066

# CASE SUMMARY
## CASE NO. DF-13-19281

| | |
|---|---|
| 09/10/2014 | **AFFIDAVIT**<br>Party:  RESPONDENT  WARE, LESLIE D<br>*NOTICE OF FILING OF BUSINESS RECORD AFFIDAVID - TURKESSA TERRELL -*<br>*DALLAS COUNTY HOSPITAL DISTRICT(PARKLAND)* |
| 09/11/2014 | **CORRESPONDENCE - LETTER TO FILE**<br>*OBJECTION TO ENTRY OF NEW ORDERS* |
| 09/12/2014 | **AMENDED PETITION**<br>Party:  PETITIONER  DAVIS, CHELSEA L<br>*4TH* |
| 09/12/2014 | **AMENDED PETITION**<br>Party:  PETITIONER  DAVIS, CHELSEA L<br>*3RD* |
| 09/12/2014 | **MISCELLANOUS EVENT**<br>Party:  PETITIONER  DAVIS, CHELSEA L<br>*AMENDED COMPLAINT* |
| 09/12/2014 | **MOTION - MISCELLANOUS**<br>Party:  PETITIONER  DAVIS, CHELSEA L<br>*DENY APPLICATIONS FOR A P/O* |
| 09/12/2014 | **APPLICATION - PROTECTIVE ORDER**<br>Party:  PETITIONER  DAVIS, CHELSEA L<br>*4TH AMD APPL FOR TEMP EX PARTE P/O* |
| 09/12/2014 | **APPLICATION - PROTECTIVE ORDER**<br>Party:  PETITIONER  DAVIS, CHELSEA L<br>*AMD APPL FOR TEMP EX PARTE P/O* |
| 09/12/2014 | **MISCELLANOUS EVENT**<br>Party:  PETITIONER  DAVIS, CHELSEA L<br>*AMD COMPLAINT* |
| 09/15/2014 | NOTE - CLERKS<br>*spoke to attny davis, she is withdrawing her notice of appeal and will submit a motion to*<br>*dismiss her appeal.....she understands we need something officially ...she has requested we do*<br>*not proceed with preparation of the clerk's record* |
| 09/25/2014 | **MOTION - MISCELLANOUS**<br>Party:  PETITIONER  DAVIS, CHELSEA L<br>*UNSEAL* |
| 09/25/2014 | **MOTION HEARING** (9:00 AM)  (Judicial Officer: MARTIN, JAMES)<br>Events: 08/04/2014 MOTION - VACATE<br>08/22/2014 MOTION - MISCELLANOUS<br>08/25/2014 MOTION - APPOINT MISC<br>*M/EXT DEADLINES/M/APPT ATTY/ MOTION VACATE* |
| 10/01/2014 | **COA - POST CARD**<br>*05-14-01036-CV POST CARD CR DUE* |
| 10/06/2014 | **ORDER - CAPIAS** | *Vol./Book 7849,*<br>*Page 593, 1 pages* |

APP. 0067

CARL FITZSIMMONS, DISTRICT CLERK

# CASE SUMMARY
## CASE NO. DF-13-19281

| | |
|---|---|
| 10/06/2014 | DOCKET SHEET |
| 10/06/2014 | **CONTEMPT/ENFORCEMENT** (1:30 PM)  (Judicial Officer: MARTIN, JAMES) |
| 10/08/2014 | ISSUE CAPIAS |
| 10/08/2014 | ISSUE CAPIAS |
| 10/08/2014 | **ATTACHMENT, CAPIAS, COMMITMENT**<br>DAVIS, CHELSEA L<br>Unserved<br>*NOT PREPARED BY DALLAS COUNTY* |
| 10/09/2014 | MOTION - MISCELLANOUS<br>Party:  RESPONDENT  WARE, LESLIE D<br>*TRANSFER RELATED CASE* |
| 10/10/2014 | NOTICE OF HEARING / FIAT |
| 10/13/2014 | OBJECTIONS - MISC<br>*AND SPECIAL EXCEPTIONS* |
| 10/21/2014 | ORDER - APPEAR |
| 10/22/2014 | JURY DEMAND<br>Party:  PETITIONER  DAVIS, CHELSEA L |
| 10/22/2014 | MISCELLANOUS EVENT<br>Party:  PETITIONER  DAVIS, CHELSEA L<br>*PLEA TO JURISDICTION* |
| 10/22/2014 | OBJECTIONS - MISC<br>*SUPPLEMENTAL* |
| 10/22/2014 | NOTICE OF APPEARANCE<br>Party:  ATTORNEY  DAVIS, CHELSEA L |
| 10/22/2014 | MISCELLANOUS EVENT<br>*DEFENDANT'S ELECTION OF PUNISHMENT IN JURY TRIAL* |
| 10/22/2014 | NOTICE OF APPEAL OF AJ<br>Party:  PETITIONER  DAVIS, CHELSEA L |
| 10/22/2014 | SPECIAL EXCEPTIONS<br>*AND NON-APPEARANCE SPECIAL EXCEPTIONS* |
| 10/23/2014 | ISSUE NOTICE |
| 10/23/2014 | **NOTICE**<br>DAVIS, CHELSEA L<br>Unserved<br>*ATTY / AM* |

Next to ORDER - APPEAR (10/21/2014): *Vol./Book 7850, Page 308, 1 pages*

APP. 0068

CLERK SIMMONS DISTRICT CLERK

# CASE SUMMARY
## CASE NO. DF-13-19281

| | | |
|---|---|---|
| 10/23/2014 | NOTICE ISSUED | |
| 10/28/2014 | RETURN OF SERVICE<br>*1 ATTY ISSUED SUBP TO (LESLIE D. WARE) EXEC 10-24-14 PPS* | |
| 10/30/2014 | ORDER - EXTEND MISC<br>*DEADLINES* | *Vol./Book 7850,<br>Page 445, 1 pages* |
| 10/30/2014 | ORDER - TRANSFER (NOT CHANGE OF VENUE)<br>*DC-14-11682 INTO 254TH* | *Vol./Book 7850,<br>Page 446, 1 pages* |
| 10/30/2014 | ORDER - CAPIAS | *Vol./Book 7850,<br>Page 464, 1 pages* |
| 10/30/2014 | ISSUE CAPIAS | |
| 10/30/2014 | **CONTEMPT/ENFORCEMENT** (9:00 AM)  (Judicial Officer: MARTIN, JAMES) | |
| 10/31/2014 | **ATTACHMENT, CAPIAS,<br>COMMITMENT**<br>DAVIS, CHELSEA L<br>Served: 10/17/2014<br>*ATTY / AM* | |
| 10/31/2014 | WRIT ISSUED | |
| 11/04/2014 | CORRESPONDENCE - LETTER TO FILE | |
| 11/05/2014 | CASH BOND | |
| 12/08/2014 | **APPEAL AJ** (2:30 PM)  (Judicial Officer: MARTIN, JAMES)<br>*CHELSEA CALLED SET IT BUT DIDN'T FILE THE APPEAL YET 10/21* | |
| 02/17/2015 | **BENCH TRIAL** (9:00 AM)  (Judicial Officer: MARTIN, JAMES)<br>*Application for Protective order* | |
| 02/18/2015 | **BENCH TRIAL** (9:00 AM)  (Judicial Officer: MARTIN, JAMES) | |

| DATE | FINANCIAL INFORMATION | | |
|---|---|---|---|
| | **PETITIONER** DAVIS, CHELSEA L<br>Total Charges<br>Total Payments and Credits<br>**Balance Due as of  11/20/2014** | | 126.00<br>126.00<br>**0.00** |
| 10/16/2013<br>12/11/2013 | Charge<br>PAYMENT<br>(CASE FEES) | Receipt # 68527-2013-DCLK | PETITIONER DAVIS, CHELSEA L<br>PETITIONER DAVIS, CHELSEA L | 16.00<br>(16.00) |
| 06/13/2014<br>06/13/2014 | Charge<br>PAYMENT<br>(CASE FEES) | Receipt # 33930-2014-DCLK | PETITIONER DAVIS, CHELSEA L<br>PETITIONER DAVIS, CHELSEA L | 15.00<br>(15.00) |
| 08/04/2014<br>08/04/2014 | Charge<br>PAYMENT<br>(CASE FEES) | Receipt # 44257-2014-DCLK | PETITIONER DAVIS, CHELSEA L<br>PETITIONER DAVIS, CHELSEA L | 15.00<br>(15.00) |
| 08/04/2014<br>08/04/2014 | Charge<br>PAYMENT<br>(CASE FEES) | Receipt # 44259-2014-DCLK | PETITIONER DAVIS, CHELSEA L<br>PETITIONER DAVIS, CHELSEA L | 25.00<br>(25.00) |

*Printed on 11/20/2014 at 10:23 AM*

**APP. 0069**

GARY FITZSIMMONS, DISTRICT CLERK

# CASE SUMMARY
## CASE NO. DF-13-19281

| | | | | |
|---|---|---|---|---|
| 08/04/2014 | Charge | | PETITIONER DAVIS, CHELSEA L | 25.00 |
| 08/04/2014 | PAYMENT (CASE FEES) | Receipt # 44261-2014-DCLK | PETITIONER DAVIS, CHELSEA L | (25.00) |
| 10/22/2014 | Charge | | PETITIONER DAVIS, CHELSEA L | 30.00 |
| 10/22/2014 | PAYMENT (CASE FEES) | Receipt # 61712-2014-DCLK | PETITIONER DAVIS, CHELSEA L | (30.00) |

**RESPONDENT** WARE, LESLIE D

| | |
|---|---|
| Total Charges | 125.00 |
| Total Payments and Credits | 125.00 |
| **Balance Due as of 11/20/2014** | **0.00** |

| | | | | |
|---|---|---|---|---|
| 12/18/2013 | Charge | | RESPONDENT WARE, LESLIE D | 36.00 |
| 12/18/2013 | PAYMENT (CASE FEES) | Receipt # 69821-2013-DCLK | RESPONDENT WARE, LESLIE D | (36.00) |
| 06/04/2014 | Charge | | RESPONDENT WARE, LESLIE D | 8.00 |
| 06/04/2014 | PAYMENT (CASE FEES) | Receipt # 31584-2014-DCLK | RESPONDENT WARE, LESLIE D | (8.00) |
| 07/08/2014 | Charge | | RESPONDENT WARE, LESLIE D | 25.00 |
| 07/08/2014 | PAYMENT (CASE FEES) | Receipt # 38494-2014-DCLK | RESPONDENT WARE, LESLIE D | (25.00) |
| 07/08/2014 | Charge | | RESPONDENT WARE, LESLIE D | 16.00 |
| 07/08/2014 | PAYMENT (CASE FEES) | Receipt # 38512-2014-DCLK | RESPONDENT WARE, LESLIE D | (16.00) |
| 08/21/2014 | Charge | | RESPONDENT WARE, LESLIE D | 16.00 |
| 08/21/2014 | PAYMENT (CASE FEES) | Receipt # 48281-2014-DCLK | RESPONDENT WARE, LESLIE D | (16.00) |
| 10/08/2014 | Charge | | RESPONDENT WARE, LESLIE D | 148.00 |
| 10/08/2014 | Adjustment | | RESPONDENT WARE, LESLIE D | (148.00) |
| 10/08/2014 | Charge | | RESPONDENT WARE, LESLIE D | 8.00 |
| 10/08/2014 | PAYMENT (CASE FEES) | Receipt # 59001-2014-DCLK | RESPONDENT WARE, LESLIE D | (8.00) |
| 10/23/2014 | Charge | | RESPONDENT WARE, LESLIE D | 8.00 |
| 10/23/2014 | PAYMENT (CASE FEES) | Receipt # 61823-2014-DCLK | RESPONDENT WARE, LESLIE D | (8.00) |
| 10/30/2014 | Charge | | RESPONDENT WARE, LESLIE D | 8.00 |
| 10/30/2014 | PAYMENT (CASE FEES) | Receipt # 63399-2014-DCLK | RESPONDENT WARE, LESLIE D | (8.00) |

*Printed on 11/20/2014 at 10:23 AM*

**APP. 0070**

Skip to Main Content Logout My Account Search Menu New Civil District Search Refine Search Back        Location : All District Civil Courts   Images Help

# REGISTER OF ACTIONS
## CASE NO. DC-13-14215

| | | | |
|---|---|---|---|
| **CHELSEA DAVIS, et al vs. MCKOOL SMITH P.C., et al** | § § § § § | Case Type:<br>Date Filed:<br>Location: | **OTHER (CIVIL)**<br>**12/02/2013**<br>**160th District Court** |

| PARTY INFORMATION | | |
|---|---|---|

| | | Lead Attorneys |
|---|---|---|
| **DEFENDANT** | **MCKOOL SMITH P.C.** | **DONALD COLLELUORI**<br>*Retained*<br>214-939-2000(W) |
| | | |
| **PLAINTIFF** | **DAVIS, CHELSEA L.** | **CHELSEA L DAVIS**<br>*Retained* |

| EVENTS & ORDERS OF THE COURT | |
|---|---|

**DISPOSITIONS**

| | |
|---|---|
| 12/04/2013 | NON-SUIT/DISMISSAL BY PLAINTIFF / PETITIONER (Judicial Officer: TOBOLOWSKY, EMILY)<br>Vol./Book 345M, Page 188, 1 pages |
| 12/27/2013 | NON-SUIT/DISMISSAL BY PLAINTIFF / PETITIONER (Judicial Officer: TOBOLOWSKY, EMILY)<br>Vol./Book 345M, Page 388, 3 pages |

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 12/02/2013 | NEW CASE FILED (OCA) - CIVIL |
| 12/02/2013 | ORIGINAL PETITION<br>*Original Petition* |
| 12/04/2013 | NOTICE OF NONSUIT<br>*Notice of Nonsuit* |
| 12/04/2013 | NOTE - CLERKS<br>*SUBMITTED ORDER NONSUIT* |
| 12/04/2013 | MOTION - SEAL<br>*EMRG AND TO TRANSFER* |
| 12/04/2013 | NOTICE OF NONSUIT<br>*AMD* |
| 12/04/2013 | ORDER - SEAL<br>*TEMP*<br>Vol./Book 345M, Page 189, 1 pages |
| 12/06/2013 | MOTION - NONSUIT<br>*Motion - Nonsuit* |
| 12/09/2013 | NOTICE OF NONSUIT<br>*Notice of Nonsuit* |
| 12/16/2013 | ORDER - MISC.<br>*O/SETTING HEARING (DF) M/SANCTIONS*<br>Vol./Book 345M, Page 268, 2 pages |
| 12/16/2013 | MOTION - SANCTIONS<br>*(2ND)SEALED FILING - TRACKED TO CLOSET* |
| 12/17/2013 | NOTICE OF HEARING / FIAT<br>*2ND M/SANCTIONS* |
| 12/17/2013 | NOTICE OF NONSUIT<br>*WITHDRAWAL* |
| 12/20/2013 | MOTION - QUASH |
| 12/20/2013 | RETURN OF SERVICE<br>*ORDER SETTING HEARING ISSUED EXEC 13/16/13 ( CHELSEA L DAVIS) COLLIN CO* |
| 12/23/2013 | NOTICE OF APPEAL - CT. OF APPEALS<br>*COA case no 05-13-01747-CV* |
| 12/23/2013 | NOTICE OF APPEAL - CT. OF APPEALS<br>*05-13-01747-CV notice of appeal* |
| 12/28/2013 | Motion - Sanctions  (9:30 AM) (Judicial Officer TOBOLOWSKY, EMILY)<br>*DF/M/SANCTIONS FILED 12/16/13 30M* |
| 12/28/2013 | CORRESPONDENCE - LETTER TO FILE<br>*E-MAIL TO JUDGE RE: HEARING* |
| 12/31/2013 | COA - POST CARD<br>*05-13-01747-CV* |
| 01/06/2014 | NOTICE OF APPEAL - CT. OF APPEALS<br>*05-14-00095-CV (not submitted to the 5th COA yet, same appeal was submitted to the 5th COA later on 1/24/2014) SPOKE TO PRO SE. NEED TO AMEND NOA TO REFLECT DC V. DF IN CAUSE NUMBER/FILE DESIGNATION W/IN 3 DAYS.* |
| 01/07/2014 | MOTION - REINSTATE |
| 01/07/2014 | MOTION - VACATE |

| | |
|---|---|
| 01/10/2014 | COA - POST CARD |
| | 05-13-01747-CV |
| 01/13/2014 | COA - CORRESPONDENCE LETTER |
| | COA NO. 05-13-01747-CV, SUBMITTED A NO DESIGNATION LTR. TO LISA MATZ, CONF. NO. 4390 |
| 01/14/2014 | COA - CORRESPONDENCE LETTER |
| | 05-13-01747-CV |
| 01/24/2014 | NOTICE OF APPEAL - CT. OF APPEALS |
| | 05-14-00095-CV ....1 NOA w/dallas county file stamp and 1 NOA w/5th COA file stamp Notice Of Appeal - CT. Of Appeals |
| 01/24/2014 | REQUEST CLERK PREPARE RECORD |
| | 05-13-01747-CV Request Clerk Prepare Record |
| 01/27/2014 | NON-SIGNED PROPOSED ORDER/JUDGMENT |
| | O/SETTING HEARING RE: SANCTIONS |
| 01/31/2014 | Motion - Reinstate  (2:00 PM) (Judicial Officer TOBOLOWSKY, EMILY) |
| | CHELSEA DAVIS P/M/REINSTATE FILED 01/07/2014 30MIN |
| 02/03/2014 | ORDER - DENY |
| | O/DENY REINSTATE |
| | Vol./Book 346M, Page 197,  1 pages |
| 02/10/2014 | NOTE - CLERKS |
| | COA case no 05-13-01747-CV preparing requested clerk's record |
| 02/11/2014 | CLERK'S RECORD PAYMENT INVOICE |
| | COA case no 05-13-01747-CV, prepared requested clerk's record, sent plaintiff attny invoice via email on 2/11/2014, pending payment, pgs: 90 Clerk's Record- $ 90.00 Transcript Fee- $ 25.00 Attorney Copy Fee- N/A Total Fee- $115.00 Charged Plaintiff- Chelsea Davis |
| 02/28/2014 | COA - POST CARD |
| | 05-14-00095-CV |
| 03/10/2014 | COA - CORRESPONDENCE LETTER |
| | no designation letter to 5th COA w/conf trace pg |
| 04/04/2014 | NOTE - CLERKS |
| | COA case no 05-14-00095-CV, preparing requested clerk's record |
| 04/07/2014 | CLERK'S RECORD PAYMENT INVOICE |
| | 05-14-00095-CV, prepared clerk's record, basic record, no designation submitted, sent plaintiff invoice via email, pending payment, pgs: 91 Clerk's Record- $91.00 Transcript Fee- $25.00 Attorney Copy Fee- N/A Total Fee- $116.00 Charged Plaintiff- Chelsea Davis |
| 04/07/2014 | APPELLATE RECORD |
| | COA case no 05-13-01747-CV Received paid invoice of $115.00 from plaintiff attny for preparation of requested Clerk's Record, submitted electronic version to the 5th Court of Appeals 4/7/2014 .with confirmation trace pg no 5886 |
| 04/07/2014 | APPELLATE RECORD |
| | COA case no 05-14-00095-CV Received paid invoice of $116.00 from plaintiff attny for preparation of requested Clerk's Record, submitted electronic version to the 5th Court of Appeals 4/7/2014 .with confirmation trace pg no 5887 |
| 08/07/2014 | SUPPLEMENTAL CLERK'S RECORD REQUEST |
| | COA 05-13-01747-CV Defendant's Request to Supplement Sealed Clerk's Record |
| 08/11/2014 | NOTE - CLERKS |
| | COA case no 05-13-01747-CV...preparing requested supp #1 CR |
| 08/11/2014 | CLERK'S RECORD PAYMENT INVOICE |
| | COA case no 05-13-01747-CV, prepared requested supp #1 clerk's record, sent def attny invoice via email on 8/11/2014, pending payment, pgs: 54 Supp #1 Clerk's Record- $ 54.00 Transcript Fee- $ 25.00 Attorney Copy Fee- N/A Total Fee- $79.00 Charged def- McKool Smith |
| 08/15/2014 | APPELLATE RECORD |
| | sent supp #1 CR w/conf pg 7930....54 pgs $79.00 cost |
| 09/05/2014 | MISCELLANOUS EVENT |
| | Amended Filing AMD COMPLAINT |
| 09/08/2014 | AMENDED PETITION |
| | Amended Filing |
| 09/08/2014 | NOTICE OF NONSUIT |
| | AMD |
| 09/11/2014 | MISCELLANOUS EVENT |
| | Request |
| 10/03/2014 | REQUEST FOR SERVICE |
| | TRANSMITTAL LETTER |
| 10/03/2014 | ISSUE CITATION |
| 10/03/2014 | CITATION |
| | TJ/ATTY ESERVE 2720510. |
| | MCKOOL SMITH P.C.                                      Unserved |
| 10/07/2014 | AMENDED PETITION |
| | 5TH AMENDED PETITION |
| 10/07/2014 | ISSUE CITATION |
| 10/08/2014 | CITATION |
| | TJ/ATTY 2CITS ESERVE 2758881. |
| | ROBERTS, TERRI                                         Unserved |
| | MCKOOL SMITH PC                                        Unserved |
| 10/09/2014 | AFFIDAVIT |
| | CERTIFICATE OF ATTORNEY |
| 10/19/2014 | NOTICE OF APPEARANCE |
| | NOTICE OF APPEARANCE |
| 10/23/2014 | MOTION - CONTEMPT OR ENFORCE FINAL ORDER |
| | Motion for Enforcement of Judgment and Stay Arbitration and Motion to Declare Plaintiff a Vexatious Litigant |
| 10/28/2014 | NOTICE OF HEARING / FIAT |
| | Notice of Hearing |
| 11/13/2014 | ORDER - RECUSAL |
| | Vol./Book 349M, Page 411,  1 pages |
| 11/17/2014 | ORDER - TRANSFER |
| | 160TH COURT |
| | Vol./Book 349M, Page 446,  1 pages |
| 11/26/2014 | NOTICE OF HEARING / FIAT |
| | Amended Notice of Hearing on Defendant's (1) Motion to Enforce Judgment and Stay Arbitration, and (2) Motion to Declare Plaintiff a Vexatious Litigant |
| 12/05/2014 | CANCELED  MOTION HEARING  (2:30 PM) (Judicial Officer TOBOLOWSKY, EMILY) |
| | REQUESTED BY JUDGE |
| | D/ENFORCE OF JUDGMENT FILED 10/23/2014 1 HOUR |
| 12/12/2014 | MOTION HEARING  (9:30 AM) (Judicial Officer MCFARLIN, SHERYL) |
| | MOTION FOR CONTEMPT / LANCE / 214-939-2031 / 1 HOUR |

FINANCIAL INFORMATION

**DEFENDANT** MCKOOL SMITH P.C.
| | | | |
|---|---|---|---|
| | Total Financial Assessment | | 79.00 |
| | Total Payments and Credits | | 79.00 |
| | **Balance Due as of 12/02/2014** | | **0.00** |
| 08/11/2014 | Transaction Assessment | | 79.00 |
| 08/12/2014 | PAYMENT (CASE FEES)   Receipt # 46175-2014-DCLK | FIGARI & DAVENPORT LLP | (79.00) |

**INTERVENOR** MCKOOL SMITH PC
| | | | |
|---|---|---|---|
| | Total Financial Assessment | | 25.00 |
| | Total Payments and Credits | | 25.00 |
| | **Balance Due as of 12/02/2014** | | **0.00** |
| 10/27/2014 | Transaction Assessment | | 25.00 |
| 10/27/2014 | CREDIT CARD - TEXFILE (DC)   Receipt # 62357-2014-DCLK | MCKOOL SMITH PC | (25.00) |

**PETITIONER** Davis, Chelsea L.
| | | | |
|---|---|---|---|
| | Total Financial Assessment | | 16.00 |
| | Total Payments and Credits | | 16.00 |
| | **Balance Due as of 12/02/2014** | | **0.00** |
| 10/08/2014 | Transaction Assessment | | 16.00 |
| 10/08/2014 | CREDIT CARD - TEXFILE (DC)   Receipt # 58819-2014-DCLK | Davis, Chelsea L. | (16.00) |

**PLAINTIFF** DAVIS, CHELSEA L.
| | | | |
|---|---|---|---|
| | Total Financial Assessment | | 551.00 |
| | Total Payments and Credits | | 551.00 |
| | **Balance Due as of 12/02/2014** | | **0.00** |
| 12/11/2013 | Transaction Assessment | | 272.00 |
| 12/11/2013 | PAYMENT (CASE FEES)   Receipt # 68534-2013-DCLK | DAVIS, CHELSEA L. | (272.00) |
| 01/07/2014 | Transaction Assessment | | 40.00 |
| 01/07/2014 | PAYMENT (CASE FEES)   Receipt # 865-2014-DCLK | DAVIS, CHELSEA L. | (40.00) |
| 02/11/2014 | Transaction Assessment | | 115.00 |
| 04/07/2014 | Transaction Assessment | | 116.00 |
| 04/07/2014 | PAYMENT (CASE FEES)   Receipt # 19933-2014-DCLK | ANDREW JEE PC | (231.00) |
| 10/03/2014 | Transaction Assessment | | 8.00 |
| 10/03/2014 | CREDIT CARD - TEXFILE (DC)   Receipt # 58108-2014-DCLK | DAVIS, CHELSEA L. | (8.00) |

Court Personas, District Clerk

# CASE SUMMARY
## CASE NO. DC-13-12834

| | | | |
|---|---|---|---|
| CHELSEA DAVIS | § | Location: | **298th District Court** |
| vs. | § | Judicial Officer: | **TOBOLOWSKY, EMILY** |
| MCKOOL SMITH PC, et al | § | Filed on: | **10/28/2013** |
| | § | | |

---

### CASE INFORMATION

**Related Cases**
  DF-13-19281  (LOCAL RULE 1.06/1.07)

**Statistical Closures**
11/26/2013   ALL OTHER DISPOSITIONS

Case Type: **OTHER PERSONAL INJURY**
Subtype: **OTHER PERSONAL INJURY**

---

### PARTY INFORMATION

| | | *Lead Attorneys* |
|---|---|---|
| **PLAINTIFF** | **DAVIS, CHELSEA L** | **Pro Se** |
| **DEFENDANT** | **BAXTER, SAMUEL F** | **COLLELUORI, DONALD**<br>*Retained*<br>214-939-2000(W) |
| | **MCKOOL SMITH PC** | **COLLELUORI, DONALD**<br>*Retained*<br>214-939-2000(W) |

---

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| 10/28/2013 | ORIGINAL PETITION (OCA) | |
| 10/28/2013 | ISSUE CITATION | |
| 10/28/2013 | CASE FILING COVER SHEET | |
| 10/29/2013 | **CITATION**<br>MCKOOL SMITH PC<br>Unserved<br>BAXTER, SAMUEL F<br>Unserved | |
| 10/29/2013 | MOTION - TEMPORARY ORDERS<br>  *& PERMANENT SEALING ORDER* | |
| 10/30/2013 | ORDER - SEAL<br>  *TEMPORARY* | *Vol./Book 435M,*<br>*Page 968, 1 pages* |
| 11/01/2013 | MISCELLANOUS EVENT<br>  Party: DEFENDANT MCKOOL SMITH PC; DEFENDANT BAXTER, SAMUEL F<br>  *NOTICE OF POSTING PUBLIC NOTICE* | |
| 11/04/2013 | AMENDED PETITION<br>  Party: PLAINTIFF DAVIS, CHELSEA L<br>  *1ST* | |
| 11/05/2013 | MOTION - TEMPORARY ORDERS<br>  *EMERGENCY SUPPLEMENTAL & PERM. SEALING ORDER & M/STAY* | |

*Printed on 09/26/2014 at 4:11 PM*

APP. 0074

# CASE SUMMARY
## CASE NO. DC-13-12834

| | | |
|---|---|---|
| 11/06/2013 | ORDER - SEAL<br>*TEMPORARY & STAY UNTIL SEALING HEARING* | *Vol./Book 345,<br>Page 1050, 2 pages* |
| 11/06/2013 | **TEMPORARY ORDERS HEARING** (9:00 AM) (Judicial Officer: TOBOLOWSKY, EMILY)<br>Events: 11/05/2013 MOTION - TEMPORARY ORDERS<br>*D/EMERG. SUPPLEMENTAL M/TEMP & PERM. SEAL O/& M/STAY DON 30MIN filed 11/05/2013* | |
| 11/11/2013 | RETURN OF SERVICE<br>*AFFIDAVIT OF SERVICE ( SUSAN H STANISLAV FOR MCKOOL SMITH PC EXEC 10/31/13) PPS* | |
| 11/13/2013 | MOTION - EXPEDITED HEARING<br>*Motion - Expedited Hearing* | |
| 11/14/2013 | NOTICE OF HEARING / FIAT<br>*Notice Of Hearing / Fiat* | |
| 11/15/2013 | RESPONSE<br>*DF/REQUEST/LIFT STAY AND X-M SANCTIONS* | |
| 11/18/2013 | CORRESPONDENCE - LETTER TO FILE<br>*RESPONSE TO LIFT STAY* | |
| 11/18/2013 | NOTICE OF NONSUIT<br>*Notice of Nonsuit of Samuel F. Baxter* | |
| 11/18/2013 | **MOTION HEARING** (8:30 AM) (Judicial Officer: TOBOLOWSKY, EMILY)<br>Events: 11/13/2013 MOTION - EXPEDITED HEARING<br>*PL/EMERG M DENY TRSF & SEVER FILED 11/14/13 30M* | |
| 11/19/2013 | NOTE - CLERKS<br>*SUBMITED ORDER NONSUIT* | |
| 11/19/2013 | CORRESPONDENCE - LETTER TO FILE<br>*E-MAIL- PLTF, CHELSEA DAVIS TO JUDGE* | |
| 11/19/2013 | ORDER - NONSUIT<br><br>*SAMUEL F. BAXTER* | *Vol./Book 345M,<br>Page 078, 1 pages* |
| 11/22/2013 | ORIGINAL ANSWER - DEFENDANT<br>*Defendant McKool Smith, P.C.'s Original Answer* | |
| 11/26/2013 | ORDER - TRANSFER/CONSOLIDATE<br>*W/DF-13-19281/254TH* | *Vol./Book 345M,<br>Page 151, 1 pages* |
| 11/26/2013 | NON-SIGNED PROPOSED ORDER/JUDGMENT<br>*TRSF CASE* | |
| 11/26/2013 | CORRESPONDENCE - LETTER TO FILE<br>*TRSF CASE LTR JUDGE* | |

APP. 0075

# CASE SUMMARY
## CASE NO. DC-13-12834

| | |
|---|---|
| 11/26/2013 | 🗎 AMENDED PETITION<br>Party: PLAINTIFF DAVIS, CHELSEA L<br>*SEALED 2ND* |
| 11/27/2013 | 🗎 MOTION - VACATE<br>*Motion - Vacate - $15* |
| 12/03/2013 | NOTE - CLERKS<br>*SENT TO TRSF DEPT COPY OF ORDER* |
| 12/04/2013 | 🗎 NOTICE OF NONSUIT<br>*Notice of Nonsuit* |
| 12/06/2013 | *CANCELED* **TEMPORARY ORDERS HEARING** (4:00 PM)  (Judicial Officer: TOBOLOWSKY, EMILY)<br>*BY COURT ADMINISTRATOR*<br>*TEMP. SEALING ORDER DON 214-939-2007 30MIN* |
| 12/17/2013 | 🗎 MOTION - REINSTATE<br>Party: PLAINTIFF DAVIS, CHELSEA L |
| 12/17/2013 | 🗎 MOTION - ENTER ORDER<br>Party: PLAINTIFF DAVIS, CHELSEA L<br>*DISCOVERY CONTROL PLAN* |
| 12/23/2013 | 🗎 NOTICE OF APPEAL - CT. OF APPEALS<br>Party: PLAINTIFF DAVIS, CHELSEA L<br>*05-13-01748-CV FILED W/5THCOA ONLY. SPOKE TO PRO SE CONCERNING DESIGNATION LETTER. NEED IMMEDIATELY. WILL BRING IN TODAY. SAY SHE FILED 3 APPEALS. TOLD HER WE NEED 3 DESIGNATION ONE FOR EACH. COA FILED UNDER THIS CAUSE V. DF13-19281.* |
| 12/23/2013 | 🗎 NOTICE OF APPEAL - CT. OF APPEALS<br>Party: PLAINTIFF DAVIS, CHELSEA L<br>*COA case no 05-13-01744-CV Notice Of Appeal* |
| 12/23/2013 | 🗎 NOTICE OF APPEAL - CT. OF APPEALS<br>Party: PLAINTIFF DAVIS, CHELSEA L<br>*05-13-01744-CV AMENDED Notice Of Appeal* |
| 12/31/2013 | 🗎 COA - POST CARD<br>*05-13-01744-CV* |
| 01/10/2014 | 🗎 COA - POST CARD<br>*05-13-01748-CV* |
| 01/13/2014 | 🗎 COA - CORRESPONDENCE LETTER<br>Party: PLAINTIFF DAVIS, CHELSEA L<br>*COA NO. 05-13-01748-CV, SUBMITTED A NO DESIGNATION LTR. TO LISA MATZ, CONF. NO. 4393* |
| 01/14/2014 | 🗎 COA - CORRESPONDENCE LETTER<br>Party: PLAINTIFF DAVIS, CHELSEA L<br>*COA NO. 05-13-01744-CV* |

*Printed on 09/26/2014 at 4:11 PM*

APP. 0076

Cause No. DC 13 1234, District Clerk

# CASE SUMMARY
## CASE NO. DC-13-12834

| 01/24/2014 | REQUEST REPORTER RECORD |
| | *05-13-01748-CV Request Reporter Record* |

01/24/2014    REQUEST CLERK PREPARE RECORD
Party: PLAINTIFF DAVIS, CHELSEA L
*05-13-01748-CV Request Clerk Prepare Record*

01/24/2014    REQUEST REPORTER RECORD
*05-13-01744-CV Request Reporter Record*

01/24/2014    REQUEST CLERK PREPARE RECORD
Party: PLAINTIFF DAVIS, CHELSEA L
*05-13-01744-CV Request Clerk Prepare Record*

02/05/2014    NOTE - CLERKS
*COA case no 05-13-01744-CV, preparing requested clerk's record*

02/05/2014    NOTE - CLERKS
*COA case no 05-13-01744-CV, preparing requested clerk's record*

02/10/2014    CLERK'S RECORD PAYMENT INVOICE
Party: PLAINTIFF DAVIS, CHELSEA L
*COA case no 05-13-01744-CV, prepared requested clerk's record sent plaintiff invoice via email on 2/10/2014, pending payment, pg: 165 Clerk's Record- $165.00 Transcript Fee- $25.00 Attorney Copy Fee- N/A Total Fee- $190.00 Charged Plaintiff- Chelsea Davis*

02/10/2014    CLERK'S RECORD PAYMENT INVOICE
Party: PLAINTIFF DAVIS, CHELSEA L
*COA case no 05-13-01748-CV, prepared requested clerk's record sent plaintiff invoice via email on 2/10/2014, pending payment, pg: 165 Clerk's Record- $165.00 Transcript Fee- $25.00 Attorney Copy Fee- N/A Total Fee- $190.00 Charged Plaintiff- Chelsea Davis*

04/07/2014    APPELLATE RECORD
Party: PLAINTIFF DAVIS, CHELSEA L
*COA case no 05-13-01744-CV Received paid invoice of $190.00 from plaintiff attny for preparation of requested Clerk's Record, submitted electronic version to the 5th Court of Appeals 4/7/2014 .with confirmation trace pg no 5888*

04/07/2014    APPELLATE RECORD
Party: PLAINTIFF DAVIS, CHELSEA L
*COA case no 05-13-01748-CV Received paid invoice of $190.00 from plaintiff attny for preparation of requested Clerk's Record, submitted electronic version to the 5th Court of Appeals 4/7/2014 .with confirmation trace pg no 5889*

| DATE | FINANCIAL INFORMATION | | |
|---|---|---|---|

**PLAINTIFF** DAVIS, CHELSEA L

| | | | |
|---|---|---|---|
| Total Charges | | | 688.00 |
| Total Payments and Credits | | | 688.00 |
| **Balance Due as of 9/26/2014** | | | **0.00** |
| | | | |
| Charge | | PLAINTIFF DAVIS, CHELSEA L | 16.00 |
| Charge | | PLAINTIFF DAVIS, CHELSEA L | 272.00 |
| PAYMENT (CASE FEES) | Receipt # 62111-2013-DCLK | PLAINTIFF DAVIS, CHELSEA L | (288.00) |
| Charge | | PLAINTIFF DAVIS, CHELSEA L | 20.00 |
| PAYMENT (CASE FEES) | Receipt # 69533-2013-DCLK | PLAINTIFF DAVIS, CHELSEA L | (20.00) |

*Printed on 09/26/2014 at 4:11 PM*

APP. 0077

Gary Fitzsimmons, District Clerk

# CASE SUMMARY
## CASE NO. DC-13-12834

| Charge | | PLAINTIFF DAVIS, CHELSEA L | 190.00 |
|---|---|---|---|
| Charge | | PLAINTIFF DAVIS, CHELSEA L | 190.00 |
| PAYMENT (CASE FEES) | Receipt # 19931-2014-DCLK | PLAINTIFF DAVIS, CHELSEA L | (380.00) |

*Printed on 09/26/2014 at 4:11 PM*

APP. 0078

# CASE SUMMARY
## CASE NO. DF-14-11110

| | | |
|---|---|---|
| CHELSEA DAVIS | § | Location: **254th District Court** |
| vs. | § | Judicial Officer: **MARTIN, JAMES** |
| MCKOOL SMITH PC, et al | § | Filed on: **06/10/2014** |
| | § | |

---

### CASE INFORMATION

Case Type: **OTHER (FAMILY)**

---

### PARTY INFORMATION

| | | |
|---|---|---|
| **PETITIONER** | **DAVIS, CHELSEA L** | Pro Se |
| **RESPONDENT** | **BAXTER, SAMUEL F** | **COLLELUORI, DONALD** *Retained* 214-939-2000(W) |
| | **MCKOOL SMITH PC** | **COLLELUORI, DONALD** *Retained* 214-939-2000(W) |

---

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| 10/28/2013 | INSTRUMENTS *CASE SUMMARY* | |
| 10/28/2013 | INSTRUMENTS *ORIGINAL PETITION* | |
| 10/29/2013 | INSTRUMENTS *MOTION FOR TEMPORARY AND PERMANENT SEALING ORDER* | |
| 10/30/2013 | INSTRUMENTS *ORDER GRANTING MOTION FOR TEMPORARY SEALING ORDER* | |
| 11/01/2013 | INSTRUMENTS *NOTICE OF POSTING PUBLIC NOTICE* | |
| 11/04/2013 | INSTRUMENTS *FIRST AMENDED ORIGINAL PETITION* | |
| 11/05/2013 | INSTRUMENTS *EMERGENCY SUPPLEMENTAL MOTION FOR TEMPORARY AND PERMANENT SEALING ORDER AND MOTION TO STAY* | |
| 11/06/2013 | INSTRUMENTS *ORDER GRANTING EMERGENCY SUPPLEMENTAL MOTION FOR TEMPORARY SEALING ORDER AND MOTION TO STAY* | |
| 11/11/2013 | INSTRUMENTS *CITATION* | |
| 11/13/2013 | INSTRUMENTS *PLAINTIFF EMERGENCY MOTION TO DENY TRANSFER AND TO SEVER AND OPPOSITION TO DEFENDANTS EMERGENCY MOTION TO STAY* | |

*Printed on 09/04/2014 at 3:03 PM*

APP. 0079

# CASE SUMMARY
## CASE NO. DF-14-11110

| | |
|---|---|
| 11/14/2013 | INSTRUMENTS<br>*NOTICE OF HEARING* |
| 11/15/2013 | INSTRUMENTS<br>*DEFENDANTS RESPONSE TO REQUEST TO LIFT STAY AND CROSS-MOTION FOR SANCTIONS* |
| 11/18/2013 | INSTRUMENTS<br>*CORRESPONDENCE* |
| 11/18/2013 | INSTRUMENTS<br>*NOTICE OF NONSUIT OF SAMUEL F BAXTER* |
| 11/19/2013 | INSTRUMENTS<br>*ORDER OF NONSUIT OF SAMUEL F BAXTER* |
| 11/19/2013 | INSTRUMENTS<br>*CORRESPONDENCE* |
| 11/22/2013 | INSTRUMENTS<br>*DEFENDANT MCKOOL SMITH PC ORIGINAL ANSWER* |
| 11/26/2013 | INSTRUMENTS<br>*SECOND AMENDED ORIGINAL PETITION* |
| 11/26/2013 | INSTRUMENTS<br>*CORRESPONDENCE* |
| 11/26/2013 | INSTRUMENTS<br>*ORDER TRANSFERRING CASE (NONSIGNED)* |
| 11/26/2013 | INSTRUMENTS<br>*ORDER TRANSFERRING CASE* |
| 11/27/2013 | INSTRUMENTS<br>*PLAINTIFF MOTION TO VACATE ORDER TRANSFERRING CASE* |
| 12/04/2013 | INSTRUMENTS<br>*NOTICE OF NONSUIT* |
| 12/17/2013 | INSTRUMENTS<br>*MOTION TO ENTER A DISCOVERY CONTROL PLAN* |
| 12/17/2013 | INSTRUMENTS<br>*PLAINTIFF MOTION TO REINSTATE* |
| 06/10/2014 | NEW CASE FILED (OCA) - FAMILY |
| 06/10/2014 | INSTRUMENTS<br>*ORDER TRANSFERING CASE* |

*Printed on 09/04/2014 at 3:03 PM*

APP. 0080

# CASE SUMMARY
### CASE NO. DF-14-11110

| 06/10/2014 | INSTRUMENTS<br>*CASE FILE COVER SHEET* |
|---|---|
| 06/11/2014 | CORRESPONDENCE - LETTER TO FILE |
| 06/12/2014 | NOTICE OF HEARING / FIAT |
| 06/12/2014 | NOTICE OF HEARING / FIAT |
| 06/12/2014 | JURY DEMAND<br>Party:  PLAINTIFF  DAVIS, CHELSEA L<br>*REQUEST FOR PRE-TRIAL HEARING AND JURY DEMAND* |
| 06/12/2014 | MOTION - MISCELLANOUS<br>Party:  PETITIONER  DAVIS, CHELSEA L<br>*MOTION TO LIFT STAY ENTERED 12/06/2014* |
| 06/16/2014 | MISCELLANOUS EVENT<br>Party:  PETITIONER  DAVIS, CHELSEA L |
| 06/16/2014 | NON-SIGNED PROPOSED ORDER/JUDGMENT |
| 06/17/2014 | NON-SIGNED PROPOSED ORDER/JUDGMENT<br>*C.DAVIS PROPOSED ORDER OF DISMISSAL* |
| 06/17/2014 | MOTION - CONSOLIDATE<br>Party:  PETITIONER  DAVIS, CHELSEA L |
| 08/04/2014 | MOTION - NEW TRIAL<br>Party:  PETITIONER  DAVIS, CHELSEA L |
| 08/04/2014 | MOTION - VACATE<br>Party:  PETITIONER  DAVIS, CHELSEA L |
| 08/11/2014 | MISCELLANOUS EVENT<br>Party:  PETITIONER  DAVIS, CHELSEA L<br>*CORRESPONDANCE WITH STATE BAR* |
| 08/25/2014 | MOTION - APPOINT MISC<br>*COURT APPOINTED ATTY* |
| 08/29/2014 | NON-SIGNED PROPOSED ORDER/JUDGMENT<br>*ORDER OF DISMISSAL W/O PREJUDICE-SUBMITTED BY C. DAVIS* |
| 08/29/2014 | NOTICE OF NONSUIT<br>Party:  PETITIONER  DAVIS, CHELSEA L |

| DATE | FINANCIAL INFORMATION |
|---|---|

| **PLAINTIFF**  DAVIS, CHELSEA L | |
|---|---|
| Total Charges | 30.00 |
| Total Payments and Credits | 30.00 |
| **Balance Due as of 9/4/2014** | **0.00** |

*Printed on 09/04/2014 at 3:03 PM*

APP. 0081

Case 3:14-cv-03975-N-BK   Document 21-6   Filed 12/02/14   Page 4 of 4   PageID 289

# CASE SUMMARY
## CASE NO. DF-14-11110

| | | | |
|---|---|---|---|
| Charge | | DAVIS, CHELSEA L | 267.00 |
| Charge | | DAVIS, CHELSEA L | 30.00 |
| PAYMENT (CASE FEES) | Receipt # 33671-2014-DCLK | DAVIS, CHELSEA L | (30.00) |
| Adjustment | | DAVIS, CHELSEA L | (267.00) |

PAGE 4 OF 4

*Printed on 09/04/2014 at 3:03 PM*

**APP. 0082**

**Notices**

3:14-cv-03975-N-BK McKool Smith PC v. Davis

APPEAL,CASREF,JURY

If you need to know whether you must send the presiding judge a paper copy of a document that you have docketed in this case, click here: Judges' Copy Requirements. Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas must seek admission promptly. Forms and Instructions found at www.txnd.uscourts.gov. If admission requirements are not satisfied within 21 days, the clerk will notify the presiding judge.

**U.S. District Court**

**Northern District of Texas**

**Notice of Electronic Filing**

The following transaction was entered by Davis, Chelsea on 12/2/2014 at 10:29 PM CST and filed on 12/2/2014

**Case Name:**      McKool Smith PC v. Davis
**Case Number:**    3:14-cv-03975-N-BK
**Filer:**          Chelsea L Davis
**Document Number:** 23

**Docket Text:**
**NOTICE of *REMOVAL (SIXTH IN SERIES)* re: [1] Notice (Other) filed by Chelsea L Davis. Party Harlan R. Crow added. (Davis, Chelsea)**

**3:14-cv-03975-N-BK Notice has been electronically mailed to:**

Chelsea L Davis    usdocket@lawofficeofchelseadavis.com

Chelsea L Davis    cdavis@chelseadavispc.com

**3:14-cv-03975-N-BK The CM/ECF system has NOT delivered notice electronically to the names listed below. The clerk's office will serve notice of court Orders and Judgments by mail as required by the federal rules. An attorney/pro se litigant is cautioned to carefully follow the federal rules (see FedRCivP 5) with regard to service of any document the attorney/pro se litigant has filed with the court. The clerk's office will not serve paper documents on behalf of an attorney/pro se litigant.**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1004035775 [Date=12/2/2014] [FileNumber=8115700-0
] [47e67fabc8427dfa6d9e38986d0d991592afd3539e026ef54eafd6311dcf622d74e
a8fc17daa44953b613e271bf7b2b7ec64e6fa3d1b603c7c8bc60503a188eb]]