IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| CHELSEA L. DAVIS, | § | |
|---|---|---|
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:14-CV-3975-N |
| | § | |
| MCKOOL SMITH PC, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## SHOW CAUSE ORDER

The Court orders Plaintiff Chelsea L. Davis to show cause why an order should not be entered barring her from filing additional cases in this district and from further filings in her currently pending and closed actions related to her underlying claims in this action. A district court has the authority to issue sua sponte sanctions against a party for conduct violative of Federal Rule of Civil Procedure 11(b).[1] *See* FED R. CIV. P. 11(c)(3). In order to do so, a district court must first issue a "show cause" order "describing the offending conduct and allow[ing] [the party] an opportunity to show cause why sanctions should not be imposed." *Goldin v. Bartholow*, 166 F.3d 710, 722 (5th Cir. 1999). Generally, the district court should also provide the party notice of the "precise sanctioning tool that the court

---

[1]Rule 11(b) states that by presenting a pleading or motion to the court, an individual certifies that "it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation[.]" FED. R. CIV. P. 11(b)(1). Rule 11(b) also requires an individual presenting a pleading to the court to certify that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law[.]" FED. R. CIV. P. 11(b)(2).

ORDER – PAGE 1

intends to employ." *Fellheimer, Eichen & Braverman, P.C. v. Charter Tech., Inc.*, 57 F.3d 1215, 1225 (3d Cir. 1995).

## I. THE VIOLATING CONDUCT

This action is one in a long line of cases Davis has filed targeting McKool Smith PC and certain individuals for tortious conduct she alleges occurred during and after her time as an employee at McKool Smith. The following is a nonexhaustive list of the various cases she has brought in this District.

1. *Davis v. McKool Smith*, No. 3:13-CV-4926-N (N.D. Tex., removed Dec. 18, 2013) (sua sponte remanded for lack of jurisdiction);

2. *Davis v. Ackman*, No. 3:13-CV-4973-N (N.D. Tex., filed Dec. 20, 2013) (dismissed for failure to state a claim);

3. *Davis v. McKool Smith*, No. 3:14-CV-0056-N (N.D. Tex., filed Jan. 8, 2014) (dismissed with prejudice under res judicata), *appeal filed*, No. 14-11179 (5th Cir. Oct. 28, 2014);

4. *Ware v. Davis*, No. 3:14-CV-1963-N (N.D. Tex., removed May 30, 2014) (sua sponte remanded for lack of jurisdiction);

5. *Crow v. Davis*, No. 3:14-CV-1964-N (N.D. Tex., removed May 30, 2014) (sua sponte remanded for lack of jurisdiction);

6. *Davis v. McKool Smith*, No. 3:14-CV-3962-N (N.D. Tex., filed Nov. 7, 2014) (sua sponte dismissed for res judicata), *appeal filed*, No. 15-10019 (5th Cir. Jan. 8, 2015);

7. *Davis v. Ware*, No. 3:14-XC-3963-K (N.D. Tex., filed Nov. 8, 2014) (dismissed for abandonment);

8. *Davis v. McKool Smith*, No. 3:14-CV-3975-N (N.D. Tex., filed Nov. 10, 2014) (remains pending), *appeal filed*, No. 14-11286 (5th Cir. Dec. 4, 2014);

9. *Davis v. McKool Smith*, No. 3:14-CV-4190-N (N.D. Tex., filed Nov. 24, 2014) (remains pending), *Emergency Motion for Mandamus Filed*, No. 15-10040 (5th Cir. Jan. 15, 2015).

Davis has also attempted to litigate these claims in the Eastern District of Texas[2] and in Texas State court.[3]

Davis's actions against McKool Smith and related individuals typically allege claims ranging from the Fair Labor Standards Act to human trafficking. On December 27, 2013, Judge Tobolowsky of the 298th Judicial District Court for Dallas County, Texas, entered an order dismissing employment-related claims against McKool Smith and others with prejudice. *See* Appendix in Supp. Mot. Dismiss 0004–0006 [8-1], *in Davis v. McKool Smith*, Civil Action No. 3:14-CV-0056-N (N.D. Tex. filed Jan. 8, 2014). Subsequently, in Case No. 14-CV-0056-N, this Court dismissed a set of substantially similar claims against McKool Smith with prejudice for res judicata. *See* Sept. 30, 2014 Order [14], *in Davis v. McKool*

---

[2]*See Davis v. GECESC Associates LLC*, Civil Action No. 2:14-CV-2065-JRG (E.D. Tex. filed Nov. 21, 2014); *Davis v. McKool Smith P.C.*, Civil Action No. 4:14-CV-0754-ALM (E.D. Tex. filed Nov. 19, 2014).

[3]*See, e.g.*, *Davis v. McKool Smith P.C.*, No. DC-13-14215 (160th Dist. Ct., Dallas County, Tex. Dec. 2, 2013); *Davis v. Baxter*, No. 199-03395-2013 (199th Dist. Ct., Collin County, Tex. Aug. 27, 2013).

*Smith*, Civil Action No. 3:14-CV-0056-N (N.D. Tex. filed Jan. 8, 2014). Davis continues to file actions before this court, such as this one, asserting the same set of claims against McKool Smith and related individuals, stemming from her previous employment with McKool Smith.

Davis has also made a number of dilatory filings in an apparent effort to impede litigation and frustrate the resolution of her case. Following the issuance of U.S. Magistrate Judge Toliver's Findings, Conclusion, and Recommendations [11], which recommended sua sponte dismissal of this case for res judicata, Davis purported to remove two state court actions into this already pending case. *See* Notice of Removal Pursuant to 28 U.S.C. Sec. 1442(a) [21]. The same day, Davis filed a notice of interlocutory appeal, which sought review by the Fifth Circuit of a series of orders, including a number of state court orders. *See* Amended Notice of Interlocutory Appeal [24]. Though the intent behind these filings is admittedly unclear, they were entirely without legal merit[4] and served no purpose other than to delay the resolution of the case.[5] Davis also continues to file various objections, motions,

---

[4]Federal courts of appeal, like federal district courts, are courts of limited jurisdiction and may only hear cases as provided for by the Constitution or by Congress. *See United States v. Garner*, 749 F.2d 281, 284 (5th Cir. 1985). Subject to limited exception, courts of appeals may only review final judgments of the district courts. *See* 28 U.S.C. § 1291. All federal courts lack jurisdiction to directly review state court decisions. *Atl. Coast Line R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 296 (1970). When Davis filed her notice of appeal, no final judgment had been entered in the case, and Davis sought to appeal state court orders.

[5]Despite Davis's appeal, the Court retains jurisdiction of the case to enter this show cause order. *See United States v. Green*, 882 F.2d 999, 1001 (5th Cir. 1989) (holding notice of appeal from a non-appealable order does not divest the district court of jurisdiction); *United States v. Hitchmon*, 602 F.2d 689, 693 (5th Cir. 1979) (noting the contrary rule

and other documents into closed cases that are irrelevant to any postjudgment relief she as a litigant may seek.[6]

Davis has been warned that her continued filing of duplicative cases and frivolous motions could result in sanctions. *See* Findings, Conclusions, and Recommendation 3 [14], *in Davis v. McKool Smith PC*, Civil Action No. 3:14-CV-3962-N (N.D. Tex. filed Nov. 7, 2014). Yet Davis continues to bring claims based on the same set of underlying facts. The Court thus finds that Davis's continued attempt to litigate these claims is vexatious and designed solely to harass and embarrass Defendants. "The right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 193 (5th Cir. 1998) (quoting *Sieverding v. Colorado Bar Ass'n*, 469 F.3d 1340, 1343 (10th Cir. 2006)).

---

"leaves the court powerless to prevent intentional dilatory tactics, forecloses without remedy the nonappealing party's right to continuing trial court jurisdiction, and inhibits the smooth and efficient functioning of the judicial process), *superseded on other grounds as recognized in United States v. Martinez*, 763 F.2d 1297, 1308 n.11 (11th Cir. 1985). Davis's amended notice of interlocutory appeal in this action exclusively purports to appeal either state court orders or orders that were not issued in this action. *See* Am. Notice of Interlocutory Appeal 2–3.

[6]*See, e.g.*, Davis's Notice of Rule 26 Initial Disclosures [33], *in Davis v. McKool Smith PC*, Civil Action No. 3:14-CV-3962-N (N.D. Tex. filed Nov. 7, 2014) (attempting to make pretrial disclosures in an action that had been dismissed with prejudice); Notice to Take Deposition [33], *in Davis v. McKool Smith*, Civil Action No. 3:14-CV-0056-N (N.D. Tex filed Jan. 8, 2014) (noticing intent to take depositions in action that had been dismissed with prejudice).

## II. THE ANTICIPATED SANCTIONS[7]

The Court would impose an Order prohibiting Davis from filing in or removing to the Northern District of Texas any case based in whole or in part on events before the date of this Order and against any one or more of the following parties: R. Brian Teal; Samuel Baxter; GECESC Associates; GECESP Associates; BOC; Amy Abboud Ware; Leslie Ware; Stephen Jones; William C. Carmody; James S. Chanos; McKool Smith PC; Clint D. Carlson; J. Kyle Bass; Chad Bushaw; William A. Ackman; Harlan R. Crow; Leon G. Cooperman; Jon Stevens; Carlos R. Cortez; Panoptis IP LLC; the Ware Firm LLC; and McKool Smith Henningnan PC, unless represented by a licensed attorney other than herself, or with leave of court.

Furthermore, the Court would prohibit Davis from filing in or removing to the Northern District of Texas any action arising from her employment at McKool Smith PC, including but not limited to claims for sex discrimination; disability discrimination; racial discrimination; medical leave; wages and overtime; wage discrimination; conspiracy; false imprisonment; quantum meruit and unjust enrichment; assault and battery; wrongful termination; breach of contract; intentional infliction of emotional distress; fraud and

---

[7]Sanctions imposed for Rule 11 violations should in general be "the least severe sanction adequate to serve the purpose [of Rule 11]." *Thomas v. Capital Sec. Servs., Inc.*, 836 F.2d 866, 878 (5th Cir. 1988). Davis's filings demonstrate that nothing short of a restriction on filing will serve to prevent future violations of Rule 11. The Court finds the sanctions detailed in this Order would balance Davis's right of access to the courts, while subsequently preventing her from attempting to prosecute any further causes of action that are barred by res judicata, or from wasting the Court's resources by filing irrelevant materials in closed cases.

promissory estoppel; negligent hiring, supervision, and retention; gross negligence; personal injury under 18 U.S.C. § 2255; conspiracy to violate constitutional rights; sexual assault; aggravated sexual assault; federal assault and sexual abuse; violation of 18 U.S.C § 247; and violation of 18 U.S.C. § 1592, unless represented by a licensed attorney other than herself, or with leave of court.[8] These restrictions would extend to any attempt by Davis to continue to litigate these claims in any currently closed action in this District.

Finally, the Court would prohibit Davis from any further filings in closed actions unless represented by a licensed attorney other than herself, or with leave of court.

### CONCLUSION

Plaintiff Chelsea L. Davis is ordered to show cause within twenty-one (21) days from the date of this Order why the filing sanctions described herein should not be imposed.

Signed January 21, 2015.

_____
David C. Godbey
United States District Judge

---

[8] The listed causes of action were those dismissed with prejudice by this Court in its September 30, 2014 Order [14], *in Davis v. McKool Smith*, Civil Action No. 3:14-CV-0056-N (N.D. Tex., filed Jan. 8, 2014).