**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

**CHELSEA L. DAVIS**

**v.**

**SAMUEL F. BAXTER, and MCKOOL SMITH P.C.**

**CASE NO.** 4:14-cv-754
**CONSOLIDATED INTO CASE NO. 3:14-CV-514 and 14-7088, into which *Chelsea L. Davis v. McKool Smith P.C. and Samuel F. Baxter,* DC-13-12834, 298th Jud. Dt. Ct., Dallas County, TX, is consolidated**

---

TO THE HONORABLE PRESIDING JUDGE:

**AMENDED CIVIL COMPLAINT FOR FEDERAL HUMAN TRAFFICKING; AND PENDANT FIRST AMENDED ORIGINAL PETITION TRANSFERRED IN AND CONSOLIDATED HEREWITH**

1. COMES NOW, Chelsea L. Davis ("Chelsea Davis"), who hereby limits the admissibility of the following statements pursuant to the Federal Rules of Evidence, and files this her SUPPLEMENTAL COMPLAINT FOR FEDERAL HUMAN TRAFFICKING against Samuel F. Baxter and McKool Smith P.C., and shows unto the Honorable Court as follows. Chelsea Davis is not a plaintiff who previously dismissed any action in any federal court or filed any action based on or including the same claim against the same defendant(s) because defendants in state court do not become defendants until they are served with a valid summons and complaint. This dispute began in 2010. Cause Number DC-13-12834 was opened in the 298th Judicial District Court, Dallas County, Texas, *Chelsea L. Davis v. McKool Smith P.C. and Samuel F. Baxter,* on Oct. 28, 2013, but no proceeding proceeded due to this Court's order to

stay and preliminary anti-suit injunction against Chelsea Davis, Samuel F. Baxter and McKool Smith P.C. Accordingly, Samuel F. Baxter and McKool Smith P.C. could not be previously served prior to transfer in of previous filed actions removed to this United States District Court for the Eastern District of Texas.

2. Chelsea L. Davis, the attorney issued TX Bar No. 24059652 and USPTO Reg. No. 63791 moved from Dallas County, Texas to Collin County, Texas in April 2013.

3. Samuel F. Baxter resides in Harrison County, Texas and is the attorney issued TX Bar No. 01938000.

4. McKool Smith P.C. is a Texas professional corporation having a principal office at 300 Crescent Court, Ste. 1500, Dallas, TX 75201.

**JURISDICTION AND VENUE**

5. This instrument includes a claim which raises a federal question pursuant to federal laws at 18 U.S.C. §1582-95 *et seq*.

6. Acts or omissions giving rise to the claims occurred in the United States District Courts for the Northern and Eastern Districts of Texas. For purposes of an arbitration proceeding before the American Arbitration Association, venue is proper in Wilmington, Delaware. However, Chelsea Davis's arbitration agreement with Samuel F. Baxter and McKool Smith P.C. does not include arbitration of her claims of human trafficking.

**STATEMENT OF FACTS**

7. Chelsea Davis is a victim of Samuel Baxter's wrongful conduct. Samuel Baxter forced Chelsea Davis, through force, fraud or coercion, involving numerous threats of serious harm - threats to kill her, to have her raped by a judge who was HIV positive, to put her in jail,

and to take away her law license - to engage in forced labor and sexual conduct with investors in McKool Smith P.C.

8. Samuel Baxter promised Chelsea Davis $1,000,000 in exchange for her release of her personal injury claim for intentional infection with the Herpes virus. Chelsea Davis was never paid in full as promised.

9. In 2012, Chelsea Davis was sent to California on a business trip to interact with shareholders and clients of McKool Smith P.C. and McKool Smith Hennigan P.C., subjecting her to further demeaning sexual harassment and abuse after the admitted term of her employment with McKool Smith P.C. in violation of California statutes prohibiting discrimination based on sex and federal laws prohibiting human trafficking.

10. Chelsea Davis is one of multiple female lawyers, paralegals and clerks that Samuel Baxter has sexually harassed and from whom Samuel Baxter has demanded sex. The list of his victims dates back at least to the 1970's. There are numerous stories of Samuel Baxter having sex with his assistants in his chambers when he was a judge. At McKool Smith P.C., Samuel Baxter continued his pattern of abusing female employees and has had sex with and sexually harassed multiple women at the firm.

11. In 2010, McKool Smith P.C. did not have an anti-nepotism policy, and the women who worked at the firm sexually gratified the men. This pattern is evident from the top down, during 2010, and historically through the years. For example, when Erin McKool was a young associate of McKool Smith P.C., she had sex with Mike McKool, who was a married man. Later, Mike McKool left his wife and married his young associate, Erin. As another example,in 2010, Samuel Baxter had sexual relationships with a shareholder, with an associate,

and with an employee of a client of the firm at the same time. There are additional associates having sex with additional shareholders, clients and investors in McKool Smith P.C.

12. Samuel Baxter pimped Chelsea Davis out to a major investor and client who manages the fund which finances McKool Smith P.C.'s patent litigation and to an investor in the fund. On one occassion, during her employment with McKool Smith P.C., she was paid $100 cash in addition to her salary specifically for the sexual conduct with investor Harlan R. Crow of Crow Holdings Capital Partners LLC, a Delaware limited liability corporation. She was forced to tolerate receiving disgusting in-person, email and phone call invitations for sex from the firm's investors and clients as she worked in her office at McKool Smith P.C. Accordingly, Chelsea Davis was paid to engage in forced labor and sexual conduct. Emails from the two investors, along with text messages from Samuel Baxter, and photographic evidence demonstrate the sexual demands to which Chelsea Davis was subjected; certain 9-1-1 phone calls, police reports, medical records and financial records evidence the threats of physical and financial harm that Samuel Baxter made to Chelsea Davis which terrified her at certain times for good reason. Additional records in 2013 and 2014 demonstrate proof of the first amount owed of $1,000,000 and additional threats to which Chelsea Davis has been subjected, continuing the trafficking and forced labor. Chelsea Davis's evidence establishes a prima facie case of human trafficking which Samuel F. Baxter and McKool Smith P.C. have not and cannot deny.

13. Chelsea Davis's claims for trafficking are statutorily cumulative to claims that she could bring in independent civil actions if she were not subject to an anti-suit injunction. The legislative histories of the federal trafficking victims protection act, and state laws providing a civil remedy for trafficking of persons recognize the extremely prejudicial nature of trafficking

claims by codifying the cumulative nature of the remedies available.

14. Samuel Baxter and McKool Smith P.C. knowingly received a benefit, namely, financing of its patent litigation, enabling it to make hundreds of millions of dollars in revenues, from participating in a venture which engaged in human trafficking.

### *I. Claim for Human Trafficking Under Federal Law - Sex Trafficking*

15. Each of the foregoing and following paragraphs (except defenses) is incorporated herein by reference. SAMUEL BAXTER was the perpetrator and/or participated in a venture which engaged in the forced labor and/or sex trafficking of Chelsea Davis in violation of federal law. Chelsea Davis may bring this action against SAMUEL BAXTER and McKool Smith P.C. under 18 U.S.C. § 1595, which states that "[a]n individual who is a victim of a violation of this chapter may bring a civil action against the perpetrator (or whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter) in an appropriate district court of the United States and may recover damages and reasonable attorneys fees." *Id.* Under 18 U.S.C. § 1593A, SAMUEL BAXTER and McKool Smith P.C. are liable to Chelsea Davis because "[w]hoever knowingly benefits, financially or by receiving anything of value, from participation in a venture which has engaged in any act in violation of section 1581(a), 1592, or 1595(a), knowing or in reckless disregard of the fact that the venture has engaged in such violation" is liable. SAMUEL BAXTER knowingly benefited, financially or by receiving anything of value, from participation in a venture which has engaged in any act in violation of section 1581(a), 1592, or 1595(a), knowing or in reckless disregard of the fact that the venture has engaged in such violation. SAMUEL BAXTER and McKool Smith P.C. participated in a venture

which engaged in an act in violation 18 U.S.C. § 1595(a), which states that "whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter." *Id.* SAMUEL BAXTER and McKool Smith P.C. knew or should have known that the venture engaged in an act in violation of Chapter 77 of Title 18 of the United States Code. Chelsea Davis is a victim of one and/or more acts in violation of Chapter 77 of Title 18 of the United States Code, and the act and/or acts in violation directly and proximately caused harm to Chelsea Davis. Chelsea Davis is a victim of one and/or more acts of sex trafficking in violation of 18 U.S.C. § 1591, which states, "(a) Whoever knowingly—(1) in or affecting interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States, recruits, entices, harbors, transports, provides, obtains, or maintains by any means a person; or (2) benefits, financially or by receiving anything of value, from participation in a venture which has engaged in an act described in violation of paragraph (1), knowing, or in reckless disregard of the fact, that means of force, threats of force, fraud, coercion described in subsection (e)(2), or any combination of such means will be used to cause the person to engage in a commercial sex act, or that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act, shall be punished as provided in subsection (b)." *Id.* Each act directly and proximately caused harm to Chelsea Davis. As a direct and proximate result of the acts, Chelsea Davis suffered damages. Chelsea Davis seeks damages in excess of $75,000. However, proof of injury is not required for this Court to punish Samuel Baxter and McKool Smith P.C. for his and/or its wrongful conduct.

16. Chelsea Davis seeks a judgment for monetary damages and an order of restitution

for all of her losses as a proximate result of the trafficking and of the venture, plus the greater of the gross income or value to SAMUEL BAXTER and McKool Smith P.C. of the victim's services or labor or the value of the victim's labor as guaranteed under the minimum wage and overtime guarantees of the Fair Labor Standards Act (29 U.S.C. 201 et seq.), exemplary damages and attorney fees.

### *II. Claim for Human Trafficking Under Federal Law - Forced Labor*

17. Each of the foregoing and following paragraphs (except defenses) is incorporated herein by reference. SAMUEL BAXTER was the perpetrator and/or participated in a venture which engaged in the forced labor of Chelsea Davis in violation of federal law. Chelsea Davis may bring this action against SAMUEL BAXTER and McKool Smith P.C. under 18 U.S.C. § 1595, which states that "[a]n individual who is a victim of a violation of this chapter may bring a civil action against the perpetrator (or whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter) in an appropriate district court of the United States and may recover damages and reasonable attorneys fees." *Id.* Under 18 U.S.C. § 1593A, each of SAMUEL BAXTER and McKool Smith P.C. is liable to Chelsea Davis because "[w]hoever knowingly benefits, financially or by receiving anything of value, from participation in a venture which has engaged in any act in violation of section 1581(a), 1592, or 1595(a), knowing or in reckless disregard of the fact that the venture has engaged in such violation" is liable. SAMUEL BAXTER and McKool Smith P.C. knowingly benefited, financially or by receiving anything of value, from participation in a venture which has engaged in any act in violation of section 1581(a), 1592, or 1595(a), knowing or in reckless disregard of the fact that

the venture has engaged in such violation. SAMUEL BAXTER and McKool Smith P.C. participated in a venture which engaged in an act in violation 18 U.S.C. § 1595(a), which states that "whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter." *Id.* SAMUEL BAXTER and McKool Smith P.C. knew or should have known that the venture engaged in an act in violation of Chapter 77 of Title 18 of the United States Code. Chelsea Davis is a victim of one and/or more acts in violation of Chapter 77 of Title 18 of the United States Code, and the act and/or acts in violation directly and proximately caused harm to Chelsea Davis. Chelsea Davis is a victim of one and/or more acts of labor trafficking in violation of 18 U.S.C. § 1589, which states that "[w]hoever knowingly provides or obtains the labor or services of a person by any one of, or by any combination of, the following means—(1) by means of force, threats of force, physical restraint, or threats of physical restraint to that person or another person; (2) by means of serious harm or threats of serious harm to that person or another person; (3) by means of the abuse or threatened abuse of law or legal process; or (4) by means of any scheme, plan, or pattern intended to cause the person to believe that, if that person did not perform such labor or services, that person or another person would suffer serious harm or physical restraint, shall be punished as provided under subsection (d)." *Id.* Each act directly and proximately caused harm to Chelsea Davis. As a direct and proximate result of the acts, Chelsea Davis suffered damages. Chelsea Davis seeks damages in excess of $75,000. However, proof of injury is not required for this Court to punish Samuel Baxter for his wrongful conduct.

18. Chelsea Davis seeks a judgment for monetary damages and an order of restitution

for all of her losses as a proximate result of the trafficking and of the venture, plus the greater of the gross income or value to SAMUEL BAXTER of the victim's services or labor or the value of the victim's labor as guaranteed under the minimum wage and overtime guarantees of the Fair Labor Standards Act (29 U.S.C. 201 et seq.), exemplary damages and attorney fees.

### *III. Claim for Conspiracy to Interfere with Chelsea Davis's Rights Conferred on her by Section 1981, the Equal Protection Clause of the 14th Amendment and for Deprivation of Rights Under 42 U.S.C. §1983*

19. Samuel F. Baxter and McKool Smith P.C. are two or more persons who conspired to injure, oppress, threaten, or intimidate Chelsea Davis in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to her by the Constitution or laws of the United States, or because of her having so exercised the same. Samuel Baxter and Roderick Dorman intentionally discriminated against Chelsea Davis and interfered with her contractual rights in violation of 42 U.S.C. §1981 and 42 U.S.C. §1983. The actions of Samuel Baxter, Roderick Dorman and McKool Smith P.C. violated Chelsea Davis's substantive due process rights in that she has been deprived of a liberty interest, employment, in violation of the law. Samuel F. Baxter and McKool Smith P.C. conspired to interfere with Chelsea Davis's employment with other law firms in violation of 42 U.S.C § 1981 – her right to make and enforce contracts. Samuel F. Baxter and McKool Smith P.C. further conspired to deprive Chelsea Davis of equal protection under the law and her substantive due process rights under the 14th Amendment in that they sought to categorically malign, bring into dispute and libel Chelsea Davis to the public in violation of 42 U.S.C. § 1983. A § 1983 conspiracy claim may arise when a private actor conspires with state actors to deprive a person of their constitutional rights under color of state law. Samuel F. Baxter and McKool Smith P.C. have

conspired with Associate Judge Donald Turner and Judge James Martin of the 254th Judicial District Court, Dallas County, Texas, to have Chelsea Davis unlawfully arrested for failure to child support to Samuel Baxter even though Chelsea Davis has never been married to Samuel Baxter and does not have any children, just so he could try to transfer this suit to family court and allege that this suit arises under the Texas Family Code when it most definitely does not arise under the Texas Family Code, as a means of gaining an advantage and depriving Chelsea Davis of her property and her freedom in violation of the law.

### *IV. Claim for Human Trafficking Under State Law - Sex Trafficking*

20. Each of the foregoing and following paragraphs (except defenses) is incorporated herein by reference. Samuel Baxter and McKool Smith P.C. participated in a venture that involves trafficking of Chelsea Davis. For example, Samuel Baxter invested in one or more ventures with another. A person was forced to engage in sexual conduct with him by force, fraud or coercion and was paid for sex.

21. Samuel Baxter and McKool Smith P.C. trafficked a person and, through force, fraud, or coercion, caused the person to engage in conduct prohibited by: Section 43.02 (Prostitution); Section 43.03 (Promotion of Prostitution); Section 43.04 (Aggravated Promotion of Prostitution); or Section 43.05 (Compelling Prostitution). Samuel Baxter and McKool Smith P.C. intentionally or knowingly benefited from participating in a venture that involves trafficking of Chelsea Davis, as a female employee, independent contractor or otherwise.

22. Samuel Baxter and McKool Smith P.C. knowingly received a benefit from participating in a venture that involves an activity described by Subdivision (3) or engaged in sexual conduct with a person trafficked in the manner described in Subdivision (3). Under Texas

Penal Code Section 20A.02(a)(3), "Subdivision (3)," a person commits an offense if the person knowingly traffics another person and, through force, fraud, or coercion, causes the trafficked person to engage in conduct prohibited by: Section 43.02 (Prostitution); Section 43.03 (Promotion of Prostitution); Section 43.04 (Aggravated Promotion of Prostitution); or Section 43.05 (Compelling Prostitution). Samuel Baxter and McKool Smith P.C. knowingly trafficked women and, through force, fraud, or coercion, caused one or more women to engage in conduct prohibited by: Section 43.02 (Prostitution); Section 43.03 (Promotion of Prostitution); Section 43.04 (Aggravated Promotion of Prostitution); or Section 43.05 (Compelling Prostitution). Samuel Baxter knowingly engaged in sexual conduct with female employees, including a person trafficked in the manner described in Subdivision (3). Samuel Baxter intentionally or knowingly benefited from participating in a venture that involves trafficking of a person.

23. Samuel Baxter engaged in sexual conduct with Chelsea Davis when he touched her breast with intent to arouse or gratify the sexual desire of any person; and when he engaged in lewd exhibition of his genitals or anus to Chelsea Davis or caused lewd exhibition of Chelsea Davis's genitals or anus or any portion of her breast below the top of the areola. Accordingly, Samuel Baxter and McKool Smith P.C. knowingly received a benefit from participating in a venture that involves an activity described by Subdivision (3) or engaged in sexual conduct with Chelsea Davis, a person trafficked in the manner described in Subdivision (3).

24. As a direct or proximate result of the venture and/or of the trafficking of Chelsea Davis, Chelsea Davis suffered damages. Damages sought are in excess of $75,000. Chelsea Davis seeks exemplary damages and attorney fees. *See* Tex. Civ. Prac. & Rem. Code § 98A.001-005.

### *V. Claim for Human Trafficking Under State Law - Forced Labor*

25. Each of the foregoing and following paragraphs (except defenses) is incorporated herein by reference. Samuel Baxter and McKool Smith P.C. participated in a venture that involves trafficking of Chelsea Davis. Samuel Baxter knowingly trafficked Chelsea Davis with the intent that Chelsea Davis engage in forced labor and/or services. Samuel Baxter intentionally or knowingly benefited from participating in a venture that involves trafficking of Chelsea Davis. Samuel Baxter has participated in a venture that involves human trafficking. Samuel Baxter knowingly received a benefit from participating in a venture that involves an activity described by Subdivision (1), including by receiving labor or services the person knows are forced labor or services. Under Texas Penal Code Section 20A.02(a)(1), "Subdivision (1)," a person commits an offense if the person knowingly traffics another person with the intent that the trafficked person engage in forced labor or services. Samuel Baxter knowingly trafficked Chelsea Davis with the intent that Chelsea Davis engage in forced labor or services. Samuel Baxter intentionally or knowingly benefited from participating in a venture that involves trafficking of Chelsea Davis.

26. Samuel Baxter engaged in the trafficking of Chelsea Davis. Samuel Baxter knowingly received a benefit from participating in a venture that involves an activity described by Subdivision (1). Under Section 20A.02(a)(1), "Subdivision (1)," a person commits an offense if the person knowingly traffics another person with the intent that the trafficked person engage in forced labor or services. Samuel Baxter and McKool Smith P.C. knowingly trafficked Chelsea Davis with the intent that Chelsea Davis engage in forced labor or services.

27. As a direct or proximate result of the venture and/or of the trafficking of Chelsea Davis, Chelsea Davis suffered damages. Damages sought are in excess of $75,000. Chelsea Davis seeks exemplary damages and attorney fees. *See* Tex. Civ. Prac. & Rem. Code § 98A.001-005.

***VI. Declaratory Judgment of No Liability To Samuel F. Baxter***

28. Each of the foregoing and following paragraphs (except defenses) is incorporated herein by reference. Chelsea Davis seeks declaratory judgment of no liability to Samuel Baxter and for Declaratory Judgment of No Binding Contract and No Liability To McKool Smith P.C. or Samuel F. Baxter.

29. There exists a contract of adhesion of permanent employment with McKool Smith P.C. and possible gag order. Chelsea Davis seeks a declaratory judgment of no liability on the contract(s) of adhesion, which are unconscionable, and no liability for attorney fees to Samuel Baxter or to McKool Smith P.C., especially in regard to Cause Nos. DC-13-12834, DC-13-14215, under which no action may have been pending other than McKool Smith P.C.'s motion for a gag order, which is transferred to this Court from the 298th Judicial District Court in Dallas County, Texas.

VII. ***Claims for 42 U.S.C.*** §§ ***1983 et seq. Wrongful Injunction and Unlawful Arrest***

30. Each of the foregoing and following paragraphs (except defenses) is incorporated herein by reference.

31. Jurisdiction of this court arises under 28 U.S.C. §§ 1331-1337, 1343(a), and 1367(a); 42 U.S.C. secs. §§ 1983, 1985, 1986, and 1988; and 18 U.S.C. §§1961-1968.

32. Jurisdiction of this court for the pendent claims is authorized by Fed. R. Civ. P. 18(a), and arises under the doctrine of pendent jurisdiction as set forth in United Mine Workers v. Gibbs, 383 U.S. 715 (1966). Supplemental and ancillary jurisdiction and transfer is authorized under the removal statutes 28 U.S.C. §1441, et seq., venue statutes 28 U.S.C. §1404, et seq, including transfer statutes at 28 U.S.C. §1406, 1407, etc., federal common law and necessary corollaries to 28 USCS § 2283, including or analogous to procedures for obtaining a writ of habeas corpus. *See* 17 C. Wright, A. Miller, & E. Cooper, *Federal Practice and Procedure* § 4222 (1988). Jurisdiction also arises under the ''Federal Courts Jurisdiction and Venue Clarification Act of 2011'' at H.R. 394, Title I Jurisdictional Improvements and Title II Transfer and Venue Improvements.

33. A Dallas County judge had Chelsea Davis maliciously arrested for failure to pay child support in October 2014 even though Chelsea Davis has never had a child, nor is she married to Samuel Baxter, nor does she reside in Dallas County, Texas. She is not in a dating relationship and there has never been any application of the Texas Family Code because the Texas Family Code does not apply to Chelsea Davis's relationship with Samuel Baxter, who was her former boss. The Dallas County judge has threatened to put Chelsea Davis in jail for 180 days for contempt of court even though the state court lacks all authority to act. Courts appear to be ignoring the Article III case or controversy requirement of the United States Constitution, Chelsea Davis's due process rights, and various notice requirements, including the notice required to issue injunctive relief. *See* Tex. R. Civ. P. 680 *et seq*.

34. Samuel Baxter and McKool Smith P.C. had an ulterior motive, namely, personal financial benefit, for causing anti-suit injunction to issue against Chelsea Davis and charging her with crimes and allegations she has not committed.

35. Samuel Baxter and McKool Smith P.C. had the improper purpose of trying to gain an advantage against Chelsea Davis in litigation by preventing her from instituting litigation, filing documents, and presenting claims and defenses to unlawfully deprive Chelsea Davis of her property and liberty, rights, privileges and immunities.

36. Samuel Baxter and McKool Smith P.C.'s purpose was to aid and abet a human trafficking enterprise involving forced labor and sex trafficking, to benefit himself and itself, by sexually gratifying its investors without getting caught, and to deprive Chelsea Davis of her property and liberty.

37. There was no warrant for the arrest of Chelsea Davis by proper authorities. The arrest was without reasonable grounds for Samuel Baxter and McKool Smith P.C. to believe Chelsea Davis had committed an offense and Samuel Baxter and McKool Smith P.C. knew there was no probable cause to arrest Chelsea Davis in October and November 2014.

38. No complaint, information, or indictment was ever sworn against Chelsea Davis alleging offenses occurring prior to the moment an Officer handcuffed Chelsea Davis and told her he was under arrest for failure to pay child support in the alleged marriage between Chelsea Davis and Samuel Baxter. Chelsea Davis is not married and does not have children.

39. As a result of the unlawful injunction and malicious prosecution and issuance of order of capias by Samuel Baxter's attorneys colluding with judges and unlawful arrest, Chelsea Davis was deprived of both her liberty without due process of law and her right to equal

protection of the laws, and the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. §§ 1983 et seq. Chelsea Davis was deprived of both her liberty without due process of law and her right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. §§ 1983 et seq. and §§ 1985, et seq.

40. WHEREFORE, Chelsea Davis demands judgment for the false injunction, two orders of capias, and arrests for failure to pay child support against McKool Smith P.C. and Samuel F. Baxter, jointly and severally, for actual, general, special, compensatory damages in the maximum amount under the law and further demands judgment against each of said McKool Smith P.C. and Samuel F. Baxter, jointly and severally, for punitive damages in the amount of $100,000 or the maximum amount allowable under the law, whichever is greater, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

***8. Negligent Misrepresentation***

41. Each of the foregoing and following paragraphs (except defenses) is incorporated herein by reference. McKool Smith P.C. and Samuel Baxter (1) made a representation in the course of its business or in a transaction in which it had a pecuniary interest; (2) supplied false information for the guidance of Chelsea Davis in her business; (3) did not exercise reasonable care or competence in obtaining or communicating the information; and (4) Chelsea Davis suffered pecuniary loss by justifiably relying on the representation. There was a relationship of trust and confidence, a breach of fiduciary duty imposed by the confidential relationship,

common law fraud of misrepresentation of existing fact and failure to disclose material information, and/or negligent misrepresentation.

42. As a direct and producing cause of one or more of Defendants' one or more foregoing acts of negligent or grossly negligent misrepresentation, and concealment, and by reason of Chelsea Davis's reliance on the negligent or grossly negligent misrepresentations and/or fraudulent concealment of material facts by one or more of Samuel F. Baxter and McKool Smith P.C., and as defined by the Deceptive Trade Practices Act, Chelsea Davis has suffered economic and noneconomic losses. Chelsea Davis seeks actual and exemplary damages as described herein.

***9. Tortious Interference with Contracts and/or Prospective Business Relations***

43. Each of the foregoing and following paragraphs (except defenses) is incorporated herein by reference. There exists a contract that is subject to interference. One or more Defendants willfully and intentionally acted to interfere with the contract; and the intentional act of interference was a proximate cause of actual damages to Plaintiff as described herein.

44. Plaintiff has had the opportunity to enter into prospective contracts. One or more Defendants willfully and intentionally acted to prevent execution of prospective contracts; and the intentional act of interference was a proximate cause of actual damages to Plaintiff as described herein. Defendants intentionally, knowingly, recklessly and/or maliciously assisted in the tortious interference with contracts and/or prospective business relations of Plaintiff. Defendants intentionally, knowingly, recklessly and/or maliciously participated in a conspiracy to accomplish the tortious interference with contracts and/or prospective business relations of Plaintiff.

45. Plaintiff seeks actual, consequential and incidental damages resulting from Defendants' tortious interference with contracts and/or prospective business relations. The wrongful acts of Defendants were done maliciously, oppressively, and with the intent to harm Plaintiff, and Plaintiff is entitled to punitive and exemplary damages, which are appropriate to punish and set an example of Defendants.

***10. Breach of Fiduciary Duty***

46. Plaintiff re-alleges each and every one of the foregoing paragraphs as though set forth fully herein. A special relationship of trust and confidence between Samuel Baxter and Chelsea Davis existed prior to, and separate from, Chelsea Davis's additional business transactions. Moreover, an informal fiduciary relationship was formed in each of the business transactions such that there existed a fiduciary relationship between Samuel Baxter and Chelsea Davis. Samuel Baxter as informal trustee to Chelsea Davis had a fiduciary duty to her because she trusted in and relied upon his business judgement, good faith and fair dealing. Defendants breached a fiduciary duty to Chelsea Davis; and his breach proximately caused injury to Chelsea Davis or benefit to one or more Defendants. Samuel Baxter gave work to Chelsea Davis to harm her and ruin her business, not for legitimate business purposes, deceiving her in her business and taking up her time, depriving her of legitimate work and contracts.

47. Defendants owed fiduciary duties to Plaintiff. Defendants breached one or more of the following fiduciary duties owed to Plaintiff:

-the duty of loyalty and utmost good faith;

-the duty of candor;

-the duty to act with integrity of the strictest kind;

-the duty of fair, honest dealing;

-the duty of full disclosure;

-the duty of good faith, fair dealing, loyalty, and fidelity;

-the duty of full disclosure on all matters affecting Plaintiff; and

-the duty of utmost good faith, fairness and honesty in dealing with Plaintiff.

The breaches of fiduciary duty by one or more Defendants resulted in injuries to Plaintiff. Accordingly, Plaintiff seeks all actual, consequential, and incidental damages resulting from Defendants' breaches of fiduciary duties in an amount to be ascertained according to proof at trial within the jurisdictional limits of this Honorable Court. Further, Plaintiff seeks forfeiture and disgorgement of all benefits that have been received by Defendants as a result of their breaches of fiduciary duties. The wrongful acts of Defendants were done maliciously, oppressively, and with the intent to harm Plaintiff, and Plaintiff is entitled to punitive and exemplary damages, which are appropriate to punish and set an example of Defendants.

***11. State Law Cause of Action for Assault***

Samuel Baxter intentionally or knowingly threatened Chelsea Davis with imminent bodily injury; intentionally or knowingly caused physical contact with Chelsea Davis when Samuel Baxter knew or should have reasonably believed that Chelsea Davis would regard the contact as offensive or provocative; and invaded Chelsea Davis's privacy with insulting touching. Samuel Baxter intended to cause and did cause Chelsea Davis to suffer apprehension of an immediate harmful contact. Samuel Baxter intentionally, knowingly, recklessly and/or maliciously participated in a conspiracy to accomplish the assaults of Chelsea Davis. Samuel Baxter intentionally or knowingly caused the penetration of the anus or sexual organ or mouth of

Chelsea Davis by any means, without Chelsea Davis's consent. One or more of Defendant Samuel Baxter's sexual assaults constituted aggravated sexual assault because the assault(s) by acts or words placed the victim in fear that any person will become the victim of an offense under Section 20A.02(a)(3), (4), (7), or (8) or that death, serious bodily injury, or kidnapping will be imminently inflicted on any person; by acts or words occurring in the presence of the victim threatens to cause any person to become the victim of an offense under Section 20A.02(a)(3), (4), (7), or (8) or to cause the death, serious bodily injury, or kidnapping of any person; uses or exhibits a deadly weapon in the course of the same criminal episode; acted in concert with another who engages in conduct described by Subdivision (1) directed toward the same victim and occurring during the course of the same criminal episode; and as a public servant, Samuel Baxter coerced Chelsea Davis to submit or participate. As a direct and proximate result of Samuel Baxter's conduct, Chelsea Davis has suffered mental anguish and emotional distress in an amount within the jurisdictional limits of this Court and seeks actual, punitive and exemplary damages.

**Damages for Chelsea L. Davis**

48. Under Tex. Civ. Prac. & Rem. Code Sec. 98.003(a), "(a) A claimant who prevails in a suit under this chapter shall be awarded: (1) actual damages, including damages for mental anguish even if an injury other than mental anguish is not shown; (2) court costs; and (3) reasonable attorney's fees." *Id.* Under Tex. Civ. Prac. & Rem. Code Sec. 98.003(b), "(b) In addition to an award under Subsection (a), a claimant who prevails in a suit under this chapter may recover exemplary damages." *Id.*

49. Samuel Baxter and McKool Smith P.C.'s actions directly and proximately caused Chelsea Davis suffer mental anguish. Accordingly, Chelsea Davis seeks (1) actual damages for mental anguish; (2) court costs; (3) reasonable attorney's fees and (4) exemplary damages. For purposes of Rule 47(c-d) of the Texas Rules of Civil Procedure, if applicable in this case, Chelsea Davis seeks monetary relief in excess of $1,000,000, and Chelsea Davis demands judgment for all the other relief to which Chelsea Davis deems herself entitled.

50. Chelsea Davis seeks exemplary damages. Chapter 98 of the Civil Practices and Remedies Code, effective June 19, 2009, provides exemplary damages to a victim of human trafficking. *See* Tex. Civ. Prac. & Rem. Code § 98.003(b) (added by Acts 2009, 81st Leg., R.S., ch. 309); *see also* Tex. Civ. Prac. & Rem. Code § 41.008(c) (stating that limitations on exemplary damages are inapplicable to defendants committing specified felonies, including trafficking of persons under Chapter 20A of the Texas Penal Code). This statutory basis for recovery is an additional remedy available to a victim of human trafficking and does not displace any other common law or statutory remedy. *See* Tex. Civ. Prac. & Rem. Code § 98.004 (added by Acts 2009, 81st Leg., R.S., ch. 309).

51. Chelsea Davis demands judgment against Samuel Baxter for money in an amount which may be based on Samuel Baxter's net worth and which is sufficient to punish Samuel Baxter for his wrongful conduct up to and in excess of $1,000,000. Under Tex. Civ. Prac. & Rem. Code Sec. 98.006, "[t]his chapter shall be liberally construed and applied to promote its underlying purpose to protect persons from human trafficking and provide adequate remedies to victims of human trafficking." *Id.*

**Attorney Fees**

52. As a result of Samuel Baxter and McKool Smith P.C.'s wrongful conduct, Chelsea L. Davis, TX Bar No. 24059652, has been required to work as the undersigned attorney to file suit. Chelsea Davis is entitled to recover attorney fees. In addition, Samuel Baxter promised to pay Chelsea Davis all costs and attorney fees.

## Prayer

53. Chelsea Davis prays that: Samuel Baxter and McKool Smith P.C. be summoned to appear in person, to give testimony and to produce documents, and to specifically answer this complaint in this civil action and to respond to discovery requests, judgment be entered for Chelsea Davis against Samuel Baxter and McKool Smith P.C., for an award of monetary damages, for liability, in a monetary amount of damages sufficient to punish Samuel Baxter and McKool Smith P.C. for his and its wrongful conduct up to $1,000,000 and over $1,000,000, Chelsea Davis be awarded pre-judgment interest at the maximum rate allowable by law, Chelsea Davis be awarded judgment for reasonable attorney fees, Chelsea Davis be awarded judgment for all costs of court incurred by Chelsea Davis, including clerk fees and service fees, court reporter fees, and other costs permitted by law, and Chelsea Davis be granted judgment for post-judgment interest until the total amount of judgment is paid.

## DEMAND FOR JURY TRIAL

54. Chelsea Davis demands a jury trial.

**ADDITIONAL COUNSEL 1.** Lidji Dorey & Hooper
Brian M. Lidji
TX Bar No. 12329700
500 N. Akard, Suite 3500
Dallas, TX 75201
Direct 214-774-1220
Fax 214.774.1212
blidji@ldhlaw.com

**ADDITIONAL COUNSEL 2.** Goranson Bain PLLC
ANGELINE L. ("ANGIE") BAIN and Associates
8350 N. Central Expressway, Suite 1700
Dallas, TX 75206
PHONE: 214.373.7676
Fax: 214.373.9959
TX BAR NO. 01546650

**ADDITIONAL COUNSEL 3.** Gray Reed & McGraw P.C. (*and* Looper Reed & McGraw)
KEN STONE
TX BAR NO. 19296300
JAMIE RIBMAN
1601 Elm Street, Suite 4600
Dallas, TX 75201
T: 214.954.4135
F: 469.320.6878
kstone@grayreed.com
jribman@grayreed.com

**ADDITIONAL COUNSEL 4.** Jeff Hall
Jeff Hall
2200 Ross Avenue Suite 5350
Dallas, TX 75201
214-658-6513
jthallesq@gmail.com
TX BAR NO. 00787622

**ADDITIONAL COUNSEL 5.** FOX ROTHSCHILD LLP
DARRELL MINTER
Two Lincoln Centre
5420 LBJ Freeway, Suite 1200
Dallas. TX 75240-6215
Tel 214-231-5711 Fax 972.404.0516
DMinter@foxrothschild.com

**ADDITIONAL COUNSEL 6.** MILLER BROWN LLP
J. Robert Miller Jr.
TX Bar No. 14092500
rmiller@miller-brown.com
CHRISTY E. MADDEN
State Bar No. 90001629
cmadden@miller-brown.com
400 South Ervay Street
Dallas, Texas 75201-5513
(214) 748-7600
FAX: (214) 204-9134

**ADDITIONAL COUNSEL 7.** Friedman & Feiger LLP
Lawrence J. Friedman

State Bar No. 07469300
Carlos Morales
State Bar No. 24025545
5301 Spring Valley, Suite 200
Dallas, Texas 75254
Telephone (972) 788-1400
FAX (972) 788-2667
lfriedman@fflawoffice.com

**ADDITIONAL COUNSEL 8.** Gibson Dunn LLP
Veronica S. Lewis, SBN 24000092
vlewis@gibsondunn.com
William B. Dawson, SBN 05606300
wdawson@gibsondunn.com
Benjamin D. Williams, SBN 24072517
bwilliams@gibsondunn.com
Gibson Dunn LLP
2100 McKinney Avenue
Suite 1100
Dallas, TX 75201-6912
Tel: +1 214.698.3100
Fax: +1 214.571.2900

**ADDITIONAL COUNSEL 9.** Abernathy, Roeder, Boyd & Joplin, P.C.
Ross Wells
1700 Redbud Boulevard, Suite 300
McKinney, TX 75069
Phone: (214) 544-4000
Fax: (214) 544-4040
rwells@abernathy-law.com

**ADDITIONAL COUNSEL 10.** Figari & Davenport LLC
Don Colleluori
TX BAR NO. 04581950
A. Erin Dwyer
TX BAR NO. 06302700
3400 Bank of America Plaza
901 Main St Ste 3400
Dallas, TX 75202
Phone: 214-939-2007
FAX: 214-939-2090
don.colleluori@figdav.com
erin.dwyer@figdav.com

**ADDITIONAL COUNSEL 11.** Herring & Irwin
CHARLES HERRING
cherring@herring-irwin.com

**ADDITIONAL COUNSEL 12.** Clinesmith Wooten Smith

Dawn Smith
dawn@clinesmithwootensmith.com

**ADDITIONAL COUNSEL 13.** Law Office of Chris Knox
Chris Knox
chrisknox@knoxcriminaldefense.com
900 Jackson St Ste 650
Dallas, TX 75202
Phone: 214-741-7474

**ADDITIONAL COUNSEL 14.** Law Office of Nicole Knox

Nicole Knox
3131 McKinney Ave.
Ste. 800
Dallas, TX 75204
Phone: 214-740-9955

**ADDITIONAL COUNSEL 15.** Law Office of Bill Knox
William T. "Bill" Knox
900 Jackson St Ste 650
Dallas, TX 75202
Phone: 214-522-0000

**ADDITIONAL COUNSEL 16.** Baker Botts LLP
George Lamb
Calvin Roderick Phelan
2001 Ross Ave. Ste.
Dallas, TX 75201
Fax (214) 661-4659
george.lamb@bakerbotts.com
rod.phelan@bakerbotts.com

**ADDITIONAL COUNSEL 17.** Trevor R. Jefferies
Arnold & Porter LLP
700 Louisiana Street, Suite 1600
Houston, Texas 77002
Telephone: +1 713-576-2403
Cell Phone: +1 713-530-8243
trevor.jefferies@aporter.com
ATTORNEY FOR JAMES CHANOS

**ADDITIONAL COUNSEL 18.** Vanessa Griffith
Vinson & Elkins LLP
2001 Ross Avenue, Suite 3700
Dallas, TX 75201-2975
Tel +1.214.220.7713
Fax +1.214.999.7713
E-mail vgriffith@velaw.com
ATTORNEY FOR CLINT CARLSON

**ADDITIONAL COUNSEL 19.** Jamie McKey

Kendall Law Group
jmckey@kendalllawgroup.com
ATTORNEY FOR LEON COOPERMAN

**ADDITIONAL COUNSEL 20.** Levi G. McCathern, II
McCathern, PLLC
3710 Rawlins St., Suite 1600
Dallas, Texas 75219
214.741.2662 Office
214.741.4717 Fax
lmccathern@mccathernlaw.com
ATTORNEY FOR STEPHEN JONES

**ADDITIONAL COUNSEL 21.** Lewis T. Stevens
TX24031366
131 East Exchange Ave., No. 204
Fort Worth, TX 76164
T-817-332-4466
F-817-332-4476
lstevens@lstevenslaw.com
ATTORNEY FOR CHAD BUSHAW

**ADDITIONAL COUNSEL 22.** ROYCE WEST
Royce West
State Bar No. 21206800
320 South R.L. Thornton Freeway, Suite 300
Dallas, Texas 75203
Telephone 214.941.1881
FAX 214.941.1399

Dated: Nov. 19, 2014

Respectfully,

/s/Chelsea L. Davis
Chelsea L. Davis
TX Bar No. 24059652
25 Highland Park Vlg., Ste. 100-830
Dallas, TX 75205
Telephone: (469) 426-5850
Facsimile: (469) 533-0466
cdavis@chelseadavispc.com

**CERTIFICATE OF SERVICE**

I electronically submitted the foregoing document using the electronic case filing system. I hereby certify that I have served all counsel and/or pro se parties of record (or non-record) electronically by email or, as a pro-se party, on the date it is electronically docketed in the

court's CM/ECF system, as authorized by the Federal Rule of Civil Procedure 5(b)(2) and the Local Rules of this Court (in the Northern and Eastern Districts of Texas), or otherwise, to the extent possible.

/s/Chelsea L. Davis
Chelsea L. Davis, pro-se
TX Bar No. 24059652
Mailing Address:
25 Highland Park Vlg., Ste. 100-830
Dallas, TX 75205
Telephone: (469) 426-5850
Facsimile: (469) 533-0466
cdavis@chelseadavispc.com

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the
Northern District of Texas

| | | |
|---|---|---|
| Davis<br>*Plaintiff*<br>v.<br><br>McKool Smith et al<br>*Defendant* | )<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 3:14-cv-00056-B |

**Summons in a Civil Action**

**TO:** McKool Smith, A Professional Corporation

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) -- or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12(a)(2) or (3) -- you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or the plaintiff's attorney, whose name and address are:

Chelsea L. Davis (pro se)
2068 Meadow View Rd.
Princeton , TX 75407

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

DATE: 01/09/2014

*Signature of Clerk or Deputy Clerk*

UNITED STATES DISTRICT COURT ★ NORTHERN DISTRICT OF TEXAS ★

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

**To: MCKOOL SMITH PC**
**300 CRESCENT COURT STE. 1500**
**DALLAS,TX 75201**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **298th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **CHELSEA L DAVIS**

Filed in said Court **28th day of October, 2013** against

**SAMUEL F BAXTER, ET AL**

For Suit, said suit being numbered **DC-13-12834,** the nature of which demand is as follows:
Suit on **OTHER PERSONAL INJURY** etc. as shown on said petition ,a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: GARY FITZSIMMONS, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 29th day of October, 2013.

ATTEST: GARY FITZSIMMONS, Clerk of the District Courts of Dallas, County, Texas

By [signature], Deputy
CRYSTAL MCDOWELL

DISTRICT COURT OF DALLAS COUNTY, TEXAS

---

**ATTY**

## CITATION

## DC-13-12834

**CHELSEA L DAVIS**
**vs.**
**MCKOOL SMITH PC, et al**

ISSUED THIS
**29th day of October, 2013**

GARY FITZSIMMONS
Clerk District Courts,
Dallas County, Texas

By: CRYSTAL MCDOWELL, Deputy

**Attorney for Plaintiff**
CHELSEA L DAVIS,PRO-SE
25 HIGHLAND PARK VLG.,
STE. 100-830
DALLAS,TX 75205
469 426-5850

**DALLAS COUNTY CONSTABLE**
**FEES PAID** **FEES NOT PAID**

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

**To: SAMUEL F BAXTER**
**400 CREEKSIDE DR**
**MARSHALL TX 75670-4144**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **298th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **CHELSEA L DAVIS**

Filed in said Court **28th day of October, 2013** against

**SAMUEL F BAXTER, ET AL**

For Suit, said suit being numbered **DC-13-12834,** the nature of which demand is as follows:
Suit on **OTHER PERSONAL INJURY** etc. as shown on said petition ,a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: GARY FITZSIMMONS, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 29th day of October, 2013.

ATTEST: GARY FITZSIMMONS, Clerk of the District Courts of Dallas, County, Texas

By [signature], Deputy
CRYSTAL MCDOWELL

DISTRICT COURT OF DALLAS COUNTY, TEXAS

**ATTY**

## CITATION

## DC-13-12834

**CHELSEA L DAVIS**
**vs.**
**MCKOOL SMITH PC, et al**

ISSUED THIS
**29th day of October, 2013**

GARY FITZSIMMONS
Clerk District Courts,
Dallas County, Texas

By: CRYSTAL MCDOWELL, Deputy

**Attorney for Plaintiff**
CHELSEA L DAVIS,PRO-SE
25 HIGHLAND PARK VLG.,
STE. 100-830
DALLAS,TX 75205
469 426-5850

DALLAS COUNTY ~~CONSTABLE~~
FEES PAID
FEES NOT PAID

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

**CHELSEA L. DAVIS**

v.
**MCKOOL SMITH P.C.; GECESC ASSOCIATES LLC**

**Civ. Action No.** 14-0056-B

---

TO THE HONORABLE PRESIDING JUDGE:

SUPPLEMENTAL **TITLE VII COMPLAINT**

1. Chelsea L. Davis (hereinafter referred to as "Chelsea Davis") is the attorney issued TX Bar No. 24059652, who timely brought her complaint against MCKOOL SMITH P.C. and GECESC Associates LLC for cause, and now brings this civil action to be set for a complete jury trial. Chelsea Davis is a victim of unlawful sexual harassment and discrimination and files this Title VII Complaint to commence a civil action against McKool Smith P.C. Chelsea Davis does not consent to proceed before a magistrate judge.

2. Attorney TX Bar No. 24059652 has been licensed to practice law in the State of Texas since 2007 and was admitted to practice before the United States District Court for the Northern District of Texas in 2007. Attorney TX Bar No. 24059652 hereby limits the admissibility of statements made pro-se.

3. During Chelsea Davis's employment with McKool Smith P.C. and GECESC Associates LLC, Chelsea Davis was unlawfully sexually harassed to an extreme degree and discriminated against based on her sex. McKool Smith P.C. and GECESC Associates LLC paid her less than

similarly situated males in the same position doing the same work with the same level of experience, which constitutes unlawful wage discrimination. Chelsea Davis timely filed her complaint within one hundred and eighty days of the sexual harassment she experienced by McKool Smith P.C. and GECESC Associates LLC and timely filed her complaint of wage discrimination. She continued to complain about the unlawful hostile work environment to which she was subjected and the sexual harassment she suffered. Title VII and other state and federal laws prohibit McKool Smith P.C.'s wrongful conduct and provide Chelsea Davis with cumulative causes of action and civil remedies.

4. Neither the doctrine of res judicata nor any law, rule or order bars Chelsea L. Davis from litigating the claims asserted herein against McKool Smith P.C. and GECESC Associates LLC. Chelsea Davis pleads the discovery rule as a precaution, as any delay from timely filing to present is due to the misconduct of McKool Smith P.C. and GECESC Associates LLC. This document is to be considered as a whole such that each fact asserted herein supports each claim/complaint/cause of action under Title VII for relief.

5. McKool Smith A PROFESSIONAL CORPORATION is a Texas corporation with a principal place of business at 300 Crescent Court, Ste. 1500, Dallas, TX 75205. Gary Eden is the registered agent at the same address. McKool Smith P.C. has already been served simultaneously with summons and this complaint.

6. GECESC Associates LLC is an entity used by McKool Smith P.C. to avoid liability for sexual harassment claims and maintains an office at the same address. GECESC Associates LLC may be served with summons and complaint simultaneously at the offices of McKool Smith P.C. at 300 Crescent Court, Ste. 1500, Dallas, TX 75205. The identity of GECESC Associates

LLC was previously unknown and was referred to as "BOC."

7. The claims herein raise a federal question jurisdiction pursuant to 28 U.S.C. §1331 because Chelsea Davis asserts claims arising under federal statutes. Wage discrimination, for example, under the Equal Pay Act is a federal question that gives rise to a civil claim for which the law and equity provide Chelsea Davis a right to relief and a civil remedy.

8. McKool Smith P.C. and GECESC Associates LLC have committed acts within the state of Texas and within this judicial district giving rise to this action and each has established minimum contacts with the forum such that the exercise of jurisdiction over each of McKool Smith P.C. and GECESC Associates LLC would not offend traditional notions of fair play and substantial justice.

9. Chelsea Davis exhausted her administrative remedies and filed suit within the statutory limitations period.

10. When Chelsea Davis was working, Samuel Baxter, a shareholder of McKool Smith P.C. and officer of GECESC Associates LLC, came into Chelsea Davis's office and Samuel Baxter forced her to show him her breasts. Samuel Baxter sexually harassed Chelsea Davis and forced her, by force, fraud or coercion, to engage in sexual conduct with him. He forced her to pull down her shirt or pull up her skirt for him to see and touch her as a condition of her employment. Samuel Baxter made unwanted sexual advances toward Chelsea Davis. Chelsea Davis was subjected to a hostile work environment. Chelsea Davis has been segregated, classified, and discriminated against because she is a female.

11. McKool Smith P.C. paid Chelsea Davis less than male employees of McKool Smith P.C. and on a continuing basis. McKool Smith P.C. willfully discriminated against Chelsea Davis by

paying her less than males. McKool Smith P.C. discriminated against Chelsea Davis based on her sex. Chelsea Davis is entitled to recover lost wages, liquidated damages, reasonable costs and all attorneys fees.

12. There is equitable tolling of any statute of limitations with respect to Chelsea Davis's causes of action to the extent any tolling is necessary. Chelsea Davis pleads the discovery rule due to the misconduct of McKool Smith P.C. Chelsea Davis is not precluded from litigating the same causes of action against the same or different actors.

13. The effect of the practices complained of herein has been to deprive Chelsea Davis of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex.

14. At all material times, McKool Smith P.C. acted, directly or indirectly, in the interest of an employer with respect to Chelsea Davis. At all times, McKool Smith P.C. has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d). *See* Fair Labor Standards Act ("FLSA"), 29 U.S.C.S. § 207. At all times, McKool Smith P.C. has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r). At all times, McKool Smith P.C. has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated). At all times, Chelsea Davis was an individual

employee engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207. Chelsea Davis has worked for McKool Smith P.C. from within the last two years. Despite misclassifying Chelsea Davis as an independent contractor, McKool Smith P.C. controlled all aspects of Chelsea Davis's work. Specifically, Chelsea Davis was required to wear certain clothing and identify the company name on filings. In addition, McKool Smith P.C. assigned Chelsea Davis's work and her schedule. Chelsea Davis was required to adhere to the schedule McKool Smith P.C. McKool Smith P.C., also dictated the manner in which Chelsea Davis performed her job duties as well as how much Chelsea Davis was to be paid for each job. Chelsea Davis was paid a fixed amount for each job regardless of the number of hours she worked. Chelsea Davis routinely worked over 40 hours per week. However, she was not paid wages and overtime for doing so. McKool Smith P.C. knew that Chelsea Davis worked in excess of 40 hours per week and allowed and directed her to do so. Chelsea Davis is entitled to receive minimum wage, promised wages in accordance with and in excess of the standard pay scale and overtime pay for all hours worked in excess of 40 hours per work week.

15. Title VII makes it illegal for an employer to "discharge any individual, or otherwise to discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin [ ] or to limit, segregate, or classify its employees [ ] in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect [her] status as an employee, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. 2000e-2(a) (2010). Chelsea Davis is the victim of quid pro quo and hostile work environment sexual harassment and discrimination based on her sex under state and federal law

with respect to her compensation, terms, conditions and privileges of employment.

16. McKool Smith P.C. and GECESC Associates LLC, through its agents, supervisors, or employees violated Chelsea Davis's civil rights in violation of 42 U.S.C. §1981 and Title VII, by discriminating against her with respect to her compensation, terms, conditions, and/or privileges of employment, because of Chelsea Davis's sex, limiting, segregating, or classifying its employees in any way which would deprive or tend to deprive Chelsea Davis of employment opportunities, and otherwise adversely affecting her status as an employee, because of her sex. These violations consisted of discrimination of a continuous nature during her employment with McKool Smith P.C. and GECESC Associates LLC from April 2010 to present. McKool Smith P.C. and GECESC Associates LLC, through its agents, supervisors, and/or employees, discriminated against Chelsea Davis, which led to the loss and impairment in whole or in part, of the wages, benefits, privileges, and/or terms and conditions of employment.

17. Chelsea Davis is an employee within the meaning of Title VII and belongs to a class protected under the statute. 42 U.S.C. § 2000e(f).

18. McKool Smith P.C. is an employer within the meaning of Title VII. 42 U.S.C. § 2000e(b).

19. McKool Smith P.C. intentionally discriminated against Chelsea Davis because of her sex in violation of Title VII. 42 U.S.C. § 2000e-2.

20. McKool Smith P.C. as an employer, labor organization, or joint labor-management committee controlling apprenticeship or other training or retraining, including on-the-job training programs unlawfully discriminated against Chelsea Davis because of her sex in admission to, or employment in, any program established to provide apprenticeship or other training.

21. McKool Smith P.C. and GECESC Associates LLC willfully discriminated against Chelsea Davis by paying her less than males in her position and denying her wages and promotions on the basis of her sex in violation of the Equal Pay Act. McKool Smith P.C. and GECESC Associates LLC's wage discrimination led to the loss and impairment in whole or in part, of the wages, benefits, privileges, and/or terms and conditions of employment.

22. Chelsea Davis seeks a declaratory judgment of no liability to McKool Smith P.C. and GECESC Associates LLC.

23. McKool Smith P.C. and GECESC Associates LLC's conduct constitutes violations of statutory law. Such unlawful conduct seriously affects Chelsea Davis in her occupation, trade and business. Because of McKool Smith P.C. and GECESC Associates LLC' unlawful conduct, Chelsea Davis has incurred out-of-pocket expenses, which include litigation costs and other expenses.

24. As a direct and proximate result of McKool Smith P.C. and GECESC Associates LLC's conduct, Chelsea Davis suffered:

a. loss of earnings in the past;

b. loss of earnings in the future; and

c. loss of employee entitled benefits.

25. For purposes of an award of exemplary damages based on malice, the wrongful acts of one or more McKool Smith P.C. and GECESC Associates LLC were done maliciously, oppressively, and with the intent to harm Chelsea Davis. Chelsea Davis is therefore entitled to exemplary damages appropriate to punish and set an example of one or more of McKool Smith P.C. and GECESC Associates LLC.

26. Chelsea Davis demands a jury trial.

27. WHEREFORE, PREMISES CONSIDERED, Chelsea Davis prays that judgment be entered against McKool Smith P.C. and GECESC Associates LLC for:

a. Permanent injunction enjoining McKool Smith P.C. and GECESC Associates LLC, its agents, successors, employees, and those acting in consort with McKool Smith P.C. and GECESC Associates LLC from engaging in any employment practice which discriminates on the basis of FMLA needs, disability, sex and race discrimination;

b. back pay, front pay in lieu of reinstatement, loss of earnings in the past, loss of benefits in the past, loss of benefits in the future, statutory relief at law, and equity;

c. compensatory damages for job search related expenses, lost wages, and lost benefits;

d. front pay in an amount of $100,000 per month for no less than two years from the date of judgment;

e. punitive damages;

f. prejudgment interest to compensate her for the lost use of the money in a damages award during the time lapse between the accrual of Chelsea Davis's claim and the date of the judgment at the maximum rate allowable by law,

g. postjudgment interest to compensate her for the lost use of the money in a damages award that accrues from the date the judgment is signed until the

date the judgment is satisfied at the legal rate,

h. court costs, including clerk fees and service fees, court reporter fees, and other costs and attorney fees permitted by law, and

i. such other and further relief to which Chelsea Davis deems herself justly entitled.

Respectfully submitted,

/s/Chelsea L. Davis
Chelsea L. Davis
TX BAR NO. 24059652
CHELSEA DAVIS P.C.
[REDACTED]
[REDACTED]
Telephone: (469) 426-5850
Facsimile: (469) 533-0466
cdavis@chelseadavispc.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

**CHELSEA L. DAVIS**

**v.**

**SAMUEL F. BAXTER, and MCKOOL SMITH P.C.**

**CASE NO. 4:14-CV-00754**
**CONSOLIDATED INTO CASE NO. 3:14-CV-514 and 14-7088, into which *Chelsea L. Davis v. McKool Smith P.C. and Samuel F. Baxter,* DC-13-12834 and DC-13-14215, 298th Jud. Dt. Ct., Dallas County, TX, is consolidated**

---

TO THE HONORABLE PRESIDING JUDGE:

**OBJECTIONS**

Chelsea L. Davis ("Chelsea Davis"), hereby objects to referral to a magistrate judge and incorporates timely filed additional attachments to these objections as supplemental objections by reference herein. This document replaces Document 2 in *Davis v. Baxter,* 4:13-cv-514.

**ADDITIONAL COUNSEL 1.** Lidji Dorey & Hooper
Brian M. Lidji
TX Bar No. 12329700
500 N. Akard, Suite 3500
Dallas, TX 75201
Direct 214-774-1220
Fax 214.774.1212
blidji@ldhlaw.com

**ADDITIONAL COUNSEL 2.** Goranson Bain PLLC
ANGELINE L. ("ANGIE") BAIN and Associates
8350 N. Central Expressway, Suite 1700
Dallas, TX 75206
PHONE: 214.373.7676
Fax: 214.373.9959
TX BAR NO. 01546650

**ADDITIONAL COUNSEL 3.** Gray Reed & McGraw P.C. (*and* Looper Reed & McGraw)
KEN STONE
TX BAR NO. 19296300
JAMIE RIBMAN
1601 Elm Street, Suite 4600
Dallas, TX 75201
T: 214.954.4135
F: 469.320.6878
kstone@grayreed.com
jribman@grayreed.com

**ADDITIONAL COUNSEL 4.** Jeff Hall
Jeff Hall
2200 Ross Avenue Suite 5350
Dallas, TX 75201
214-658-6513
jthallesq@gmail.com
TX BAR NO. 00787622

**ADDITIONAL COUNSEL 5.** FOX ROTHSCHILD LLP
DARRELL MINTER
Two Lincoln Centre
5420 LBJ Freeway, Suite 1200
Dallas. TX 75240-6215
Tel 214-231-5711 Fax 972.404.0516
DMinter@foxrothschild.com

**ADDITIONAL COUNSEL 6.** MILLER BROWN LLP
J. Robert Miller Jr.
TX Bar No. 14092500
rmiller@miller-brown.com
CHRISTY E. MADDEN
State Bar No. 90001629
cmadden@miller-brown.com
400 South Ervay Street
Dallas, Texas 75201-5513
(214) 748-7600
FAX: (214) 204-9134

**ADDITIONAL COUNSEL 7.** Friedman & Feiger LLP
Lawrence J. Friedman
State Bar No. 07469300
Carlos Morales
State Bar No. 24025545
5301 Spring Valley, Suite 200
Dallas, Texas 75254
Telephone (972) 788-1400
FAX (972) 788-2667

lfriedman@fflawoffice.com

**ADDITIONAL COUNSEL 8.** Gibson Dunn LLP

Veronica S. Lewis, SBN 24000092
vlewis@gibsondunn.com
William B. Dawson, SBN 05606300
wdawson@gibsondunn.com
Benjamin D. Williams, SBN 24072517
bwilliams@gibsondunn.com
Gibson Dunn LLP
2100 McKinney Avenue
Suite 1100
Dallas, TX 75201-6912
Tel: +1 214.698.3100
Fax: +1 214.571.2900

**ADDITIONAL COUNSEL 9.** Abernathy, Roeder, Boyd & Joplin, P.C.

Ross Wells
1700 Redbud Boulevard, Suite 300
McKinney, TX 75069
Phone: (214) 544-4000
Fax: (214) 544-4040
rwells@abernathy-law.com

**ADDITIONAL COUNSEL 10.** Figari & Davenport LLC

Don Colleluori
TX BAR NO. 04581950
A. Erin Dwyer
TX BAR NO. 06302700
3400 Bank of America Plaza
901 Main St Ste 3400
Dallas, TX 75202
Phone: 214-939-2007
FAX: 214-939-2090
don.colleluori@figdav.com
erin.dwyer@figdav.com

**ADDITIONAL COUNSEL 11.** Herring & Irwin

CHARLES HERRING
cherring@herring-irwin.com

**ADDITIONAL COUNSEL 12.** Clinesmith Wooten Smith

Dawn Smith
dawn@clinesmithwootensmith.com

**ADDITIONAL COUNSEL 13.** Law Office of Chris Knox

Chris Knox
chrisknox@knoxcriminaldefense.com
900 Jackson St Ste 650
Dallas, TX 75202

Phone: 214-741-7474

**ADDITIONAL COUNSEL 14.** Law Office of Nicole Knox

Nicole Knox
3131 McKinney Ave.
Ste. 800
Dallas, TX 75204
Phone: 214-740-9955

**ADDITIONAL COUNSEL 15.** Law Office of Bill Knox

William T. "Bill" Knox
900 Jackson St Ste 650
Dallas, TX 75202
Phone: 214-522-0000

**ADDITIONAL COUNSEL 16.** Baker Botts LLP

George Lamb
Calvin Roderick Phelan
2001 Ross Ave. Ste.
Dallas, TX 75201
Fax (214) 661-4659
george.lamb@bakerbotts.com
rod.phelan@bakerbotts.com

**ADDITIONAL COUNSEL 17.** Trevor R. Jefferies

Arnold & Porter LLP
700 Louisiana Street, Suite 1600
Houston, Texas 77002
Telephone: +1 713-576-2403
Cell Phone: +1 713-530-8243
trevor.jefferies@aporter.com
ATTORNEY FOR JAMES CHANOS

**ADDITIONAL COUNSEL 18.** Vanessa Griffith

Vinson & Elkins LLP
2001 Ross Avenue, Suite 3700
Dallas, TX 75201-2975
Tel +1.214.220.7713
Fax +1.214.999.7713
E-mail vgriffith@velaw.com
ATTORNEY FOR CLINT CARLSON

**ADDITIONAL COUNSEL 19.** Jamie McKey

Kendall Law Group
jmckey@kendalllawgroup.com
ATTORNEY FOR LEON COOPERMAN

**ADDITIONAL COUNSEL 20.** Levi G. McCathern, II

McCathern, PLLC
3710 Rawlins St., Suite 1600
Dallas, Texas 75219

214.741.2662 Office
214.741.4717 Fax
lmccathern@mccathernlaw.com
ATTORNEY FOR STEPHEN JONES

**ADDITIONAL COUNSEL 21.** Lewis T. Stevens

TX24031366
131 East Exchange Ave., No. 204
Fort Worth, TX 76164
T-817-332-4466
F-817-332-4476
lstevens@lstevenslaw.com
ATTORNEY FOR CHAD BUSHAW

**ADDITIONAL COUNSEL 22.** ROYCE WEST

Royce West
State Bar No. 21206800
320 South R.L. Thornton Freeway, Suite 300
Dallas, Texas 75203
Telephone 214.941.1881
FAX 214.941.1399

Dated: Nov. 19, 2014

Respectfully,

/s/Chelsea L. Davis
Chelsea L. Davis
TX Bar No. 24059652
25 Highland Park Vlg., Ste. 100-830
Dallas, TX 75205
Telephone: (469) 426-5850
Facsimile: (469) 533-0466
cdavis@chelseadavispc.com

## CERTIFICATE OF SERVICE

I electronically submitted the foregoing document using the electronic case filing system. I hereby certify that I have served all counsel and/or pro se parties of record (or non-record) electronically by email or, as a pro-se party, on the date it is electronically docketed in the court's CM/ECF system, as authorized by the Federal Rule of Civil Procedure 5(b)(2) and the Local Rules of this Court (in the Northern and Eastern Districts of Texas), or otherwise, to the extent possible.

/s/Chelsea L. Davis
Chelsea L. Davis, pro-se

TX Bar No. 24059652
Mailing Address:
25 Highland Park Vlg., Ste. 100-830
Dallas, TX 75205
Telephone: (469) 426-5850
Facsimile: (469) 533-0466
cdavis@chelseadavispc.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

**CHELSEA L. DAVIS**

**v.**

**SAMUEL F. BAXTER, and MCKOOL SMITH P.C.**

**CASE NO. 4:14-CV-00754 CONSOLIDATED INTO CASE NO. 3:14-CV-514 and 14-7088, into which *Chelsea L. Davis v. McKool Smith P.C. and Samuel F. Baxter,* DC-13-12834 and DC-13-14215, 298th Jud. Dt. Ct., Dallas County, TX, is consolidated**

---

TO THE HONORABLE PRESIDING JUDGE:

**AMENDED AND CUMULATIVE CIVIL COMPLAINT AND PENDANT PETITIONS TRANSFERRED IN AND CONSOLIDATED HEREIN**

1. COMES NOW, Chelsea L. Davis ("Chelsea Davis"), who hereby limits the admissibility of the following statements pursuant to the Federal Rules of Evidence, and files this her AMENDED AND CUMULATIVE COMPLAINT AND PENDANT PETITIONS TRANSFERRED IN AND CONSOLIDATED HEREIN against McKool Smith P.C. and Samuel F. Baxter, and shows unto the Honorable Court as follows. Chelsea Davis is not a plaintiff who previously dismissed any action in any federal court or filed any action based on or including the same claim against the same defendant(s) because defendants in state court do not become defendants until they are served with a valid summons and complaint. This dispute began in 2010 under various numbered complaints. Cause Numbers DC-13-12834 and DC-13-14215 were opened in the 298th Judicial District Court, Dallas County, Texas, *Chelsea L. Davis v. McKool*

*Smith P.C. and Samuel F. Baxter,* on Oct. 28, 2013, consolidating the actions, but no proceeding proceeded due to this Court's order to stay and preliminary anti-suit injunction against Chelsea Davis, Samuel F. Baxter and McKool Smith P.C. Accordingly, Chelsea Davis, Samuel F. Baxter and McKool Smith P.C. could not be previously served prior to transfer in of previously opened case numbers removed to this United States District Court for the Eastern District of Texas and were enjoined from proceeding with their claims against others under these facts from September 2010 to November 2014. Each of the previous petitions in state court asserted against McKool Smith P.C. and/or Samuel Baxter, which may include additional named defendants, date back to September 2010 and are replaced with this instrument. Related proceedings and transferred claims and causes of action also date back to September 2010, but they are not before this Court.

2. Chelsea L. Davis is the licensed attorney issued TX Bar No. 24059652 and USPTO Reg. No. 63791.

3. Samuel F. Baxter is the licensed attorney issued TX Bar No. 01938000.

4. McKool Smith P.C. is a Texas professional corporation having a principal office at 300 Crescent Court, Ste. 1500, Dallas, TX 75201.

5. This instrument references a claim which raises a federal question over which this Court has federal subject matter jurisdiction.

6. Acts or omissions giving rise to the claims occurred in the United States District Courts for the Northern District of Texas. Venue is proper in the Northern District of Texas and more convenient for the parties and witnesses in the Northern District of Texas. In addition, venue for purposes of an anti-suit injunction is mandatory in Dallas, Texas.

## I. **PLAINTIFF'S STATEMENT OF FACTS**

7. Chelsea Davis is a victim of Leslie Ware and Samuel Baxter's wrongful conduct prior to her employment with McKool Smith P.C., when they conspired with another to intentionally infect her with the Herpes virus. Chelsea Davis met Leslie Ware and Samuel Baxter in February 2010, two months prior to her employment with McKool Smith P.C., when each of them resided in Dallas, Texas. Chelsea Davis was extended an offer of employment from Leslie Ware of The Ware Firm LLC to begin working for McKool Smith P.C. in two months time. During this time, Samuel Baxter and Leslie Ware inappropriately contacted Chelsea Davis with phone calls and emails and asked her to send a picture of herself to them. Then, they maliciously conspired with another to intentionally infect Chelsea Davis with the Herpes virus.

8. No judgment has yet been rendered, no pretrial conference has yet been held and no discovery period has yet been opened. Neither the doctrine of res judicata nor any law, rule or order bars Chelsea L. Davis from litigating any claims asserted herein against McKool Smith P.C. and others. Chelsea Davis pleads the discovery rule as a precaution, as any delay from timely filing to present was due to sanctionable misconduct. This document is to be considered as a whole such that each fact asserted herein supports each claim and cause of action for relief.

9. Chelsea Davis timely filed complaints, claims and charges of discrimination and timely filed complaint within 90 days after receiving a notice of the right to sue from the Equal Employment Opportunities Commission ("EEOC"), which are attached hereto. In the charges, Chelsea Davis asserted that McKool Smith P.C. and another discriminated against her because of her sex. Chelsea Davis exhausted her administrative remedies and files suit within the statutory limitations period. Chelsea Davis filed an additional complaint with the Texas Workforce

Commission.

***II. Claims for Title VII Sexual Harassment Through February and March 2010***

1. Prior to Chelsea Davis's employment start date, after she was extended an offer of employment from McKool Smith P.C.

2. Chelsea Davis was unlawfully sexually harassed and discriminated against based on her sex. Chelsea Davis timely filed her complaint within one hundred and eighty days of the sexual harassment she experienced by McKool Smith P.C. Title VII and other state and federal laws prohibit McKool Smith P.C.'s wrongful conduct and provide Chelsea Davis with civil remedies. During the hiring/firing process of the law firms through February and March 2010, Chelsea Davis was segregated, classified, and discriminated against because she is a female. Chelsea Davis is entitled to recover lost wages, liquidated damages, reasonable costs and all attorneys fees. There is equitable tolling of any statute of limitations with respect to Chelsea Davis's causes of action to the extent any tolling is necessary. Chelsea Davis pleads the discovery rule due to the misconduct of lawyers, law firms and McKool Smith P.C. Chelsea Davis is not precluded from litigating the same causes of action against the same or different actors. The effect of the practices complained of herein was to deprive Chelsea Davis of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex. At all material times, the law firms, lawyers and McKool Smith P.C. acted, directly or indirectly, in the interest of an employer having more than fifteen employees with respect to Chelsea Davis. There was an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d). See Fair Labor Standards Act ("FLSA"), 29 U.S.C.S. § 207. There was an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r). At all times,

McKool Smith P.C. was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated). At all times, Chelsea Davis was an individual employee engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207. Chelsea Davis had worked for the employer from within the last two years. Chelsea Davis routinely worked over 40 hours per week. However, she was not paid. The employer knew that Chelsea Davis worked in excess of 40 hours per week and allowed and directed her to do so. Chelsea Davis is entitled to receive minimum wage, promised wages in accordance with and in excess of the standard pay scale and overtime pay for all hours worked in excess of 40 hours per work week. Title VII makes it illegal for an employer to "discharge any individual, or otherwise to discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin [ ] or to limit, segregate, or classify its employees [ ] in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect [her] status as an employee, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. 2000e2(a) (2010). Chelsea Davis is the victim of quid pro quo sexual harassment and discrimination based on her sex under state and federal law with respect to her compensation, terms, conditions and privileges of employment. Her

employer, through its agents, supervisors, or employees violated Chelsea Davis's civil rights in violation of 42 U.S.C. §1981 and Title VII, by discriminating against her with respect to her compensation, terms, conditions, and/or privileges of employment, because of Chelsea Davis's sex, limiting, segregating, or classifying its employees in any way which would deprive or tend to deprive Chelsea Davis of employment opportunities, and otherwise adversely affecting her status as an employee, because of her sex. These violations consisted of discrimination of a continuous nature during her employment until April 2010. Chelsea Davis is an employee within the meaning of Title VII and belongs to a class protected under the statute. 42 U.S.C. § 2000e(f). McKool Smith P.C. is an employer within the meaning of Title VII. 42 U.S.C. §2000e(b). McKool Smith P.C. intentionally discriminated against Chelsea Davis because of her sex in violation of Title VII. 42 U.S.C. § 2000e2. McKool Smith P.C. as an employer, labor organization, or joint labor management committee controlling apprenticeship or other training or retraining, including on-the-job training programs unlawfully discriminated against Chelsea Davis because of her sex in admission to, or employment in, any program established to provide apprenticeship or other training. Chelsea Davis seeks a declaratory judgment of no liability to McKool Smith P.C. and Samuel Baxter. McKool Smith P.C.'s conduct constitutes violations of statutory law. Such unlawful conduct seriously affects Chelsea Davis in her occupation, trade and business.

19. WHEREFORE, PREMISES CONSIDERED, Chelsea Davis prays that judgment be entered for Chelsea Davis against McKool Smith P.C. for anti-suit injunction enjoining Chelsea Davis, Leslie Ware, Samuel Baxter and McKool Smith P.C., its agents, successors, employees, and those acting in concert with McKool Smith P.C., Samuel Baxter or Leslie Ware

from suing another on the facts asserted herein and from disclosing documents and evidence to the public.

***III. Causes of Action for Assault***

Defendant intentionally or knowingly infected Chelsea Davis with the Herpes Simplex Virus type II without Chelsea Davis's consent. Chelsea Davis was not contributorily negligent. Chelsea Davis was not at fault. Samuel Baxter and Leslie Ware intentionally, knowingly, recklessly and/or maliciously participated in a conspiracy to accomplish the assault of Chelsea Davis. As a direct and proximate result of Samuel Baxter's conduct, Chelsea Davis suffered mental anguish and emotional distress in an amount within the jurisdictional limits of this Court for which she will seek actual, punitive and exemplary damages in a related civil action.

WHEREFORE, PREMISES CONSIDERED, Chelsea Davis prays that judgment be entered for Chelsea Davis against McKool Smith P.C. for anti-suit injunction enjoining Chelsea Davis, Leslie Ware, Samuel Baxter and McKool Smith P.C., its agents, successors, employees, and those acting in concert with McKool Smith P.C., Samuel Baxter or Leslie Ware from suing another on the facts asserted herein and from disclosing documents and evidence to the public.

**Relief Previously Granted**

In the pendant actions consolidated into this action herein, Chelsea Davis and Terri Roberts are the only named Defendants and Respondents. Leslie Ware is the only Plaintiff. The relief previously granted consists of $10,000 to be paid by Chelsea Davis to Chelsea Davis and Terri Roberts equally, $65,000 to be paid by McKool Smith P.C. to Chelsea Davis, $50,000 to be paid by Leslie Ware and Samuel Baxter to Chelsea Davis and Terri Roberts, and $30,000 to be paid by Leslie Ware to Chelsea Davis. Chelsea Davis has previously objected to and continues to

object to referral to a magistrate judge such that the order of referral to a magistrate judge, Doc. 2 in 4:13-cv-514, is void and replaced by Chelsea Davis's objections. This document replaces Doc. 3 in 4:13-cv-514. The documents 4, 5 and 6 to follow replace Documents 4, 5 and 6 in 4:13-cv-514. Judge Ron Clark's order at Doc. 7 in 4:13-cv-514 applies hereto.

**Prayer For Relief**

WHEREFORE, PREMISES CONSIDERED, Chelsea Davis prays that judgment be entered for Chelsea Davis against McKool Smith P.C. for anti-suit injunction enjoining Chelsea Davis, Leslie Ware, Samuel Baxter and McKool Smith P.C., its agents, successors, employees, and those acting in concert with McKool Smith P.C., Samuel Baxter or Leslie Ware from suing another on the facts asserted herein and from disclosing documents and evidence to the public.

**DEMAND FOR JURY TRIAL**

Chelsea Davis demands a jury trial.

**ADDITIONAL COUNSEL 1.** Lidji Dorey & Hooper
Brian M. Lidji
TX Bar No. 12329700
500 N. Akard, Suite 3500
Dallas, TX 75201
Direct 214-774-1220
Fax 214.774.1212
blidji@ldhlaw.com

**ADDITIONAL COUNSEL 2.** Goranson Bain PLLC
ANGELINE L. ("ANGIE") BAIN and Associates
8350 N. Central Expressway, Suite 1700
Dallas, TX 75206
PHONE: 214.373.7676
Fax: 214.373.9959
TX BAR NO. 01546650
**ADDITIONAL COUNSEL 3.** Gray Reed & McGraw P.C. (*and* Looper Reed & McGraw)
KEN STONE
TX BAR NO. 19296300
JAMIE RIBMAN

1601 Elm Street, Suite 4600
Dallas, TX 75201
T: 214.954.4135
F: 469.320.6878
kstone@grayreed.com
jribman@grayreed.com

**ADDITIONAL COUNSEL 4.** Jeff Hall

Jeff Hall
2200 Ross Avenue Suite 5350
Dallas, TX 75201
214-658-6513
jthallesq@gmail.com
TX BAR NO. 00787622

**ADDITIONAL COUNSEL 5.** FOX ROTHSCHILD LLP

DARRELL MINTER
Two Lincoln Centre
5420 LBJ Freeway, Suite 1200
Dallas. TX 75240-6215
Tel 214-231-5711 Fax 972.404.0516
DMinter@foxrothschild.com

**ADDITIONAL COUNSEL 6.** MILLER BROWN LLP

J. Robert Miller Jr.
TX Bar No. 14092500
rmiller@miller-brown.com
CHRISTY E. MADDEN
State Bar No. 90001629
cmadden@miller-brown.com
400 South Ervay Street
Dallas, Texas 75201-5513
(214) 748-7600
FAX: (214) 204-9134

**ADDITIONAL COUNSEL 7.** Friedman & Feiger LLP

Lawrence J. Friedman
State Bar No. 07469300
Carlos Morales
State Bar No. 24025545
5301 Spring Valley, Suite 200
Dallas, Texas 75254
Telephone (972) 788-1400
FAX (972) 788-2667
lfriedman@fflawoffice.com

**ADDITIONAL COUNSEL 8.** Gibson Dunn LLP

Veronica S. Lewis, SBN 24000092
vlewis@gibsondunn.com
William B. Dawson, SBN 05606300

wdawson@gibsondunn.com
Benjamin D. Williams, SBN 24072517
bwilliams@gibsondunn.com
Gibson Dunn LLP
2100 McKinney Avenue
Suite 1100
Dallas, TX 75201-6912
Tel: +1 214.698.3100
Fax: +1 214.571.2900

**ADDITIONAL COUNSEL 9.** Abernathy, Roeder, Boyd & Joplin, P.C.

Ross Wells
1700 Redbud Boulevard, Suite 300
McKinney, TX 75069
Phone: (214) 544-4000
Fax: (214) 544-4040
rwells@abernathy-law.com

**ADDITIONAL COUNSEL 10.** Figari & Davenport LLC

Don Colleluori
TX BAR NO. 04581950
A. Erin Dwyer
TX BAR NO. 06302700
3400 Bank of America Plaza
901 Main St Ste 3400
Dallas, TX 75202
Phone: 214-939-2007
FAX: 214-939-2090
don.colleluori@figdav.com
erin.dwyer@figdav.com

**ADDITIONAL COUNSEL 11.** Herring & Irwin

CHARLES HERRING
cherring@herring-irwin.com

**ADDITIONAL COUNSEL 12.** Clinesmith Wooten Smith

Dawn Smith
dawn@clinesmithwootensmith.com

**ADDITIONAL COUNSEL 13.** Law Office of Chris Knox

Chris Knox
chrisknox@knoxcriminaldefense.com
900 Jackson St Ste 650
Dallas, TX 75202
Phone: 214-741-7474

**ADDITIONAL COUNSEL 14.** Law Office of Nicole Knox

Nicole Knox
3131 McKinney Ave.

Ste. 800
Dallas, TX 75204
Phone: 214-740-9955

**ADDITIONAL COUNSEL 15.** Law Office of Bill Knox
William T. "Bill" Knox
900 Jackson St Ste 650
Dallas, TX 75202
Phone: 214-522-0000

**ADDITIONAL COUNSEL 16.** Baker Botts LLP
George Lamb
Calvin Roderick Phelan
2001 Ross Ave. Ste.
Dallas, TX 75201
Fax (214) 661-4659
george.lamb@bakerbotts.com
rod.phelan@bakerbotts.com

**ADDITIONAL COUNSEL 17.** Trevor R. Jefferies
Arnold & Porter LLP
700 Louisiana Street, Suite 1600
Houston, Texas 77002
Telephone: +1 713-576-2403
Cell Phone: +1 713-530-8243
trevor.jefferies@aporter.com
ATTORNEY FOR JAMES CHANOS

**ADDITIONAL COUNSEL 18.** Vanessa Griffith
Vinson & Elkins LLP
2001 Ross Avenue, Suite 3700
Dallas, TX 75201-2975
Tel +1.214.220.7713
Fax +1.214.999.7713
E-mail vgriffith@velaw.com
ATTORNEY FOR CLINT CARLSON

**ADDITIONAL COUNSEL 19.** Jamie McKey
Kendall Law Group
jmckey@kendalllawgroup.com
ATTORNEY FOR LEON COOPERMAN

**ADDITIONAL COUNSEL 20.** Levi G. McCathern, II
McCathern, PLLC
3710 Rawlins St., Suite 1600
Dallas, Texas 75219
214.741.2662 Office
214.741.4717 Fax
lmccathern@mccathernlaw.com
ATTORNEY FOR STEPHEN JONES

**ADDITIONAL COUNSEL 21.** Lewis T. Stevens

TX24031366
131 East Exchange Ave., No. 204
Fort Worth, TX 76164
T-817-332-4466
F-817-332-4476
lstevens@lstevenslaw.com
ATTORNEY FOR CHAD BUSHAW

**ADDITIONAL COUNSEL 22.** ROYCE WEST

Royce West
State Bar No. 21206800
320 South R.L. Thornton Freeway, Suite 300
Dallas, Texas 75203
Telephone 214.941.1881
FAX 214.941.1399

Dated: Nov. 19, 2014

Respectfully,

/s/Chelsea L. Davis
Chelsea L. Davis
TX Bar No. 24059652
25 Highland Park Vlg., Ste. 100-830
Dallas, TX 75205
Telephone: (469) 426-5850
Facsimile: (469) 533-0466
cdavis@chelseadavispc.com

**CERTIFICATE OF SERVICE**

I electronically submitted the foregoing document using the electronic case filing system. I hereby certify that I have served all counsel and/or pro se parties of record (or non-record) electronically by email or, as a pro-se party, on the date it is electronically docketed in the court's CM/ECF system, as authorized by the Federal Rule of Civil Procedure 5(b)(2) and the Local Rules of this Court (in the Northern and Eastern Districts of Texas), or otherwise, to the extent possible.

/s/Chelsea L. Davis
Chelsea L. Davis, pro-se
TX Bar No. 24059652
Mailing Address:
25 Highland Park Vlg., Ste. 100-830
Dallas, TX 75205
Telephone: (469) 426-5850

Facsimile: (469) 533-0466
cdavis@chelseadavispc.com

FILED
DALLAS COUNTY
11/22/2013 4:22:48 PM
GARY FITZSIMMONS
DISTRICT CLERK

Cause No. DC-13-12834-M

| | | |
|---|---|---|
| CHELSEA L. DAVIS, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | 298TH JUDICIAL DISTRICT OF |
| | § | |
| MCKOOL SMITH, P.C., | § | |
| | § | |
| Defendant. | § | DALLAS COUNTY, TEXAS |

**DEFENDANT MCKOOL SMITH, P.C.'S**
**ORIGINAL ANSWER**

Defendant McKool Smith, P.C., ("McKool Smith") files this Answer to Plaintiff's First Amended Petition and states:

**1.** **General Denial**. Subject to such admissions and stipulations as may be made at time of trial, McKool Smith denies generally and specially the material allegations contained in Plaintiff's First Amended Petition and demands strict proof thereof in accordance with the requirements of the laws of this state.

**2.** **Request for Relief**. McKool Smith requests the following relief:

a. that Plaintiff take nothing by reason of her suit;

b. that McKool Smith be dismissed with its costs; and

c. that McKool Smith have such other and further relief, both general and special, at law and in equity, to which it may show itself justly entitled.

Respectfully submitted,

By:/s/ Don Colleluori
A. Erin Dwyer
State Bar No. 06302700
Don Colleluori
State Bar No. 04581950

FIGARI & DAVENPORT, L.P.
3400 Bank of America Plaza
901 Main Street, LB 125
Dallas, Texas 75202-3796
Tel: 214/939-2000
Fax; 214/939-2090

ATTORNEYS FOR DEFENDANT
MCKOOL SMITH, P.C.

## CERTIFICATE OF SERVICE

I certify that this instrument was served on this 22nd day of November, 2013, to the following in the matter noted below:

**Via Certified Mail, Return Receipt Requested**
Chelsea L. Davis
25 Highland Park Vlg., Suite 100-830
Dallas, Texas 75205

/s/ Don Colleluori
Don Colleluori

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

**CHELSEA L. DAVIS**

**v.**

**SAMUEL F. BAXTER, and MCKOOL SMITH P.C.**

**CASE NO. 4:14-CV-00754**
**CONSOLIDATED INTO CASE NO. 3:14-CV-514 and 14-7088, into which *Chelsea L. Davis v. McKool Smith P.C. and Samuel F. Baxter,* DC-13-12834 and DC-13-14215, 298th Jud. Dt. Ct., Dallas County, TX, is consolidated**

---

TO THE HONORABLE PRESIDING JUDGE:

**PLAINTIFF'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 41(a)(2)**

COMES NOW, Chelsea L. Davis ("Chelsea Davis"), who hereby moves to dissolve the anti-suit injunctions and stay of arbitration proceedings, which have been in place against at least Chelsea Davis and Samuel Baxter since a few days after the dispute between the parties began, to dismiss this action as abated in favor of the related actions, which may now proceed, now that the anti-suit injunction and stay are dissolved on Nov. 20, 2014, and to transfer any and all actions previously submitted under all pendant state cause numbers to the United States District Court for the Northern District of Texas. Chelsea Davis moves to compel Leslie Ware and Samuel Baxter to produce documents responsive to Chelsea Davis's discovery requests and to appear for their depositions and at hearings and at trial to give their testimony under oath. Chelsea Davis moves for a continuance to continue a discovery period until May 15, 2015 and to set a date for a first jury trial in the United States District Court for the Northern District of

Texas in *Davis v. McKool Smith P.C. et al* before Judge Jane Boyle in July 2015.

Chelsea Davis, as Respondent and Defendant, moves to dismiss with prejudice Plaintiff McKool Smith P.C.'s complaints against Chelsea L. Davis under Cause Nos. 201305119, 201400133, and 54202, and misdemeanor and felony cause numbers, including 01-JM-13-4225, F-13-61468, ML1400489, MB1359386 and DF-13-19281, which consist of false allegations made by McKool Smith P.C. and its agents against Chelsea Davis. There was never any probable cause to arrest Chelsea Davis. This Court has already once dismissed without prejudice all allegations of misconduct against Chelsea Davis, including complaints, grievances, charges, claims and causes of action against her, for reasons including lack of prosecution and lack of probable cause, such that the granting of this motion dismisses with prejudice each and every allegation and potential allegation of misconduct against Chelsea Davis, including those based on documents in proceedings and non-proceedings. Accordingly, the bond amount of $1,000,000 set by the court for Leslie Ware's frivolous and wrongful requests for injunctive relief against Chelsea L. Davis and additional amounts paid in bond and into the registry of the Court by Chelsea Davis must now be released and paid by Leslie D. Ware and reimbursed to Chelsea Davis from Leslie D. Ware, the attorney issued TX Bar No. **00785179**.

This document replaces Document 5 in *Davis v. Baxter,* 4:13-cv-514 (E.D. Tex. filed Sept. 9, 2013). Each and every statement and argument in Documents 8, 9, 10 and 11, previously electronically sent by Chelsea Davis under Case No. 4:13-cv-514 in *Davis v. Baxter,* 4:13-cv-514 (E.D. Tex. filed Sept. 9, 2013) are hereby cancelled as moot or otherwise withdrawn at this time but may be later amended and filed to Case No. 4:13-cv-514.

**ADDITIONAL COUNSEL 1.** Lidji Dorey & Hooper
Brian M. Lidji
TX Bar No. 12329700

500 N. Akard, Suite 3500
Dallas, TX 75201
Direct 214-774-1220
Fax 214.774.1212
blidji@ldhlaw.com

**ADDITIONAL COUNSEL 2.** Goranson Bain PLLC
ANGELINE L. ("ANGIE") BAIN and Associates
8350 N. Central Expressway, Suite 1700
Dallas, TX 75206
PHONE: 214.373.7676
Fax: 214.373.9959
TX BAR NO. 01546650

**ADDITIONAL COUNSEL 3.** Gray Reed & McGraw P.C. (*and* Looper Reed & McGraw)
KEN STONE
TX BAR NO. 19296300
JAMIE RIBMAN
1601 Elm Street, Suite 4600
Dallas, TX 75201
T: 214.954.4135
F: 469.320.6878
kstone@grayreed.com
jribman@grayreed.com

**ADDITIONAL COUNSEL 4.** Jeff Hall
Jeff Hall
2200 Ross Avenue Suite 5350
Dallas, TX 75201
214-658-6513
jthallesq@gmail.com
TX BAR NO. 00787622

**ADDITIONAL COUNSEL 5.** FOX ROTHSCHILD LLP
DARRELL MINTER
Two Lincoln Centre
5420 LBJ Freeway, Suite 1200
Dallas. TX 75240-6215
Tel 214-231-5711 Fax 972.404.0516
DMinter@foxrothschild.com

**ADDITIONAL COUNSEL 6.** MILLER BROWN LLP
J. Robert Miller Jr.
TX Bar No. 14092500
rmiller@miller-brown.com
CHRISTY E. MADDEN
State Bar No. 90001629
cmadden@miller-brown.com

400 South Ervay Street
Dallas, Texas 75201-5513
(214) 748-7600
FAX: (214) 204-9134

**ADDITIONAL COUNSEL 7.** Friedman & Feiger LLP

Lawrence J. Friedman
State Bar No. 07469300
Carlos Morales
State Bar No. 24025545
5301 Spring Valley, Suite 200
Dallas, Texas 75254
Telephone (972) 788-1400
FAX (972) 788-2667
lfriedman@fflawoffice.com

**ADDITIONAL COUNSEL 8.** Gibson Dunn LLP

Veronica S. Lewis, SBN 24000092
vlewis@gibsondunn.com
William B. Dawson, SBN 05606300
wdawson@gibsondunn.com
Benjamin D. Williams, SBN 24072517
bwilliams@gibsondunn.com
Gibson Dunn LLP
2100 McKinney Avenue
Suite 1100
Dallas, TX 75201-6912
Tel: +1 214.698.3100
Fax: +1 214.571.2900

**ADDITIONAL COUNSEL 9.** Abernathy, Roeder, Boyd & Joplin, P.C.

Ross Wells
1700 Redbud Boulevard, Suite 300
McKinney, TX 75069
Phone: (214) 544-4000
Fax: (214) 544-4040
rwells@abernathy-law.com

**ADDITIONAL COUNSEL 10.** Figari & Davenport LLC

Don Colleluori
TX BAR NO. 04581950
A. Erin Dwyer
TX BAR NO. 06302700
3400 Bank of America Plaza
901 Main St Ste 3400
Dallas, TX 75202
Phone: 214-939-2007
FAX: 214-939-2090

don.colleluori@figdav.com
erin.dwyer@figdav.com

**ADDITIONAL COUNSEL 11.** Herring & Irwin
CHARLES HERRING
cherring@herring-irwin.com

**ADDITIONAL COUNSEL 12.** Clinesmith Wooten Smith
Dawn Smith
dawn@clinesmithwootensmith.com

**ADDITIONAL COUNSEL 13.** Law Office of Chris Knox
Chris Knox
chrisknox@knoxcriminaldefense.com
900 Jackson St Ste 650
Dallas, TX 75202
Phone: 214-741-7474

**ADDITIONAL COUNSEL 14.** Law Office of Nicole Knox

Nicole Knox
3131 McKinney Ave.
Ste. 800
Dallas, TX 75204
Phone: 214-740-9955

**ADDITIONAL COUNSEL 15.** Law Office of Bill Knox
William T. “Bill” Knox
900 Jackson St Ste 650
Dallas, TX 75202
Phone: 214-522-0000

**ADDITIONAL COUNSEL 16.** Baker Botts LLP
George Lamb
Calvin Roderick Phelan
2001 Ross Ave. Ste.
Dallas, TX 75201
Fax (214) 661-4659
george.lamb@bakerbotts.com
rod.phelan@bakerbotts.com

**ADDITIONAL COUNSEL 17.** Trevor R. Jefferies
Arnold & Porter LLP
700 Louisiana Street, Suite 1600
Houston, Texas 77002
Telephone: +1 713-576-2403
Cell Phone: +1 713-530-8243
trevor.jefferies@aporter.com
ATTORNEY FOR JAMES CHANOS

**ADDITIONAL COUNSEL 18.** Vanessa Griffith
Vinson & Elkins LLP
2001 Ross Avenue, Suite 3700

Dallas, TX 75201-2975
Tel +1.214.220.7713
Fax +1.214.999.7713
E-mail vgriffith@velaw.com
ATTORNEY FOR CLINT CARLSON

**ADDITIONAL COUNSEL 19.** Jamie McKey
Kendall Law Group
jmckey@kendalllawgroup.com
ATTORNEY FOR LEON COOPERMAN

**ADDITIONAL COUNSEL 20.** Levi G. McCathern, II
McCathern, PLLC
3710 Rawlins St., Suite 1600
Dallas, Texas 75219
214.741.2662 Office
214.741.4717 Fax
lmccathern@mccathernlaw.com
ATTORNEY FOR STEPHEN JONES

**ADDITIONAL COUNSEL 21.** Lewis T. Stevens
TX24031366
131 East Exchange Ave., No. 204
Fort Worth, TX 76164
T-817-332-4466
F-817-332-4476
lstevens@lstevenslaw.com
ATTORNEY FOR CHAD BUSHAW

**ADDITIONAL COUNSEL 22.** ROYCE WEST
Royce West
State Bar No. 21206800
320 South R.L. Thornton Freeway, Suite 300
Dallas, Texas 75203
Telephone 214.941.1881
FAX 214.941.1399

Dated: Nov. 20, 2014

Respectfully,

/s/Chelsea L. Davis
Chelsea L. Davis
TX Bar No. 24059652
25 Highland Park Vlg., Ste. 100-830
Dallas, TX 75205
Telephone: (469) 426-5850
Facsimile: (469) 533-0466
cdavis@chelseadavispc.com

**CERTIFICATE OF SERVICE**

I electronically submitted the foregoing document using the electronic case filing system. I hereby certify that I have served all counsel and/or pro se parties of record (or non-record) electronically by email or, as a pro-se party, on the date it is electronically docketed in the court's CM/ECF system, as authorized by the Federal Rule of Civil Procedure 5(b)(2) and the Local Rules of this Court (in the Northern and Eastern Districts of Texas), or otherwise, to the extent possible.

/s/Chelsea L. Davis
Chelsea L. Davis, pro-se
TX Bar No. 24059652
Mailing Address:
25 Highland Park Vlg., Ste. 100-830
Dallas, TX 75205
Telephone: (469) 426-5850
Facsimile: (469) 533-0466
cdavis@chelseadavispc.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

**CHELSEA L. DAVIS**

**v.**

**SAMUEL F. BAXTER, and MCKOOL SMITH P.C.**

**CASE NO. 4:14-CV-00754**
**CONSOLIDATED INTO CASE NO. 3:14-CV-514 and 14-7088, into which *Chelsea L. Davis v. McKool Smith P.C. and Samuel F. Baxter,* DC-13-12834 and DC-13-14215, 298th Jud. Dt. Ct., Dallas County, TX, is consolidated**

---

TO THE HONORABLE PRESIDING JUDGE:

**NOTICE OF CONSENT TO MOTION TO DISMISS**

COMES NOW, Chelsea L. Davis ("Chelsea Davis"), who hereby provides notice that Samuel F. Baxter consented to Document 5 in this action entitled "Plaintiff's Motion To Dismiss Pursuant to Fed. R. Civ. P. 41(a)(2)." Samuel F. Baxter, Leslie D. Ware, and Harlan R. Crow consented to consolidation, severance, and transfer/removal of their actions to the United States District Court for the Northern District of Texas. McKool Smith P.C. and Samuel F. Baxter answered herein, as unsigned by Chelsea Davis, and such answers as appear under Document 4 herein may be serial.

This document replaces Document 6 in *Davis v. Baxter,* 4:13-cv-514 (E.D. Tex. filed Sept. 9, 2013).

**ADDITIONAL COUNSEL 1.** Lidji Dorey & Hooper
Brian M. Lidji
TX Bar No. 12329700
500 N. Akard, Suite 3500

Dallas, TX 75201
Direct 214-774-1220
Fax 214.774.1212
blidji@ldhlaw.com

**ADDITIONAL COUNSEL 2.** Goranson Bain PLLC
ANGELINE L. ("ANGIE") BAIN and Associates
8350 N. Central Expressway, Suite 1700
Dallas, TX 75206
PHONE: 214.373.7676
Fax: 214.373.9959
TX BAR NO. 01546650

**ADDITIONAL COUNSEL 3.** Gray Reed & McGraw P.C. (*and* Looper Reed & McGraw)
KEN STONE
TX BAR NO. 19296300
JAMIE RIBMAN
1601 Elm Street, Suite 4600
Dallas, TX 75201
T: 214.954.4135
F: 469.320.6878
kstone@grayreed.com
jribman@grayreed.com

**ADDITIONAL COUNSEL 4.** Jeff Hall
Jeff Hall
2200 Ross Avenue Suite 5350
Dallas, TX 75201
214-658-6513
jthallesq@gmail.com
TX BAR NO. 00787622

**ADDITIONAL COUNSEL 5.** FOX ROTHSCHILD LLP
DARRELL MINTER
Two Lincoln Centre
5420 LBJ Freeway, Suite 1200
Dallas. TX 75240-6215
Tel 214-231-5711 Fax 972.404.0516
DMinter@foxrothschild.com

**ADDITIONAL COUNSEL 6.** MILLER BROWN LLP
J. Robert Miller Jr.
TX Bar No. 14092500
rmiller@miller-brown.com
CHRISTY E. MADDEN
State Bar No. 90001629
cmadden@miller-brown.com
400 South Ervay Street

Dallas, Texas 75201-5513
(214) 748-7600
FAX: (214) 204-9134

**ADDITIONAL COUNSEL 7.** Friedman & Feiger LLP
Lawrence J. Friedman
State Bar No. 07469300
Carlos Morales
State Bar No. 24025545
5301 Spring Valley, Suite 200
Dallas, Texas 75254
Telephone (972) 788-1400
FAX (972) 788-2667
lfriedman@fflawoffice.com

**ADDITIONAL COUNSEL 8.** Gibson Dunn LLP
Veronica S. Lewis, SBN 24000092
vlewis@gibsondunn.com
William B. Dawson, SBN 05606300
wdawson@gibsondunn.com
Benjamin D. Williams, SBN 24072517
bwilliams@gibsondunn.com
Gibson Dunn LLP
2100 McKinney Avenue
Suite 1100
Dallas, TX 75201-6912
Tel: +1 214.698.3100
Fax: +1 214.571.2900

**ADDITIONAL COUNSEL 9.** Abernathy, Roeder, Boyd & Joplin, P.C.
Ross Wells
1700 Redbud Boulevard, Suite 300
McKinney, TX 75069
Phone: (214) 544-4000
Fax: (214) 544-4040
rwells@abernathy-law.com

**ADDITIONAL COUNSEL 10.** Figari & Davenport LLC
Don Colleluori
TX BAR NO. 04581950
A. Erin Dwyer
TX BAR NO. 06302700
3400 Bank of America Plaza
901 Main St Ste 3400
Dallas, TX 75202
Phone: 214-939-2007
FAX: 214-939-2090
don.colleluori@figdav.com

erin.dwyer@figdav.com
**ADDITIONAL COUNSEL 11.** Herring & Irwin
CHARLES HERRING
cherring@herring-irwin.com
**ADDITIONAL COUNSEL 12.** Clinesmith Wooten Smith
Dawn Smith
dawn@clinesmithwootensmith.com
**ADDITIONAL COUNSEL 13.** Law Office of Chris Knox
Chris Knox
chrisknox@knoxcriminaldefense.com
900 Jackson St Ste 650
Dallas, TX 75202
Phone: 214-741-7474
**ADDITIONAL COUNSEL 14.** Law Office of Nicole Knox

Nicole Knox
3131 McKinney Ave.
Ste. 800
Dallas, TX 75204
Phone: 214-740-9955
**ADDITIONAL COUNSEL 15.** Law Office of Bill Knox
William T. "Bill" Knox
900 Jackson St Ste 650
Dallas, TX 75202
Phone: 214-522-0000
**ADDITIONAL COUNSEL 16.** Baker Botts LLP
George Lamb
Calvin Roderick Phelan
2001 Ross Ave. Ste.
Dallas, TX 75201
Fax (214) 661-4659
george.lamb@bakerbotts.com
rod.phelan@bakerbotts.com
**ADDITIONAL COUNSEL 17.** Trevor R. Jefferies
Arnold & Porter LLP
700 Louisiana Street, Suite 1600
Houston, Texas 77002
Telephone: +1 713-576-2403
Cell Phone: +1 713-530-8243
trevor.jefferies@aporter.com
ATTORNEY FOR JAMES CHANOS
**ADDITIONAL COUNSEL 18.** Vanessa Griffith
Vinson & Elkins LLP
2001 Ross Avenue, Suite 3700
Dallas, TX 75201-2975

Tel +1.214.220.7713
Fax +1.214.999.7713
E-mail vgriffith@velaw.com
ATTORNEY FOR CLINT CARLSON

**ADDITIONAL COUNSEL 19.** Jamie McKey

Kendall Law Group
jmckey@kendalllawgroup.com
ATTORNEY FOR LEON COOPERMAN

**ADDITIONAL COUNSEL 20.** Levi G. McCathern, II

McCathern, PLLC
3710 Rawlins St., Suite 1600
Dallas, Texas 75219
214.741.2662 Office
214.741.4717 Fax
lmccathern@mccathernlaw.com
ATTORNEY FOR STEPHEN JONES

**ADDITIONAL COUNSEL 21.** Lewis T. Stevens

TX24031366
131 East Exchange Ave., No. 204
Fort Worth, TX 76164
T-817-332-4466
F-817-332-4476
lstevens@lstevenslaw.com
ATTORNEY FOR CHAD BUSHAW

**ADDITIONAL COUNSEL 22.** ROYCE WEST

Royce West
State Bar No. 21206800
320 South R.L. Thornton Freeway, Suite 300
Dallas, Texas 75203
Telephone 214.941.1881
FAX 214.941.1399

Dated: Nov. 20, 2014

Respectfully,

/s/Chelsea L. Davis
Chelsea L. Davis
TX Bar No. 24059652
25 Highland Park Vlg., Ste. 100-830
Dallas, TX 75205
Telephone: (469) 426-5850
Facsimile: (469) 533-0466
cdavis@chelseadavispc.com

**CERTIFICATE OF SERVICE**

I electronically submitted the foregoing document using the electronic case filing system. I hereby certify that I have served all counsel and/or pro se parties of record (or non-record) electronically by email or, as a pro-se party, on the date it is electronically docketed in the court's CM/ECF system, as authorized by the Federal Rule of Civil Procedure 5(b)(2) and the Local Rules of this Court (in the Northern and Eastern Districts of Texas), or otherwise, to the extent possible.

/s/Chelsea L. Davis
Chelsea L. Davis, pro-se
TX Bar No. 24059652
Mailing Address:
25 Highland Park Vlg., Ste. 100-830
Dallas, TX 75205
Telephone: (469) 426-5850
Facsimile: (469) 533-0466
cdavis@chelseadavispc.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CHELSEA L. DAVIS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION NO.:** |
| **v.** | § | **3:14-CV-0056-B** |
| | § | |
| **MCKOOL SMITH, et al.,** | § | |
| | § | |
| | § | |
| **Defendant.** | § | |

## ORDER OF TRANSFER

Because of common questions of fact and law, and in the interests of judicial economy, this case is hereby **transferred** to the docket of the Honorable **David C. Godbey**, United States District Court, Northern District of Texas. All future pleadings and other papers shall henceforth be filed under Civil Action No. **3:14-CV-0056-N**

**SO ORDERED.**

**SIGNED: January 9, 2014.**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHELSEA L. DAVIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO.: |
| v. | § | 3:14-CV-0056-B |
| | § | |
| MCKOOL SMITH, et al., | § | |
| | § | |
| | § | |
| Defendant. | § | |

**ORDER OF TRANSFER**

Because of common questions of fact and law, and in the interests of judicial economy, this case is hereby **transferred**

**SO ORDERED.**

**SIGNED: January 9, 2014.**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CHELSEA L. DAVIS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION NO.:** |
| **v.** | § | **3:14-CV-0056-B** |
| | § | |
| **MCKOOL SMITH, et al.,** | § | |
| | § | |
| | § | |
| **Defendant.** | § | |

## ORDER OF TRANSFER

Because of common questions of fact and law, and in the interests of judicial economy, this case is hereby **transferred**

**SO ORDERED.**

**SIGNED: January 9, 2014**.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE