# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

**CHELSEA L. DAVIS**

v.

**MCKOOL SMITH P.C. et al**

<u>**NO. 3:14-cv-3975-?**</u>

---

## CERTIFICATE OF NECESSITY OF REQUEST FOR EMERGENCY HEARING

I HEREBY CERTIFY, as a member of the Bar of the Court in good standing, that I have carefully examined the matter under consideration and to the best of my knowledge, information and belief formed after reasonable inquiry, all allegations are well grounded in fact and all contentions are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, that the matter under consideration is not interposed for any improper purpose, such as to harass, to cause delay, or to increase the cost of litigation, and there is just cause to request consideration of the following pleading on an emergency basis:

**<u>First MOTION to Appoint Counsel</u> at Doc. 41**

I CERTIFY FURTHER that there is a true necessity for an emergency hearing, specifically, because it appears there may be a criminal contempt charge made against me by Judge David Godbey of this Court acting as prosecutor and jury without due process of law.

To the extent I am being charged with contempt of court, I have the right to a court appointed attorney, and I have requested this federal Court to appoint me an attorney. Further, I am entitled to a hearing and to be read my rights. I object to this Court acting as a prosecutor.

I, Chelsea Davis, may timely move to set aside default contempt judgments entered by state courts in matters in which notices of removal have been filed and/or which are transferred to this Court and introduce facts for the limited purpose of granting the relief requested of appointment of an attorney. I require a hearing prior to Friday, January 30, 2015 due to the imminence of a void order of capias being issued for my arrest for failure to appear in a state court for a hearing on January 30, 2015 even though the state court lacks authority to conduct a hearing due to the filing of a notice of removal in this Court. If this Court lacks jurisdiction, I request a hearing in the United States Court of Appeals for the Fifth Circuit.

Where there is a legal right, there is also a legal remedy by suit or action at law, whenever that right is invaded. *Marbury v. Madison*, 5 U.S. 137, 153 (U.S. 1803).

Whenever a privilege is asserted, even one expressed in the Constitution, such as the Speech and Debate privilege, it is the courts that determine the validity of the assertion and the scope of the privilege. *Nixon v. Sirica*, 487 F.2d 700, 704 (D.C. Cir. 1973).

In *Schlagenhauf v. Holder*, the Supreme Court sustained the inherent power of the courts of appeals in special circumstances to review by mandamus a "basic, undecided question," and "to settle new and important problems." *Nixon v. Sirica*, 487 F.2d 700, 708 (D.C. Cir. 1973).

"Under 262 of the Judicial Code the United States Supreme Court has discretionary power, in aid of its appellate jurisdiction, to review judgments and orders of the Federal district courts by resort to the common law writs of certiorari, mandamus, and prohibition." *United States Alkali Export Ass'n v. United States*, 325 U.S. 196, 197 (U.S. 1945).

Fed. R. Civ. P. 70, which permits the issue of a writ of attachment or sequestration against the property of a disobedient party to compel satisfaction of a judgment, is operative only

after a judgment is entered. *De Beers Consol. Mines, Ltd. v. United States*, 325 U.S. 212, 214 (U.S. 1945).

A habeas corpus proceeding is a collateral attack on a contempt judgment. To be entitled to a writ of habeas corpus, a petitioner must prove that the underlying contempt judgment is void. An underlying judgment is void if it was beyond the court's power to enter the judgment, or if the judgment deprived the relator of liberty without due process.

"A court must have jurisdiction over a case or controversy before it may assert jurisdiction over ancillary claims. Ancillary jurisdiction, therefore, cannot provide the original jurisdiction that petitioners must show in order to qualify for removal under 28 U.S.C.S. § 1441." *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 30 (U.S. 2002).

"But where a specific duty is assigned by law, and individual rights depend upon the performance of that duty, it seems equally clear that the individual who considers himself injured, has a right to resort to the laws of his country for a remedy." *Marbury v. Madison,* 5 U.S. 137, 153 (U.S. 1803).

"The very essence of civil liberty certainly consists in the right of every individual to claim the protection of the laws, whenever he receives an injury. One of the first duties of government is to afford that protection." *Marbury v. Madison*, 5 U.S. 137, 153 (U.S. 1803).

"Whenever there is a right to execute an office, perform a service, or exercise a franchise (more specifically if it be in a matter of public concern, or attended with profit) and a person is kept out of the possession, or dispossessed of such right, and has no other specific legal remedy, the court ought to assist by mandamus, upon reasons of justice, as the writ expresses, and upon reasons of public policy, to preserve peace, order and good government. This writ ought to be

used upon all occasions where the law has established no specific remedy, and where in justice and good government there ought to be one." *Marbury v. Madison*, 5 U.S. 137, 153 (U.S. 1803).

"The province of the court is, solely, to decide on the rights of individuals, not to inquire how the executive, or executive officers, perform duties in which they have a discretion. Questions, in their nature political, or which are, by the Constitution and laws, submitted to the executive, can never be made in this court." *Marbury v. Madison*, 5 U.S. 137, 153 (U.S. 1803).

"It is a proposition too plain to be contested, that the Constitution controls any legislative act repugnant to it; or, that the legislature may alter the Constitution by an ordinary act." *Marbury v. Madison*, 5 U.S. 137, 153 (U.S. 1803).

"Petitioner is entitled to consideration of his application for relief on its merits. He is suffering, and will continue to suffer, serious disabilities because of the law's complexities and not because of his fault, if his claim that he has been illegally convicted is meritorious. There is no need in the statute, the Constitution, or sound jurisprudence for denying to petitioner his ultimate day in court." *Carafas v. LaVallee*, 391 U.S. 234, 239 (U.S. 1968).

"A federal court has jurisdiction to grant habeas corpus relief if there is an absence of available state corrective process, or if circumstances exist that render such process ineffective to protect the petitioner's constitutional rights." 28 U.S.C.S. § 2254 (b)(1)(B).

"Except for a narrowly limited category of contempts, due process of law requires that one charged with contempt of court be advised of the charges against him, have a reasonable opportunity to meet them by way of defense or explanation, have the right to be represented by counsel, and have a chance to testify and call other witnesses in his behalf, either by way of defense or explanation." *Orr v. Bowles*, 2002 U.S. Dist. LEXIS 8942, 1 (N.D. Tex. May 20,

2002). "A judge may not sua sponte initiate contempt proceedings, gather the evidence and otherwise act as prosecutor, and then decide all factual and legal issues." *Orr v. Bowles*, 2002 U.S. Dist. LEXIS 8942, 1 (N.D. Tex. May 20, 2002).

"An appellate court may exercise contempt powers when the contempt proceeding is instituted after the appellate court's jurisdiction has attached. When the proof of an alleged contempt requires a factual hearing, the preferable procedure in the ordinary case is that the court of appeals retain jurisdiction over the contempt matter, but refer the matter of taking testimony and hearing evidence to a trial court. The transcript of the hearing is then forwarded to the appeals court." *Orr v. Bowles*, 2002 U.S. Dist. LEXIS 8942, 1 (N.D. Tex. May 20, 2002).

"The adjudication of contempt charges raised for the first time at the contempt proceeding has long been condemned. Any person charged with contempt is entitled to the protection of the Due Process Clause." *Id.*

I CERTIFY that I am entitled to de novo review and to a jury trial.

This federal Court may have jurisdiction over this matter pursuant to 28 U.S.C. § 2254. The Antiterrorism and Effective Death Penalty Act's ("AEDPA's") deferential framework, as set out in § 2254(d) and (e), applies only when a state court has adjudicated a petitioner's writ of habeas corpus on the merits. *Valdez v. Cockrell*, 274 F.3d 941, 954 (5th Cir. 2001). An adjudication on the merits does not occur when the state habeas court disposes of the state habeas petition on procedural rather than substantive grounds. *Fisher v. Texas*, 169 F.3d 295, 300 (5th Cir. 1999). In this case, the state court denied my petition due to alleged vexatious litigant order. (*See Supplemental Sworn Records*). Accordingly, no state court adjudication occurred, and I am entitled to de novo review. *See Johnson v. Cain*, 215 F.3d 489, 493 (5th Cir. 2000). This Court

has jurisdiction to grant habeas corpus relief because there is an absence of available State corrective process, or circumstances exist that render such process ineffective to protect my constitutional rights. *See* 28 U.S.C. § 2254 (b)(1)(B).

A habeas corpus proceeding is a collateral attack on a contempt judgment. *See, e.g., Johnson v. Zerbst*, 304 U.S. 458, 465, 82 L. Ed. 1461, 58 S. Ct. 1019 (1938). To be entitled to a writ of habeas corpus, a petitioner must prove that the underlying contempt judgment is void. *Id.* at 468. An underlying judgment is void if it was beyond the court's power to enter the judgment, or if the judgment deprived the relator of liberty without due process. *See Ex Parte Casillas*, 25 S.W.3d 296, 298 (Tex. App. - San Antonio, 2000) (citations omitted). In this case, a state court judge signed an order for my arrest for contempt of a child support order even though I am not married, I have no children and there is no child support order. The Texas courts have denied me *any* review of the contempt judgments and have sealed any judgment from me such that I have never even seen a contempt judgment against me. One court not only initiated the contempt proceedings, gathered the evidence (if any) and then decided all the legal and factual issues, but that court's decision was final, not only with respect to non-jurisdictional and non-constitutional judicial errors (if any) that would normally result in the reversal of a criminal conviction, but with respect to constitutional errors as well. I was denied the same rights as an officer of the court who is charged with contempt by a trial court, i.e., release on her own recognizance, the protection of an impartial decision-maker, and the right of review. The State has not even attempted to show -- and this Court has not been able to discern -- a rational basis for treating officers of the court differently depending upon whether they are charged with offending a trial

court or an appellate court. Any criminal contempt judgments are void because they violate my right to equal protection of the law, as well as my due process rights.

The procedure employed by the appellate court seeks to force me to testify against myself in violation of my constitutional rights on January 30, 2015.

I CERTIFY FURTHER that the necessity of this emergency hearing has not been caused by a lack of due diligence on my part, but has been brought about only by circumstances beyond my control and because of the willful and malicious misconduct on the part of opposing counsel and their client McKool Smith P.C.

I further certify that this certification is filed with full understanding of Rule 11 of the Federal Rules of Civil Procedure.

WHEREFORE, premises considered, I respectfully request an emergency hearing prior to Friday, January 30, 2015.

Dated: Jan. 26, 2015                     Respectfully,

/s/Chelsea L. Davis
Chelsea L. Davis, *pro-se*
TX Bar No. 24059652
Mailing Address:
25 Highland Park Vlg., Ste. 100-830
Telephone: (469) 426-5850
Facsimile: (469) 533-0466
cdavis@chelseadavispc.com

**CERTIFICATE OF SERVICE**

I electronically submitted the foregoing document using the electronic case filing system. I hereby certify that I have served all counsel and/or pro se parties of record (or non-record) electronically by email or, as a pro-se party, on the date it is electronically docketed in the

court's CM/ECF system, as authorized by the Federal Rule of Civil Procedure 5(b)(2) and the Local Rules of this Court (in the Northern and Eastern Districts of Texas).

Dated:  Jan. 26, 2015                          /s/Chelsea L. Davis
                                               Chelsea L. Davis, *pro-se*