IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHELSEA L. DAVIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:14-CV-3975-N |
| | § | |
| MCKOOL SMITH, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

This Order addresses Plaintiff Chelsea L. Davis's motion to appoint counsel [Doc. 41].[1] The Court denies the motion.

"A civil rights complainant has no right to the automatic appointment of counsel unless the case presents exceptional circumstances." *Freeze v. Griffith*, 849 F.2d 172, 175 (5th Cir. 1988). The Fifth Circuit has identified four factors to consider when determining whether to appoint counsel: (1) "the type and complexity of the case," (2) "whether the

---

[1]Despite Davis's appeal, the Court retains jurisdiction of the case to enter this order. *See United States v. Green*, 882 F.2d 999, 1001 (5th Cir. 1989) (holding notice of appeal from a nonappealable order does not divest the district court of jurisdiction); *United States v. Hitchmon*, 602 F.2d 689, 693 (5th Cir. 1979) (noting the contrary rule "leaves the court powerless to prevent intentional dilatory tactics, forecloses without remedy the nonappealing party's right to continuing trial court jurisdiction, and inhibits the smooth and efficient functioning of the judicial process), *superseded on other grounds as recognized in United States v. Martinez*, 763 F.2d 1297, 1308 n.11 (11th Cir. 1985). Davis's amended notice of interlocutory appeal in this action exclusively purports to appeal either state court orders or orders that were not issued in this action. *See* Am. Notice of Interlocutory Appeal [24] 2–3. In the notice of interlocutory appeal filed on January 27, 2015, Davis again purports to appeal orders that were not issued in this action. *See* Notice of Interlocutory Appeal [44].

ORDER – PAGE 1

indigent is capable of adequately presenting his case," (3) "whether the indigent is in a position to investigate adequately the case," and (4) "whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination." *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982). This case does not present particularly complex issues, and Davis is a licensed attorney. Because there are no exceptional circumstances that warrant the appointment of counsel, the Court denies the motion.

Signed February 4, 2015.

_____
David C. Godbey
United States District Judge

ORDER – PAGE 2