IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHELSEA L. DAVIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:14-CV-3975-N |
| | § | |
| MCKOOL SMITH PC, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

This Order is not to be filed under seal.  This Order imposes sanctions on Plaintiff Chelsea L. Davis.[1]  On January 21, 2015, this Court ordered that Davis show cause why an order should not be entered barring her from filing additional cases in this district and from further filings in her closed actions related to her underlying claims in this action without leave of Court.  *See* Order, Jan. 21, 2015 ("Show Cause Order") [39].  The Clerk of Court

---

[1]The Court acknowledges that Davis has named the undersigned as a defendant in two cases. *See Davis v. Southern Methodist University, et al.*, Civil Action No. 3:15-CV-488-P-BF (N.D. Tex. filed Feb. 11 2015); *Davis v. Southern Methodist University, et al.*, Civil Action No. 3:15-CV-531-K-BK (N.D. Tex. filed Feb. 11 2015).  As the Fifth Circuit has noted, "Judges are not required to recuse just because they have been or are involved in litigation with a party. Otherwise, parties could control which judges hear their case by filing lawsuits against all judges of whom they disapproved." *Ocean Oil Expert Witness, Inc. v. O'Dwyer*, 451 F. App'x 324, 329 (5th Cir. 2011) (footnote omitted); *see also Hassell v. United States*, 2004 WL 2331599, at *2 (N.D. Tex. 2004) (holding "unfounded, frivolous, and scurrilous allegations of a judge's crimes against [a party] are insufficient to establish grounds for recusal").  Accordingly, the undersigned may continue to preside over this action.

ORDER – PAGE 1

entered the Show Cause Order on the docket on January 22, 2015, and Davis's response was due by February 12, 2015.

As described in the Show Cause Order, this action is one in a long line of cases Davis has filed targeting McKool Smith PC and certain individuals for tortious conduct she alleges occurred during and after her time as an employee at McKool Smith. The following is a nonexhaustive list of the various cases she has brought in this District.

1. *Davis v. McKool Smith, et al.*, No. 3:13-CV-4926-N (N.D. Tex. removed Dec. 18, 2013) (sua sponte remanded for lack of jurisdiction);

2. *Davis v. Ackman, et al.*, No. 3:13-CV-4973-N (N.D. Tex. filed Dec. 20, 2013) (dismissed for failure to state a claim);

3. *Davis v. McKool Smith, et al.*, No. 3:14-CV-0056-N (N.D. Tex. filed Jan. 8, 2014) (dismissed with prejudice under res judicata), *appeal filed*, No. 14-11179 (5th Cir. Oct. 28, 2014);

4. *Ware v. Davis*, No. 3:14-CV-1963-N (N.D. Tex. removed May 30, 2014) (sua sponte remanded for lack of jurisdiction);

5. *Crow v. Davis*, No. 3:14-CV-1964-N (N.D. Tex. removed May 30, 2014) (sua sponte remanded for lack of jurisdiction);

6. *Davis v. McKool Smith, et al.*, No. 3:14-CV-3962-N (N.D. Tex. filed Nov. 7, 2014) (sua sponte dismissed for res judicata), *appeal filed*, No. 15-10019 (5th Cir. Jan. 8, 2015);

7. *Davis v. Ware*, No. 3:14-XC-3963-K (N.D. Tex. filed Nov. 8, 2014) (dismissed for abandonment)[2];

8. *Davis v. McKool Smith, et al.*, No. 3:14-CV-3975-N (N.D. Tex. filed Nov. 10, 2014) (remains pending), *appeal filed*, No. 14-11286 (5th Cir. Dec. 4, 2014), *second appeal filed*, No. 14-11292 (5th Cir. Dec. 4, 2014), *third appeal filed*, No. 15-10069 (5th Cir. Jan. 27, 2015);

9. *Davis v. McKool Smith, et al.*, No. 3:14-CV-4190-N (N.D. Tex. filed Nov. 24, 2014) (dismissed with prejudice), *Emergency Motion for Mandamus Filed*, No. 15-10040 (5th Cir. Jan. 15, 2015).

Davis has also attempted to litigate these claims in the Eastern District of Texas[3] and in Texas State court.[4]

Davis's actions against McKool Smith and related individuals typically allege claims ranging from the Fair Labor Standards Act to human trafficking. On December 27, 2013, Judge Tobolowsky of the 298th Judicial District Court for Dallas County, Texas, entered an order dismissing employment-related claims against McKool Smith and others with

---

[2]The Court notes there is also pending a Civil Action No. 3:14-CV-3963-K.

[3]*See Davis v. GECESC Associates LLC*, Civil Action No. 2:14-CV-1065-JRG (E.D. Tex. filed Nov. 21, 2014) (dismissed with prejudice under res judicata), *appeal filed*, No. 15-40091(5th Cir. Jan. 27, 2015); *Davis v. McKool Smith P.C.*, Civil Action No. 4:14-CV-0754-ALM (E.D. Tex. filed Nov. 19, 2014) (remains pending).

[4]*See, e.g.*, *Davis v. McKool Smith P.C.*, No. DC-13-14215 (160th Dist. Ct., Dallas County, Tex. Dec. 2, 2013); *Davis v. Baxter*, No. 199-03395-2013 (199th Dist. Ct., Collin County, Tex. Aug. 27, 2013).

prejudice. *See* Appendix in Supp. Mot. Dismiss 0004–0006 [8-1], *in Davis v. McKool Smith*, Civil Action No. 3:14-CV-0056-N (N.D. Tex. filed Jan. 8, 2014). Subsequently, in Civil Action No. 3:14-CV-0056-N, this Court dismissed a set of substantially similar claims against McKool Smith with prejudice for res judicata. *See* Sept. 30, 2014 Order [14], *in Davis v. McKool Smith*, Civil Action No. 3:14-CV-0056-N (N.D. Tex. filed Jan. 8, 2014). Davis continues to file actions before this court, such as this one, asserting the same set of claims against McKool Smith and related individuals, stemming from her previous employment with McKool Smith.

Davis has also made a number of dilatory filings in an apparent effort to impede litigation and frustrate the resolution of her various cases. Following the issuance of U.S. Magistrate Judge Toliver's Findings, Conclusions, and Recommendation [11], which recommended sua sponte dismissal of this case for res judicata, Davis purported to remove two state court actions into this already pending case. *See* Notice of Removal Pursuant to 28 U.S.C. Sec. 1442(a) [21]. The same day, Davis filed a notice of interlocutory appeal, which sought review by the Fifth Circuit of a series of orders, including a number of state court orders. *See* Amended Notice of Interlocutory Appeal [24]. Though the intent behind these filings is admittedly unclear, they were entirely without legal merit[5] and served no

---

[5]Federal courts of appeal, like federal district courts, are courts of limited jurisdiction and may only hear cases as provided for by the Constitution or by Congress. *See United States v. Garner*, 749 F.2d 281, 284 (5th Cir. 1985). Subject to limited exception, courts of appeals may only review final judgments of the district courts. *See* 28 U.S.C. § 1291. All federal courts lack jurisdiction to directly review state court decisions. *Atl. Coast Line R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 296 (1970). When Davis filed her notice of

purpose other than to delay the resolution of the case.[6]  Davis also continues to file various objections, motions, and other documents into closed cases that are irrelevant to any postjudgment relief she as a litigant may seek.[7]

Davis has been warned that her continued filing of duplicative cases and frivolous motions could result in sanctions.  *See* Findings, Conclusions, and Recommendation 3 [14], *in Davis v. McKool Smith PC*, Civil Action No. 3:14-CV-3962-N (N.D. Tex. filed Nov. 7, 2014) ("Plaintiff is forewarned that if she continues to file frivolous pleadings, she risks harsh sanctions up to and including sanctions under Rule 11 of the Federal Rules of Civil

---

appeal, no final judgment had been entered in the case, and Davis sought to appeal state court orders.

[6]Despite Davis's appeals, the Court retains jurisdiction of the case to enter this order. *See United States v. Green*, 882 F.2d 999, 1001 (5th Cir. 1989) (holding notice of appeal from a nonappealable order does not divest the district court of jurisdiction); *United States v. Hitchmon*, 602 F.2d 689, 693 (5th Cir. 1979) (noting the contrary rule "leaves the court powerless to prevent intentional dilatory tactics, forecloses without remedy the nonappealing party's right to continuing trial court jurisdiction, and inhibits the smooth and efficient functioning of the judicial process), *superseded on other grounds as recognized in United States v. Martinez*, 763 F.2d 1297, 1308 n.11 (11th Cir. 1985).  Davis's amended notice of interlocutory appeal in this action exclusively purports to appeal either state court orders or orders that were not issued in this action.  *See* Am. Notice of Interlocutory Appeal [24] 2–3.  In the notice of interlocutory appeal filed on January 27, 2015, Davis again purports to appeal orders that were not issued in this action.  *See* Notice of Interlocutory Appeal [44].

[7]*See, e.g.*, Davis's Notice of Rule 26 Initial Disclosures [33], *in Davis v. McKool Smith PC*, Civil Action No. 3:14-CV-3962-N (N.D. Tex. filed Nov. 7, 2014) (attempting to make pretrial disclosures in an action that had been dismissed with prejudice); Notice to Take Deposition [33], *in Davis v. McKool Smith*, Civil Action No. 3:14-CV-0056-N (N.D. Tex filed Jan. 8, 2014) (noticing intent to take depositions in action that had been dismissed with prejudice).

Procedure and being barred from filing future cases and notices of removal in the Northern District of Texas."); Order and Memorandum Opinion 4 [20], *in Davis v. GECESC Associates LLC*, Civil Action No. 2:14-CV-1065-JRG (E.D. Tex. filed Nov. 21, 2014) ("Davis is forewarned—as she was in other federal courts in Texas—that if she continues to file frivolous pleadings in this District, she risks imposition of harsh sanctions up to and including sanctions under Rule 11 of the Federal Rules of Civil Procedure and being barred from filing future cases and notices of removal in the Eastern District of Texas."). Yet Davis continues to bring claims based on the same set of underlying facts. Accordingly, the Court entered its Show Cause Order on January 21, 2015.

Davis failed to respond to the Show Cause Order in this case.[8] Rather, on the eve of her response deadline, she initiated no less than seven new cases in the Northern District of Texas.[9] For the most part, these cases stem from her employment with McKool Smith and

---

[8] While Davis did not respond in this case, she filed an Objection to Show Cause Order and Verified Denial in another of her many cases, *Davis v. McKool Smith, et al.*, No. 3:14-CV-4190-N (N.D. Tex. filed Nov. 24, 2014) [34-2]. In this document, Davis appears to object to the Court's authority to enter an order, and maintains that she needs to be given an opportunity to respond. This Court unquestionably has authority to sanction Davis for her conduct. *See* FED. R. CIV. P. 11. Furthermore, the Court gave her twenty-one days to respond to the Show Cause Order, thereby complying with due process requirements. *See Spiller v. Ella Smithers Geriatric Ctr.*, 919 F.2d 339, 347 (5th Cir. 1990). In the remainder of her objection, Davis purports to deny every statement contained in the Show Cause Order, including incontestable facts and statements of law. These meritless denials do not provide a meaningful reason to refrain from sanctioning Davis.

[9] *Davis v. McKool Smith PC*, Civil Action No. 3:15-CV-437-G-BH (N.D. Tex. filed Feb. 9 2015); *Davis v. Southern Methodist University, et al.*, Civil Action No. 3:15-CV-488-P-BF (N.D. Tex. filed Feb. 11 2015); *Davis v. Crow*, Civil Action No. 3:15-CV-493-N-BK (N.D. Tex. filed Feb. 11 2015); *Davis v. Ware, et al.*, Civil Action No. 3:15-CV-495-B-BK (N.D. Tex. filed Feb. 11 2015); *Davis v. Ware*, Civil Action No. 3:15-CV-515-B (N.D. Tex.

are duplicative of cases this Court has already dismissed. Furthermore, after the Court entered the Show Cause Order, Davis continued to file documents in both open and closed cases that can only be described as nonsensical. Not only do these documents purport to make requests that are wholly without merit, Davis filed many of them unsealed in direct defiance of this Court's sealing orders.[10] Additionally, Davis continues to file amended complaints asserting previously dismissed claims without first seeking leave of the Court, despite the Court previously striking similar attempts to amend for this very reason.[11] In fact, Davis recently filed an amended complaint in one of her many cases a full year after the Court entered judgment in that case.[12] Davis also recently took what amounts to a third appeal in this case, Civil Action No. 3:14-CV-3975. However, like her other two appeals, Davis's third appeal is wholly without merit because she purports to appeal orders from other cases.[13] *See* Notice of Appeal, Jan. 27, 2015 [44].

---

filed Feb. 11 2015); *Davis v. Ware*, Civil Action No. 3:15-CV-524-P (N.D. Tex. filed Feb. 11 2015); and *Davis v. Southern Methodist University, et al.*, Civil Action No. 3:15-CV-531-K-BK (N.D. Tex. filed Feb. 11 2015).

[10]*E.g.*, Order, Nov. 10, 2014 [9], *in Davis v. McKool Smith, et al.*, Civil Action No. 3:14-CV-3962 (N.D. Tex. filed Nov. 7, 2014); Order, Feb. 12, 2015 [56], *in Davis v. McKool Smith, et al.*, Civil Action No. 3:14-CV-3975 (N.D. Tex. filed Nov. 11, 2014).

[11]*E.g.*, Original Complaint, Feb. 16, 2015 [63], *in Davis v. McKool Smith, et al.*, Civil Action No. 3:14-CV-3975 (N.D. Tex. filed Nov. 11, 2014).

[12]Original Complaint, Feb. 16, 2015 [47], *in Davis v. McKool Smith, et al.*, Civil Action No. 3:13-CV-4926 (N.D. Tex. filed Dec. 18, 2013).

[13]In fact, many of Davis's filings indicate that she herself is unaware of what documents she has filed in her numerous cases. For example, her filings frequently contain improper case captions and reference nonexistent consolidation orders.

The Court finds that the conduct set forth in its Show Cause Order is sanctionable. Rule 11(b) provides:

> By presenting to the court a pleading, written motion, or other paper-- whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law[.]

FED. R. CIV. P 11(b). Davis's filings clearly violate Rule 11. Davis repeatedly asserts claims that have already been dismissed with prejudice. She has removed cases over which the Court lacks jurisdiction. She has delayed dismissal of her claims by filing frivolous appeals. She has filed post judgment motions in closed cases that lack any merit. This conduct lacks any proper purpose and is designed solely to harass and embarrass Defendants and frustrate resolution of her cases.[14] Additionally, her conduct strains the limited resources of the Court and its personnel.

Sanctions imposed for Rule 11 violations should in general be "the least severe sanction adequate to serve the purpose [of Rule 11]." *Thomas v. Capital Sec. Servs., Inc.*,

---

[14] "The right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 193 (5th Cir. 1998) (quoting *Sieverding v. Colorado Bar Ass'n*, 469 F.3d 1340, 1343 (10th Cir. 2006)).

836 F.2d 866, 878 (5th Cir. 1988). Davis's filings demonstrate that nothing short of a restriction on filing will serve to prevent future violations of Rule 11. The Court finds the sanctions detailed in this Order balance Davis's right of access to the courts, while subsequently preventing her from attempting to prosecute any further causes of action that are barred by res judicata, or from wasting the Court's resources by filing irrelevant materials in closed cases.

The Fifth Circuit has approved the use of prefiling injunctions as a sanction. *See Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 187 (5th Cir. 2008) ("A district court has jurisdiction to impose a pre-filing injunction to deter vexatious, abusive, and harassing litigation."); *Clark v. Mortenson*, 93 F. App'x 643, 654 (5th Cir. 2004) ("Federal courts have the power to enjoin plaintiffs who abuse the court system and harass their opponents. This includes enjoining future filings to protect its jurisdiction and control its docket."). As previously described, Davis's conduct is vexatious, abusive, and harassing. Accordingly, the Court is empowered to enjoin future filings. Such an injunction "must be tailored to protect the courts and innocent parties, while preserving the legitimate rights of litigants." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 360 (5th Cir. 1986).

Accordingly, the Court sanctions Davis as follows:

**1**. Davis is prohibited from filing in or removing to the Northern District of Texas any case based in whole or in part on events before the date of this Order and against any one or more of the following parties: R. Brian Teal; Samuel Baxter; GECESC Associates; GECESP Associates; BOC; Amy Abboud Ware; Leslie Ware; Stephen Jones; William C. Carmody;

James S. Chanos; McKool Smith PC; Clint D. Carlson; J. Kyle Bass; Chad Bushaw; William A. Ackman; Harlan R. Crow; Leon G. Cooperman; Jon Stevens; Carlos R. Cortez; Panoptis IP LLC; the Ware Firm LLC; McKool Smith Henningnan PC; Southern Methodist University; Southern Methodist University Dedman School of Law; John Attanasio; unless represented by a licensed attorney other than herself, or with leave of court.

    **2.** Davis is prohibited from filing in or removing to the Northern District of Texas any action arising from her employment at McKool Smith PC, including but not limited to claims for sex discrimination; disability discrimination; racial discrimination; medical leave; wages and overtime; wage discrimination; conspiracy; false imprisonment; quantum meruit and unjust enrichment; assault and battery; wrongful termination; breach of contract; intentional infliction of emotional distress; fraud and promissory estoppel; negligent hiring, supervision, and retention; gross negligence; personal injury under 18 U.S.C. § 2255; conspiracy to violate constitutional rights; sexual assault; aggravated sexual assault; federal assault and sexual abuse; violation of 18 U.S.C § 247; and violation of 18 U.S.C. § 1592, unless represented by a licensed attorney other than herself, or with leave of court.[15] These restrictions extend to any attempt by Davis to continue to litigate these claims in any currently closed action in this District.

    **3.** Davis is prohibited from filing any documents in closed actions unless represented

---

[15] The listed causes of action were those dismissed with prejudice by this Court in its September 30, 2014 Order [14], *in Davis v. McKool Smith*, Civil Action No. 3:14-CV-0056-N (N.D. Tex., filed Jan. 8, 2014).

by a licensed attorney other than herself, or with leave of court.

**4.** Leave pursuant to this Order must be obtained from either the undersigned or the Chief Judge of the Northern District of Texas.

The Clerk of Court is directed to reject any filings that Davis submits in violation of this Sanctions Order.

Additionally, pursuant to Local Rule 5.1(e), the Court revokes Davis's electronic filing privileges for all of her accounts. In her many sealed cases, Davis has filed unsealed photos and documents. Not only has Davis filed these items unsealed in defiance of sealing orders, she has filed them after-hours so as to prevent the Clerk of Court from immediately sealing them. Davis has abused her electronic filing privileges, and the Court hereby revokes them.

Finally, as Davis is an attorney, her conduct also comes within the purview of 28 U.S.C. § 1927, under which "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Section 1927 "requires that there be evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court." *Edwards v. Gen. Motors Corp.*, 153 F.3d 242, 246 (5th Cir. 1998). Although the Court does not impose sanctions under section 1927 at this time, it finds that Davis's conduct undeniably satisfies the requirements of the section. Davis is warned that further abuse of the judicial system will result in progressively harsh sanctions, including but not limited to a bar on all filings in this Court

without first obtaining leave of the Court, *see Phillips v. City of Dallas*, 2015 WL 233336, at *8 (N.D. Tex. 2015) (discussing a similar sanction), and monetary sanctions.

Signed February 19, 2015.

_____
David C. Godbey
United States District Judge

ORDER – PAGE 12